Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>    Defendants. | Case No.: 2:23-cv-01049<br><br>**NOTICE OF RELATED CASES PURSUANT TO L.R. 83-1.3.1** |

Pursuant to Local Rule 83-1.3.1, Plaintiff Entropic Communications, LLC ("Entropic") hereby gives notice that the instant action is related to the following recently filed action that has not yet been assigned a judge:

- *Entropic Communications, LLC. v. Cox Communications, Inc., et al.*, Case. No 2:23-cv-01047, filed February 10, 2023 (C.D. Cal.) ("Cox MoCA Action").

The instant action is also related to the following cases currently pending before Judge John W. Holcomb:

- *Entropic Communications, LLC v. DIRECTV, LLC, et al.*, Case No. 2:22-cv-07775-JWH-JEM, filed March 9, 2022 (C.D. Cal.) ("DTV Action").
- *Entropic Communications, LLC. v. DISH Network Corporation, et al.*, Case. No 2:22-cv-07959-JWH-JEM, filed March 9, 2022 (C.D. Cal.) ("DISH Action") (consolidated with the DTV Action, [*see* Dkt. # 52]).

Local Rule 83-1.3.1 states that cases are related if they "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." As discussed below, the instant action is related to the Cox MoCA Action as well as the DTV Action and DISH Action (together, the "DTV/DISH Actions") on the basis of all three elements weighing in favor of their being heard by the same judge (as well as being heard at the same time).

The instant action and the Cox MoCA Action arise from the same or a closely related transaction, happening, or event. First, the instant action is directed to the infringement of Entropic's patents by Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, the "Cox Defendants"), which are the same defendants as in the Cox MoCA Action. Second, the accused products in the instant action include certain Arris Cable Modem Products, and the accused services are provided by the Cox Defendants by means of the accused products. These are the

same accused products and services accused of infringement in the Cox MoCA Action. Entropic is the sole plaintiff in both the instant action and the Cox MoCA Actions.

The instant action and the DTV/DISH Actions also arise from the same or a closely related transaction, happening, or event. Pursuant to the December 13, 2022 Minute Order issued by the Court in the DTV Action [Dkt. # 176], the DTV Action and DISH Action are deemed related and have been consolidated, with the DTV Action as the lead case. The DTV/DISH Actions relate to the infringement of Entropic's patents by telecommunication products and/or services provided by the defendants. Specifically, the DTV/DISH Actions allege infringement of U.S. Patent No. 8,792,008 (the "'008 Patent"). The '008 Patent is also being asserted in the instant action against the Cox Defendants. Specifically, claims 1 and 2 of the '008 Patent are being asserted against all defendants in these three actions.[1]

Accordingly, L.R. 83-1.3.1(a) supports a finding that these cases are related.

The instant action and the Cox MoCA Action call for determination of the same or substantially related or similar questions of law and fact. For example, both actions will deal with the development, use, and sale of the Cox Defendants' same accused products and services. Additionally, discovery issues—including witnesses and documents in the Cox Defendants' custody related to the development and use of their telecommunications products and services—will be substantially similar between the cases, which would lead to increased efficiency if the instant action is deemed related to the Cox MoCA Action.

The instant action and the DTV/DISH Actions also call for determination of the same or substantially related or similar questions of law and fact. For example, all three actions will deal with the validity of the '008 Patent, which likely will include overlapping claim construction issues. Discovery issues—including Entropic's witnesses and documents relating to the '008 Patent—will be substantially similar

---

[1] While claims 1 and 2 are not specifically asserted in the complaints of the DTV/DISH Actions, they have been asserted in the infringement contentions, which are properly before this Court.

between the cases, which would lead to increased efficiency if the instant action is deemed related. The same third parties will be at issue in the instant action and the DTV/DISH Actions as the accused products in both cases incorporate the same or similar chips from a third party manufacturer Broadcom.

Thus, L.R. 83-1.3.1(b) also supports a finding that these cases are related.

The instant action and the Cox MoCA Action should be deemed related for other reasons to avoid substantial duplication of labor if heard by different judges. For example, discovery disputes, potential defenses asserted by the Cox Defendants, and any other disputes between the Cox Defendants and Entropic are likely to be similar. As such, if these cases were heard by different judges, there would be substantial duplication of labor because both judges would be required to address and adjudicate the same factual and legal issues.

The instant action and the DTV/DISH Actions also should be deemed related for other reasons to avoid substantial duplication of labor if heard by different judges. For example, any discovery disputes, technical tutorials required by the Court, or substantive motions heard by the Court will be duplicative as to the '008 Patent across all three cases. As such, if these cases were heard by different judges, there would be substantial duplication of labor because both judges would be required to address and adjudicate the same factual and legal issues.

Accordingly, L.R. 83-1.3.1(c) supports a finding that these cases are related.

For the foregoing reasons, Entropic believes that the instant action and the Cox MoCA Action clearly qualify as related cases and thus should both be heard by Judge John W. Holcomb. In addition, Entropic believes that the instant action and the DTV/DISH Actions also qualify as related cases and thus the instant action should be heard by Judge John W. Holcomb.

In addition, Entropic is concurrently filing another complaint in this District Court directed to infringement of the same patents asserted in the instant action, which includes the '008 Patent asserted in the DTV/DISH Actions. This complaint is for patent

infringement by Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC by telecommunication products and/or services provided by the defendants. As such, Entropic asks the Court to deem the forthcoming action as related to the instant action and the DTV/DISH Actions as well, and will be providing a separate notice detailing the specific reasons pursuant to L.R. 83-1.3.1.

Dated: February 10, 2023         By:      /s/ Christina N. Goodrich

Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

**Attorneys for Plaintiff Entropic Communications, LLC**