1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff(s),

v.

COX COMMUNICATIONS, INC., et al.,

Defendant(s).

Case No.  2:23−cv−01049−JWH−KES

**STANDING ORDER**

13
14
15
16
17
18
19
20
21

**PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22
23
24

- If this case was removed to this Court, then the removing Defendant is

**DIRECTED** immediately to serve this Order on all other parties.

25
26

- Otherwise, Plaintiff is **DIRECTED** immediately to serve this Order on all

parties.

27
28

−1−

1    This action has been assigned to the calendar of Judge John W. Holcomb.

2    The Court and the litigants bear joint responsibility for the progress of

3    litigation in the Federal Courts. To secure the just, speedy, and inexpensive

4    determination of every action, *see* Fed. R. Civ. P. 1, all counsel are hereby

5    **ORDERED** to become familiar with the Federal Rules of Civil Procedure and the

6    Local Rules of the Central District of California.

7    The Court further **ORDERS** as follows:

8    **1.    Service of the Complaint.**  Plaintiff shall serve the Complaint

9    promptly in accordance with Rule 4 of the Federal Rules of Civil Procedure and

10   shall file the proofs of service pursuant to L.R. 5-3.1.

11   **2.    Removed Actions.**  Any answers filed in state court must be re-filed

12   in this Court, either as an exhibit to the Notice of Removal or as a separate filing.

13   Any pending motions must be re-noticed in accordance with L.R. 6-1.

14   **3.    Assignment to a Magistrate Judge.**  Under 28 U.S.C. § 636, the

15   parties may consent to have a Magistrate Judge preside over all proceedings. The

16   Magistrate Judges who accept those designations are identified on the Central

17   District's website, which also contains the consent form.

18   **4.    Electronic Filing and Formatting.**  This Court uses an electronic filing

19   system for documents. Information regarding the Court's Electronic Case Filing

20   system is available on the Court's website at www.cacd.uscourts.gov/cmecf.

21   All documents required to be e-filed in this matter can be found in General

22   Order No. 10-07 (as updated and amended) and L.R. 5-4. The Court specifically

23   directs litigants to L.R. 5-4.3.1, requiring that ***all electronically filed documents***

24   ***be created by publishing the document to PDF, and not by scanning paper***

25   ***documents***. The Court also specifically directs litigants to L.R. 11-3.1.1,

26   requiring that ***all documents use a font size of 14-point or larger.***

27   **5.    Mandatory Chambers Copies.**  All original filings are to be filed

28   electronically pursuant to L.R. 5-4. The Court requires one (1) Mandatory

Chambers Copy of *ONLY* the following filed documents: motions and related documents (*e.g.,* oppositions, replies, exhibits); and *ex parte* applications and related documents (*e.g.,* oppositions and exhibits). Mandatory Chambers Copies shall be delivered to the Courtesy Box, located outside of Courtroom 9D on the ninth floor of the United States District Court, 411 W. 4th Street, Santa Ana, California 92701, no later than 5:00 p.m. on the first court day following the e-filing. Alternatively, Counsel may transmit such conformed copies via FedEx, UPS, or other overnight service, for delivery no later than 5:00 p.m. on the first court day following the e-filing, addressed to the Chambers of Judge John W. Holcomb, U.S. District Court for the Central District of California, Room 9-160, 411 W. 4th Street, Santa Ana, CA 92701. All Mandatory Chambers Copies shall comply with the document formatting requirements of L.R. 11-3, *except for the blue-backing requirement of L.R. 11-4.1, which is hereby waived*. If the filing party and its counsel fail to deliver a Mandatory Chambers Copy in full compliance with this Order and L.R. 11-3, then the Court may reschedule any related hearing and impose sanctions.

**6.    Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order that sets forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**7.    Presence of Lead Counsel.**  Lead trial counsel for each party must attend every status conference, scheduling conference, and pretrial conference set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**8.    Pro Hac Vice Admissions.**  Counsel who are not members of the State Bar of California may seek admission to appear in this action *pro hac vice*, in accordance with L.R. 83-2.1.3. The Court will not approve a *pro hac vice* application unless the applicant complies strictly with all requirements set forth in

the Local Rules, including the applicant's obligation to designate local counsel who is a member of the bar of the Central District and who maintains an office within the Central District. *See* L.R. 83-2.1.3.4. Counsel who have been admitted *pro hac vice* are not relieved from the obligation to appear in person for in-person hearings.

**9.    Discovery.**  All discovery matters have been referred to a United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials in the case number assigned to the matter. The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing. Unless the assigned Magistrate Judge explicitly waives the Mandatory Chambers Copy rule, Counsel shall deliver Mandatory Chambers Copies of discovery-related papers to the assigned Magistrate Judge (rather than to this Court).

**10.    Motions–General Requirements.**

a.    <u>Time for Hearing Motions.</u>  Motions shall be filed and set for hearing **in person,** in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California, in accordance with L.R. 6-1. Motions will be heard on Fridays commencing at 9:00 a.m. Any motion noticed for a holiday or a day that the Court is not in session may automatically be set to the next Friday without further notice to the parties.

b.    <u>Length and Format of Motions.</u>  Notwithstanding L.R. 11-6.1 & 11-6.2, Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court grant an application to extend these page limitations. Wherever possible, cite to Westlaw rather than Lexis.

c.    <u>Voluminous Materials.</u>  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds 200 pages,

1  the documents shall be placed in a three-ring binder, with an index and with

2  each item of evidence separated by a tab divider.

3        d.    Withdrawal of, or Non-Opposition to, Motions.  In the event

4  that the parties resolve a pending motion, they must notify the Court

5  immediately. Sanctions may issue for failure to comply with this

6  requirement, or the broader requirement set forth in L.R. 7-16 that any party

7  who intends to withdraw a motion, not to oppose a motion, or to seek a

8  continuance of the hearing date for a motion, must notify the Court by

9  12:00 noon on the Tuesday preceding the hearing date.

10  **11. Amended Pleadings.**  In addition to the requirements of L.R. 15, all

11  motions to amend pleadings shall (a) state the effect of the amendment; and

12  (b) identify the page(s), line number(s), and wording of any proposed change or

13  addition of material.

14        Parties amending their pleadings for whatever reason–including those

15  previously dismissed with leave to amend–***must*** file a redlined copy that

16  compares their amended pleading with their previous pleading. An additional

17  copy of the redlined pleading shall be provided to Chambers by email at

18  JWH_Chambers@cacd.uscourts.gov on the same day that the amended

19  pleading is filed electronically. Handwritten pleadings are the only exception.

20  When handwritten pleadings are amended, the party shall identify which

21  paragraphs have been modified in a separate statement. This paragraph

22  applies equally to complaints, answers, cross-complaints, and supplemental

23  pleadings. Absent a showing of good cause, failure to comply with this

24  paragraph will result in the Court striking the amended pleading.

25  **12. Class Actions.**  Notwithstanding L.R. 23-3, the deadline for the filing

26  of a motion for class certification will be set during the Scheduling Conference

27  and/or in a Scheduling Order. If the Court does not expressly set a separate

28  deadline for the filing of a motion for class certification, then such deadline shall

be the same as the deadline for filing dispositive motions. ***No request for relief***

***from L.R. 23-3 is necessary.***

**13. Motions for Summary Judgment or Partial Summary Judgment.**

***This Court's procedures for summary judgment motions differ from those set***

***forth in Rule 56 and in this Court's Local Rules. Please read this paragraph***

***carefully and comply with it.***

No party may file more than one motion pursuant to Rule 56 of the Federal Rules

of Civil Procedure regardless of whether such motion is denominated as a motion

for summary judgment or summary adjudication.

**a. The Joint Exhibit**

Parties must consolidate any exhibits, affidavits, declarations, or other

documents cited as evidence into a single document (the "Joint Exhibit").[1] If the

file is too large to upload as a single document, then the parties may break it into

two or more files; *e.g.*, Joint Exhibit Part A, Joint Exhibit Part B, and so on.

Whether in a single document or several, the Joint Exhibit should be consecutively

paginated. For example, if the first document (Part A) starts at page 1 and ends at

page 100, then the second document (Part B) should begin on page 101, and so on.

A table of contents, if needed, should be submitted under separate cover.

A recommended format the parties may adopt when citing to the Joint

Exhibit is "Joint Exhibit Part C at 250:3-7 (Deposition of Passenger B)," where:

- "Joint Exhibit Part C" indicates this evidence can be found in the third
  document (assuming here that the Joint Exhibit had to be broken up into
  multiple documents);[2]

---

[1]    The Court excludes non-evidentiary documents on the docket from this definition; e.g., the complaint, the answer, prior motions, and past orders.

[2]    If the documents and evidence of the Joint Exhibit can fit as one PDF, then there is no need for the suffix "Part A." The parties would simply cite it as "Joint Exhibit at 250:3-7 (Deposition of Passenger B)."

- "250" represents the page number of the Joint Exhibit where the evidence can be found;
- "3-7" indicates that the evidence can be found on lines 3 through 7; and
- the parenthetical "Deposition of Passenger B" is a concise, descriptive title of the underlying source document or evidence being cited.

Parties offering evidence in support of, or in opposition to, a Rule 56 motion **must** cite to specific page and line numbers in depositions and paragraph numbers in declarations and affidavits. If a line number or paragraph number is not available (*e.g.*, the citation is to a visual image or a handwritten note or some other document without identifiable lines or paragraph numbers), only then will providing the page number(s) suffice. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

### b.   Joint Statement of Undisputed Facts and Genuine Disputes

The moving party's motion shall also be accompanied by a Joint Statement of Undisputed Facts and Genuine Disputes (a "Joint Statement"). The parties must cite to the factual statement set forth in the Joint Statement in their respective briefs for any fact they wish to identify as a material fact under Rule 56(a). In turn, the Joint Statement will cite only to the Joint Exhibit. Citations found in the briefs to any individual exhibits or the Joint Exhibit will be disregarded.[3]

Prior to filing the motion, the parties shall meet and confer to complete the Joint Statement. ***Parties should allow sufficient time and plan accordingly in view of the deadline for hearing dispositive motions; the process of preparing the Joint Statement is intensive.*** Furthermore, the Court will order the parties to redo any Joint Statement that fails to comply substantially with the instructions

_____

[3]   Parties are directed to consult the demonstratives in the Appendix of this Standing Order for further explication.

in this Standing Order or that otherwise evinces a lack of thoroughness on behalf of the parties (e.g., too many frivolous objections; too many redundant factual statements; improper citations; etc.).

The Joint Statement shall be presented in a table format. An illustrative example of the Joint Statement is set forth below:

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|-----|-----------|-------------------|---------------------|---------------------|-------------------|
| 1. | Plaintiff | Plaintiff was driving her car when she went through the intersection. | Joint Exhibit Part A at 10, ¶ 2 (Pl.'s Decl.). | Undisputed. | |
| 2. | Plaintiff | The light was green when Plaintiff went through the intersection. | Joint Exhibit Part A at 10, ¶ 4 (Pl.'s Decl.). | Disputed. The Light was red when Plaintiff traveled through the intersection. Joint Exhibit Part C at 253:3-11 (Def.'s Expert Report). | |
| 3. | Plaintiff | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Joint Exhibit Part A at 10, ¶ 7 (Pl.'s Decl.); Joint Exhibit Part B at 115, ¶ 14 (Report by Pl.'s Expert). | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. Joint Exhibit Part C at 253:11-254:2 (Def.'s Expert Report). | |
| 4. | Defendant | Passenger A shouted at Plaintiff to stop looking at her phone while she drove through the intersection. | Joint Exhibit Part C at 25:3-7 (Dep. of Passenger B). | Disputed. FRE 802: This statement is inadmissible hearsay because it is a statement, made by an out-of-court declarant (Passenger A), being offered to support the assertion that Plaintiff was looking at her phone while driving in the intersection. | FRE 803(2): This statement qualifies as a hearsay exception because it was an excited utterance that occurred moments before the crash. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| 5. | Defendant | Defendant is a good driver. | Joint Exhibit Part B at 118:23-28 (Dep of Def.'s Mother). | Disputed. (1) Defendant is not a good driver. Defendant drove the wrong way on a one-way road as recently as a year ago. Joint Exhibit Part C at 204:4-25 (Decl. of Def.'s Friend). (2) FRE 602, 701: The supporting evidence is inadmissible because the Defendant's mother lacks personal knowledge of Defendant's driving. She has not seen Defendant drive in two years. Joint Exhibit Part B at 117:10-12 (Dep. of Def.'s Mother). (3)This statement is not a fact; it is an opinion. | (1)(A) Defendant's friend has unreliable memory. Joint Exhibit Part C at 202:2-9 (Decl. of Def.'s Friend). (1)(B) Defendant has no moving violations on her official driving record. Joint Exhibit Part B at 179 (DMV record). (2)While Defendant's mother has not seen her drive in two years, she remembers Defendant's driving abilities. Joint Exhibit Part B at 116:15 (Dep. of Def.'s Mother) |
| ... | ... | ... | ... | ... | ... |

As demonstrated in the illustration above, the Joint Statement shall include the following columns:

- The first column shall contain the number of the fact alleged to be undisputed. Separate parties shall ***not*** restart the numbering for their facts.

- The second column shall name the party proposing the statement of fact (the "Proponent").

- The third column shall contain a plain statement of the fact. ***Facts shall not be compound***. For instance, if the opposing party (the "Opponent") could respond by asserting that the fact is disputed only ***in part,*** then the fact is

compound. By meeting and conferring, the Court expects the parties to resolve any instances where compound facts are "disputed in part" by separating the elements that are disputed from those that are not. Those elements will form into new, more granular factual statements. Neither legal arguments nor conclusions constitute facts.

- The fourth column shall contain a citation to admissible evidence that the Proponent believes supports the proffered fact. If any party fails to provide a pin cite to the supporting evidence, then the Court will deem the proffered fact (or dispute) unsupported. *See generally Christian Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (*per curiam*)) (alteration omitted))). As a rule of thumb, pin citations should refer to no more than five pages at a time.

- The fifth column shall first identify whether the proffered statement of fact is disputed or not. The entry must begin with either the word "Disputed" or "Undisputed." and include the period.[4] If the fact is disputed, then the Opponent must concisely (1) identify counter-evidence that contradicts or otherwise disputes the statement of fact, with a brief explanation (a "factual objection"); (2) make an evidentiary objection grounded in the Federal Rules of Evidence; or (3) make an objection explaining why the factual statement does not comport with this Standing Order or other

---

[4]     Adding commas, spaces, additional periods, or other extraneous punctuation can interfere with Excel's ability to sort columns. The Court strongly advises parties to double-check their work before lodging it with the Court.

orders from the Court.[5] Counter-evidence must include a pin cite to the

record (*i.e.*, a page number and, when available, a line or paragraph

number). If a party attempts to dispute a fact but fails to offer any

counter-evidence, or only offers counter-evidence that falls short of

contradicting the proffered fact, then the Court will deem the fact undisputed

for the purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

Additionally, any evidentiary objection must cite a specific rule and provide

a short rationale or explanation. The Court will disregard "boilerplate

recitations of evidentiary principles or blanket objections without analysis

applied to specific items of evidence." *Doe v. Starbucks, Inc.*, 2009

WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); *Amaretto Ranch

Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012)

("This Court need not address boilerplate evidentiary objections that the

parties themselves deem unworthy of development."). For example, simply

asserting that evidence is irrelevant or otherwise lacks foundation–without

any specific and tailored explanation ***why***–will not constitute a proper

evidentiary objection. *See Communities Actively Living Indep. &

Free v. City of Los Angeles,* 2011 WL 4595993, at *8(C.D. Cal. Feb. 10,

2011) (summarily overruling boilerplate evidentiary objections when

the grounds for the objections were unduly vague and overbroad).

If the Opponent has multiple objections, then the Opponent should number

them (1), (2), (3), and so on.

_____

[5]     If one party is routinely forced to make objections grounded in the other
party's failure to follow instructions (e.g., the Proponent's factual statement is
compound, fails to include a proper citation, or constitutes a statement of legal
opinion rather than fact), then the parties are not, in all likelihood, ready to submit
the Joint Statement to the Court. The Court will also factor the offending party's
conduct into any award of attorneys' fees and costs, to the extent that such an
award is within the Court's discretion.

- In the final column, the Proponent may reply to any objections made by the Opponent. A reply is not strictly necessary. The Court will treat any fact as disputed only when (1) the Opponent objects as such; (2) the Court deems the counter-evidence admissible or the evidentiary objection credible; ***and*** (3) the Proponent offers no reply. If the Proponent chooses to respond, then the Proponent must also (a) identify evidence that rehabilitates its statement of fact or undermines the Opponent's counterevidence; (b) make an evidentiary objection to the counterevidence, citing the specific evidentiary evidentiary objection to the counterevidence, citing the specific evidentiary rule and providing a rationale; or (c) explain why the Opponent's objection is erroneous. Any further citations to the record must, again, include a pin cite. If the Opponent makes multiple objections (factual, evidentiary, or otherwise), then the Proponent should reference the same number when providing a reply. If the Proponent has multiple replies to any given objection, then the Proponent should list them as (A), (B), (C), and so on.[6]

Parties should use Microsoft Excel for the Joint Statement.[7] The moving party (or parties) must transmit the Excel version of the Joint Statement by email to JWH_Chambers@cacd.uscourts.gov at the time that they file their motion and must also lodge a PDF version of the Joint Statement on the docket.

**14. *Ex Parte* Applications.** *Ex parte* applications are considered on the papers, and applicants need not set them for hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief. Sanctions may be imposed for the misuse of *ex parte* applications. *See In re Intermagnetics Am., Inc.,* 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with

---

[6]    See item No. 5 in the illustrative table on page 9 above for an example.
[7]    When using Microsoft Excel, parties should not merge cells; they should use the alt enter function to create paragraph breaks within a single cell. The parties may stipulate to using a different program, so long as it facilitates legibility.

1    *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488

2    (C.D. Cal. 1995), regarding *ex parte* applications.

3          The Court directs Counsel's attention to L.R. 7-19. The moving party's

4    declaration in support of an *ex parte* application shall show compliance with

5    L.R. 7-19 and this Order, and it shall include a statement of opposing counsel's

6    position. Failure to do so ensures the application will be DENIED. The other

7    parties' opposition, or notice of non-opposition (which notice may be provided

8    telephonically to the Courtroom Deputy Clerk (714-338-4768)), to an *ex parte*

9    application is due 24 hours–***not*** the next court day–after the other parties'

10   receipt of the *ex parte* application. ***In view of that 24-hour deadline for opposition***

11   ***papers, in the absence of a true emergency, the Court takes a dim view of***

12   ***applicants who file their* ex parte *applications on Fridays or on the day before a***

13   ***court holiday.*** As with all motion papers, counsel must deliver a Mandatory

14   Chambers Copy in accordance with Paragraph 5 above. Counsel will be notified

15   by the Courtroom Deputy Clerk of the Court's ruling, or of a hearing time and

16   date if the Court determines that a hearing is necessary.

17         **15. Stipulations.**  Stipulations extending scheduling dates set by this

18   Court are not effective unless and until approved by the Court. Continuances will

19   be granted only upon a showing of good cause. ***The assertion that the parties have***

20   ***not concluded their discovery efforts does not constitute "good cause." The***

21   ***assertion that the parties are not ready for trial does not constitute "good cause."***

22   ***The assertion that counsel has a crowded trial schedule–without significantly***

23   ***more detail and explanation–does not constitute "good cause."***

24         **16. Communication with Chambers.**  Unless requested to do so,

25   counsel shall not attempt to contact the Court or its staff by telephone or by any

26   other *ex parte* means. Counsel are directed to review the Central District's website

27   at www.cacd.uscourts.gov for the Local Rules, filing procedures, judges'

28   procedures and schedules, calendars, forms, and Pacer access. Counsel may

contact the Courtroom Deputy Clerk, Clarissa Lara, by telephone at 714-338-4736 or by email at Clarissa_Lara@cacd.uscourts.gov only in the event that counsel cannot find the desired information through all available resources.

**17. Telephonic and Video Appearances.** The Court does not conduct telephonic hearings. The Court does not conduct hybrid hearings; *i.e.*, some counsel appearing in person and some counsel appearing by video. Counsel may request a video appearance for a hearing by contacting the Courtroom Deputy Clerk at leaset one week before the scheduled hearing by email at JWH_Chambers@cacd.uscourts.gov. Counsel must establish good cause for the Court to conduct a hearing by video. **The facts that a party's counsel resides out-of-state and that he or she has been admitted pro hac vice does not constitute good cause for a video hearing.** The Court, on its own motion and in its sole discretion, may order (usually by text entry) that an in-person hearing shall instead be conducted by video, or *vice versa*.

**18. Bench Trials: Findings and Conclusions.** When parties file proposed findings of fact and conclusions of law pursuant to Rule 52 and L.R. 52-1 & 52-3, the proposed findings and proposed conclusions shall be ***consecutively*** numbered. If, for example, the proposed findings end at paragraph 26, then the first proposed conclusion shall begin with paragraph 27.

   **IT IS SO ORDERED.**

Dated: February 23, 2023

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15 **APPENDIX**
16
17
18
19
20
21
22
23
24
25
26
27
28



# Motions for Summary Judgment
*How citations work*

**BRIEFS**





*CITE ONLY TO...*[1]

**THE JOINT STATEMENT OF UNDISPUTED FACTS AND GENUINE DISPUTES**





*CITES ONLY TO...*

**THE JOINT EXHIBIT**



- Motion
- Opposition
- Reply
- Any supplemental briefing

- Single repository of all undisputed or disputed factual statements
- Statements are supported with pin citations to evidence in the Joint Exhibit
- Facts are not compound
- Rebuttals cite counter-evidence in the Joint Exhibit or make evidentiary objections

- Compendium of all evidence: depositions, affidavits, expert reports, photographs, records, etc.
- Consecutively paginated, even if uploaded as multiple documents

1   This instruction does not extend to citations to other documents on the docket; *e.g.*, the complaint, motions, past orders, or other briefs.



# Motions for Summary Judgment
*A model process for parties submitting motions for summary judgment*

