KILPATRICK TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center
Suite 1900
San Francisco CA 94111
(415) 273 8306

Rishi Gupta (SBN 313079)
rgupta@kilpatricktownsend.com
Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East
Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (admitted pro hac vice)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE
Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants Cox Communications, Inc.;*
*CoxCom, LLC; and Cox Communications California, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:23-cv-01049-JWH-KES |
| Plaintiff, | **COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC'S ANSWER AND DEFENSES TO COMPLAINT** |
| v. | |
| COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") answer Plaintiff Entropic Communications, LLC's ("Entropic" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows:

1.     Cox admits that Plaintiff has filed a civil action against Cox purporting to asserted claims for infringement of U.S. Patent No. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, "the Asserted Patents"). Cox denies that Plaintiff's claims have merit and denies that it has infringed any valid claim of any Asserted Patent. Cox denies the remainder of the allegations of Paragraph 1.

### THE PARTIES[1]

2.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4.     Cox admits that Cox Communications, Inc. ("Cox Communications") is a privately-owned subsidiary of Cox Enterprises Inc. and is a Delaware Corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

5.     Cox admits that Cox Communications, Inc. ("Cox Communications") has, as its registered agent in Delaware, Corporation Service Company 251 Little Falls Drive, Wilmington, Delaware 19808.

6.     Cox admits that CoxCom, LLC ("CoxCom") is a subsidiary of Cox

---

[1] For ease of reference, the headings from Entropic's Complaint are used herein. Such use is for convenience, and does not indicate that Cox admits or agrees with any text of any headings re-used herein.

Communications, Inc., and is incorporated in Delaware, with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

7.    Cox admits that CoxCom has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

8.    Cox admits that Cox Communications California, LLC ("Cox California") is a Delaware limited liability company, with a regular and established place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

9.    Cox admits that Cox California has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

10.    Cox admits that Paragraph 10 purports to quote a document, which speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations in Paragraph 10.

11.    Cox denies the allegations of Paragraph 11.

12.    Cox admits that the website of Cox Enterprises, Inc. speaks for itself and is the best evidence as to its contents. Cox denies the remaining allegations of Paragraph 12.

13.    Cox denies the allegations of Paragraph 13.

14.    "Manager/member" is undefined and so to the extent that Cox understands the allegations in Paragraph 14, Cox admits that CoxCom is a subsidiary of Cox Communications. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies the remaining allegations.

15.    "Complete control" is undefined and so to the extent that Cox understands the allegations in Paragraph 15, Cox admits that CoxCom is a

subsidiary of Cox Communications. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies the remaining allegations.

16.     "Manager/member" is undefined and so to the extent that Cox understands the allegations in Paragraph 16, Cox admits that Cox California is a subsidiary of CoxCom. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies the remaining allegations.

17.     Cox admits that Cox California provides cable services in at least California. Cox denies the remaining allegations in Paragraph 17.

18.     Cox admits that Paragraph 18 purports to quote a Residential Customer Service Agreement, which document speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations in Paragraph 18.

19.     Cox admits that Cox Communications, CoxCom, and Cox California share a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Cox denies the remaining allegations in Paragraph 19.

20.     Cox denies the allegations of Paragraph 20.

## PRESUIT DISCUSSIONS

21.     Cox denies that the intended recipient received the communication that Plaintiff purports to have sent by physical means to Cox on August 9, 2022. Cox denies that the intended recipient received the communications that Plaintiff purports to have sent by physical means to Cox on December 23, 2022. Cox admits that a communication was sent by electronic means on January 2, 2023. Cox admits that it has not responded to the August 9, 2022, or December 23, 2022, or January 2, 2023, communications. Cox denies the remainder of the allegations in Paragraph 21.

## ENTROPIC'S LEGACY AS A CABLE INNOVATOR

22.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.   Cox admits that Entropic filed a patent infringement suit against Charter Communications, Inc. ("Charter") in the Eastern District of Texas, Case No. 2:22-CV-00125-JRG, on April 27, 2022, asserting the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent against Charter's provision of cable television and internet services, cable modem products and STBs. Cox denies the remaining allegations in Paragraph 29.

30.   Cox denies the allegations of Paragraph 30.

31.   Cox denies the allegations of Paragraph 31.

32.   Cox denies the allegations of Paragraph 32.

33.   Cox denies the allegations of Paragraph 33.

34.   Cox denies the allegations of Paragraph 34.

## JURISDICTION AND VENUE

35.   Cox admits that Plaintiff purports to state a claim for patent infringement under the patent laws of the United States, but denies that Plaintiff is entitled to any relief for such claim. Cox denies all remaining allegations in Paragraph 35.

36.    Cox admits that venue is proper in this Court for purposes of this action and admits that it has transacted business in this District for purposes of this action. Cox denies that it has committed any act of patent infringement allegedly described in the Complaint. Cox denies all remaining allegations in Paragraph 36.

37.    Cox denies that this Court has general personal jurisdiction over Cox. Cox admits that it provides cable television, internet, and phone services to businesses and residents in California. Cox denies all remaining allegations contained in Paragraph 37.

38.    Cox admits the presence of a Cox facility at 27121 Towne Centre Drive, Foothill Ranch, California 92610. Cox denies all remaining allegations contained in Paragraph 38.

39.    Cox admits for purposes of this action that this Court has personal jurisdiction over Cox. Cox denies all remaining allegations contained in Paragraph 39.

40.    Cox admits that it has provided certain telecommunications services in portions of the United States and that Cox operates and maintains a network, involving various Cox branded products and services, although Cox denies that any of its services infringe any Asserted Patents. Cox admits that subscribers to certain of Cox's services receive either receivers or set top boxes within this District. Cox denies all remaining allegations contained in Paragraph 40.

41.    Cox denies the allegations of Paragraph 41.

42.    Cox admits that it operates one or more facilities or locations in this District, and that Paragraph 42 appears to summarize information available from Cox's website, which speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations contained in Paragraph 42.

43.    Cox admits that Paragraph 43 purports to reference storefronts listed in Cox's website, which speaks for itself and is the best evidence of its contents. Cox denies the allegations contained in Paragraph 43.

44.    Cox admits that certain Cox entities own and/or lease certain premises where Cox stores are located. Cox denies the remaining allegations of Paragraph 44.

45.    Cox admits that certain Cox entities employ persons at Cox stores located within this District. Cox denies the remaining allegations of Paragraph 45.

46.    Cox admits that it has engaged in business at physical places within this District. Cox denies all remaining allegations of Paragraph 46.

47.    Cox admits that certain Cox entities employ and/or contract with persons to install, service, repair, and/or replace equipment, as appropriate, in this District. Cox denies all remaining allegations of Paragraph 47.

48.    Cox admits that stores or service centers owned or operated by Cox contain equipment by which services provided by Cox can be delivered. Cox denies the remaining allegations of Paragraph 48.

49.    Cox admits that Paragraph 49 purports to summarize and/or quote portions of a Cox Communications website, which document speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations of Paragraph 49.

50.    Cox admits that it has provided certain services and products in this District and in portions of the United States, although Cox denies that any of its services or products infringe any Asserted Patents. Cox denies the remaining allegations of Paragraph 50.

51.    Cox admits that it will not contest that venue is proper in this Court for purposes of this action. Cox denies all remaining allegations contained in Paragraph 51.

52.    Cox admits that it has continued to conduct business in this District for purposes of this action. Cox denies all remaining allegations contained in Paragraph 52.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**COUNT I**</u>

**(Infringement of the '775 Patent)**

53.     Paragraphs 1-52 of Cox's Answer are incorporated by reference as if set forth herein.

54.     Cox admits that the face of the '775 Patent states that it issued on July 17, 2012, from an application filed September 30, 2003.

55.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.     Cox admits that Exhibit 1 to the Complaint purports to be a true and accurate copy of the '775 Patent. Cox denies all remaining allegations in Paragraph 56.

57.     Cox denies the allegations contained in Paragraph 57.

58.     Cox denies that the '775 Patent is valid and enforceable. Cox admits that by its issuance, the '775 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 58.

59.     Cox denies the allegations contained in Paragraph 59.

60.     Cox denies the allegations contained in Paragraph 60.

61.     Cox denies the allegations contained in Paragraph 61.

62.     Cox denies the allegations contained in Paragraph 62.

63.     Cox denies the allegations contained in Paragraph 63.

64.     Cox denies the allegations contained in Paragraph 64.

65.     Cox denies the allegations contained in Paragraph 65.

66.     Cox denies the allegations contained in Paragraph 66.

67.     Cox denies the allegations contained in Paragraph 67.

68.     Cox denies the allegations contained in Paragraph 68.

69.     Cox denies the allegations contained in Paragraph 69.

70.     Cox denies the allegations contained in Paragraph 70.

71.     Cox denies the allegations contained in Paragraph 71.

72.     Cox denies the allegations contained in Paragraph 72.

73.     Cox denies the allegations contained in Paragraph 73.

74.     Cox denies the allegations contained in Paragraph 74.

75.     Cox denies the allegations contained in Paragraph 75.

76.     Cox denies the allegations contained in Paragraph 76.

77.     Cox denies the allegations contained in Paragraph 77.

78.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and therefore denies them.

## COUNT II

## (Infringement of the '690 Patent)

79.     Paragraphs 1-78 of Cox's Answer are incorporated by reference as if set forth herein.

80.     Cox admits that the face of the '690 Patent states that it issued on October 9, 2012, from an application filed December 10, 2009, and is related to a provisional application filed May 19, 2009, and a provisional application filed December 15, 2008. Cox denies all remaining allegations in Paragraph 80.

81.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     Cox admits that Exhibit 3 to the Complaint purports to be a true and accurate copy of the '690 Patent. Cox denies all remaining allegations in Paragraph 82.

83.     Cox denies the allegations contained in Paragraph 83.

84.     Cox denies that the '690 Patent is valid and enforceable. Cox admits that by its issuance, the '690 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 84.

85.     Cox denies the allegations contained in Paragraph 85.

86.     Cox denies the allegations contained in Paragraph 86.

87.     Cox denies the allegations contained in Paragraph 87.

88.   Cox denies the allegations contained in Paragraph 88.

89.   Cox denies the allegations contained in Paragraph 89.

90.   Cox denies the allegations contained in Paragraph 90.

91.   Cox denies the allegations contained in Paragraph 91.

92.   Cox denies the allegations contained in Paragraph 92.

93.   Cox denies the allegations contained in Paragraph 93.

94.   Cox denies the allegations contained in Paragraph 94.

95.   Cox denies the allegations contained in Paragraph 95.

96.   Cox denies the allegations contained in Paragraph 96.

97.   Cox denies the allegations contained in Paragraph 97.

98.   Cox denies the allegations contained in Paragraph 98.

99.   Cox denies the allegations contained in Paragraph 99.

100.   Cox denies the allegations contained in Paragraph 100.

101.   Cox denies the allegations contained in Paragraph 101.

102.   Cox denies the allegations contained in Paragraph 102.

103.   Cox denies the allegations contained in Paragraph 103.

104.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

## COUNT III

### (Infringement of the '008 Patent)

105.   Paragraphs 1-104 of Cox's Answer are incorporated by reference as if set forth herein.

106.   Cox admits that the face of the '008 Patent states that it issued on July 29, 2014, from an application filed September 10, 2012, and is related to a provisional application filed September 8, 2011. Cox denies all remaining allegations in Paragraph 106.

107.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.

108.   Cox admits that Exhibit 5 to the Complaint purports to be a true and accurate copy of the '008 Patent. Cox denies all remaining allegations in Paragraph 82.

109.   Cox denies the allegations contained in Paragraph 109.

110.   Cox denies that the '008 Patent is valid and enforceable. Cox admits that by its issuance, the '008 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 110.

111.   Cox denies the allegations contained in Paragraph 111.

112.   Cox denies the allegations contained in Paragraph 112.

113.   Cox denies the allegations contained in Paragraph 113.

114.   Cox denies the allegations contained in Paragraph 114.

115.   Cox denies the allegations contained in Paragraph 115.

116.   Cox denies the allegations contained in Paragraph 116.

117.   Cox denies the allegations contained in Paragraph 117.

118.   Cox denies the allegations contained in Paragraph 118.

119.   Cox denies the allegations contained in Paragraph 119.

120.   Cox denies the allegations contained in Paragraph 120.

121.   Cox denies the allegations contained in Paragraph 121.

122.   Cox denies the allegations contained in Paragraph 122.

123.   Cox denies the allegations contained in Paragraph 123.

124.   Cox denies the allegations contained in Paragraph 124.

125.   Cox denies the allegations contained in Paragraph 125.

126.   Cox denies the allegations contained in Paragraph 126.

127.   Cox denies the allegations contained in Paragraph 127.

128.   Cox denies the allegations contained in Paragraph 128.

129.   Cox denies the allegations contained in Paragraph 129.

130.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130, and therefore denies them.

## COUNT IV

### (Infringement of the '362 Patent)

131.   Paragraphs 1-130 of Cox's Answer are incorporated by reference as if set forth herein.

132.   Cox admits that the face of the '362 Patent states that it issued on December 8, 2015, from an application filed February 5, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 132.

133.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133, and therefore denies them.

134.   Cox admits that Exhibit 7 to the Complaint purports to be a true and accurate copy of the '362 Patent. Cox denies all remaining allegations in Paragraph 134.

135.   Cox denies the allegations contained in Paragraph 135.

136.   Cox denies that the '362 Patent is valid and enforceable. Cox admits that by its issuance, the '362 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 136.

137.   Cox denies the allegations contained in Paragraph 137.

138.   Cox denies the allegations contained in Paragraph 138.

139.   Cox denies the allegations contained in Paragraph 139.

140.   Cox denies the allegations contained in Paragraph 140.

141.   Cox denies the allegations contained in Paragraph 141.

142.   Cox denies the allegations contained in Paragraph 142.

143.   Cox denies the allegations contained in Paragraph 143.

144.   Cox denies the allegations contained in Paragraph 144.

145.   Cox denies the allegations contained in Paragraph 145.

146.   Cox denies the allegations contained in Paragraph 146.

147.   Cox denies the allegations contained in Paragraph 147.

148.   Cox denies the allegations contained in Paragraph 148.

149.   Cox denies the allegations contained in Paragraph 149.

150.   Cox denies the allegations contained in Paragraph 150.

151.   Cox denies the allegations contained in Paragraph 151.

152.   Cox denies the allegations contained in Paragraph 152.

153.   Cox denies the allegations contained in Paragraph 153.

154.   Cox denies the allegations contained in Paragraph 154.

155.   Cox denies the allegations contained in Paragraph 156.

156.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156, and therefore denies them.

## COUNT V

## (Infringement of the '826 Patent)

157.   Paragraphs 1-156 of Cox's Answer are incorporated by reference as if set forth herein.

158.   Cox admits that the face of the '826 Patent states that it issued on November 21, 2017 from an application filed November 23, 2015, an application filed July 28, 2014, an application filed September 10, 2012 and is related to a provisional application filed September 8, 2011. Cox denies all remaining allegations in Paragraph 132.

159.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159, and therefore denies them.

160.   Cox admits that Exhibit 9 to the Complaint purports to be a true and accurate copy of the '826 Patent. Cox denies all remaining allegations in Paragraph 160.

161.   Cox denies the allegations contained in Paragraph 161.

162.   Cox denies that the '826 Patent is valid and enforceable. Cox admits that by its issuance, the '826 Patent is presumed valid under 35 U.S.C. § 282. Cox

denies any remaining allegations in Paragraph 162.

163.   Cox denies the allegations contained in Paragraph 163.

164.   Cox denies the allegations contained in Paragraph 164.

165.   Cox denies the allegations contained in Paragraph 165.

166.   Cox denies the allegations contained in Paragraph 166.

167.   Cox denies the allegations contained in Paragraph 167.

168.   Cox denies the allegations contained in Paragraph 168.

169.   Cox denies the allegations contained in Paragraph 169.

170.   Cox denies the allegations contained in Paragraph 170.

171.   Cox denies the allegations contained in Paragraph 171.

172.   Cox denies the allegations contained in Paragraph 172.

173.   Cox denies the allegations contained in Paragraph 173.

174.   Cox denies the allegations contained in Paragraph 174.

175.   Cox denies the allegations contained in Paragraph 175.

176.   Cox denies the allegations contained in Paragraph 176.

177.   Cox denies the allegations contained in Paragraph 177.

178.   Cox denies the allegations contained in Paragraph 178.

179.   Cox denies the allegations contained in Paragraph 179.

180.   Cox denies the allegations contained in Paragraph 180.

181.   Cox denies the allegations contained in Paragraph 181.

182.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

## COUNT VI

### (Infringement of the '682 Patent)

183.   Paragraphs 1-182 of Cox's Answer are incorporated by reference as if set forth herein.

184.   Cox admits that the face of the '682 Patent states that it issued on November 20, 2018, from an application filed January 9, 2018, an application filed

February 16, 2017, an application filed August 4, 2016, and application filed July 23, 2013, and is related to a provisional application filed July 23, 2012. Cox denies all remaining allegations in Paragraph 184.

185.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185, and therefore denies them.

186.   Cox admits that Exhibit 11 to the Complaint purports to be a true and accurate copy of the '682 Patent. Cox denies all remaining allegations in Paragraph 186.

187.   Cox denies the allegations contained in Paragraph 187.

188.   Cox denies the allegations contained in Paragraph 188.

189.   Cox denies the allegations contained in Paragraph 189.

190.   Cox denies the allegations contained in Paragraph 190.

191.   Cox denies the allegations contained in Paragraph 191.

192.   Cox denies the allegations contained in Paragraph 192.

193.   Cox denies the allegations contained in Paragraph 193.

194.   Cox denies the allegations contained in Paragraph 194.

195.   Cox denies the allegations contained in Paragraph 195.

196.   Cox denies the allegations contained in Paragraph 196.

197.   Cox denies the allegations contained in Paragraph 197.

198.   Cox denies the allegations contained in Paragraph 198.

199.   Cox denies the allegations contained in Paragraph 199.

200.   Cox denies the allegations contained in Paragraph 200.

201.   Cox denies the allegations contained in Paragraph 201.

202.   Cox denies the allegations contained in Paragraph 202.

203.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203, and therefore denies them.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT VII

### (Infringement of the '866 Patent)

204.   Paragraphs 1-203 of Cox's Answer are incorporated by reference as if set forth herein.

205.   Cox admits that the fact of the '866 Patent states that it issued on July 5, 2022, from an application filed March 30, 2021, an application filed June 4, 2019, and application filed October 24, 2017, and application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010 and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 205.

206.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206, and therefore denies them.

207.   Cox admits that Exhibit 13 to the Complaint purports to be a true and accurate copy of the '866 Patent. Cox denies all remaining allegations in Paragraph 207.

208.   Cox denies the allegations contained in Paragraph 208.

209.   Cox denies the allegations contained in Paragraph 209.

210.   Cox denies the allegations contained in Paragraph 210.

211.   Cox denies the allegations contained in Paragraph 211.

212.   Cox denies the allegations contained in Paragraph 212.

213.   Cox denies the allegations contained in Paragraph 213.

214.   Cox denies the allegations contained in Paragraph 214.

215.   Cox denies the allegations contained in Paragraph 215.

216.   Cox denies the allegations contained in Paragraph 216.

217.   Cox denies the allegations contained in Paragraph 217.

218.   Cox denies the allegations contained in Paragraph 218.

219.   Cox denies the allegations contained in Paragraph 219.

220.   Cox denies the allegations contained in Paragraph 220.

221.   Cox denies the allegations contained in Paragraph 221.

222.   Cox denies the allegations contained in Paragraph 222.

223.   Cox denies the allegations contained in Paragraph 223.

224.   Cox denies the allegations contained in Paragraph 224.

225.   Cox denies the allegations contained in Paragraph 225.

226.   Cox denies the allegations contained in Paragraph 226.

227.   Cox denies the allegations contained in Paragraph 227.

228.   Cox denies the allegations contained in Paragraph 228.

229.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

## COUNT VIII

### (Infringement of the '206 Patent)

230.   Paragraphs 1-229 of Cox's Answer are incorporated by reference as if set forth herein.

231.   Cox admits that the fact of the '206 Patent states that it issued on July 26, 2022, from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, and application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010 and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 231.

232.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232, and therefore denies them.

233.   Cox admits that Exhibit 15 to the Complaint purports to be a true and accurate copy of the '206 Patent. Cox denies all remaining allegations in Paragraph 233.

234.   Cox denies the allegations contained in Paragraph 234.

235.   Cox denies the allegations contained in Paragraph 235.

1   236.   Cox denies the allegations contained in Paragraph 236.

2   237.   Cox denies the allegations contained in Paragraph 237.

3   238.   Cox denies the allegations contained in Paragraph 238.

4   239.   Cox denies the allegations contained in Paragraph 239.

5   240.   Cox denies the allegations contained in Paragraph 240.

6   241.   Cox denies the allegations contained in Paragraph 241.

7   242.   Cox denies the allegations contained in Paragraph 242.

8   243.   Cox denies the allegations contained in Paragraph 243.

9   244.   Cox denies the allegations contained in Paragraph 244.

10   245.   Cox denies the allegations contained in Paragraph 245.

11   246.   Cox denies the allegations contained in Paragraph 246.

12   247.   Cox is without knowledge or information sufficient to form a belief as

13   to the truth of the allegations of Paragraph 247, and therefore denies them.

14   **RESPONSE TO PLAINTIFF'S JURY DEMAND**

15   248.   Cox admits that Entropic demands a trial by jury on all issues triable by

16   right, and a response is not required.

17   **PRAYER FOR RELIEF**

18   249.   Cox denies that Entropic is entitled to any relief, including, but not

19   limited to, any relief sought in the Complaint. To the extent that Entropic's Prayer for

20   Relief contains any factual allegations, Cox denies them.

21   **DEFENSES**

22   250.   Cox incorporates herein by reference the admissions, allegations, and

23   denials contained in its Answer above as if fully set forth herein. Without assuming

24   any burden that it would not otherwise bear and without reducing Entropic's burden

25   on any of the claims in the Complaint, Cox states the following defenses to the claims

26   in the Complaint. Cox reserves the right to amend its affirmative defenses and to add

27   additional affirmative defenses, including, but not limited to, any defenses revealed

28   during discovery.

**First Defense**

**(Failure to State a Claim)**

251.   Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to plead factual allegations with sufficiency and particularity required to state a plausible claim.

**Second Defense**

**(Non-Infringement)**

252.   Cox does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, 10,135,682, 11,381,866, and 11,399,206 (collectively, the "Asserted Patents").

**Third Defense**

**(Invalidity)**

253.   The claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**Fourth Defense**

**(Prosecution Estoppel)**

254.   Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution estoppel, by admissions, representations, statements, or actions taken during the prosecution of the patent applications that ultimately issued as the Asserted Patents, and/or by representations or actions taken during post-grant proceedings before the USPTO involving the Asserted Patents.

**Fifth Defense**

**(Equitable Doctrines)**

255.   Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of prosecution laches, unclean hands, estoppel, *in pari delicto*, waiver, acquiescence, and/or other equitable doctrines.

1

2

## **Sixth Defense**

## **(Release, License, or Exhaustion)**

3    256.   Plaintiff's claims for relief against Cox are barred in whole or in part by

4  release, license, or exhaustion, express or implied, and/or restrictions on double

5  recovery. Plaintiff's claims for relief against Cox are barred in whole or in part to the

6  extent that Plaintiff and/or its predecessors in interest granted rights in the Asserted

7  Patents to Cox, Cox's affiliates, and/or Cox's vendors and/or business partners.

8

9

## **Seventh Defense**

## **(Limitations of Remedies)**

10    257.   Plaintiff's claims for relief are barred in whole or in part by the

11  provisions of 35 U.S.C. §§ 286 and/or 288.

12

13

## **Eighth Defense**

## **(Necessary Parties)**

14    258.   There are additional and necessary parties that must be joined in this

15  action, including to the extent that Plaintiff lacks all right, title and interest in the

16  Asserted Patents.

17

18

## **Ninth Defense**

## **(Not an Exceptional Case)**

19    259.   Cox has engaged in good faith in all activities accused of infringement in

20  Plaintiff's Complaint, thereby precluding Plaintiff, even if it prevails, from

21  recovering attorney fees and/or costs under 35 U.S.C. § 285.

22

23

## **Tenth Defense**

## **(No Enhanced Damages)**

24    260.   Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at

25  least because Plaintiff has failed to show, and cannot show, that any infringement has

26  been willful and/or egregious because Cox has not engaged in any conduct that meets

27  the applicable standard for willful infringement.

28

1

**Eleventh Defense**

2

**(Lack of Standing)**

3        261.   Plaintiff lacks standing to bring, or maintain, this lawsuit in connection

4   with the Asserted Patents, including to the extent that Plaintiff did not, or does not,

5   hold sufficient exclusionary rights under, or all substantial rights, title, and interest to,

6   any of the Asserted Patents.

7

**Twelfth Defense**

8

**(Failure to Mark)**

9        262.   To the extent that Plaintiff, its alleged predecessors in interest to the

10   Asserted Patents, and any and all licensees of the Asserted Patents failed to properly

11   mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give

12   proper notice that Cox's actions allegedly infringed the Asserted Patents, Cox is not

13   liable to Plaintiff for the acts alleged to have been performed before receiving actual

14   notice that it was allegedly infringing the Asserted Patents.

15

**Thirteenth Defense**

16

**(Failure to Comply with FRAND Terms)**

17        263.   Plaintiff is estopped or contractually barred from demanding relief that is

18   inconsistent with its obligation to offer a license on terms that are fair, reasonable,

19   and non-discriminatory, as to any Asserted Patents that are enforceable, valid, and

20   standard essential.

21

**Fourteenth Defense**

22

**(Misuse)**

23        264.   Plaintiff has engaged in patent misuse that renders the Asserted Patents

24   unenforceable. Specifically, it has engaged in activities with respect to the patents

25   being asserted in this action in a manner that is anticompetitive and improperly

26   broadens the scope of the right to enforce the Asserted Patents. Such actions include

27   attempting to extend the scope of one or more of the Asserted Patents to permit

28

1    Plaintiff to attempt to obtain remedies that they would otherwise not be entitled to

2    under the applicable policies of standards organizations, such as MoCA.

3                                    **Fifteenth Defense**

4                                        **(Waiver)**

5         265.   As to any Asserted Patents that are enforceable, valid, and standard

6    essential, Plaintiff has waived any right to claim any recovery that is not FRAND-

7    compliant under the policies of the applicable standards organization, such as MoCA.

8                                    **Sixteenth Defense**

9                                 **(Additional Defenses)**

10        266.   Cox reserves all affirmative defenses under Rule 8(c) of the Federal

11   Rules of Civil Procedure, the Patent Laws of the United States, and any other

12   defenses, at law or in equity, that may not exist or in the future be available based on

13   discovery or further factual investigation in this case.

14                                   **PRAYER FOR RELIEF**

15        267.   Wherefore, Cox respectfully asks this Court for the following relief:

16             A.    That the Complaint against Cox be dismissed in its entirety with

17                   prejudice;

18             B.    That this Court find that all claims of the Asserted Patents that

19                   Plaintiff has asserted or will properly assert against Cox are

20                   invalid and patent ineligible pursuant to Title 35 of the United

21                   States Code;

22             C.    That this Court find that Cox has not infringed and does not

23                   infringe, in any manner, any valid and enforceable asserted claim

24                   of any Asserted Patent;

25             D.    That this Court find the asserted claims of the Asserted Patents

26                   unenforceable against Cox;

27             E.    That Plaintiff take nothing by reason of its Complaint;

28

1          F.      That this Court find that this is an exceptional case under 35

2                U.S.C. § 285 and award Cox its reasonable attorneys' fees,

3                expenses, and costs incurred in this action; and

4          G.     Any such other relief as the Court deems to be just and proper.

5   DATED:  May 8, 2023       Respectfully submitted,

6                   KILPATRICK TOWNSEND & STOCKTON LLP

7                By: *April E. Isaacson*

8                   April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com

9                   Two Embarcadero Center,
Suite 1900

10                 San Francisco CA 94111
(415) 273 8306

11

12                 Rishi Gupta (SBN 313079)
rgupta@kilpatricktownsend.com

13                 Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com

14                 1801 Century Park East,
Suite 2300

15                 Los Angeles CA 90067
(310) 777 3733

16                 Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com

17                 Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com

18                 Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com

19                 Courtney S. Dabbiere (pro hac vice)
cdabbiere@kilpatricktownsend.com

20                 Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com

21                 1100 Peachtree Street, NE,
Suite 2800

22                 Atlanta GA 30309
(404) 815 6500

23

24                 *Attorneys for Defendants*
*Cox Communications, Inc., CoxCom, LLC,*

25                 *and Cox Communications California, LLC*

26

27

28

1

## **DEMAND FOR A JURY TRIAL**

2

    Cox hereby demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all

3

issues that may be tried by a jury.

4

5   DATED:  May 8, 2023              Respectfully submitted,

6                                    KILPATRICK TOWNSEND & STOCKTON LLP

7                                    By:  *April E. Isaacson*

8                                         April E. Isaacson (SBN 180638)
                                          aisaacson@kilpatricktownsend.com
9                                         Two Embarcadero Center,
                                          Suite 1900
10                                        San Francisco CA 94111
                                          (415) 273 8306
11
                                          Rishi Gupta (SBN 313079)
12                                        rgupta@kilpatricktownsend.com
                                          Sarah Y. Kamran (SBN 347617)
13                                        skamran@kilpatricktownsend.com
                                          1801 Century Park East,
14                                        Suite 2300
                                          Los Angeles CA 90067
15                                        (310) 777 3733

16                                        Mitchell G. Stockwell (*pro hac vice*)
                                          mstockwell@kilpatricktownsend.com
17                                        Vaibhav P. Kadaba (*pro hac vice*)
                                          wkadaba@kilpatricktownsend.com
18                                        Michael J. Turton (*pro hac vice*)
                                          mturton@kilpatricktownsend.com
19                                        Courtney S. Dabbiere (pro hac vice)
                                          cdabbiere@kilpatricktownsend.com
20                                        Christopher S. Leah (*pro hac vice*)
                                          cleah@kilpatricktownsend.com
21                                        1100 Peachtree Street, NE,
                                          Suite 2800
22                                        Atlanta GA 30309
                                          (404) 815 6500
23

24                                        *Attorneys for Defendants*
                                          *Cox Communications, Inc., CoxCom, LLC,*
25                                        *and Cox Communications California, LLC*

26

27

28