1    KILPATRICK TOWNSEND & STOCKTON LLP

2    April E. Isaacson (SBN 180638)
     aisaacson@kilpatricktownsend.com
3    Two Embarcadero Center, Suite 1900
     San Francisco CA 94111
4    (415) 273 8306

5    Rishi Gupta (SBN 313079)
     rgupta@kilpatricktownsend.com
6    Sarah Y. Kamran (SBN 347617)
     skamran@kilpatricktownsend.com
7    1801 Century Park East, Suite 2300
     Los Angeles CA 90067
8    (310) 777 3733

9    Mitchell G. Stockwell (*admitted pro hac vice*)
     mstockwell@kilpatricktownsend.com
10   Vaibhav P. Kadaba (*admitted pro hac vice*)
     wkadaba@kilpatricktownsend.com
11   Michael J. Turton (*admitted pro hac vice*)
     mturton@kilpatricktownsend.com
12   Courtney S. Dabbiere (admitted pro hac vice)
     cdabbiere@kilpatricktownsend.com
13   Christopher S. Leah (*admitted pro hac vice*)
     cleah@kilpatricktownsend.com
14   1100 Peachtree Street, NE, Suite 2800
     Atlanta GA 30309
15   (404) 815 6500

16   *Attorneys for Defendants Cox Communications, Inc.;*
     *CoxCom, LLC; and Cox Communications California, LLC*
17

18              **UNITED STATES DISTRICT COURT**

19          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

20   ENTROPIC COMMUNICATIONS,            Civil Action No. 2:23-cv-01049-JWH-KES
     LLC,
21                                       **COX COMMUNICATIONS, INC.,**
               Plaintiff,                **COXCOM, LLC, AND COX**
22                                       **COMMUNICATIONS CALIFORNIA,**
           v.                            **LLC'S FIRST AMENDED ANSWER,**
23                                       **DEFENSES TO COMPLAINT AND**
     COX COMMUNICATIONS, INC.,           **COUNTERCLAIMS**
24   COXCOM, LLC, AND COX
     COMMUNICATIONS CALIFORNIA,
25   LLC,                                **DEMAND FOR JURY TRIAL**
               Defendants.
26

27      **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

28

COX'S AMENDED ANSWER, DEFENSES TO COMPLAINT AND COUNTERCLAIMS
CASE NO. 2:23-CV-01049-KES

1      Defendants Cox Communications, Inc., CoxCom, LLC, and Cox
2  Communications California, LLC (collectively "Cox") answer Plaintiff Entropic
3  Communications, LLC's ("Entropic" or "Plaintiff") Complaint for Patent
4  Infringement ("Complaint") as follows:

5      1.    Cox admits that Plaintiff has filed a civil action against Cox purporting
6  to asserted claims for infringement of U.S. Patent No. 8,223,775 (the "'775 Patent"),
7  8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362
8  Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866
9  (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, "the Asserted
10  Patents"). Cox denies that Plaintiff's claims have merit and denies that it has
11  infringed any valid claim of any Asserted Patent. Cox denies the remainder of the
12  allegations of Paragraph 1.

13               **THE PARTIES**[1]

14      2.    Cox is without knowledge or information sufficient to form a belief as
15  to the truth of the allegations of Paragraph 2, and therefore denies them.

16      3.    Cox is without knowledge or information sufficient to form a belief as
17  to the truth of the allegations of Paragraph 3 and therefore denies them.

18      4.    Cox admits that Cox Communications, Inc. ("Cox Communications")
19  is a privately-owned subsidiary of Cox Enterprises Inc. and is a Delaware
20  Corporation with a principal place of business at 6205 Peachtree Dunwoody Road,
21  Atlanta, Georgia 30328.

22      5.    Cox admits that Cox Communications, Inc. ("Cox Communications")
23  has, as its registered agent in Delaware, Corporation Service Company 251 Little
24  Falls Drive, Wilmington, Delaware 19808.

25      6.    Cox admits that CoxCom, LLC ("CoxCom") is a subsidiary of Cox
26

27  ───────────────
[1] For ease of reference, the headings from Entropic's Complaint are used herein.
28  Such use is for convenience, and does not indicate that Cox admits or agrees with
any text of any headings re-used herein.

1  Communications, Inc., and is incorporated in Delaware, with a principal place of
2  business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

3        7.    Cox admits that CoxCom has, as its registered agent in California,
4  Corporation Service Company d/b/a CSC - Lawyers Incorporating Service
5  Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California
6  95833.

7        8.    Cox admits that Cox Communications California, LLC ("Cox
8  California") is a Delaware limited liability company, with a regular and established
9  place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

10        9.    Cox admits that Cox California has, as its registered agent in
11  California, Corporation Service Company d/b/a CSC - Lawyers Incorporating
12  Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento,
13  California 95833.

14        10.    Cox admits that Paragraph 10 purports to quote a document, which
15  speaks for itself and is the best evidence of its contents. Cox denies the remaining
16  allegations in Paragraph 10.

17        11.    Cox denies the allegations of Paragraph 11.

18        12.    Cox admits that the website of Cox Enterprises, Inc. speaks for itself
19  and is the best evidence as to its contents. Cox denies the remaining allegations of
20  Paragraph 12.

21        13.    Cox denies the allegations of Paragraph 13.

22        14.    "Manager/member" is undefined and so to the extent that Cox
23  understands the allegations in Paragraph 14, Cox admits that CoxCom is a
24  subsidiary of Cox Communications. Cox is without knowledge or information
25  sufficient to form a belief as to the truth of the remaining allegations in Paragraph
26  14, and therefore denies the remaining allegations.

27        15.    "Complete control" is undefined and so to the extent that Cox
28  understands the allegations in Paragraph 15, Cox admits that CoxCom is a

subsidiary of Cox Communications. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies the remaining allegations.

16.   "Manager/member" is undefined and so to the extent that Cox understands the allegations in Paragraph 16, Cox admits that Cox California is a subsidiary of CoxCom. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies the remaining allegations.

17.   Cox admits that Cox California provides cable services in at least California. Cox denies the remaining allegations in Paragraph 17.

18.   Cox admits that Paragraph 18 purports to quote a Residential Customer Service Agreement, which document speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations in Paragraph 18.

19.   Cox admits that Cox Communications, CoxCom, and Cox California share a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Cox denies the remaining allegations in Paragraph 19.

20.   Cox denies the allegations of Paragraph 20.

**PRESUIT DISCUSSIONS**

21.   Cox denies that the intended recipient received the communication that Plaintiff purports to have sent by physical means to Cox on August 9, 2022. Cox denies that the intended recipient received the communications that Plaintiff purports to have sent by physical means to Cox on December 23, 2022. Cox admits that a communication was sent by electronic means on January 2, 2023. Cox admits that it has not responded to the August 9, 2022, or December 23, 2022, or January 2, 2023, communications. Cox denies the remainder of the allegations in Paragraph 21.

**ENTROPIC'S LEGACY AS A CABLE INNOVATOR**

22.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.     Cox admits that Entropic filed a patent infringement suit against Charter Communications, Inc. ("Charter") in the Eastern District of Texas, Case No. 2:22-CV-00125-JRG, on April 27, 2022, asserting the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent against Charter's provision of cable television and internet services, cable modem products and STBs. Cox denies the remaining allegations in Paragraph 29.

30.     Cox denies the allegations of Paragraph 30.

31.     Cox denies the allegations of Paragraph 31.

32.     Cox denies the allegations of Paragraph 32.

33.     Cox denies the allegations of Paragraph 33.

34.     Cox denies the allegations of Paragraph 34.

## **JURISDICTION AND VENUE**

35.     Cox admits that Plaintiff purports to state a claim for patent infringement under the patent laws of the United States, but denies that Plaintiff is entitled to any relief for such claim. Cox denies all remaining allegations in Paragraph 35.

36.     Cox admits that venue is proper in this Court for purposes of this action and admits that it has transacted business in this District for purposes of this action. Cox denies that it has committed any act of patent infringement allegedly described in the Complaint. Cox denies all remaining allegations in Paragraph 36.

37.     Cox denies that this Court has general personal jurisdiction over Cox. Cox admits that it provides cable television, internet, and phone services to businesses and residents in California. Cox denies all remaining allegations contained in Paragraph 37.

38.     Cox admits the presence of a Cox facility at 27121 Towne Centre Drive, Foothill Ranch, California 92610. Cox denies all remaining allegations contained in Paragraph 38.

39.     Cox admits for purposes of this action that this Court has personal jurisdiction over Cox. Cox denies all remaining allegations contained in Paragraph 39.

40.     Cox admits that it has provided certain telecommunications services in portions of the United States and that Cox operates and maintains a network, involving various Cox branded products and services, although Cox denies that any of its services infringe any Asserted Patents. Cox admits that subscribers to certain of Cox's services receive either receivers or set top boxes within this District. Cox denies all remaining allegations contained in Paragraph 40.

41.     Cox denies the allegations of Paragraph 41.

42.     Cox admits that it operates one or more facilities or locations in this District, and that Paragraph 42 appears to summarize information available from Cox's website, which speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations contained in Paragraph 42.

43.     Cox admits that Paragraph 43 purports to reference storefronts listed in Cox's website, which speaks for itself and is the best evidence of its contents. Cox denies the allegations contained in Paragraph 43.

44.     Cox admits that certain Cox entities own and/or lease certain premises where Cox stores are located. Cox denies the remaining allegations of Paragraph 44.

45.     Cox admits that certain Cox entities employ persons at Cox stores located within this District. Cox denies the remaining allegations of Paragraph 45.

46.     Cox admits that it has engaged in business at physical places within this District. Cox denies all remaining allegations of Paragraph 46.

47.     Cox admits that certain Cox entities employ and/or contract with persons to install, service, repair, and/or replace equipment, as appropriate, in this District. Cox denies all remaining allegations of Paragraph 47.

48.     Cox admits that stores or service centers owned or operated by Cox contain equipment by which services provided by Cox can be delivered. Cox denies the remaining allegations of Paragraph 48.

49.     Cox admits that Paragraph 49 purports to summarize and/or quote portions of a Cox Communications website, which document speaks for itself and is the best evidence of its contents. Cox denies the remaining allegations of Paragraph 49.

50.     Cox admits that it has provided certain services and products in this District and in portions of the United States, although Cox denies that any of its services or products infringe any Asserted Patents. Cox denies the remaining allegations of Paragraph 50.

51.     Cox admits that it will not contest that venue is proper in this Court for purposes of this action. Cox denies all remaining allegations contained in Paragraph 51.

52.     Cox admits that it has continued to conduct business in this District for purposes of this action. Cox denies all remaining allegations contained in Paragraph 52.

## COUNT I

### (Infringement of the '775 Patent)

53.    Paragraphs 1-52 of Cox's Answer are incorporated by reference as if set forth herein.

54.    Cox admits that the face of the '775 Patent states that it issued on July 17, 2012, from an application filed September 30, 2003.

55.    Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.    Cox admits that Exhibit 1 to the Complaint purports to be a true and accurate copy of the '775 Patent. Cox denies all remaining allegations in Paragraph 56.

57.    Cox denies the allegations contained in Paragraph 57.

58.    Cox denies that the '775 Patent is valid and enforceable. Cox admits that by its issuance, the '775 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 58.

59.    Cox denies the allegations contained in Paragraph 59.

60.    Cox denies the allegations contained in Paragraph 60.

61.    Cox denies the allegations contained in Paragraph 61.

62.    Cox denies the allegations contained in Paragraph 62.

63.    Cox denies the allegations contained in Paragraph 63.

64.    Cox denies the allegations contained in Paragraph 64.

65.    Cox denies the allegations contained in Paragraph 65.

66.    Cox denies the allegations contained in Paragraph 66.

67.    Cox denies the allegations contained in Paragraph 67.

68.    Cox denies the allegations contained in Paragraph 68.

69.    Cox denies the allegations contained in Paragraph 69.

70.    Cox denies the allegations contained in Paragraph 70.

71.    Cox denies the allegations contained in Paragraph 71.

1    72.    Cox denies the allegations contained in Paragraph 72.

2    73.    Cox denies the allegations contained in Paragraph 73.

3    74.    Cox denies the allegations contained in Paragraph 74.

4    75.    Cox denies the allegations contained in Paragraph 75.

5    76.    Cox denies the allegations contained in Paragraph 76.

6    77.    Cox denies the allegations contained in Paragraph 77.

7    78.    Cox is without knowledge or information sufficient to form a belief as

8    to the truth of the allegations of Paragraph 78, and therefore denies them.

9    ## COUNT II

10   ## (Infringement of the '690 Patent)

11   79.    Paragraphs 1-78 of Cox's Answer are incorporated by reference as if

12   set forth herein.

13   80.    Cox admits that the face of the '690 Patent states that it issued on

14   October 9, 2012, from an application filed December 10, 2009, and is related to a

15   provisional application filed May 19, 2009, and a provisional application filed

16   December 15, 2008. Cox denies all remaining allegations in Paragraph 80.

17   81.    Cox is without knowledge or information sufficient to form a belief as

18   to the truth of the allegations of Paragraph 81, and therefore denies them.

19   82.    Cox admits that Exhibit 3 to the Complaint purports to be a true and

20   accurate copy of the '690 Patent. Cox denies all remaining allegations in Paragraph

21   82.

22   83.    Cox denies the allegations contained in Paragraph 83.

23   84.    Cox denies that the '690 Patent is valid and enforceable. Cox admits

24   that by its issuance, the '690 Patent is presumed valid under 35 U.S.C. § 282. Cox

25   denies any remaining allegations in Paragraph 84.

26   85.    Cox denies the allegations contained in Paragraph 85.

27   86.    Cox denies the allegations contained in Paragraph 86.

28   87.    Cox denies the allegations contained in Paragraph 87.

1   88.   Cox denies the allegations contained in Paragraph 88.

2   89.   Cox denies the allegations contained in Paragraph 89.

3   90.   Cox denies the allegations contained in Paragraph 90.

4   91.   Cox denies the allegations contained in Paragraph 91.

5   92.   Cox denies the allegations contained in Paragraph 92.

6   93.   Cox denies the allegations contained in Paragraph 93.

7   94.   Cox denies the allegations contained in Paragraph 94.

8   95.   Cox denies the allegations contained in Paragraph 95.

9   96.   Cox denies the allegations contained in Paragraph 96.

10  97.   Cox denies the allegations contained in Paragraph 97.

11  98.   Cox denies the allegations contained in Paragraph 98.

12  99.   Cox denies the allegations contained in Paragraph 99.

13  100.  Cox denies the allegations contained in Paragraph 100.

14  101.  Cox denies the allegations contained in Paragraph 101.

15  102.  Cox denies the allegations contained in Paragraph 102.

16  103.  Cox denies the allegations contained in Paragraph 103.

17  104.  Cox is without knowledge or information sufficient to form a belief as
18  to the truth of the allegations of Paragraph 104, and therefore denies them.

19  ## COUNT III

20  ## (Infringement of the '008 Patent)

21  105.  Paragraphs 1-104 of Cox's Answer are incorporated by reference as if
22  set forth herein.

23  106.  Cox admits that the face of the '008 Patent states that it issued on July
24  29, 2014, from an application filed September 10, 2012, and is related to a
25  provisional application filed September 8, 2011. Cox denies all remaining
26  allegations in Paragraph 106.

27  107.  Cox is without knowledge or information sufficient to form a belief as
28  to the truth of the allegations of Paragraph 107, and therefore denies them.

108.   Cox admits that Exhibit 5 to the Complaint purports to be a true and accurate copy of the '008 Patent. Cox denies all remaining allegations in Paragraph 82.

109.   Cox denies the allegations contained in Paragraph 109.

110.   Cox denies that the '008 Patent is valid and enforceable. Cox admits that by its issuance, the '008 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 110.

111.   Cox denies the allegations contained in Paragraph 111.

112.   Cox denies the allegations contained in Paragraph 112.

113.   Cox denies the allegations contained in Paragraph 113.

114.   Cox denies the allegations contained in Paragraph 114.

115.   Cox denies the allegations contained in Paragraph 115.

116.   Cox denies the allegations contained in Paragraph 116.

117.   Cox denies the allegations contained in Paragraph 117.

118.   Cox denies the allegations contained in Paragraph 118.

119.   Cox denies the allegations contained in Paragraph 119.

120.   Cox denies the allegations contained in Paragraph 120.

121.   Cox denies the allegations contained in Paragraph 121.

122.   Cox denies the allegations contained in Paragraph 122.

123.   Cox denies the allegations contained in Paragraph 123.

124.   Cox denies the allegations contained in Paragraph 124.

125.   Cox denies the allegations contained in Paragraph 125.

126.   Cox denies the allegations contained in Paragraph 126.

127.   Cox denies the allegations contained in Paragraph 127.

128.   Cox denies the allegations contained in Paragraph 128.

129.   Cox denies the allegations contained in Paragraph 129.

130.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130, and therefore denies them.

## COUNT IV

### (Infringement of the '362 Patent)

131.   Paragraphs 1-130 of Cox's Answer are incorporated by reference as if set forth herein.

132.   Cox admits that the face of the '362 Patent states that it issued on December 8, 2015, from an application filed February 5, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 132.

133.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133, and therefore denies them.

134.   Cox admits that Exhibit 7 to the Complaint purports to be a true and accurate copy of the '362 Patent. Cox denies all remaining allegations in Paragraph 134.

135.   Cox denies the allegations contained in Paragraph 135.

136.   Cox denies that the '362 Patent is valid and enforceable. Cox admits that by its issuance, the '362 Patent is presumed valid under 35 U.S.C. § 282. Cox denies any remaining allegations in Paragraph 136.

137.   Cox denies the allegations contained in Paragraph 137.

138.   Cox denies the allegations contained in Paragraph 138.

139.   Cox denies the allegations contained in Paragraph 139.

140.   Cox denies the allegations contained in Paragraph 140.

141.   Cox denies the allegations contained in Paragraph 141.

142.   Cox denies the allegations contained in Paragraph 142.

143.   Cox denies the allegations contained in Paragraph 143.

144.   Cox denies the allegations contained in Paragraph 144.

145.   Cox denies the allegations contained in Paragraph 145.

146.   Cox denies the allegations contained in Paragraph 146.

1    147.   Cox denies the allegations contained in Paragraph 147.

2    148.   Cox denies the allegations contained in Paragraph 148.

3    149.   Cox denies the allegations contained in Paragraph 149.

4    150.   Cox denies the allegations contained in Paragraph 150.

5    151.   Cox denies the allegations contained in Paragraph 151.

6    152.   Cox denies the allegations contained in Paragraph 152.

7    153.   Cox denies the allegations contained in Paragraph 153.

8    154.   Cox denies the allegations contained in Paragraph 154.

9    155.   Cox denies the allegations contained in Paragraph 156.

10   156.   Cox is without knowledge or information sufficient to form a belief as

11   to the truth of the allegations of Paragraph 156, and therefore denies them.

12                            **COUNT V**

13                   **(Infringement of the '826 Patent)**

14   157.   Paragraphs 1-156 of Cox's Answer are incorporated by reference as if

15   set forth herein.

16   158.   Cox admits that the face of the '826 Patent states that it issued on

17   November 21, 2017 from an application filed November 23, 2015, an application

18   filed July 28, 2014, an application filed September 10, 2012 and is related to a

19   provisional application filed September 8, 2011. Cox denies all remaining

20   allegations in Paragraph 132.

21   159.   Cox is without knowledge or information sufficient to form a belief as

22   to the truth of the allegations of Paragraph 159, and therefore denies them.

23   160.   Cox admits that Exhibit 9 to the Complaint purports to be a true and

24   accurate copy of the '826 Patent. Cox denies all remaining allegations in Paragraph

25   160.

26   161.   Cox denies the allegations contained in Paragraph 161.

27   162.   Cox denies that the '826 Patent is valid and enforceable. Cox admits

28   that by its issuance, the '826 Patent is presumed valid under 35 U.S.C. § 282. Cox

1    denies any remaining allegations in Paragraph 162.

2        163.   Cox denies the allegations contained in Paragraph 163.

3        164.   Cox denies the allegations contained in Paragraph 164.

4        165.   Cox denies the allegations contained in Paragraph 165.

5        166.   Cox denies the allegations contained in Paragraph 166.

6        167.   Cox denies the allegations contained in Paragraph 167.

7        168.   Cox denies the allegations contained in Paragraph 168.

8        169.   Cox denies the allegations contained in Paragraph 169.

9        170.   Cox denies the allegations contained in Paragraph 170.

10       171.   Cox denies the allegations contained in Paragraph 171.

11       172.   Cox denies the allegations contained in Paragraph 172.

12       173.   Cox denies the allegations contained in Paragraph 173.

13       174.   Cox denies the allegations contained in Paragraph 174.

14       175.   Cox denies the allegations contained in Paragraph 175.

15       176.   Cox denies the allegations contained in Paragraph 176.

16       177.   Cox denies the allegations contained in Paragraph 177.

17       178.   Cox denies the allegations contained in Paragraph 178.

18       179.   Cox denies the allegations contained in Paragraph 179.

19       180.   Cox denies the allegations contained in Paragraph 180.

20       181.   Cox denies the allegations contained in Paragraph 181.

21       182.   Cox is without knowledge or information sufficient to form a belief as

22   to the truth of the allegations of Paragraph 182, and therefore denies them.

23                        **COUNT VI**

24                **(Infringement of the '682 Patent)**

25       183.   Paragraphs 1-182 of Cox's Answer are incorporated by reference as if

26   set forth herein.

27       184.   Cox admits that the face of the '682 Patent states that it issued on

28   November 20, 2018, from an application filed January 9, 2018, an application filed

February 16, 2017, an application filed August 4, 2016, and application filed July 23, 2013, and is related to a provisional application filed July 23, 2012. Cox denies all remaining allegations in Paragraph 184.

185.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185, and therefore denies them.

186.   Cox admits that Exhibit 11 to the Complaint purports to be a true and accurate copy of the '682 Patent. Cox denies all remaining allegations in Paragraph 186.

187.   Cox denies the allegations contained in Paragraph 187.

188.   Cox denies the allegations contained in Paragraph 188.

189.   Cox denies the allegations contained in Paragraph 189.

190.   Cox denies the allegations contained in Paragraph 190.

191.   Cox denies the allegations contained in Paragraph 191.

192.   Cox denies the allegations contained in Paragraph 192.

193.   Cox denies the allegations contained in Paragraph 193.

194.   Cox denies the allegations contained in Paragraph 194.

195.   Cox denies the allegations contained in Paragraph 195.

196.   Cox denies the allegations contained in Paragraph 196.

197.   Cox denies the allegations contained in Paragraph 197.

198.   Cox denies the allegations contained in Paragraph 198.

199.   Cox denies the allegations contained in Paragraph 199.

200.   Cox denies the allegations contained in Paragraph 200.

201.   Cox denies the allegations contained in Paragraph 201.

202.   Cox denies the allegations contained in Paragraph 202.

203.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203, and therefore denies them.

## COUNT VII

### (Infringement of the '866 Patent)

204.   Paragraphs 1-203 of Cox's Answer are incorporated by reference as if set forth herein.

205.   Cox admits that the fact of the '866 Patent states that it issued on July 5, 2022, from an application filed March 30, 2021, an application filed June 4, 2019, and application filed October 24, 2017, and application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010 and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 205.

206.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206, and therefore denies them.

207.   Cox admits that Exhibit 13 to the Complaint purports to be a true and accurate copy of the '866 Patent. Cox denies all remaining allegations in Paragraph 207.

208.   Cox denies the allegations contained in Paragraph 208.

209.   Cox denies the allegations contained in Paragraph 209.

210.   Cox denies the allegations contained in Paragraph 210.

211.   Cox denies the allegations contained in Paragraph 211.

212.   Cox denies the allegations contained in Paragraph 212.

213.   Cox denies the allegations contained in Paragraph 213.

214.   Cox denies the allegations contained in Paragraph 214.

215.   Cox denies the allegations contained in Paragraph 215.

216.   Cox denies the allegations contained in Paragraph 216.

217.   Cox denies the allegations contained in Paragraph 217.

218.   Cox denies the allegations contained in Paragraph 218.

219.   Cox denies the allegations contained in Paragraph 219.

220.   Cox denies the allegations contained in Paragraph 220.

221.   Cox denies the allegations contained in Paragraph 221.

222.   Cox denies the allegations contained in Paragraph 222.

223.   Cox denies the allegations contained in Paragraph 223.

224.   Cox denies the allegations contained in Paragraph 224.

225.   Cox denies the allegations contained in Paragraph 225.

226.   Cox denies the allegations contained in Paragraph 226.

227.   Cox denies the allegations contained in Paragraph 227.

228.   Cox denies the allegations contained in Paragraph 228.

229.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

## COUNT VIII

## (Infringement of the '206 Patent)

230.   Paragraphs 1-229 of Cox's Answer are incorporated by reference as if set forth herein.

231.   Cox admits that the fact of the '206 Patent states that it issued on July 26, 2022, from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, and application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010 and is related to a provisional application filed April 17, 2009. Cox denies all remaining allegations in Paragraph 231.

232.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232, and therefore denies them.

233.   Cox admits that Exhibit 15 to the Complaint purports to be a true and accurate copy of the '206 Patent. Cox denies all remaining allegations in Paragraph 233.

234.   Cox denies the allegations contained in Paragraph 234.

235.   Cox denies the allegations contained in Paragraph 235.

236.   Cox denies the allegations contained in Paragraph 236.

237.   Cox denies the allegations contained in Paragraph 237.

238.   Cox denies the allegations contained in Paragraph 238.

239.   Cox denies the allegations contained in Paragraph 239.

240.   Cox denies the allegations contained in Paragraph 240.

241.   Cox denies the allegations contained in Paragraph 241.

242.   Cox denies the allegations contained in Paragraph 242.

243.   Cox denies the allegations contained in Paragraph 243.

244.   Cox denies the allegations contained in Paragraph 244.

245.   Cox denies the allegations contained in Paragraph 245.

246.   Cox denies the allegations contained in Paragraph 246.

247.   Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247, and therefore denies them.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

248.   Cox admits that Entropic demands a trial by jury on all issues triable by right, and a response is not required.

## PRAYER FOR RELIEF

249.   Cox denies that Entropic is entitled to any relief, including, but not limited to, any relief sought in the Complaint. To the extent that Entropic's Prayer for Relief contains any factual allegations, Cox denies them.

## DEFENSES

250.   Cox incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing Entropic's burden on any of the claims in the Complaint, Cox states the following defenses to the claims in the Complaint. Cox reserves the right to amend its affirmative defenses and to add additional affirmative defenses, including, but not limited to, any defenses revealed during discovery.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### First Defense

### (Failure to State a Claim)

251.   Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to plead factual allegations with sufficiency and particularity required to state a plausible claim.

### Second Defense

### (Non-Infringement)

252.   Cox does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, 10,135,682, 11,381,866, and 11,399,206 (collectively, the "Asserted Patents").

### Third Defense

### (Invalidity)

253.   The claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Defense

### (Prosecution Estoppel)

254.   Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution estoppel, by admissions, representations, statements, or actions taken during the prosecution of the patent applications that ultimately issued as the Asserted Patents, and/or by representations or actions taken during post-grant proceedings before the USPTO involving the Asserted Patents.

### Fifth Defense

### (Equitable Doctrines)

255.   Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of prosecution laches, unclean hands, estoppel, *in pari delicto*, waiver, acquiescence, and/or other equitable doctrines.

1

2

**Sixth Defense**

**(Release, License, or Exhaustion)**

256.   Plaintiff's claims for relief against Cox are barred in whole or in part by release, license, or exhaustion, express or implied, and/or restrictions on double recovery. Plaintiff's claims for relief against Cox are barred in whole or in part to the extent that Plaintiff and/or its predecessors in interest granted rights in the Asserted Patents to Cox, Cox's affiliates, and/or Cox's vendors and/or business partners.

**Seventh Defense**

**(Limitations of Remedies)**

257.   Plaintiff's claims for relief are barred in whole or in part by the provisions of 35 U.S.C. §§ 286 and/or 288.

**Eighth Defense**

**(Necessary Parties)**

258.   There are additional and necessary parties that must be joined in this action, including to the extent that Plaintiff lacks all right, title and interest in the Asserted Patents.

**Ninth Defense**

**(Not an Exceptional Case)**

259.   Cox has engaged in good faith in all activities accused of infringement in Plaintiff's Complaint, thereby precluding Plaintiff, even if it prevails, from recovering attorney fees and/or costs under 35 U.S.C. § 285.

**Tenth Defense**

**(No Enhanced Damages)**

260.   Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful and/or egregious because Cox has not engaged in any conduct that meets the applicable standard for willful infringement.

**Eleventh Defense**

**(Lack of Standing)**

261.   Plaintiff lacks standing to bring, or maintain, this lawsuit in connection with the Asserted Patents, including to the extent that Plaintiff did not, or does not, hold sufficient exclusionary rights under, or all substantial rights, title, and interest to, any of the Asserted Patents.

**Twelfth Defense**

**(Failure to Mark)**

262.   To the extent that Plaintiff, its alleged predecessors in interest to the Asserted Patents, and any and all licensees of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Cox's actions allegedly infringed the Asserted Patents, Cox is not liable to Plaintiff for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the Asserted Patents.

**Thirteenth Defense**

**(Failure to Comply with FRAND Terms)**

263.   Plaintiff is estopped or contractually barred from demanding relief that is inconsistent with its obligation to offer a license on terms that are fair, reasonable, and non-discriminatory, as to any Asserted Patents that are enforceable, valid, and standard essential.

**Fourteenth Defense**

**(Misuse)**

264.   Plaintiff has engaged in patent misuse that renders the Asserted Patents unenforceable. Specifically, it has engaged in activities with respect to the patents being asserted in this action in a manner that is anticompetitive and improperly broadens the scope of the right to enforce the Asserted Patents. Such actions include attempting to extend the scope of one or more of the Asserted Patents to permit

Plaintiff to attempt to obtain remedies that they would otherwise not be entitled to under the applicable policies of standards organizations, such as MoCA.

## Fifteenth Defense

### (Waiver)

265.   As to any Asserted Patents that are enforceable, valid, and standard essential, Plaintiff has waived any right to claim any recovery that is not FRAND-compliant under the policies of the applicable standards organization, such as MoCA.

## Sixteenth Defense

### (Additional Defenses)

266.   Cox reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may not exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS

267.   This case involves assertion of one or more patents that may be owned by a party other than Plaintiff, including at least Maxlinear, Inc. and Maxlinear Communications LLC (collectively, "MaxLinear").  Independently, MaxLinear has sought to avoid encumbrances on its patents, including royalty-free, perpetual and irrevocable licenses granted to practice patents applicable to certain standards. MaxLinear accordingly breached its contractual obligations and unjustly enriched itself by participating in certain standards development activities.  Plaintiff induced those breaches and is, accordingly, liable for its conduct.

### Parties, Jurisdiction and Venue

268.   Cox Communications, Inc. ("Cox Communications") is a Delaware corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

269.   CoxCom, LLC ("CoxCom") is a Delaware limited liability company, with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

270.   Cox Communications California, LLC ("Cox California") is a Delaware limited liability company, with a regular and established place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

271.   Counterclaim plaintiffs are Cox Communications, CoxCom and Cox California (collectively, "Cox").

272.   MaxLinear, Inc. is a Delaware corporation, with a principal place of business at 5966 La Place Court Suite 100, Carlsbad, CA.

273.   On April 30, 2015, Entropic Communications, Inc. merged with and into Excalibur Subsidiary, LLC (a subsidiary of MaxLinear, Inc.), with the surviving entity being Excalibur Subsidiary, LLC. At the same time, Excalibur Subsidiary, LLC changed its name to Entropic Communications, LLC. On February 20, 2018, Entropic Communications, LLC then changed its name to MaxLinear Communications LLC.

274.   MaxLinear Communications LLC is an affiliate of MaxLinear, Inc., and is a Delaware limited liability company with a principal place of business at 5966 LA Place Ct Ste 100, Carlsbad, CA 92008. Collectively, MaxLinear, Inc. and MaxLinear Communications LLC are referred to as "MaxLinear."

275.   Entropic Communications, LLC ("Entropic") is the Plaintiff in this action and is unaffiliated with MaxLinear. The Counterclaim defendants are Entropic, MaxLinear, Inc. and MaxLinear Communications LLC.

276.   The Court has supplemental jurisdiction over Cox's counterclaims pursuant to 28 U.S.C. § 1367 because, as set forth below, the claims are so related to the claim(s) over which the Court has original jurisdiction that the claims form part of the same case or controversy under Article III of the United States Constitution.

277.   Entropic filed its Complaint in this matter in this Court, thereby submitting itself to this Court's personal jurisdiction.

278.   This Court has general personal jurisdiction over MaxLinear because it conducts systematic and regular business within the State of California by, inter alia providing digital, high-performance analog and mixed-signal integrated circuits and software solutions, as well as systems-on-chip solutions used for broadband, mobile and wireline infrastructure, data center, and industrial and multi-market applications.

279.   Upon information and belief, MaxLinear maintains a regular and established place of business within this district at 50 Parker, Irvine, CA 92618.

280.   Venue for these counterclaims is proper in this Court pursuant to at least 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Entropic filed its claims against Cox in this federal judicial district.

### MaxLinear's Involvement in CableLabs and DOCSIS

281.   Cable Television Laboratories, Inc. ("CableLabs") is a non-profit research and development consortium that is a "leading innovation and R&D lab for the cable industry."[2] CableLabs was formed by, among others, cable companies like Cox that operate multiple cable systems and cable operators continue to be member organizations in CableLabs. CableLabs does not itself deploy, purchase and use cable equipment in multiple cable systems like the cable operators. CableLabs instead evaluates new technologies and develops common specifications for interoperability to help drive the scale of cable equipment and reduce costs for cable operators like Cox and their customers.

282.   CableLabs develops and publishes various specifications and standards, including the Data Over Cable Service Interface Specification ("DOCSIS"). Multiple entities participate in developing the specifications, which aim to benefit cable operators. For example, the DOCSIS 3.1 specification states that it "is the result of a cooperative effort undertaken at the direction of Cable Television Laboratories, Inc. for the benefit of the cable industry and its customers" and further explains in Section 1.1 that the "specification was developed for the benefit of the cable industry, and

---

[2] https://www.cablelabs.com/

includes contributions by operators and vendors from North and South America, Europe, China and other regions."

283.   Vendors of cable equipment may participate in the development of CableLabs' specifications through a variety of processes.[3] By executing a confidentiality agreement, vendors can access non-public documents, including Draft Specifications, technical papers and documentation, software code, notices, and announcements. Any vendor with interest or expertise can also join the relevant working groups that develop the relevant specifications. As CableLabs explains,

> In order to facilitate widespread implementation of CableLabs Specifications, and reduce overall costs for Vendors, Cable Operators, and consumers, CableLabs has established Contribution Agreements (also referred to as IPR Agreements) for each family of CableLabs Specifications—DOCSIS (data), PacketCable (voice), and OpenCable (video). DPoE, EPOC, Metadata, and other projects also have similar Contribution Agreements. The Contribution Agreements provide Technology Vendors with either a royalty-free grant of necessary intellectual property, or a reasonable and non-discriminatory obligation to license necessary intellectual property, from all other Contributors, as the case may be per agreement. Likewise, to participate in the Working Group, a Vendor must make reciprocal commitments to all other Contributors by signing the Contribution Agreement.[4]

284.   MaxLinear executed applicable NDAs and a Contribution Agreement in the case of DOCSIS. As a result, MaxLinear received, among other benefits, the ability to see confidential information concerning the draft specifications, participate in the process of developing draft specifications, learn and understand the direction of technology for the cable industry, position its own products and services to market to

---

[3] https://www.cablelabs.com/become-a-vendor/suppliers-how-to-engage#
[4] https://www.cablelabs.com/become-a-vendor/suppliers-how-to-engage#

the cable industry, and make, market, and sell its DOCSIS compliant products to the cable industry.

285.   The Contribution Agreement in the case of DOCSIS created a royalty-free pool for intellectual property rights essential to the DOCSIS standards. Specifically, companies that have signed a DOCSIS license agreement ("DOCSIS Licensors") granted CableLabs a non-transferable, worldwide, non-exclusive, royalty-free license, with the right to sublicense, to all current and future patents owned by the licensor or its affiliates essential for compliance with DOCSIS specifications. In return, DOCSIS Licensors obtained from CableLabs a non-transferable worldwide, non-exclusive, royalty-free license under all patents CableLabs had the right to license or sublicense to the extent necessary for compliance with the DOCSIS specifications.[5]

286.   MaxLinear is one of multiple vendors to have executed a DOCSIS License Agreement, a copy of which is attached as Exhibit A. The DOCSIS License Agreements recite that they were created so that CableLabs could ██████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████ *Id.*

287.   The DOCSIS License Agreements were intended to benefit Cox, which could purchase and use manufactured products compliant with DOCSIS free of any patent claims. Other vendors from which Cox purchases DOCSIS-compliant hardware and software are also DOCSIS Licensors. For example, Cox, or its customers, purchase and use equipment from Samsung Electronics Co., Cisco

---

[5] https://www.cablelabs.com/blog/patents-and-licensing-why-it-matters

Systems, Inc ("Cisco"), and ARRIS Group, Inc., and/or their relevant predecessors and successors. These suppliers are signatories to the DOCSIS License Agreement, as demonstrated in Exhibit B, which is a true and correct copy of CableLabs' list of DOCSIS® IPR Agreement Signatories.

288.   Cox's suppliers, in turn, purchase components from other DOCSIS signatories that supply systems on a chip, like Broadcom Corporation or Intel Corporation, who are also signatories to the DOCSIS License Agreement. The equipment Cox obtains or uses from these suppliers and DOCSIS Licensors complies with and/or is certified to comply with DOCSIS Specifications. MaxLinear, Inc. is also listed as a signatory to the DOCSIS License Agreements according to the publicly available DOCSIS® IPR Agreement Signatories, attached as Exhibit B.

289.   Through its DOCSIS License Agreement, MaxLinear provided



290.   The DOCSIS License Agreement executed by MaxLinear

291.

[REDACTED]

292.   MaxLinear has made, offered for sale, and sold various equipment for use in the cable industry that are advertised as being and/or are DOCSIS compliant. For instance, MaxLinear's April 26, 2023 form 10-Q filing describes its customers as including "electronics distributors, module makers, original equipment manufacturers, or OEMs, and original design manufacturers, or ODMs, who incorporate the Company's products in a wide range of electronic devices, including cable Data Over Cable Service Interface Specifications (DOCSIS)."

293.   By executing the DOCSIS License Agreements, representing itself as a supplier of DOCSIS equipment and therefore a "licensor" to the DOCSIS License Agreements, and/or by promoting DOCSIS compliance of its equipment, MaxLinear obtained the benefit of joining the DOCSIS patent pool, including the ability to develop, market, and sell products that were compatible with DOCSIS specifications.

**The Improper Efforts to Transfer Patents Free of Encumbrances**

294.   Plaintiff Entropic asserts in its Complaint, at ¶3, that it "is the owner by assignment to all right, title, and interest to the Patents-in-Suit" and "is the successor-in-interest for the Patents-in-Suit."

295.   Exhibit C is a true and correct copy of the assignment agreement between MaxLinear, Inc. and Plaintiff Entropic executed on March 31, 2021 and filed with the U.S. Patent Office (hereafter "Plaintiff's First Assignment"). Exhibit C purports to assign to Entropic the '008, '362, '826, and '682 Patents, as well as the continuations of patents assigned therein, including the '206 and '866 Patents. Exhibit C is the last assignment applicable to the above-identified Asserted Patents to have been filed in the U.S. Patent Office before the filing of Plaintiff's Complaint.

296.   Exhibit D is a true and correct copy of the assignment agreement between MaxLinear Communications LLC. and Plaintiff Entropic executed on March 31, 2021 and filed with the U.S. Patent Office (hereafter "Plaintiff's Second

Assignment"). Exhibit D purports to assign the '775 and '690 Patents to Entropic and is the last assignment applicable to the '775 and '690 Asserted Patents to have been filed in the U.S. Patent Office before the filing of Plaintiff's Complaint.

297.   Plaintiff is not and, since its formation, has not been, affiliated with MaxLinear.

298.   Before filing its Complaint Plaintiff knew, or should have known, that (a) DOCSIS specifications were relied upon in the cable industry by equipment makers from whom Cox purchased or used equipment; (b) MaxLinear and other DOCSIS equipment suppliers had made contractual commitments to CableLabs and that MaxLinear was bound by relevant DOCSIS License Agreements and (c) that Cox was a beneficiary of the DOCSIS License Agreements.

299.   Based on the averments in Plaintiff's Complaint and if Plaintiff's averments are substantiated, one or more of the Asserted Patents are essential to compliance with the DOCSIS specifications. By way of example, Plaintiff's Complaint discusses and describes various items of cable equipment that are DOCSIS compliant, including cable modems and cable modem termination systems. Plaintiff's Complaint further references as exhibits charts that both compare one or more claims within the Asserted Patents to various DOCSIS compliant equipment provided by DOCSIS Licensors like ARRIS, Broadcom, Pace, Samsung and/or Technicolor, as well as reference various aspects of DOCSIS.

300.   Plaintiff's averments directly implicate the DOCSIS specifications. For example, the '775 Patent concerns a cable modem system with a cable modem engine including a "DOCSIS controller" and a "DOCSIS MAC processor," each of which are addressed in DOCSIS. Plaintiff's accusations focus on DOCSIS-compliant cable modems, set top boxes, and other equipment as evidenced in Exhibit 2 of Plaintiff's Complaint. The '690 and '682 Patents relate to messaging and communications between a Cable Modem Termination System and a Cable Modem, which is

addressed in DOCSIS and which items are addressed in Exhibits 4 and 12 of Plaintiff's Complaint.

301.  Plaintiff's First and Second Assignments concerning the Asserted Patents do not include any provisions assuming the obligations MaxLinear incurred under the DOCSIS License Agreements, including an acknowledgement that MaxLinear previously granted perpetual, royalty free and irrevocable licenses thereunder.

302.  Plaintiff's First and Second Assignments, in fact, purport to assign "all right, title, and interest" to the relevant Asserted Patents and to make such assignment "free and clear of all liens, claims and encumbrances other than those" Plaintiff "expressly agreed in writing will continue to encumber the Patent Rights after execution and delivery of this Assignment of Patent Rights." *See* Exhibits C, D.. Plaintiff's First and Second Assignment, however, contains no express, written agreement by Plaintiff as to the continued existence of any encumbrances.

303.  Plaintiff's First and Second Assignments violate the DOCSIS License Agreement and are void.

**Count I: Breach of Contract by MaxLinear**

304.  Cox realleges and incorporates by reference the foregoing allegations of its counterclaims.

305.  As discussed above, MaxLinear joined the DOCSIS patent pools and granted CableLabs a non-exclusive, royalty-free license, with the right to sublicense, to all current and future patents owned by it or its affiliates essential for compliance with DOCSIS. MaxLinear's license encompassed each and every one of the Asserted Patents that is essential to compliance with DOCSIS.

306.  Cox's suppliers of cable equipment who were also DOCSIS Licensors obtained from CableLabs a non-transferable worldwide, non-exclusive, royalty-free license under all patents CableLabs had the right to license or sublicense, including the Asserted Patents, to the extent necessary for compliance with DOCSIS.

307.   Pursuant to the DOCSIS License Agreements, Cox is sublicensed to the Asserted Patents to the extent necessary to practice DOCSIS. Alternatively, as purchasers or users of products that comply with the DOCSIS Specifications and are provided by suppliers who are DOCSIS licensors, Cox is an intended third-party beneficiary of the DOCSIS License Agreements. Accordingly, the applicable Asserted Patents, including at least the '775, '690 and '682 patents, are licensed or exhausted such that no action on those patents can be maintained against Cox.

308.   MaxLinear breached its contractual obligations under the DOCSIS License Agreement and its obligations to ensure that Cox and other licensees received a perpetual, non-exclusive, irrevocable and royalty free license, such that Cox could operate applicable licensed products free of any claim of infringement based on MaxLinear's licensed patents.

309.   MaxLinear has breached its contractual obligations by engaging in at least the following actions: (a) accepting an interest in an outcome of this suit accusing Cox of infringing the Asserted Patents despite knowing of the prior grant of licenses to patents essential or included in DOCSIS; (b) breaching the DOCSIS License Agreements by attempting to assign the Asserted Patents free of any encumbrances; and (c) transferring patents to Entropic without ensuring that Entropic would honor MaxLinear's royalty-free licensing obligations as a purported successor-in-interest, and making such transfers despite knowledge that Entropic aimed to bring suits and/or pursue additional and unlawful payments in violation of MaxLinear's obligations.

310.   As a result of these breaches, Cox has been injured in their business or property, and has suffered and will continue to suffer damages.

### Count II: Tortious Interference with Contract Against Entropic

311.   Cox realleges and incorporates by reference the foregoing allegations of its counterclaims.

312.  As discussed above, MaxLinear contractually provided an irrevocable, royalty-free and non-exclusive license to CableLabs, with the right to sublicense, any patents, including the Asserted Patents, essential to compliance with DOCSIS. MaxLinear further agreed that its obligations under the relevant agreement could not be transferred and, if so, were void.  Cox was and remains a known and intended beneficiary of these promises.

313.  Entropic was aware of MaxLinear's obligations under the DOCSIS license agreements. Nevertheless, Entropic induced a breach of MaxLinear's contractual obligations by inducing MaxLinear to attempt to assign various patents for Entropic to enforce and for Entropic to seek damages, despite Entropic's awareness that one or more such patents may be essential to compliance with DOCSIS. As a result of Entropic's actions, MaxLinear breached its contractual obligations.

314.  As a result of Entropic's inducement of these breaches, Cox has been injured in their business or property, and has suffered and will continue to suffer damages.

**Count III: Alternative Claim of Unjust Enrichment Against MaxLinear**

315.  Cox realleges and incorporates by reference the foregoing allegations of its counterclaims.

316.  As discussed above, MaxLinear received multiple benefits from participating in DOCSIS development and interacting with CableLabs, cable industry and cable operators like Cox. MaxLinear was able, among other benefits, to develop, deploy, market, make, and sell various DOCSIS compliant equipment to the cable industry free of any claim of infringement by other vendors via the DOCSIS License Agreements.

317.  MaxLinear also received the ability to learn of draft and actual DOCSIS specifications, the future progress of cable industry technology and the potential innovations important to the cable industry. These benefits further assisted

MaxLinear in developing, securing and ultimately monetizing patents, including the Asserted Patents.

318.   MaxLinear received these benefits at Cox's expense. Cox understood and expected that a DOCSIS licensor such as MaxLinear would have ensured that Cox could deploy, use and sell DOCSIS-compliant equipment from other DOCSIS vendors free of any claim of patent infringement relating to MaxLinear's relevant patents that are essential to DOCSIS. By instead transferring the Asserted Patents to Plaintiff, MaxLinear has created additional expense and uncertainty for Cox and its business.

319.   Equity and good conscience accordingly demands that MaxLinear disgorge and provide restitution of any and all monies and profits from MaxLinear's unjust enrichment.

## **PRAYER FOR RELIEF**

Wherefore, Cox respectfully asks this Court for the following relief:

    A.    That the Complaint against Cox be dismissed in its entirety with prejudice;

    B.    That this Court find that all claims of the Asserted Patents that Plaintiff has asserted or will properly assert against Cox are invalid and patent ineligible pursuant to Title 35 of the United States Code;

    C.    That this Court find that Cox has not infringed and does not infringe, in any manner, any valid and enforceable asserted claim of any Asserted Patent;

    D.    That this Court find the asserted claims of the Asserted Patents unenforceable against Cox;

    E.    That Plaintiff take nothing by reason of its Complaint;

1         F.     That MaxLinear breached its contractual obligations and/or was

2                unjustly enriched such that this Court shall award Cox appropriate

3                damages and equitable relief;

4         G.     That Entropic induced and intentionally interfered with

5                contractual relations and award Cox appropriate damages and

6                equitable relief;

7         H.     That this Court find that this is an exceptional case under 35

8                U.S.C. § 285 and award Cox its reasonable attorneys' fees,

9                expenses, and costs incurred in this action; and

10        I.     Any such other relief as the Court deems to be just and proper.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | DATED:  August 25, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center,
Suite 1900
San Francisco CA 94111
(415) 273 8306

Rishi Gupta (SBN 313079)
rgupta@kilpatricktownsend.com
Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East,
Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (pro hac vice)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE,
Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc., CoxCom, LLC,*
*and Cox Communications California, LLC*

1

## DEMAND FOR A JURY TRIAL

2     Cox hereby demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all

3  issues that may be tried by a jury.

4

5  DATED:  August 25, 2023          Respectfully submitted,

6                                   KILPATRICK TOWNSEND & STOCKTON LLP

7                                   By: */s/ April E. Isaacson*

8                                        April E. Isaacson (SBN 180638)
                                         aisaacson@kilpatricktownsend.com
9                                        Two Embarcadero Center,
                                         Suite 1900
10                                       San Francisco CA 94111
                                         (415) 273 8306
11

12                                       Rishi Gupta (SBN 313079)
                                         rgupta@kilpatricktownsend.com
13                                       Sarah Y. Kamran (SBN 347617)
                                         skamran@kilpatricktownsend.com
14                                       1801 Century Park East,
                                         Suite 2300
15                                       Los Angeles CA 90067
                                         (310) 777 3733

16                                       Mitchell G. Stockwell (*pro hac vice*)
                                         mstockwell@kilpatricktownsend.com
17                                       Vaibhav P. Kadaba (*pro hac vice*)
                                         wkadaba@kilpatricktownsend.com
18                                       Michael J. Turton (*pro hac vice*)
                                         mturton@kilpatricktownsend.com
19                                       Courtney S. Dabbiere (pro hac vice)
                                         cdabbiere@kilpatricktownsend.com
20                                       Christopher S. Leah (*pro hac vice*)
                                         cleah@kilpatricktownsend.com
21                                       1100 Peachtree Street, NE,
                                         Suite 2800
22                                       Atlanta GA 30309
                                         (404) 815 6500
23

24                                       *Attorneys for Defendants*
                                         *Cox Communications, Inc., CoxCom, LLC,*
25                                       *and Cox Communications California, LLC*

26

27

28