KILPATRICK TOWNSEND & STOCKTON LLP

April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Rishi Gupta (SBN 313079)
rgupta@kilpatricktownsend.com
Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants Cox Communications, Inc.;*
*CoxCom, LLC; and Cox Communications California, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>          Defendants. | Civil Action No. 2:23-cv-01049-JWH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND JOINDER**<br><br>Hearing Date:     September 22, 2023<br>Hearing Time:     8:45 a.m.<br>Courtroom:         9D<br>Judge:             Hon. John W. Holcomb<br><br>**DEMAND FOR JURY TRIAL** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO
AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-CV-01049-JWH-KES

US2008 22302399 1

# **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................1

II.   STATEMENT OF MATERIAL FACTS .............................................2

    A.   Relevant Procedural History ....................................................2

    B.   The Proposed Amendment to Add MaxLinear
           and the Counterclaims...............................................................3

III. LEGAL STANDARD..........................................................................7

IV.  ARGUMENT ......................................................................................8

    A.   Cox's Good Faith Amendment Is Timely. ...............................8

    B.   Granting Cox's Motion Does not Substantially
           Prejudice Entropic or MaxLinear.............................................9

    C.   Cox's Amendment to Add Counterclaims and
           Add MaxLinear Is Not Futile..................................................12

    D.   Joinder of MaxLinear Is Appropriate under the
           Applicable Legal Standards .....................................................13

V.   CONCLUSION ..................................................................................16

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES

i

US2008 22302399 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................... 12

*Athena Feminine Techs. Inc. v. Wilkes,*
No. C 10-4868 SBA, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6,
2013) ................................................................................................................ 12

*Bakia v. Los Angeles Cnty. of State of Cal.,*
687 F.2d 299 (9th Cir. 1982) ........................................................................... 13

*Bowles v. Reade,*
198 F.3d 752 (9th Cir. 1999) ............................................................................. 9

*Cat Coven LLC v. Shein Fashion Grp., Inc.,*
No. CV197967PSGGJSX, 2020 WL 3840440 (C.D. Cal. Mar. 12,
2020) ................................................................................................................ 14

*Christie Digital Sys. USA, Inc. v. U.S. Philips Corp.,*
No. CV091097GAFAJWX, 2010 WL 11596653 (C.D. Cal. Feb. 2,
2010) ................................................................................................................ 13

*In re Cir. Breaker Litig.,*
175 F.R.D. 547 (C.D. Cal. 1997) ..................................................................... 10

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) ....................................................................... 7, 12

*Desert Empire Bank v. Ins. Co. of N. Am.,*
623 F.2d 1371 (9th Cir. 1980) ......................................................................... 15

*Dexcom, Inc. v. AgaMatrix, Inc.,*
No. CV 16-5947-SJO (ASX), 2018 WL 10323723 (C.D. Cal. May
30, 2018) ............................................................................................................ 8

*Dexcom, Inc. v. AgaMatrix, Inc.,*
No. CV1605947SJOASX, 2017 WL 3433543 (C.D. Cal. Feb. 3,
2017) .................................................................................................................. 8

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                    ii

US2008 22302399 1

*Eminence Capital, LLC v. Aspen, Inc.*,
　　315 F.3d 1048 (9th Cir. 2003) ................................................................. 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
　　316 F.3d 1048 (9th Cir. 2003) ............................................................ 9, 10

*Esquivel v. Prudential Life Ins. Co.*,
　　No. 217CV8610ODWJCX, 2018 WL 3569350 (C.D. Cal. July 23,
　　2018) ......................................................................................................... 7

*Est. of Mann v. Cnty. of Stanislaus*,
　　No. 121CV01098AWISKO, 2022 WL 2533717 (E.D. Cal. July 7,
　　2022) ......................................................................................................... 8

*Foman v. Davis*,
　　371 U.S. 178 (1962) .............................................................................. 7, 9

*Griggs v. Pace Am. Grp., Inc.*,
　　170 F.3d 877 (9th Cir. 1999) ................................................................. 7, 8

*Hofstetter v. Chase Home Finance, LLC*,
　　751 F. Supp. 2d 1116 (N.D. Cal. 2010) ................................................... 12

*ImprimisRx, LLC v. OSRX, Inc.*,
　　No. 21-CV-01305-BAS-DDL, 2022 WL 15524584 (S.D. Cal. Oct.
　　27, 2022) .................................................................................................. 10

*Jackson v. Bank of Hawaii*,
　　902 F.2d 1385 (9th Cir. 1990) ................................................................... 8

*Jones v. City of Los Angeles*,
　　No. 2:20-CV-11147-SVW-SK, 2021 WL 6809408 (C.D. Cal. Dec.
　　16, 2021) .................................................................................................... 9

*Katz v. Lear Siegler, Inc.*,
　　909 F.2d 1459 (Fed. Cir. 1990) ............................................................... 13

*Missouri ex rel. Koster v. Harris*,
　　847 F.3d 646 (9th Cir. 2017) ................................................................... 12

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*,
　　558 F.2d 914 (9th Cir. 1977) ................................................................... 14

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                iii

US2008 22302399 1

*LMNO Cable Grp., Inc. v. Discovery Commc'ns, LLC*,
No. LACV1604543JAKSKX, 2017 WL 8943167 (C.D. Cal. June
19, 2017) ................................................................................................. 13, 15

*Netbula, LLC v. Distinct Corp.*,
212 F.R.D. 534 (N.D. Cal. 2003) ................................................................. 12

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ......................................................................... 7

*Philips N. Am. LLC v. Garmin Int'l, Inc.*,
No. CV 19-06301-AB (KSX), 2020 WL 6064006 (C.D. Cal. Aug.
26, 2020) ...................................................................................................... 10

*PureCircle USA Inc. v. SweeGen, Inc.*,
No. SACV181679JVSJDEX, 2020 WL 1060364 (C.D. Cal. Feb.
18, 2020) ...................................................................................................... 12

*Rastgouie v. Michael Kors Stores California, Inc.*,
No. LACV1900012JAKJEMX, 2021 WL 4786886 (C.D. Cal. Mar.
2, 2021) ........................................................................................................ 11

*San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*,
236 F.R.D. 491 (E.D. Cal. 2006) ................................................................... 9

*Schnabel v. Lui*,
302 F.3d 1023 (9th Cir. 2002) ...................................................................... 13

*Taye, Inc. v. Drum Workshop, Inc.*,
No. CV074835PSGVBKX, 2008 WL 11338266 (C.D. Cal. Sept.
12, 2008) ...................................................................................................... 12

*United States v. Bowen*,
172 F.3d 682 (9th Cir. 1999) .................................................................. 13, 14

*United States v. Dang*,
488 F.3d 1135 (9th Cir. 2007) ...................................................................... 11

*Viskase Corp. v. Am. Nat. Can Co.*,
261 F.3d 1316 (Fed. Cir. 2001) ................................................................... 14

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) ............................................................... 8

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                    iv

US2008 22302399 1

*Xyratex Tech., Ltd. v. Teradyne, Inc.*,
No. CV0804545SJOPLAX, 2009 WL 10702551 (C.D. Cal. Apr.
10, 2009) ........................................................................................................... 9

**Statutes**

28 U.S.C. § 1367 .................................................................................... 14, 16

**Other Authorities**

Fed. R. Civ. P. 13 ...................................................................................... 13

Federal Rule of Civil Procedure 15(a) ...........................................2, 7, 9, 12

Federal Rule of Civil Procedure 19 ....................................... 13, 14, 16

Federal Rule of Civil Procedure 19(a) ....................................................... 13

Federal Rule of Civil Procedure 19(b) ...................................................... 13

Federal Rule of Civil Procedure 20 .......................................................... 14

Rules 19 and 20 ........................................................................................ 13

United States Constitution Article III ............................................... 14, 16

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                               v

US2008 22302399 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") respectfully seek leave to file a First Amended Answer and Counterclaims and add MaxLinear, Inc. and MaxLinear Communications, LLC (collectively, "Maxlinear") as additional parties and counterclaim defendants in the claims asserted by Cox in its First Amended Answer and Counterclaims.

Plaintiff's Complaint asserts it acquired the Asserted Patents and repeatedly references, relies upon, and applies those patents against DOCSIS. Plaintiff's own averments, if true, would establish that one or more of the Asserted Patents are essential to compliance with the DOCSIS specifications. Indeed, Plaintiff's averments directly implicate the DOCSIS specifications.

These counterclaims arise out of the fact that the original owners of the asserted patents were involved in the development of DOCSIS. As a result, MaxLinear has executed a DOCSIS License Agreement, under which it is subject to certain obligations. The assignments of the Asserted Patents do not include any provisions assuming the obligations MaxLinear incurred under the DOCSIS License Agreements, including an acknowledgement that ████████████ ████████████████████████████████ Cox's counterclaims explain how MaxLinear's transfer of the patents to Plaintiff and this resulting lawsuit breached these obligations. Moreover, Plaintiff, which was aware of the relevant contractual obligations, tortiously interfered with MaxLinear's contractual obligations to Cox and other MoCA members. Plaintiff and MaxLinear's actions have damaged Cox.

The breach of contract, tortious interference with contractual obligations and unjust enrichment claim are well founded and well-pled. This motion is brought in

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                    1

US2008 22302399 1

good faith, is timely and the new claims would not substantially prejudice Plaintiff. Joining MaxLinear is appropriate, and likely necessary, in view of the substantial overlap of the facts and issues with the claims already in play.  Accordingly, Cox's motion for leave to file a First Amended Answer and Counterclaims and join MaxLinear should be granted.

Pursuant to the Court's Standing Order 11, Cox states that the effect of the proposed amendment is to: (1) add MaxLinear, Inc. as an additional counterclaim defendant to the counterclaims stated in Cox's First Amended Answer and Counterclaims; (2) add MaxLinear Communications, LLC as an additional counterclaim defendant to the counterclaims stated in Cox's First Amended Answer and Counterclaims; and (3) assert counterclaims for breach of contract by MaxLinear, tortious interference of contract against Entropic, and unjust enrichment against MaxLinear.  The aforementioned amendments are on page 21, line 14 through page 33 line 6 of Cox's Amended Answer.

## II.     STATEMENT OF MATERIAL FACTS

### A.     Relevant Procedural History

Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") filed this lawsuit against Cox on February 10, 2023, for infringement of U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, 10,135,682, 11,381,866, and 11,399,206 (collectively, the "Asserted Patents").  Cox filed its Answer to the Complaint on May 8, 2023.

The deadline to amend pleadings as of right per FRCP Rule 15(a)(1)(B) was May 30, 2023.  To date, neither party has amended its pleadings.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 14, 2023.

On August 8, 2023, Cox provided Entropic a draft redline of its Answer reflecting the Amended Answer and Counterclaims it intended to request leave to

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                        2

US2008 22302399 1

file, and requested a date and time to meet and confer regarding Entropic's position as to Cox's request.  On August 14, 2023, both parties participated in the meet and confer.  A follow up conference took place on August 21, 2023, where Entropic stated that it was still evaluating their position.

**B.      The Proposed Amendment to Add MaxLinear and the Counterclaims**

There are three entities involved in Cox's counterclaims.  Plaintiff, Entropic, is the entity that recently acquired the Asserted Patents and brought this litigation. MaxLinear, Inc., is the entity which purchased the original Entropic Communications, Inc. in 2015.  Amended Answer at ¶ 273.  Through a series of mergers or name changes Entropic Communications, Inc. (which the counterclaims call "Entropic Inc.") eventually became MaxLinear Communications LLC.  *Id*. MaxLinear Communications LLC is an affiliate of MaxLinear, Inc.  *Id*. at ¶ 274.

CableLabs develops various new technologies and standards for interoperability, including the Data Over Cable Service Interface Specifications ("DOCSIS").  *Id*. at ¶ 281-82.  Various cable operators and vendors of equipment to the cable industry, including Cox, participate in developing DOCSIS after executing applicable agreements.  *Id*. at ¶ 283.  MaxLinear participated in the development of CableLab's DOCSIS specifications, executing applicable NDAs and a Contribution Agreement as part of that process.  *Id*. at ¶ 284.  As a result, MaxLinear received, among other benefits, the ability to see confidential information concerning the draft specifications, participate in the process of developing draft specifications, learn and understand the direction of technology for the cable industry, position its own products and services to market to the cable industry, and make, market, and sell its DOCSIS compliant products to the cable industry.  *Id*.

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                    3

US2008 22302399 1

**_The DOCSIS License Agreement_**: MaxLinear is one of multiple vendors to have executed a DOCSIS License Agreement, which states that the agreements were made so CableLabs could "██████████████████████████████████████ ██████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████." _Id_. at ¶ 286 & Ex. A.  MaxLinear, in return, desired "████████████████████████████████████ ████████████████████████████████████ ██████████████████████████████████████ _Id_.

Through its DOCSIS License Agreement, MaxLinear ████████████████ ████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████ ███████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ███████████████████████████████████ ████████████████████████.

As a result, ██████████████████████████████ ████████████████████████████████████████ ██████████████████████████. _Id_. at ¶ 290. ████████████████ ██████████████████████████████████ ████████████████████████████████████. _Id_.

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES

4

US2008 22302399 1

***The Breach of the License Agreement:*** As explained above, given the various averments in Plaintiff's Complaint, it is reasonable to conclude that, if Plaintiff's averments were true, one or more of the Asserted Patents contain patent claims essential to compliance with the DOCSIS specifications. *See Id.* at ¶ 299-300.  As a result, no claims of patent infringement should ever have been asserted against Cox, which is an intended beneficiary of the DOCSIS license agreements and should receive the benefit of the applicable perpetual, royalty free and irrevocable licenses granted via the CableLabs patent pool.

Instead, MaxLinear embarked on a course of conduct that resulted in breach of its obligations and damage to Cox.  Rather than ensuring that MaxLinear's ████████████████████████████████████████████████████ ███████████, MaxLinear, of course, accepted an interest in the outcome of this suit, as reflected in Plaintiff's disclosures.  MaxLinear further breached its contractual obligations by failing to ensure the DOCSIS license clauses would be enforced. For example, on March 31, 2021, MaxLinear Communications LLC executed and filed with the U.S. Patent Office a First and Second assignment agreement, which purport to assign the Asserted Patents to Entropic and are the last assignments applicable to the Asserted Patents to have been filed in the U.S. Patent Office before the filing of Plaintiff's Complaint. *Id.* at ¶ 295.[1]  The assignments by which Plaintiff purportedly acquired title to the Asserted Patents violate the DOCSIS License Agreement. *Id.* at ¶ 302-303.  Rather than enforcing MaxLinear's contractual obligation to ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████, the assignments purport to strip all such encumbrances from the patents.  Through this and related conduct, MaxLinear breached its contractual obligations and has damaged Cox. *Id.*

---

[1] The purported First and Second Assignments are Exhibits C and D to the Amended Answer.

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                                   5

US2008 22302399 1

at ¶ 294-303.  Plaintiff was fully aware of the relevant DOCSIS obligations and nonetheless induced MaxLinear's breaches and interfered with the contract.  *Id.* at ¶ 304-310.

***The Breach of Contract and Tortious Interference Claims***: Cox accordingly asserts claims against MaxLinear in Counterclaim Count I, and against Plaintiff in Counterclaim Count II.  Specifically, Count I asserts that MaxLinear has breached its contractual obligations by engaging in at least the following actions: (a) accepting an interest in an outcome of this suit accusing Cox of infringing the Asserted Patents despite knowing of the prior grant of licenses to patents essential or included in DOCSIS; (b) breaching the DOCSIS License Agreements by attempting to assign the Asserted Patents free of any encumbrances; and (c) transferring patents to Entropic without ensuring that Entropic would honor MaxLinear's royalty-free licensing obligations as a purported successor-in-interest, and making such transfers despite knowledge that Entropic aimed to bring suits and/or pursue additional and unlawful payments in violation of MaxLinear's obligations.  *Id.* at ¶ 305-10.  Because of this breach of contract, MaxLinear's purported assignment of the Asserted Patents to Entropic was faulty, and MaxLinear retains an interest in the Asserted Patents.

Count II asserts a tortious interference with contract claim against Entropic, who was aware of this contract and MaxLinear's obligation.  Nevertheless, Entropic induced a breach of MaxLinear's contractual obligations by inducing MaxLinear to attempt to assign various patents for Entropic to enforce and for Entropic to seek damages, despite Entropic's awareness that such patents may reasonably contain essential patent claims.  As a result of Entropic's actions, MaxLinear breached its contractual obligations.

***Alternative Unjust Enrichment Claim:*** Finally, Cox asserts in Count III an alternative claim for unjust enrichment.  By executing the DOCSIS License

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                    6

US2008 22302399 1

Agreements, representing itself as a supplier of DOCSIS equipment and therefore a "licensor" to the DOCSIS License Agreements, and/or by promoting DOCSIS compliance of its equipment, MaxLinear obtained the benefit of joining the DOCSIS patent pool, including the ability to develop, market, and sell products that were compatible with DOCSIS specifications.  *Id*. at ¶ 293.  It would be unjust to allow MaxLinear to retain such benefits, at Cox's expense.  *Id.* at ¶ 316-18.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The United States Supreme Court has repeatedly instructed lower courts that leave to amend should be granted with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178 (1962) (leave to amend should be freely given).

District courts consider four factors, referred to as the *Foman* factors, when evaluating a request for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and futility of the amendment."  *DCD*, 833 F.2d at 186; *see also Foman*, 371 U.S. at 182.  When applying these factors, "determination should be performed with all inferences in favor of granting the motion."  *Esquivel v. Prudential Life Ins. Co.*, No. 217CV8610ODWJCX, 2018 WL 3569350, at *2 (C.D. Cal. July 23, 2018) (*quoting Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).  Generally, prejudice to the opposing party carries the greatest weight out of the *Foman* factors.  *See DCD*, 833 F.2d at 186.  "The party opposing amendment bears the burden of showing prejudice."  *Id.* at 187.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *See Eminence Capital, LLC v. Aspen, Inc.*, 315 F.3d 1048, 1052 (9th Cir. 2003).

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                     7

US2008 22302399 1

## IV.    ARGUMENT

### A.    Cox's Good Faith Amendment Is Timely.

Cox did not file this motion in bad faith.  "In the context of a motion to amend, 'bad faith' means 'acting with intent to deceive, harass, mislead, delay, or disrupt.'"  *Dexcom, Inc. v. AgaMatrix, Inc.*, No. CV 16-5947-SJO (ASX), 2018 WL 10323723, at *2 (C.D. Cal. May 30, 2018) (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015)).  "Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding 'new but baseless legal theories.'"  *Est. of Mann v. Cnty. of Stanislaus*, No. 121CV01098AWISKO, 2022 WL 2533717 at *3 (E.D. Cal. July 7, 2022) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)).

Rather than acting with intent to deceive, harass, mislead, delay, or disrupt, Cox is acting in good faith.  At the time Cox filed its original Answer in this action, it was doing so based on the information presented to it.  It was only after performing a thorough investigation that Cox determined it was necessary to add MaxLinear and certain counterclaims.  As explained below, the legal theories upon which these amendments are based are well founded.

Further, Cox did not act with undue delay.  "In assessing whether there is undue delay, it is not sufficient merely to ask whether the motion to amend complies with the court's scheduling order . . . Rather, in evaluating undue delay, we . . . inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Dexcom, Inc. v. AgaMatrix, Inc*., No. CV1605947SJOASX, 2017 WL 3433543, at *5–6 (C.D. Cal. Feb. 3, 2017) (quotation omitted).  Ninth Circuit law also provides that "'undue delay' may also refer to whether 'permitting an amendment would . . . produce an undue delay in the litigation.'"  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                    8

US2008 22302399 1

These amendments are being presented only shortly after the deadline to amend Cox's Answer by right.  Rather than being part of any dilatory motive, Cox brought this motion immediately after determining these amendments were necessary, preparing same and conferring with Entropic.  Cox's investigation and preparation of the amendment is timely and reflects appropriate diligence, especially considering the fact the large number of patents covered in this litigation.  While there is no delay in presenting this amendment, even if there were delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 500 (E.D. Cal. 2006) ("delay in and of itself is not sufficient reason to deny a motion to supplement").

Finally, permitting this amendment would not produce a delay in the litigation.  This is the first amendment Cox or Entropic have brought in this litigation, a schedule has just been set for this case, and discovery has only just begun.

## B.    Granting Cox's Motion Does not Substantially Prejudice Entropic or MaxLinear

This Court has interpreted "undue prejudice" to mean "substantial prejudice or substantial negative effect." *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV0804545SJOPLAX, 2009 WL 10702551, at *5 (C.D. Cal. Apr. 10, 2009) (quotation omitted).  Among all the factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Jones v. City of Los Angeles*, No. 2:20-CV-11147-SVW-SK, 2021 WL 6809408, at *2 (C.D. Cal. Dec. 16, 2021) (*quoting Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*  Additionally, "[t]he party opposing amendment bears the burden of

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                                     9

US2008 22302399 1

showing prejudice, which is the 'touchstone of the inquiry under [R]ule 15(a).'" *Philips N. Am. LLC v. Garmin Int'l, Inc.*, No. CV 19-06301-AB (KSX), 2020 WL 6064006, at *3 (C.D. Cal. Aug. 26, 2020) (*quoting Eminence Capital*, 316 F.3d at 1052).

Plaintiff identified no potential prejudice during the meet and confer.  That is appropriate as this litigation is still in the early stages, a schedule has just been set and discovery has just begun.  Thus, Cox's proposed amendments would not alter the course of the litigation or require any changes at a late stage of litigation, as this case is not far progressed.  Indeed, Entropic will have ample time to develop their case in response to any of Cox's amendments, because the date for the close of fact discovery is not yet set in this case and any strategic decisions are still in the early stages of development.  No extra discovery or changes to the schedule would be needed, because parties can simply account for Cox's amendments in the discovery that is yet to occur.

Cox's proposed amendments relate to underlying facts and information that already had significant overlap with the existing issues in this litigation.  Cox's counterclaims are all related to the Asserted Patents and their purported transfer.  This means the counterclaims involve facts and issues that would be raised even without Cox's amendments.  For example, Cox's Sixth Defense already addressed potential license and exhaustion defenses and its Eleventh Defense addressed lack of standing, each of which encompasses facts presented via the counterclaims.  Amended Answer, ¶ 256, 261.  But, again, even if extra discovery were needed, such a factor by itself is insufficient because "the need for additional discovery is insufficient . . . to deny a proposed amended pleading.'" *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2022 WL 15524584, at *3 (S.D. Cal. Oct. 27, 2022) (quoting *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997)).

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                      10

US2008 22302399 1

1    As to MaxLinear, it was already implicated in this litigation due to its
2  significant involvement with the Asserted Patents, meaning the need for MaxLinear
3  to be an active party should be no surprise.  Indeed, MaxLinear has a financial
4  interest in this case, and its purported assignments of the Asserted Patents to
5  Entropic took place very recently, on March 31, 2021.  *See* Dkt. No. 63.  The
6  purported assignment agreements both include a clause that states "Assignor will, at
7  the reasonable request of Assignee, do all things necessary, proper, or advisable, . . .
8  to assist Assignee in obtaining, perfecting, sustaining, and/or enforcing the Patent
9  Rights."  Thus, the agreements contemplate that MaxLinear may be involved in
10  attempted enforcement of the Asserted Patents.

11    Due to issues with the attempted transfer of the Asserted Patents, MaxLinear
12  may retain an interest in those Patents to this day.  This interest in the Asserted
13  Patents is yet another reason that MaxLinear would already be involved in this
14  litigation even without being added as a party.  Indeed, both Entropic and Cox have
15  already identified MaxLinear as a material witness to this case in their Initial
16  Disclosures, which indicates MaxLinear would necessarily already be providing
17  discovery.  Given Cox's amendments do not mean any major change to the scope of
18  this litigation or the facts at issue, they should not result in any prejudice to
19  Entropic.

20    Finally, Cox's proposed amendment will not delay the resolution of the
21  dispute or create case management issues, meaning "an overall evaluation of '[t]he
22  rights of the parties, the ends of justice, and judicial economy' supports allowing
23  the amendment."  *Rastgouie v. Michael Kors Stores California, Inc.*, No.
24  LACV1900012JAKJEMX, 2021 WL 4786886, at *4 (C.D. Cal. Mar. 2, 2021)
25  (*quoting United States v. Dang,* 488 F.3d 1135, 1143 (9th Cir. 2007)).

26

27

28
MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                11

US2008 22302399 1

### C.  Cox's Amendment to Add Counterclaims and Add MaxLinear Is Not Futile

An amendment is futile only if it would clearly be subject to dismissal.  *See PureCircle USA Inc. v. SweeGen, Inc.*, No. SACV181679JVSJDEX, 2020 WL 1060364, at *2 (C.D. Cal. Feb. 18, 2020) (quoting *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017)) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."); *Taye, Inc. v. Drum Workshop, Inc.*, No. CV074835PSGVBKX, 2008 WL 11338266, at *2 (C.D. Cal. Sept. 12, 2008) (quoting *DCD Program*, 833 F.2d at 188).  Denial of motions for leave to amend under Rule 15(a) on futility grounds is "rare."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Whether an amendment is 'futile' is measured by the same standards that govern a motion to dismiss."  *Hofstetter v. Chase Home Finance, LLC*, 751 F. Supp. 2d 1116, 1123 (N.D. Cal. 2010).  "A proposed claim is not 'futile' if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'"  *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

Entropic did not identify any issue with futility in the parties' meet and confer.  When taking Cox's well-pleaded allegations from its proposed Counterclaims as true, they are plausible on their face and sufficient to put Entropic on notice of the accused conduct.  Thus, for this reason alone, Cox's proposed amendments are not futile.

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                              12

US2008 22302399 1

### D.  Joinder of MaxLinear Is Appropriate under the Applicable Legal Standards

Joinder of a party to a counterclaim is governed by Rules 19 and 20.  *See* Fed. R. Civ. P. 13; *Christie Digital Sys. USA, Inc. v. U.S. Philips Corp.*, No. CV091097GAFAJWX, 2010 WL 11596653 *4 (C.D. Cal. Feb. 2, 2010) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim").  Joinder is appropriate under either Rule.

***Joinder is Appropriate Under Rule 19***: In the Ninth Circuit[2], analyzing "required joinder" under Rule 19 requires a three-step process.  *See United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).  First, a district court must determine whether the absent party is "necessary," as defined in Fed. R. Civ. P. 19(a).  The Ninth Circuit has found that a party is "necessary" in two circumstances: "(1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *Id.*; *see also Bakia v. Los Angeles Cnty. of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982) ("Rule 19 requires a trial court to engage in a two-step analysis.  This first step involves considering whether nonjoinder would prevent the award of complete relief, or the absentee's interests would otherwise be prejudiced or the persons already parties would be subject to a substantial risk of double or inconsistent obligations.").  If the first requirement is met, the second step of the analysis requires the court to assess whether it is "feasible" to join that party.  *See Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002); Fed. R. Civ. P. 19(b).  Third, if "joinder is not 'feasible,' the court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience,' the action can continue without the party." *LMNO Cable Grp.,*

---

[2] The Federal Circuit has held that, since "joinder is an issue not unique to patent law," regional circuit law applies to issues related to joinder. *Katz v. Lear Siegler, Inc*., 909 F.2d 1459, 1461 (Fed. Cir. 1990).

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                  13

US2008 22302399 1

*Inc. v. Discovery Commc'ns, LLC*, No. LACV1604543JAKSKX, 2017 WL 8943167, at \*2 (C.D. Cal. June 19, 2017) (*quoting Bowen*, 172 F.3d at 688).  Courts have held that joinder is feasible when the joinder would not destroy subject matter jurisdiction.  *See Cat Coven LLC v. Shein Fashion Grp., Inc.*, No. CV197967PSGGJSX, 2020 WL 3840440, at \*6 (C.D. Cal. Mar. 12, 2020).

As to the first prong, if Plaintiff were successful in showing one or more of the Asserted Patents contain a claim essential to compliance with the DOCSIS standards, then under Cox's claims MaxLinear retains an interest in the Asserted Patents due to the faulty assignment in derogation of the DOCSIS License Agreement policy.  *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (It is well established that all entities having substantial rights in the patent must join or be joined in infringement litigation… The purpose of this rule is to prevent the possibility of multiple suits against the same defendant.").  Therefore, MaxLinear must be joined as a party in this case, or else complete relief will not be possible.

As to the second prong, joinder of MaxLinear would not destroy subject matter jurisdiction.  This Court has supplemental jurisdiction over Cox's counterclaims involving MaxLinear pursuant to 28 U.S.C. § 1367 because the claims are related to the claims over which the Court has original jurisdiction, and form part of the same case or controversy under Article III of the United States Constitution.  Joinder of MaxLinear is therefore feasible as required by the analysis of Rule 19.  Moreover, even if joinder was not feasible, MaxLinear is indispensable to this litigation given the rights MaxLinear holds in the Asserted Patents.

***Joinder is Also Appropriate Under Rule 20***: Independently, MaxLinear's joinder is appropriate under Rule 20.  The Ninth Circuit has held that "[p]ermissive joinder" under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                                14

US2008 22302399 1

multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).  Additionally, "a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).  These factors include: (1) the possible prejudice that may result to any of the parties in the litigation; (2) the delay of the moving party in seeking an amendment to his pleadings; (3) the motive that the moving party has in seeking such amendment; (4) the closeness of the relationship between the new and the old parties; (5) the effect of an amendment on the court's jurisdiction; and (6) the new party's notice of the pending action.  *See LMNO Cable Grp., Inc.*, No. LACV1604543JAKSKX, 2017 WL 8943167, at *3 (*quoting Desert Empire*, 623 F.2d at 1375).

Cox has previously addressed factors 1 and 2, above.  As to factor 3, Cox's motive in seeking the amendment is in good faith and not for any improper purpose such as delay.  Instead, Cox aims to present appropriate claims for relief that are inextricably intertwined with the substance of this case, and whose resolution in one action would be most efficient for all parties.  Joinder would ensure that all parties with a potential interest in the Asserted Patents are joined in this action, at a time before the litigation or even discovery are far progressed.  Further, the addition of MaxLinear promotes judicial efficiency and a fair resolution of this litigation because of MaxLinear's substantial involvement with the Asserted Patents.

Factor 4 likewise weighs in favor of joinder.  MaxLinear has a close relationship with Entropic, and per Plaintiff's disclosure to this Court retains a financial stake in this case.  *See* Dkt. No. 63. And, as demonstrated in the assignments MaxLinear executed, it is already contractually obligated to assist Entropic in its enforcement of the patents.  The close relationship is thus apparent.

Under factor 5, the amendment has no impact on this Court's subject matter jurisdiction over this case This Court has supplemental jurisdiction over MaxLinear pursuant to 28 U.S.C. § 1367, because the claims are related to the claims over which the Court has original jurisdiction, and form part of the same case or controversy under Article III of the United States Constitution.

Finally, under factor 6, MaxLinear had sufficient notice of this case.  When MaxLinear attempted the transfer the Asserted Patents to Entropic, MaxLinear knew of its continuing contractual commitments under the DOCSIS License Agreement it signed.  By breaching the requirements of that Agreement Policy, MaxLinear knew or should have known its attempted transfer to Entropic was not valid, and thus opened MaxLinear to being a party to any future attempt to assert those Patents.  Further, the purported assignment agreement gave MaxLinear notice that it may be involved in litigation involving the Asserted Patents, as it includes a clause that states "Assignor will, at the reasonable request of Assignee, do all things necessary, proper, or advisable…, to assist Assignee in obtaining, perfecting, sustaining, and/or enforcing the Patent Rights."  Finally, both parties have identified MaxLinear as a key and material witness to these proceedings

In short, joinder of MaxLinear under either Rule 19 or 20 is appropriate. Cox's proposed amendment should accordingly be allowed.

## V.   CONCLUSION

For the foregoing reasons, the Cox respectfully requests that this Court grant Cox's Motion for Leave to File an Amended Answer and Joinder.

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES                                                    16

US2008 22302399 1

DATED:  August 25, 2023

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Rishi Gupta
rgupta@kilpatricktownsend.com
Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc., CoxCom,*
*LLC, and Cox Communications*
*California, LLC*

MEMORANDUM OF POINTS AND AUTHORITIES FOR COX'S MOTION FOR LEAVE
TO AMEND ANSWER AND RULE 19 JOINDER
CASE NO. 2:23-cv-01049-JWH-KES

17

US2008 22302399 1