UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., COXCOM, LLC, and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | Case No. 2:23-cv-01049-JWH-KES<br><br>**ORDER GRANTING MOTION OF DEFENDANTS COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC FOR LEAVE TO AMEND ANSWER AND JOINDER [ECF NO. 79]** |

Before the Court is the Motion of Defendants Cox Communications, Inc.; CoxCom, LLC; and Cox Communications California, LLC (collectively, "Cox") for Leave to Amend Answer and Joinder.[1]  Specifically, Cox seeks leave to file a First Amended Answer and Counterclaims and to add MaxLinear, Inc. and Max Linear Communications, LLC (together, "MaxLinear") as additional parties and counterclaim defendants in this action.[2]  The counterclaims include breach of contract against MaxLinear, tortious interference with contract against Entropic, and unjust enrichment against MaxLinear.[3]  Cox argues that its amendment request is timely and made in good faith because Cox was only recently able to complete the investigation needed to support these allegations.[4]  Cox also points out that it makes this request only shortly after the deadline to amend as of right.[5]  Cox asserts that joinder of MaxLinear is appropriate both under Rules 19 and 20 of the Federal Rules of Civil Procedure.[6]

Plaintiff Entropic Communications, LLC, acknowledging the liberal standard for granting leave to amend, indicates that it does oppose Cox's Motion.[7]  Entropic states that it plans to challenge Cox's anticipated amended pleading with a motion to dismiss.[8]  Entropic did not comment on the joinder request.

The Court **GRANTS** Cox's Motion for Leave to Amend.  The Court need not decide whether Rule 15 or Rule 16 applies because Cox has met both

---

[1] Defs.' Motion for Leave to Amend Answer and Joinder (the "Motion") [ECF Nos. 79 & 82 (sealed)].
[2] *Id.* at 1:3-8.
[3] *Id.* at 2:6-14.
[4] *Id.* at 9:1-6.
[5] *Id.*
[6] *Id.* at 13:3-7.
[7] Entropic's Non-Opposition to the Motion [ECF No. 83] 2:1-12.
[8] *Id.*

standards. Under Rule 16, Cox has shown good cause by acting with diligence and filing this motion based on information obtained somewhat recently during discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that the "good cause" standard under Rule 16 "primarily considers the diligence of the party seeking the amendment")  Under Rule 15, Cox has made a sufficient showing that justice so requires that the Court grant leave to amend. Fed. R. Civ. P. 15(a) (A district court "should freely give leave when justice so requires."). Entropic presents no argument or evidence suggesting either that Cox was not diligent or that amendment would be futile.

The Court also **GRANTS** Cox's Motion for Joinder. Cox has at least met the permissive Rule 20 standard. MaxLinear may be joined at least because Cox asserts breach of contract and unjust enrichment claims against MaxLinear and because there are common question of fact surrounding the DOCSIS License Agreement, which potentially affects Entropic's allegations of patent infringement. Entropic presents no evidence or argument countering Cox's joinder request.

For the foregoing reasons, the Court **GRANTS** Cox's Motion. Cox is **DIRECTED** to file its amended answer and counterclaims no later than October 20, 2023.

**IT IS SO ORDERED.**

Dated: October 5, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE