Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic
Communications, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No.: 2:23-cv-01049-JWH-KES (Lead Case)<br><br>Case No.: 2:23-cv-01050-JWH-KES (Related Case)<br><br>[Assigned to the Honorable John W. Holcomb] |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>Defendants. | **PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT, AND AMEND INFRINGEMENT CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF SAMUEL P. RICHEY IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Hearing Date:   December 15, 2023<br>Hearing Time:   9:00 a.m.<br>Courtroom:      9D |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 15, 2023, or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, Plaintiff Entropic Communications, LLC ("Entropic") will, and hereby does, move the Court for leave to amend and supplement its complaint and amend its infringement contentions to assert infringement of U.S. Patent No. 9,866,438 (the "'438 Patent") and U.S. Patent No. 11,785,275 (the "'275 Patent") against Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LCC (collectively, "Cox"). This Motion is made pursuant to Rule 15 of the Federal Rules of Civil Procedure, on the grounds that good cause exists to grant Entropic leave to amend and supplement its complaint, and to amend its infringement contentions. Specifically, Entropic discovered facts establishing a good-faith basis to assert the '438 Patent only recently. In addition, the '275 Patent was recently issued on October 10, 2023.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on November 1, 2023. The Parties thoroughly discussed the substance and potential resolution of the filed Motion via telephone.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Samuel P. Richey, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: November 10, 2023

**K&L GATES LLP**

By: */s/ Christina N. Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
George C. Summerfield (*pro hac vice*)
Jason A. Engel (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
jason.engel@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi (*pro hac vice*)
2801 Via Fortuna, Ste 650
Austin, Texas 78746
Telephone: (512) 482-6859
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic
Communications, LLC***

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 2

III. LEGAL STANDARD ............................................................................... 5

    A.   Leave to Amend Complaint ........................................................... 5

    B.   Leave to Amend Infringement Contentions ................................. 6

IV.  ARGUMENT ............................................................................................ 7

    A.   Good cause exists to allow Entropic to file an amended complaint. 7

        1.   There has been no undue delay or bad faith on the part of Entropic. ............................................................................... 7

        2.   Entropic has not failed to cure deficiencies by previously allowed amendments. ..................................................... 8

        3.   Cox would not be unduly prejudiced by allowing amendment. ....................................................................... 8

        4.   Amendment would not be futile. .......................................... 10

    B.   Good cause exists to allow Entropic to amend its infringement contentions. ................................................................................. 10

V.   CONCLUSION ...................................................................................... 12

NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
No. 12-cv-00630-LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ............................................................................................ 6, 11

*Aten Int'l Co., Ltd v. Emine Tech. Co.*,
2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ................................... 9

*Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*,
2019 WL 4565170 (C.D. Cal. Aug. 9, 2019) .................................... 6

*Blue Calypso, Inc. v. Groupon, Inc.*,
2013 WL 12141428 (E.D. Tex. July 19, 2013) ............................... 12

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ........................................................... 8

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ....................................................... 5, 8

*Dobeck v. Cobra Eng'g, Inc.*,
2017 WL 8186769 (C.D. Cal. Apr. 12, 2017) ............................... 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ......................................................... 5

*Foman v. Davis*,
371 U.S. 178 (1962) ......................................................................... 6

*Glaukos Corp. v. Ivantis, Inc.*,
2019 WL 8348322 (C.D. Cal. May 20, 2019) .................................. 9

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) ........................................................... 5

*Howey v. Radio Corp. of Am.*,
481 F.2d 1187 (9th Cir. 1973) ......................................................... 5

*Keith v. Volpe*,
858 F.2d 467 (9th Cir. 1988) ........................................................ 5, 6

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ................................................... 11

*MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*,
   2014 WL 5810363 (C.D. Cal. Nov. 6, 2014) ................................................... 11

*Netlist, Inc. v. Samsung Elecs. Co., LTD.*,
   2023 WL 5532133 (E.D. Tex. Aug. 28, 2023) ................................................. 12

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ......................................................................... 6

*Radware, Ltd. v. AJO Networks, Inc.*,
   2014 WL 3725255 (N.D. Cal. Jul. 28, 2014) .................................................... 6

*Sage Electrochromics, Inc. v. View, Inc.*,
   2014 WL 1379282 (N.D. Cal. Apr. 8, 2014) ..................................................... 8

*SanDisk Corp. v. STMicroelectronics Inc.*,
   2009 WL 1404689 (N.D. Cal. May 19, 2009) ................................................... 9

*Tas Energy, Inc. v. San Diego Gas & Elec. Co.*,
   2013 WL 4500880 (S.D. Cal. Aug. 21, 2013) ................................................. 10

*Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*,
   No. 13-cv-05184-SBA, 2014 WL 5499511 (N.D. Cal. Oct. 30,
   2014) ............................................................................................................. 6, 11

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
   2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) .................................................... 7

**Other Authorities**

Fed. R. Civ. P. 15(a) .............................................................................................. 5

Fed. R. Civ. P. 15(a) and 15(d) ............................................................................. 6

Fed. R. Civ. P. 15(d) .............................................................................................. 5

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") seeks leave to amend and supplement its complaint, as well as to amend its infringement contentions, to assert infringement of U.S. Patent No. 9,866,438 (the "'438 Patent") and U.S. Patent No. 11,785,275 (the "'275 Patent") against Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox"). Entropic learned only recently through its investigation in this case that it had a basis to assert to the '438 Patent. The '275 Patent only recently issued on October 10, 2023. These patents are in the same family of patents as those currently asserted in Entropic's Complaint. *See* DE 1.

Good cause exists to grant Entropic leave to amend to assert the '438 Patent because (1) Entropic learned only recently that it had a good faith basis to assert this patent against Cox and did not unreasonably delay in seeking to amend; (2) there is no evidence of bad faith or dilatory motive on the part of Entropic; (3) there have not been any prior amendments to the complaint; (4) Cox will not be unduly prejudiced by allowing the amendment since there is room in the schedule for contentions to be exchanged prior to the start of the claim construction process (and, in fact, Entropic has already served its infringement contentions as to this patent on Cox so as to give it ample time to respond); and (5) amendment would not be futile since the claims in these patents are meritorious.

Good cause exists to grant Entropic leave to amend the '275 Patent because (1) the '275 Patent could not have been included in Entropic's original complaint since it only just issued on October 10, 2023; (2) there is no evidence of bad faith or dilatory motive on the part of Entropic; (3) there have not been any prior amendments to the complaint; (4) Cox will not be unduly prejudiced by allowing the amendment since there is room in the schedule for contentions to be exchanged prior to the start of the claim construction process and the '275 Patent has similar functionality to the

**MEMORANDUM OF POINTS AND AUTHORITIES**

patents already asserted in this action and will therefore raise the same issues (and, in fact, Entropic has already served its infringement contentions as to this patent on Cox so as to give it ample time to respond); and (5) amendment would not be futile since the claims in these patents are meritorious.

Entropic seeks to preserve both the Court's and the parties' time and resources by briefing Entropic's request to add these patents together.

## II.   **FACTUAL BACKGROUND**

Entropic filed this case on February 10, 2023 asserting infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, the "Patents-in-Suit") against Cox. DE 1. Entropic has not amended its complaint since its initial filing.

Cox answered Entropic's complaint on May 8, 2023. DE 49. On August 25, 2023, Cox sought leave to amend its answer to assert counterclaims against Entropic and in an effort to introduce a third party, MaxLinear, Inc., into this action. DE 79. In light of the liberal standards for amendment and in an effort to preserve the time and resources of the parties and the Court, Entropic did not oppose Cox's request for leave to amend. DE 83.

The '775 Patent generally describes a partitioned cable modem that performs cable modem functions and data and home networking functions. *See* Compl. ¶ 64. The '690 Patent generally describes the process of generating probe transmissions in response to a request from a receiving node of a network, wherein the probe request specifies a plurality of parameters that specify content payload of the probe transmission, and a second node to receive the probe transmission, which enhances flexibility and therefore, improves the receiving node's ability to efficiently recognize the precise form of the transmitted probe. *Id.* at ¶ 90. The '008 Patent generally describes a system that receives a signal having a plurality of channels,

**MEMORANDUM OF POINTS AND AUTHORITIES**

digitizes the received signal, and reports certain signal characteristics to the source of the received signal. *Id.* at ¶ 116. The '826 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. *Id.* at ¶ 160.

The '682 Patent generally describes determining a corresponding signal-to-noise-ratio ("SNR") related metric, assigning cable modems to service groups based on a respective corresponding SNR-related metric, generating a composite SNR-related metric based on a worst-case SNR profile, selecting a physical layer communication parameter to be used for communicating with a service group based on a composite SNR-related metric, and communicating with cable modems in the service group using the selected physical layer communication parameter. *Id.* at ¶ 194.

Similarly, the '438 Patent generally describes a mechanism for determining communication parameters for communications between a cable modem termination system and cable modems. *See* Richey Decl. ¶ 2, Ex. A. The '438 Patent is in the same patent family as the '682 Patent. *Id.* at ¶ 2.

As Entropic began investigating Cox's infringement of the Patents-in-Suit, Entropic discovered that Cox was also infringing the '438 Patent. *Id.* at ¶ 4. Specifically, Entropic first learned that it had a basis to assert the '438 Patent on September 11, 2023, when it discovered that public documents believed to describe the operation of Cox's cable modem termination system specifically described how Cox's cable modem termination system determines a plurality of SNR-related metrics for each of its cable modems. *Id.*

The '362 Patent generally describes a wideband receiver system that down converts a plurality of frequencies including desired television channels and undesired television channels, digitizes frequencies, selects desired television channels from the frequencies, and outputs the selected television channels to a demodulator as a digital data stream. *See* Compl. ¶ 168. The '866 Patent generally

**MEMORANDUM OF POINTS AND AUTHORITIES**

describes a cable television device that digitizes an entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. *Id*. at ¶ 215. The '206 Patent generally describes a receiver system that receives an input signal from a cable network, digitizes the entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. *Id.* at ¶ 206.

Similar to the '362, '866, and '206 Patents, the '275 Patent generally describes systems and methods that digitize and select a plurality of desired channels located in non-contiguous portions of an input signal and provide the desired channels for processing. Richey Decl. ¶ 5, Ex. B. The '275 Patent is a family member of the '362, '866, and '206 Patents. *Id.* at ¶ 5.

The application for the '275 Patent was filed on September 30, 2022. A Notice of Allowance was issued for the '275 Patent on August 28, 2023 and the issue fee payment was made on September 5, 2023. The '275 Patent issued on October 10, 2023. *Id*. at ¶¶ 6, 9. Once Entropic discovered a basis for asserting the '438 Patent against Cox, it decided to wait until the '275 Patent issued so that it could request leave to assert both patents in a single motion. *Id.* at ¶ 7. Entropic knew that the '275 Patent would issue shortly, and it did not want to cause the parties to have to submit two sets of briefing that the court would then have to review on nearly identical issues. *Id.* at ¶ 8. Given the early stage of the case, Entropic concluded that no parties would be prejudiced—and would indeed benefit—from this approach. *Id.*

Following the issuance of the '275 Patent, Entropic promptly investigated Cox's infringement and notified Cox that it would seek leave to assert the '275 Patent on October 29, 2023. *Id.* at ¶ 10, Ex. C. The parties met and conferred on November 1, 2023. *Id.* Cox stated that it would oppose Entropic's request for leave because Entropic had not "shown good grounds for amending or diligence" in seeking to add these patents. *Id.* at ¶ 10.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Entropic served infringement contention claim charts for the '438 Patent and the '275 Patent on November 3, 2023. *Id.* at ¶ 11. The Scheduling Order in this action does not set a deadline to amend pleadings. *See generally* DE 117. Because this case is still in its early stages with the parties just now beginning to exchange discovery, and because the '438 Patent and the '275 Patent are intimately related to and are family members of other Patents-in-Suit, Entropic's new infringement claims can readily be addressed pursuant to the current case schedule. *Id.*

## III.   LEGAL STANDARD

### A.   Leave to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave shall be freely granted when justice so requires." In determining whether to grant leave to amend, a court considers the following factors: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

While a court should consider each of the five factors when conducting its analysis, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

Rule 15(d) also allows courts to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Rule 15(d) is intended to give district courts

broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Id.* "The clear weight of authority . . . permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Id.* The same principles in 15(a) apply to 15(d), in that leave should be "freely given" in the absence of an apparent reason to preclude a party from supplementing its pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## B.    Leave to Amend Infringement Contentions

The Northern District of California patent rules do not apply here with respect to the good cause standard for leave to amend infringement contentions. Nonetheless, good cause exists to allow Entropic to amend. *See Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, 2019 WL 4565170, at *1 (C.D. Cal. Aug. 9, 2019). The determination of good cause begins with "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). If the court finds that the moving party acted diligently, "[t]he court then considers whether there would be undue prejudice to the non-moving party." *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012); *see also id.* at *2, 4 (allowing a limited addition to infringement contentions where plaintiff failed to demonstrate diligence, but where there would be no prejudice to defendant); *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-cv-05184-SBA, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) (explaining that "even if the movant was arguably not diligent, the court retains discretion to grant leave to amend.") (quoting *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013)); *Radware, Ltd. v. AJO Networks, Inc.*, 2014 WL 3725255, at *1 (N.D. Cal. Jul. 28, 2014) (same).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## IV.  __ARGUMENT__

All of the factors under the liberal standard for amending and supplementing pleadings under Rules 15(a) and 15(d) favor amendment here. Entropic has good cause to assert its newly discovered claim related to the '438 Patent and its claim related to the newly issued '275 Patent. Cox will not be prejudiced at this early stage by the addition of these claims, which are closely related to the Patents-in-Suit. Accordingly, this Court should grant Entropic leave to amend its Complaint and its infringement contentions to assert claims related to the '438 Patent and the '275 Patent.

**A.    Good cause exists to allow Entropic to file an amended complaint.**

**1.    There has been no undue delay or bad faith on the part of Entropic.**

Entropic did not delay in seeking leave to amend its complaint. To the contrary, Entropic acted promptly by seeking a meet and confer with Cox regarding Entropic's intent to amend its complaint less than three weeks after the '275 Patent issued. During that time, Entropic was diligently investigating Cox's infringement of the newly issued '275 Patent. Entropic contacted counsel for Cox as soon as it had confirmed that it had a good-faith basis to assert an infringement claim against Cox regarding the '275 Patent.

While Entropic learned it has a good-faith basis to assert the '438 Patent on September 11, 2023, at that time, it was clear that the '275 Patent would soon issue and Entropic would seek leave to amend to assert that patent as well. *See* Richey Decl. ¶¶ 3–4, 8. Entropic determined that the most convenient option for the parties and the Court was to wait until the '275 Patent issued so that the amendment requests could be addressed in a single motion. Entropic's assessment turned out to be correct—the '275 Patent issued approximately four weeks later, and Entropic now seeks leave to assert both patents less than two months after Entropic served its initial infringement contentions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

There has been no undue delay, as Entropic simply could not have sought amendment to add the '275 Patent any sooner than it has. *Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012) (concluding no undue delay where plaintiff sought leave to add new patents two weeks after last of three patents issued and less than three months after initial case management conference); *Sage Electrochromics, Inc. v. View, Inc.*, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (recognizing that waiting until plaintiff has all information necessary to assert infringement of all new patents is ordinarily "the most efficient [decision] and would not have prejudiced any party or the Court," and granting leave to amend even though plaintiff waited until after claim construction to introduce new patents).

Even if Entropic has unduly delayed (which it has not), undue delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Entropic similarly has not engaged in bad faith, as it has sought amendment promptly after confirming that it has meritorious claims to assert against Cox relating to these additional patents. Given Entropic's diligence in seeking a streamlined and prompt amendment of its complaint, this factor weighs in favor of granting leave to amend.

### 2. Entropic has not failed to cure deficiencies by previously allowed amendments.

Entropic has not repeatedly failed to cure any deficiencies with its complaint. Indeed, Entropic has not previously amended nor sought amendment of its complaint in this case, nor has the Court ruled that any deficiencies exist in Entropic's complaint to date. Thus, this factor weighs in favor of granting amendment.

### 3. Cox would not be unduly prejudiced by allowing amendment.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Cox cannot meet that burden here.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Granting leave to amend would not unduly prejudice Cox. First, both the '438 Patent and the '275 Patent are similar to other patents already asserted in this action. The '438 Patent is in the same family as the '682 Patent and has similar functionality to that patent. The '275 Patent is in the same family as the currently-asserted '362, '206, and '866 Patents and has similar functionality to those patents. Both the '438 Patent and the '275 Patent will be asserted against the same accused products as those already at issue in the case, and for that reason, will raise the same legal and factual questions as those already present here.

Thus, amendment will not prejudice Cox. *See SanDisk Corp. v. STMicroelectronics Inc.*, 2009 WL 1404689, at *3 (N.D. Cal. May 19, 2009) (finding a lack of prejudice from addition of new patents where trial date had not been set and new patents were "very similar to the two patents-in-suit and that the amended complaint would assert all four patents against essentially the same ST products").

Even if assertion of the '438 Patent and the '275 Patent raised new issues, plenty of time remains to investigate those issues given that the case is in its early stages. Indeed, the deadline to complete claim discovery in this case is not until May 3, 2024, which is nearly six months away. Thus, Cox will face little to no prejudice if amendment were allowed. *See Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 8348322, at *5 (C.D. Cal. May 20, 2019) (holding lack of prejudice where defendant received proposed amended contentions 75 days before the deadline for the joint claim construction chart and more than six months prior to fact discovery cutoff, and collecting cases where amendment was permitted much later); *Aten Int'l Co., Ltd v. Emine Tech. Co.*, 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010) (holding lack of prejudice where seven months remained until the discovery cut-off).

Moreover, on November 3, 2023, Entropic served infringement contention claim charts for these patents on Cox. *See* Richey Decl. ¶ 11. Entropic believes that Cox should be able to provide invalidity contentions for these patents within 60 days, but is amenable to additional time to accommodate the holidays. While the parties

9

**MEMORANDUM OF POINTS AND AUTHORITIES**

are set to exchange claim terms for construction on February 16, 2024, Entropic believes receiving the invalidity contentions for these two patents by January 16, 2024, would give sufficient time to prepare for that exchange.

In sum, the similarity between the new patents and those patent already at issue in this case, as well as the early stage of this litigation, tip this factor far in favor of permitting amendment.

### 4.     Amendment would not be futile.

Finally, granting Entropic amendment to assert infringement of the '438 Patent and the '275 Patent would not be futile. "Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed." *Tas Energy, Inc. v. San Diego Gas & Elec. Co.*, 2013 WL 4500880, at *2 (S.D. Cal. Aug. 21, 2013) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

The infringement allegations of the '438 Patent are somewhat similar to those of the '682 Patent and properly state a claim for patent infringement. The '275 Patent are substantially similar to those of the '362, '866, and '206 Patents and properly state a claim for patent infringement. Because these claims are meritorious, amendment would not be futile.

In sum, the above factors weigh in favor of granting Entropic leave to amend its complaint to assert infringement of the '438 Patent and the '275 Patent.

### B.     Good cause exists to allow Entropic to amend its infringement contentions.

Although not required, Entropic has established good cause to amend its infringement contentions to assert the '438 Patent and the '275 Patent for the reasons stated above. Entropic learned only recently that it had a good-faith basis to assert the '438 Patent against Cox. The '275 Patent was issued even more recently—indeed, less than a month ago. As soon as Entropic had sufficiently investigated Cox's

**MEMORANDUM OF POINTS AND AUTHORITIES**

infringement of the newly issued '275 Patent, it promptly informed Cox of its intent to amend its complaint. Courts have found permitted amendment of infringement contentions where there had been significantly longer periods between the plaintiff's notice of infringement and the request for amendment. *See, e.g.*, *MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014) (finding that "a three-month delay in moving for leave to amend [did] not undermine [plaintiff's] diligence" and collecting cases with similar holdings). Entropic also acted promptly by serving infringement contention claim charts for these two patents on Cox on November 3, 2023. *See* Richey Decl. ¶ 11.

Even if Entropic had not been diligent in seeking leave to amend its contentions (which it has), lack of diligence is not dispositive. Indeed, many district courts have held that failure to add certain patents to infringement contentions—even where the plaintiff had knowledge of the claims prior to service of the contentions—is not dispositive, particularly where the movant brings the motion "early in litigation before any substantial discovery commenced." *Dobeck v. Cobra Eng'g, Inc.*, 2017 WL 8186769, at *2 (C.D. Cal. Apr. 12, 2017) (granting leave to amend even though the movant failed to address diligence because motion was brought early in litigation); *see also Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511, at *2 (N.D. Cal. Oct. 30, 2014) (same); *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013) (same); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012) (granting leave to amend infringement contentions even though court found movant failed to establish diligence because of lack of prejudice to defendant).

Such is the case here. This case is in its early stages, and Cox still has plenty of time to investigate these new claims. Further, substantial discovery has not occurred in this case—Cox has not produced any documents in this case to date. Moreover, because the '438 Patent and the '275 Patent involve much of the same technology and products that are already at issue in this case, the fairest and most

11

**MEMORANDUM OF POINTS AND AUTHORITIES**

efficient path forward is to have all of these claims heard in a single action. Thus, any prejudice to Cox is far outweighed by the considerations in favor of permitting amendment to allow Entropic to vindicate all of its patent rights in a single action. *Netlist, Inc. v. Samsung Elecs. Co., LTD.*, 2023 WL 5532133, at \*3 (E.D. Tex. Aug. 28, 2023) (concluding amendment for this purpose to weigh in favor of allowing amendment); *Blue Calypso, Inc. v. Groupon, Inc.*, 2013 WL 12141428, at \*1 (E.D. Tex. July 19, 2013) (concluding the addition of new patents that cover the same technology as the already asserted patents was "important and necessary for proper resolution of this case").

For these reasons, good cause exists for Entropic to amend its infringement contentions.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Entropic leave to amend its Complaint to assert the '438 Patent and the '275 Patent.


Dated: November 13, 2023                **K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
George C. Summerfield (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300

**MEMORANDUM OF POINTS AND AUTHORITIES**

Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi (*pro hac vice*)
2801 Via Fortuna, Ste 650
Austin, Texas 78746
Telephone: (512) 482-6859
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**MEMORANDUM OF POINTS AND AUTHORITIES**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 3,956 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 13, 2023

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
George C. Summerfield (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi (*pro hac vice*)
2801 Via Fortuna, Ste 650
Austin, Texas 78746
Telephone: (512) 482-6859
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

14

CERTIFICATE OF COMPLIANCE

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic
Communications, LLC***

15

**CERTIFICATE OF COMPLIANCE**