# EXHIBIT D

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*[Additional counsel on signature page]*

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>COX COMMUNICATIONS, INC.;<br>COXCOM, LLC; AND COX<br>COMMUNICATIONS CALIFORNIA,<br>LLC,<br><br>        Defendants. | Case No.: 2:23-cv-1049-JWH-KES<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff, Entropic Communications, LLC ("Entropic"), files this complaint for patent infringement against Cox Communications, Inc. ("Cox Communications"), CoxCom LLC ("CoxCom"), and Cox Communications California, LLC ("Cox California"), (collectively "Cox") and in support thereof alleges as follows:

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on Cox's infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), 11,399,206 (the "'206 Patent"), 11,785,275 (the "'275 Patent"), and 9,866,438 (the "'438 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2.      Entropic is a Delaware limited liability company with an office at 7150 Preston Road, Suite 300, Plano, Texas 75024.

3.      Entropic is the owner by assignment to all right, title, and interest to the Patents-in-Suit. Entropic is the successor-in-interest for the Patents-in-Suit.

4.      Upon information and belief, Cox Communications is a privately-owned subsidiary of Cox Enterprises Inc. and is a Delaware Corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

5.      Cox Communications has, as its registered agent in Delaware, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

6.      Upon information and belief, CoxCom is a subsidiary of Cox Communications, and incorporated in Delaware, with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

7.      CoxCom has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

8.      Upon information and belief, Cox California is a Delaware limited liability company, with a regular and established place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

9.      Cox California has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

10.     Cox Communications holds itself out as "the largest private telecom company in America, serving six million homes and business."[1]

11.     Upon information and belief, CoxCom and Cox California are agents of Cox Communications.

12.     The website of Cox Communications' parent company, Cox Enterprises, Inc., identifies Cox Communications as a "division" of Cox Communications, and upon information and belief, includes job listings for employment with all Cox entities, including Cox Communications, CoxCom and Cox California.

13.     Upon information and belief, employees of Cox employees, regardless of the Cox entity for which they work, have email addresses with the @cox.com domain.

14.     Cox Communications is a manager/member of CoxCom.

15.     Cox Communications has complete control over CoxCom.[2]

16.     CoxCom is a manager/member of Cox California.

17.     Cox Communications provides cable services in at least California through its agent Cox California.[3]

---

[1]      https://jobs.coxenterprises.com/en/jobs/job/r202314876-manager-marketing-analytics-b2b/

[2]      https://fcc.report/IBFS/ITC-T-C-20210517-00085/7754627.pdf

[3]      https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/news-and-outreach/documents/bco/go-156-procurement-plans/2020/cox-communications.pdf?sc_lang=en&hash=CC575B1DDB9F6FBB153692B6B610ED67 (Accessed October 13, 2022).

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

18.    Cox Communications provides its customers with a "Residential Customer Service Agreement" in which it "sets for the terms and conditions under which CoxCom, LLC or one or more of its subsidiaries or affiliates authorized by applicable regulatory, franchise or license authority. . . agrees to provide services."[4] Upon information and belief, the entity that provides the services to Cox's customers and subscribers is Cox California.

19.    Upon information and belief, Cox Communications shares management, common ownership, advertising platforms, facilities, distribution chains and platforms, stores, and accused product lines and products involving related technologies with its agents, including at least CoxCom and Cox California. For example, Cox Communications, CoxCom and Cox California, share a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

20.    Upon information and belief, Cox Communications is the corporate manager of its subsidiary LLCs that own or lease property in this district, that employ employees in this district, and that own, store, sell, demonstrate, and lease equipment in this district. Cox has the right to exercise near total control of each entity's operations through its LLC agreements with each entity.

## PRESUIT DISCUSSIONS

21.    Prior to filing this Complaint, Entropic sent a communication by physical means to Cox on August 9, 2022, in an attempt to engage Cox and/or its agents in good faith licensing discussions regarding Entropic's patent portfolio, including the Patents-in-Suit[5]. On December 23, 2022, Entropic sent Cox another communication by both physical and electronic means regarding a separate license to Entropic's patents for the

---

[4]    https://www.cox.com/aboutus/policies/customer-service-agreement.html (accessed October 12, 2022).

[5]    The '206 Patent was not included in the list of issued Entropic patents sent on August 9, 2022.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

field of the standardized networking technology commonly called MoCA, and also seeking to discuss with Cox a typical non-disclosure agreement. Cox has failed to respond to either communication.

## ENTROPIC'S LEGACY AS A CABLE INNOVATOR

22. Entropic Communications Inc. ("Entropic Inc."), the predecessor-in-interest to Entropic as to the Patents-in-Suit, was founded in San Diego, California in 2001 by Dr. Anton Monk, Itzhak Gurantz, Ladd El Wardani, and others. Entropic Inc. was exclusively responsible for the development of the initial versions of the Multimedia over Coax Alliance ("MoCA") standards, including MoCA 1.0, ratified in 2006, MoCA 1.1, ratified in 2007, and was instrumental in the development of MoCA 2.0, ratified in 2010. It also developed Direct Broadcast Satellite ("DBS") Outdoor Unit ("ODU") single wire technology, and System-on-Chip ("SoC") solutions for set-top boxes (STBs) in the home television and home video markets.

23. Under the technical guidance of Dr. Monk, Entropic Inc. grew to be publicly listed on the NASDAQ in 2007. After the public listing, the company acquired RF Magic, Inc. in 2007, a company specializing in DBS ODU technology and related hardware.

24. Additional growth between 2007 and 2015 bolstered the technical expertise of Entropic Inc. with respect to signal acquisition, stacking, filtering, processing, and distribution for STBs and cable modems.

25. For years, Entropic Inc. pioneered innovative networking technologies, as well as television and internet related technologies. These technologies simplified the installation required to support wideband reception of multiple channels for demodulation, improved home internet performance, and enabled more efficient and responsive troubleshooting and upstream signal management for cable providers. These innovations represented significant advances in the field, simplified the implementation of those advances, and reduced expenses for providers and customers alike.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

26.     In 2015, MaxLinear, Inc. ("MaxLinear")—a leading provider of radio-frequency, analog, digital, and mixed-signal semiconductor solutions—acquired Entropic Inc., and the pioneering intellectual property developed by Dr. Monk and his team.

27.     In 2021, Plaintiff Entropic was established and MaxLinear transferred to Entropic a portfolio of intellectual property representing the Entropic and MaxLinear innovation in the cable and satellite services markets.

28.     The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations are utilized by Cox to provide enhanced and expanded services to customers, which in turn has increased revenues for Cox while at the same time reducing costs.

29.     Entropic filed a patent infringement suit against Charter Communications, Inc. ("Charter") in the Eastern District of Texas, Case No. 2:22-CV-00125-JRG, on April 27, 2022, asserting the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent against Charter's provision of cable television and internet services, cable modem products and STBs.  Upon information and belief, Cox analyzed the causes of action, the asserted patents, and its own products' functionality in light of those patents.

30.     Upon information and belief, Cox analyzed the causes of action in the Charter Suit and the asserted patents.

31.     Upon information and belief, Cox analyzed its products' functionality in light of the patents asserted in the Charter Suit.

32.     Upon information and belief, Cox monitored the ongoing prosecution of the '362 Patent family, and therefore was aware the '866 Patent issued on July 5, 2022, and the '206 Patent issued on July 26, 2022.

33.     Upon information and belief, Cox analyzed its products' functionality in light of the '866 Patent.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

34.     Upon information and belief, Cox analyzed its products' functionality in light of the '206 Patent.

**JURISDICTION AND VENUE**

35.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

36.     Venue in this Judicial District of Central California ("District") is proper pursuant to 28 U.S.C. § 1400(b), because Cox has regular and established places of business in this District. The defendants, by themselves and/or through their agents, have committed acts of patent infringement within the State of California and within this District by using, selling, offering for sale, and/or leasing various telecommunication services products and services.

37.     This Court has general personal jurisdiction over Cox because Cox conducts systematic and regular business within the State of California by, *inter alia* providing cable television, internet, and phone services to businesses and residents throughout the state.

38.     Upon information and belief, Cox Communications has a regular and established place of business within this District including at least at 27121 Towne Centre Drive, Foothill Ranch, California, 92610.

39.     The Court has personal jurisdiction over Cox Communications, CoxCom and Cox California, because they have committed acts of infringement within the State of California and within this District through, for example, providing through their wholly owned subsidiaries, Cox branded products and services, including, Cox Contour set top boxes and Cox digital video, audio, and other content services to customers. Cox provides cable television and internet services ("Accused Services") via the lease, sale, and/or distribution of cable modems and set top boxes both online and from Cox stores in this District. For example, Cox has and continues to sell, lease, and/or distribute the Technicolor CGM4981, Technicolor CGM4331, Technicolor CGM4141, Technicolor

CVA4004, ARRIS / Surfboard TM3402, ARRIS / Surfboard G36, ARRIS / Surfboard G54, ARRIS / Surfboard S33, ARRIS / Surfboard CM8200, ARRIS / Surfboard G34, ARRIS / Surfboard SB8200, ARRIS / Surfboard DG2460, ARRIS TM9202, Hitron CODA56, Hitron CODA, Humax HGD310, Motorola B12, Motorola MB8611, Motorola MG8725, Motorola MB8600, Motorola MG8702, Netgear CM2000, Netgear C7800, Netgear CAX30, Netgear CAX80, Netgear CBR750, Netgear CM1000, Netgear CM1000v2, Netgear CM1100, Netgear CM1200, Netgear CM2500, Netgear CM3000, Ubiquiti UCI, ARRIS / Surfboard TG2472, ARRIS / Surfboard SBG7400AC2, ARRIS / Surfboard SBG7600AC2, Motorola MB7621, Motorola MG7700, Netgear C6900, Netgear C7000v2, Netgear C7500, Netgear CBR40, Netgear CM600, Netgear CM700, TP-LINK TC-7650, ARRIS / Surfboard SB6183, ARRIS / Surfboard SBG6900, Asus CM16, Motorola MB7420, Motorola MG7540, Motorola MG7550, Netgear C6230, Netgear C6250, Netgear C6300, Netgear C6300v2, Netgear CM500, TP-LINK TC-7620, TP-LINK CR500, TP-LINK CR700, TP-LINK CR1900, SMC D3CM1604, Zoom 5370, and products that operate in a similar manner ("Accused Cable Modem Products"), as well as the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner ("Accused Set Top Products")[6].

40.    Upon information and belief, Cox Communications, CoxCom and Cox California, by themselves and/or through their agents, offer various telecommunication services throughout the United States. Cox operates and maintains a nationwide

---

[6] Entropic provided its initial infringement contentions for the '775, '690, '008, '362, '826, '682, '866, and '206 Patents on September 15, 2023. Entropic provided its initial infringement contentions for the '438 and '275 Patents on November 3, 2023. Entropic has revised this First Amended Complaint to reflect the initial infringement contentions, which include references to certain documents provided in discovery to Cox by Entropic.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

television and data network through which Cox sells, leases, and offers for sale or lease products and services, including the Accused Services, Accused Cable Modem Products and Accused Set Top Products, to businesses, consumers, and government agencies. Through its subsidiaries, Cox Communications offers to sell, sells, and provides Cox branded products and services, including cable modems, set top boxes, and digital video, audio, and other content services to customers. Subscribers to Cox's television services receive one or more receivers and/or set-top boxes within this District. Subscribers to Cox's internet services receive one or more cable modems within this District.

41.    Upon information and belief, those services are provided through and using the Accused Cable Modem Products and Accused Set Top Products.

42.    Upon information and belief, Cox Communications, CoxCom and Cox California, by themselves and/or through their agents, own, and/or operate their businesses through *inter alia*, offices, storefronts, and/or other operational locations within this District including, for example, at Cox stores located at 6234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; and 30652 Santa Margarita Pkwy F-101B, Rancho Santa Margarita, California 92688. Cox holds out these locations as its own through the use of branding on the locations themselves.

43.    Cox Communications lists these storefronts on its website and holds them out as places where customers can obtain the Accused Services, Accused Cable Modem Products and Accused Set Top Products.

44.    Upon information and belief, Cox Communications, CoxCom and Cox California, by themselves and/or through their agents, own and/or lease the premises where these Cox stores are located.

45.    Upon information and belief, these Cox stores are staffed by persons directly employed by Cox, many of whom live in this District.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

46.     Upon information and belief, one or more of the defendants has engaged in regular and established business at physical places within this District such as at these Cox stores.

47.     Upon information and belief, Cox employs and/or contracts with persons and directs them to install, service, repair, and/or replace equipment, as appropriate, in this District.

48.     Upon information and belief, in each of these stores and/or service centers, Cox owns and stores equipment such as the Accused Cable Modem Products and Accused Set Top Products and demonstrates the Accused Services provided via those products to Cox customers.

49.     On the Cox Communications website, Cox has a section regarding the California Consumer Privacy Notice, which demonstrates that Cox Communications is purposefully holding itself out as providing products and services in California. Cox Communications explicitly confirms that this agreement applies to CoxCom and its "communication related affiliates." Upon information and belief, such communication related affiliates include Cox California, and of course, Cox Communications.

50.     Upon information and belief, Cox Communications and/or CoxCom, by themselves and/or through their agent, Cox California, provides the Accused Services throughout the United States and in this District.

51.     Venue is further proper because Cox has committed and continues to commit acts of patent infringement in this District, including making, using, offering to sell, and/or selling Accused Services, Accused Cable Modem Products and Accused Set Top Products in this District, and/or importing the Accused Cable Modem Products and Accused Set Top Products into, and thereafter providing Accused Services in, this District, including by Internet sales and sales via retail and wholesale stores. Furthermore, for example, Cox deploys Accused Cable Modem Products and Accused Set Top Products to many thousands of locations (e.g., customer premises) in this District and subsequently, by means of those instrumentalities, uses the claimed

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

inventions at those locations in this District. Cox infringes by inducing and contributing to acts of patent infringement in this District and/or committing at least a portion of any other infringement alleged herein in this District.

52.     Cox continues to conduct business in this District, including the acts and activities described in the preceding paragraph.

## COUNT I
### (Infringement of the '775 Patent)

53.     Entropic incorporates by reference each allegation of Paragraphs 1 through 52.

54.     Entropic served infringement contentions which included a claim chart for the '775 Patent on September 15, 2023.

55.     The '775 Patent duly issued on July 17, 2012 from an application filed September 30, 2003.

56.     Entropic owns all substantial rights, interest, and title in and to the '775 Patent, including the sole and exclusive right to prosecute this action and enforce the '775 Patent against infringers and to collect damages for all relevant times.

57.     The '775 Patent generally describes a partitioned cable modem that performs cable modem functions and data and home networking functions. Functionally partitioning a cable modem to perform cable modem functions and data and home networking functions enables a cable modem to incorporate a variety of enhanced functions. A true and accurate copy of the '775 Patent is attached hereto as Exhibit 1.

58.     The '775 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

59.     The '775 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

60.     Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

61.     The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

62.     The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

63.     As set forth in the attached nonlimiting claim chart (Exhibit 2), Cox has directly infringed and is infringing at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

64.     Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

65.     Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

66.     Cox directly infringes at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and/or the Accused Services (for example, utilizing cable modem functions).

67.     The use of the Accused Cable Modem Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 6234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 18 and 19 of the '775 Patent.

68.     Cox had knowledge of the '775 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

69.     Cox has been aware that it infringes the '775 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

70.     Cox has known of or has been willfully blind to the '775 Patent since before the August 9, 2022 communication from Entropic.

71.     Cox has been aware that it infringes the '775 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '775 Patent and its infringing activities, Cox has failed to cease its infringing activities.

72.     Customers and subscribers of Cox infringe at least Claims 18 and 19 of the '775 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products.

73.     Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 18 and 19 of the '775 Patent by providing the Accused Cable Modem Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products to infringe the '775 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 18 and 19 of the '775 Patent.

74.     Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 18 and 19 of the '775 Patent.

75.     The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 18 and 19 of the '775 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringing manner.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

76. Cox's inducement of, and contribution to, the direct infringement of at least Claims 18 and 19 of the '775 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

77. Cox's infringement of the '775 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

78. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

79. Entropic is aware of no obligation to mark any instrumentality with the '775 Patent in accordance with 35 U.S.C. § 287.

## COUNT II

### (Infringement of the '690 Patent)

80. Entropic incorporates by reference each allegation of Paragraphs 1 through 78.

81. Entropic served infringement contentions which included a claim chart for the '690 Patent on September 15, 2023.

82. The '690 Patent duly issued on October 9, 2012 from an application filed December 10, 2009, and, *inter alia* a provisional application filed May 19, 2009 and a provisional application filed December 15, 2008.

83. Entropic owns all substantial rights, interest, and title in and to the '690 Patent, including the sole and exclusive right to prosecute this action and enforce the '690 Patent against infringers and to collect damages for all relevant times.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

84.     The '690 Patent generally describes the process of generating probe transmissions in response to a request from a receiving node of a network, wherein the probe request specifies a plurality of parameters that specify content payload of the probe transmission, and a second node to receive the probe transmission, which enhances flexibility and therefore, improves the receiving node's ability to efficiently recognize the precise form of the transmitted probe. A true and accurate copy of the '690 Patent is attached hereto as Exhibit 3.

85.     The '690 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

86.     The '690 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

87.     Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

88.     The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

89.     The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

90.     As set forth in the attached nonlimiting claim chart (Exhibit 4), Cox has directly infringed and is infringing at least Claims 7 and 8 of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

91.     Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

92.     Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

93.     Cox directly infringes at least Claims 7 and 8 of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and/or the Accused Services (for example, performing bidirectional communication with cable modems).

94.     The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 7 and 8 of the '690 Patent.

95.     Cox had knowledge of the '690 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

96.     Cox has been aware that it infringes the '690 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

97.     Cox has known of or has been willfully blind to the '690 Patent since before the August 9, 2022 communication from Entropic.

98.     Cox has been aware that it infringes the '690 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '690 Patent and its infringing activities, Cox has failed to cease its infringing activities.

99.     Customers and subscribers of Cox infringe at least Claims 7 and 8 of the '690 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Cable Modem Products.

100.    Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 7 and 8 of the '690 Patent by providing the Accused Cable Modem Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Products to infringe the '690 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the cable modem functions claimed by the '690 Patent via the Accused Services, which enable and induce its customers to directly infringe the '690 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 7 and 8 of the '690 Patent.

101.   Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 7 and 8 of the '690 Patent.

102.   The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 7 and 8 of the '690 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringing manner.

103.   Cox's inducement of, and contribution to, the direct infringement of at least Claims 7 and 8 of the '690 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

104.   Cox's infringement of the '690 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

105.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

106.   No apparatus claims of the '690 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT III

## (Infringement of the '008 Patent)

107.   Entropic incorporates by reference each allegation of Paragraphs 1 through 104.

108.   Entropic served infringement contentions which included a claim chart for the '008 Patent on September 15, 2023.

109.   The '008 Patent duly issued on July 29, 2014 from an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

110.   Entropic owns all substantial rights, interest, and title in and to the '008 Patent, including the sole and exclusive right to prosecute this action and enforce the '008 Patent against infringers and to collect damages for all relevant times.

111.   The '008 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. A true and accurate copy of the '008 Patent is attached hereto as Exhibit 5.

112.   The '008 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

113.   The '008 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

114.   Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

115.   The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

116.   The Accused Cable Modem Products and Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

117.   As set forth in the attached nonlimiting claim chart (Exhibit 6), Cox has directly infringed and is infringing at least Claims 1-6, 9 and 10 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

118.   Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

119.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

120.   Cox directly infringes at least Claims 1-6, 9, and 10 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem), Accused Set Top Products (for example, the Arris AX013ANM STB), and/or the Accused Services (for example, monitoring signals by the Accused Cable Modem Products and Accused Set Top Products).

121.   The use of the Accused Cable Modem Products and Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1-6, 9, and 10 of the '008 Patent.

122.   Cox had knowledge of the '008 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

123.   Cox has been aware that it infringes the '008 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

124.   Cox has known of or has been willfully blind to the '008 Patent since before the August 9, 2022 communication from Entropic.

125.   Cox has been aware that it infringes the '008 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '008 Patent and its infringing activities, Cox has failed to cease its infringing activities.

126.   Customers and subscribers of Cox infringe at least Claims 1-6, 9, and 10 of the '008 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and Accused Set Top Products (for example, the Arris AX013ANM STB).

127.   Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 1-6, 9 and 10 of the '008 Patent by providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products and Accused Set Top Products to infringe the '008 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the full band digital tuning and signal monitoring functions claimed by the '008 Patent via the Accused Services, which enable and induce its customers to directly infringe the '008 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claims 1-6, 9, and 10 of the '008 Patent.

128.   Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products and Accused Set Top Products, that are used by customers to directly infringe at least Claims 1-6, 9, and 10 of the '008 Patent.

129.   The Accused Cable Modem Products and Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Products and Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1-6, 9, and 10 of the '008 Patent. The Accused Cable Modem Products and Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

130. Cox's inducement of, and contribution to, the direct infringement of at least Claims 1-6, 9, and 10 of the '008 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

131. Cox's infringement of the '008 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

132. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

133. Entropic is aware of no obligation to mark any instrumentality with the '008 Patent in accordance with 35 U.S.C. § 287.

## **COUNT IV**

### **(Infringement of the '362 Patent)**

134. Entropic incorporates by reference each allegation of Paragraphs 1 through 130.

135. Entropic served infringement contentions which included a claim chart for the '362 Patent on September 15, 2023.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

136.   The '362 Patent duly issued on December 8, 2015 from an application filed February 5, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

137.   Entropic owns all substantial rights, interest, and title in and to the '362 Patent, including the sole and exclusive right to prosecute this action and enforce the '362 Patent against infringers and to collect damages for all relevant times.

138.   The '362 Patent generally describes a wideband receiver system that down converts a plurality of frequencies including desired television channels and undesired television channels, digitizes frequencies, selects desired television channels from the frequencies, and outputs the selected television channels to a demodulator as a digital data stream. A true and accurate copy of the '362 Patent is attached hereto as Exhibit 7.

139.   The '362 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

140.   The '362 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

141.   Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

142.   The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

143.   The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

144.   As set forth in the attached nonlimiting claim chart (Exhibit 8), Cox has directly infringed and is infringing at least Claims 11 and 12 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

145.   Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

146.    Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

147.    Cox directly infringes at least Claims 11 and 12 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels provided by Cox).

148.    The use of the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 11 and 12 of the '362 Patent.

149.    Cox had knowledge of the '362 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

150.    Cox has been aware that it infringes the '362 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

151.    Cox has known of or has been willfully blind to the '362 Patent since before the August 9, 2022 communication from Entropic.

152.    Cox has been aware that it infringes the '362 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '362 Patent and its infringing activities, Cox has failed to cease its infringing activities.

153.    Customers and subscribers of Cox infringe at least Claims 11 and 12 of the '362 Patent by using the claimed system, at least during the use of the Accused Set Top Products.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

154.   Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 11 and 12 of the '362 Patent by providing the Accused Set Top Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products to infringe the '362 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the television channel digitization, selection, and output functions claimed by the '362 Patent via the Accused Services, which enable and induce its customers to directly infringe the '362 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claims 11 and 12 of the '362 Patent.

155.   Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Set Top Products, that are used by customers to directly infringe at least Claims 11 and 12 of the '362 Patent.

156.   The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 11 and 12 of the '362 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

157.   Cox's inducement of, and contribution to, the direct infringement of at least Claims 11 and 12 of the '362 Patent is continuous and ongoing through acts such as providing the Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

158.   Cox's infringement of the '362 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

159.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

160.   No apparatus claims of the '362 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT V

### (Infringement of the '826 Patent)

161.   Entropic incorporates by reference each allegation of Paragraphs 1 through 156.

162.   Entropic served infringement contentions which included a claim chart for the '826 Patent on September 15, 2023.

163.   The '826 Patent duly issued on November 21, 2017 from an application filed November 23, 2015, an application filed July 28, 2014, an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

164.   Entropic owns all substantial rights, interest, and title in and to the '826 Patent, including the sole and exclusive right to prosecute this action and enforce the '826 Patent against infringers and to collect damages for all relevant times.

165.   The '826 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. A true and accurate copy of the '826 Patent is attached hereto as Exhibit 9.

166.   The '826 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

167.   The '826 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

168.   Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

169.   The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

170.   The Accused Cable Modem Products and Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

171.   As set forth in the attached nonlimiting claim chart (Exhibit 10), Cox has directly infringed and is infringing at least Claims 1-4, 6, 8, and 9 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products, Accused Set Top Products and/or the Accused Services.

172.   Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

173.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products and Accused Set Top Products while deployed to customer premises.

174.   Cox directly infringes at least Claims 1-4, 6, 8, and 9 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and Accused Set Top Products (for example, the Technicolor CGM4141 cable modem) and/or the Accused Services (for example, monitoring signals by the Accused Cable Modem Products and Accused Set Top Products).

175.   The use of the Accused Cable Modem Products and Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1-4, 6, 8, and 9 of the '826 Patent.

176.   Cox had knowledge of the '826 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

177.   Cox has been aware that it infringes the '826 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

178.   Cox has known of or has been willfully blind to the '826 Patent since before the August 9, 2022 communication from Entropic.

179.   Cox has been aware that it infringes the '826 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '826 Patent and its infringing activities, Cox has failed to cease its infringing activities.

180.   Customers and subscribers of Cox infringe at least Claims 1-4, 6, 8, and 9 of the '826 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products and Accused Set Top Products.

181.   Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 1-4, 6, 8, and 9 of the '826 Patent by providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products and Accused Set Top Products to infringe the '826 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the signal monitoring claimed by the '826 Patent via the Accused Services, which enable and induce its customers to directly infringe the '826 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products and Accused Set Top Products to infringe at least Claims 1-4, 6, 8, and 9 of the '826 Patent.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

182.   Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products and Accused Set Top Products, that are used by customers to directly infringe at least Claims 1-4, 6, 8, and 9 of the '826 Patent.

183.   The Accused Cable Modem Products and Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products and Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1-4, 6, 8, and 9 of the '826 Patent. The Accused Cable Modem Products and Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

184.   Cox's inducement of, and contribution to, the direct infringement of at least Claims 1-4, 6, 8, and 9 of the '826 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

185.   Cox's infringement of the '826 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

186.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

187.   No apparatus claims of the '826 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## COUNT VI

### (Infringement of the '682 Patent)

188.   Entropic incorporates by reference each allegation of Paragraphs 1 through 182.

189.   Entropic served infringement contentions which included a claim chart for the '682 Patent on September 15, 2023.

190.   The '682 Patent duly issued on November 20, 2018 from an application filed January 9, 2018, an application filed February 16, 2017, an application filed August 4, 2016, an application filed July 23, 2013, and, *inter alia* a provisional application filed July 23, 2012.

191.   Entropic owns all substantial rights, interest, and title in and to the '682 Patent, including the sole and exclusive right to prosecute this action and enforce the '682 Patent against infringers and to collect damages for all relevant times.

192.   The '682 Patent generally describes a method performed by a cable modem termination system and/or converged cable access platform, the method including determining a corresponding signal-to-noise-ratio ("SNR") related metric, assigning cable modems to service groups based on a respective corresponding SNR-related metric, generating a composite SNR-related metric based on a worst-case SNR profile, selecting a physical layer communication parameter to be used for communicating with a service group based on a composite SNR-related metric, and communicating with cable modems in the service group using the selected physical layer communication parameter. A true and accurate copy of the '682 Patent is attached hereto as Exhibit 11.

193.   The '682 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

194.   The '682 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

195.   Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

196.   The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

197.   The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

198.   As set forth in the attached nonlimiting claim chart (Exhibit 12), Cox has directly infringed and is infringing at least Claims 1-5 and 9 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services.

199.   Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

200.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

201.   Cox directly infringes at least Claims 1-5 and 9 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services, which utilize cable modem termination systems and/or converged cable access platforms that communicate with the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem).

202.   The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1-5 and 9 of the '682 Patent.

203.   Cox had knowledge of the '682 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

204. Cox has been aware that it infringes the '682 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

205. Cox has known of or has been willfully blind to the '682 Patent since before the August 9, 2022 communication from Entropic.

206. Cox has been aware that it infringes the '682 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '682 Patent and its infringing activities, Cox has failed to cease its infringing activities.

207. Cox's infringement of the '682 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

208. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

209. No apparatus claims of the '682 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT VII

### (Infringement of the '866 Patent)

210. Entropic incorporates by reference each allegation of Paragraphs 1 through 203.

211. Entropic served infringement contentions which included a claim chart for the '866 Patent on September 15, 2023.

212. The '866 Patent duly issued on July 5, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

213.   Entropic owns all substantial rights, interest, and title in and to the '866 Patent, including the sole and exclusive right to prosecute this action and enforce the '866 Patent against infringers and to collect damages for all relevant times.

214.   The '866 Patent generally describes a cable television device that digitizes an entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. A true and accurate copy of the '866 Patent is attached hereto as Exhibit 13.

215.   The '866 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

216.   The '866 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

217.   Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

218.   The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

219.   The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

220.   As set forth in the attached nonlimiting claim chart (Exhibit 14), Cox has directly infringed and is infringing at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

221.   Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

222.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

223.  Cox directly infringes at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

224.  The use of the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent.

225.  Cox had knowledge of the '866 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

226.  Cox has been aware that it infringes the '866 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

227.  Cox has known of or has been willfully blind to the '866 Patent since before the August 9, 2022 communication from Entropic.

228.  Cox has been aware that it infringes the '866 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '866 Patent and its infringing activities, Cox has failed to cease its infringing activities.

229.  Customers and subscribers of Cox infringe at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by using the claimed system, at least during the use of the Accused Set Top Products (for example, the Arris AX013ANM STB).

230.  Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by providing the Accused Set Top Products to Cox customers with

specific instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products to infringe the '866 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent.

231. Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Set Top Products, that are used by customers to directly infringe at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent.

232. The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

233. Cox's inducement of, and contribution to, the direct infringement of at least Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent is continuous and ongoing through acts such as providing the Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

234. Cox's infringement of the '866 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

235. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

236.   Entropic is aware of no obligation to mark any instrumentality with the '866 Patent in accordance with 35 U.S.C. § 287.

## COUNT VIII

### (Infringement of the '206 Patent)

237.   Entropic incorporates by reference each allegation of Paragraphs 1 through 229.

238.   Entropic served infringement contentions which included a claim chart for the '206 Patent on September 15, 2023.

239.   The '206 Patent duly issued on July 26, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

240.   Entropic owns all substantial rights, interest, and title in and to the '206 Patent, including the sole and exclusive right to prosecute this action and enforce the '206 Patent against infringers and to collect damages for all relevant times.

241.   The '206 Patent generally describes receiving an input signal from a cable network, digitizing the entire input signal, selecting a plurality of desired channels from the digitized input signal without selecting any undesired channels, and providing the plurality of desired channels. A true and accurate copy of the '206 Patent is attached hereto as Exhibit 15.

242.   The '206 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

243.   The '206 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

244.   Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

245.   The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

246.   The Accused Cable Modem Products and Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

247.   As set forth in the attached nonlimiting claim chart (Exhibit 16), Cox has directly infringed and is infringing at least Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent by using, selling, and/or offering for sale the Accused Services through the Accused Cable Modem Products and Accused Set Top Products.

248.   Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

249.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products and Accused Set Top Products while deployed to customer premises.

250.   Cox directly infringes at least Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired channels from an input signal).

251.   The use of the Accused Services through the Accused Cable Modem Products and Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630;

-35-

27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent.

252.   Customers and subscribers of Cox infringe at least Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Cable Modem Products and Accused Set Top Products.

253.   The Accused Cable Modem Products and Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products and Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent. The Accused Cable Modem Products and Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

254.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

255.   No apparatus claims of the '206 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT IX
### (Infringement of the '275 Patent)

256.   Entropic incorporates by reference each allegation of Paragraphs 1 through 247.

257.   Entropic served an infringement contention claim chart for the '275 Patent on November 3, 2023.

258.   The '275 Patent duly issued on October 10, 2023 from an application filed September 30, 2022, an application filed July 12, 2022, an application filed January 28,

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

259.  Entropic owns all substantial rights, interest, and title in and to the '275 Patent, including the sole and exclusive right to prosecute this action and enforce the '275 Patent against infringers and to collect damages for all relevant times.

260.  The '275 Patent generally describes a wideband receiver system that digitizes an input signal, selects desired channels from the digitized signal, and outputs the selected desired channels for demodulation. A true and accurate copy of the '275 Patent is attached hereto as Exhibit 18.

261.  The '275 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

262.  The '275 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

263.  Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

264.  The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

265.  The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

266.  As set forth in the attached nonlimiting claim chart (Exhibit 19), Cox has directly infringed and is infringing at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, selling, and/or offering for sale the Accused Services through the Accused Set Top Products.

267.  Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

268.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

269.   Cox directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

270.   The use of the Accused Services through the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent.

271.   Customers and subscribers of Cox infringe at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Set Top Products.

272.   The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

273.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

274. Entropic is aware of no obligation to mark any instrumentality with the '275 Patent in accordance with 35 U.S.C. § 287.

## COUNT X

### (Infringement of the '438 Patent)

275. Entropic incorporates by reference each allegation of Paragraphs 1 through 266.

276. Entropic served an infringement contention claim chart for the '438 Patent on November 3, 2023.

277. The '438 Patent duly issued on January 9, 2018, from an application filed February 16, 2017, an application filed August 4, 2016, an application filed July 23, 2013, and, *inter alia* a provisional application filed July 23, 2012.

278. Entropic owns all substantial rights, interest, and title in and to the '438 Patent, including the sole and exclusive right to prosecute this action and enforce the '438 Patent against infringers and to collect damages for all relevant times.

279. The '438 Patent generally describes a mechanism for determining communication parameters for communications between a cable modem termination system and cable modems. A true and accurate copy of the '438 Patent is attached hereto as Exhibit 20.

280. The '438 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

281. The '438 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

282. Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

283. The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

284.   The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

285.   As set forth in the attached nonlimiting claim chart (Exhibit 21), Cox has directly infringed and is infringing at least Claims 1-5 and 9 of the '438 Patent by using, importing, selling, and/or offering for sale the Accused Services.

286.   Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

287.   Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products and Accused Set Top Products while deployed to customer premises.

288.   Cox directly infringes at least Claims 1-5 and 9 of the '438 Patent by using, importing, selling, and/or offering for sale the Accused Services, which utilize cable modem termination systems and/or converged cable access platforms that communicate with the Accused Cable Modem Products and Accused Set Top Products (for example, the Technicolor CGM4141 cable modem).

289.   The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1-5 and 9 of the '438 Patent.

290.   Cox had knowledge of the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

291.   Cox has been aware that it infringes the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

292.   Cox has known of or has been willfully blind to the '438 Patent since before the November 3, 2023 infringement contention claim charts were served.

293.   Cox has been aware that it infringes the '438 Patent since at least as early as receipt of Entropic's November 3, 2023 infringement contention claim charts. Since obtaining knowledge of the '438 Patent and its infringing activities, Cox has failed to cease its infringing activities.

294.   Cox's infringement of the '438 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

295.   Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

296.   No apparatus claims of the '438 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Entropic requests that:

A.     The Court find that Cox has directly infringed the Patents-in-Suit and hold Cox liable for such infringement;

B.     The Court find that Cox has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold Cox liable for such infringement;

C.     The Court find that Cox has indirectly infringed the Patents-in-Suit by contributing to its customers' direct infringement of the Patents-in-Suit and hold Cox liable for such infringement;

D.     The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Entropic for Cox's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

E.     The Court increase the damages to be awarded to Entropic by three times the amount found by the jury or assessed by the Court;

F.     The Court declare that this is an exceptional case entitling Entropic to its reasonable attorneys' fees under 35 U.S.C. § 285; and

G.     The Court award such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Entropic hereby requests a trial by jury on all issues raised by this Complaint.

Dated:  November 10, 2023                    Respectfully submitted,

By: */s/ Christina N. Goodrich*

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James Shimota (*pro hac vice*)
Jason Engel (*pro hac vice*)
George Summerfield (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Darlene F. Ghavimi (*pro hac vice*)

-42-

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT