1  Christina ~~N.~~ Goodrich (SBN 261722)
2  christina.goodrich@klgates.com
   ~~Connor J. Meggs~~Cassidy T. Young (SBN
3  ~~336159~~342891)
   ~~connor.meggs~~cassidy.young@klgates.com
4  K&L ~~GATES~~Gates LLP
5  10100 Santa Monica Boulevard
   Eighth Floor
6  Los Angeles, ~~CA~~California 90067
7  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
8
9  *[Additional counsel on signature page]*

10 *Attorneys for Plaintiff*
   *Entropic Communications, LLC*
11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No.~~————~~: 2:23-cv-1049-JWH-KES |
| Plaintiff, | |
| v. | ~~ORIGINAL~~**FIRST AMENDED** COMPLAINT FOR PATENT INFRINGEMENT |
| COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC, | |
| Defendants. | |

Plaintiff, Entropic Communications, LLC ("Entropic"), files this complaint for patent infringement against Cox Communications, Inc. ("Cox Communications"), CoxCom LLC ("CoxCom"), and Cox Communications California, LLC ("Cox California"), (collectively "Cox") and in support thereof alleges as follows:

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on Cox's infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), ~~and~~ 11,399,206 (the "'206 Patent"), 11,785,275 (the "'275 Patent"), and 9,866,438 (the "'438 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Entropic is a Delaware limited liability company with an office at 7150 Preston Road, Suite 300, Plano, Texas 75024.

3. Entropic is the owner by assignment to all right, title, and interest to the Patents-in-Suit. Entropic is the successor-in-interest for the Patents-in-Suit.

4. Upon information and belief, Cox Communications is a privately-owned subsidiary of Cox Enterprises Inc. and is a Delaware Corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

5. Cox Communications has, as its registered agent in Delaware, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

6. Upon information and belief, CoxCom is a subsidiary of Cox Communications, and incorporated in Delaware, with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

7. CoxCom has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

8.     Upon information and belief, Cox California is a Delaware limited liability company, with a regular and established place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

9.     Cox California has, as its registered agent in California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

10.    Cox Communications holds itself out as "the largest private telecom company in America, serving six million homes and business."[1]

11.    Upon information and belief, CoxCom and Cox California are agents of Cox Communications.

12.    The website of Cox Communications' parent company, Cox Enterprises, Inc., identifies Cox Communications as a "division" of Cox Communications, and upon information and belief, includes job listings for employment with all Cox entities, including Cox Communications, CoxCom and Cox California.

13.    Upon information and belief, employees of Cox employees, regardless of the Cox entity for which they work, have email addresses with the @cox.com domain.

14.    Cox Communications is a manager/member of CoxCom.

15.    Cox Communications has complete control over CoxCom.[2]

16.    CoxCom is a manager/member of Cox California.

17.    Cox Communications provides cable services in at least California through its agent Cox California.[3]

---

[1]     https://jobs.coxenterprises.com/en/jobs/job/r202314876-manager-marketing-analytics-b2b/

[2]     https://fcc.report/IBFS/ITC-T-C-20210517-00085/7754627.pdf

[3]     https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/news-and-outreach/documents/bco/go-156-procurement-plans/2020/cox-communications.pdf?sc_lang=en&hash=CC575B1DDB9F6FBB153692B6B610ED67 (Accessed October 13, 2022).

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

18.     Cox Communications provides its customers with a "Residential Customer Service Agreement" in which it "sets for the terms and conditions under which CoxCom, LLC or one or more of its subsidiaries or affiliates authorized by applicable regulatory, franchise or license authority. . . agrees to provide services."[4] Upon information and belief, the entity that provides the services to Cox's customers and subscribers is Cox California.

19.     Upon information and belief, Cox Communications shares management, common ownership, advertising platforms, facilities, distribution chains and platforms, stores, and accused product lines and products involving related technologies with its agents, including at least CoxCom and Cox California. For example, Cox Communications, CoxCom and Cox California, share a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

20.     Upon information and belief, Cox Communications is the corporate manager of its subsidiary LLCs that own or lease property in this district, that employ employees in this district, and that own, store, sell, demonstrate, and lease equipment in this district. Cox has the right to exercise near total control of each entity's operations through its LLC agreements with each entity.

## PRESUIT DISCUSSIONS

21.     Prior to filing this Complaint, Entropic sent a communication by physical means to Cox on August 9, 2022, in an attempt to engage Cox and/or its agents in good faith licensing discussions regarding Entropic's patent portfolio, including the Patents-in-Suit[5]. On December 23, 2022, Entropic sent Cox another communication by both physical and electronic means regarding a separate license to Entropic's patents for the

---

[4]     https://www.cox.com/aboutus/policies/customer-service-agreement.html (accessed October 12, 2022).

[5]     The '206 Patent was not included in the list of issued Entropic patents sent on August 9, 2022.

-3-
ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1   field of the standardized networking technology commonly called MoCA, and also
2   seeking to discuss with Cox a typical non-disclosure agreement. Cox has failed to
3   respond to either communication.

4   ## ENTROPIC'S LEGACY AS A CABLE INNOVATOR

5   22.   Entropic Communications Inc. ("Entropic Inc."), the predecessor-in-
6   interest to Entropic as to the Patents-in-Suit, was founded in San Diego, California in
7   2001 by Dr. Anton Monk, Itzhak Gurantz, Ladd El Wardani, and others. Entropic Inc.
8   was exclusively responsible for the development of the initial versions of the
9   Multimedia over Coax Alliance ("MoCA") standards, including MoCA 1.0, ratified in
10  2006, MoCA 1.1, ratified in 2007, and was instrumental in the development of MoCA
11  2.0, ratified in 2010. It also developed Direct Broadcast Satellite ("DBS") Outdoor Unit
12  ("ODU") single wire technology, and System-on-Chip ("SoC") solutions for set-top
13  boxes (STBs) in the home television and home video markets.

14  23.   Under the technical guidance of Dr. Monk, Entropic Inc. grew to be
15  publicly listed on the NASDAQ in 2007. After the public listing, the company acquired
16  RF Magic, Inc. in 2007, a company specializing in DBS ODU technology and related
17  hardware.

18  24.   Additional growth between 2007 and 2015 bolstered the technical
19  expertise of Entropic Inc. with respect to signal acquisition, stacking, filtering,
20  processing, and distribution for STBs and cable modems.

21  25.   For years, Entropic Inc. pioneered innovative networking technologies, as
22  well as television and internet related technologies. These technologies simplified the
23  installation required to support wideband reception of multiple channels for
24  demodulation, improved home internet performance, and enabled more efficient and
25  responsive troubleshooting and upstream signal management for cable providers. These
26  innovations represented significant advances in the field, simplified the implementation
27  of those advances, and reduced expenses for providers and customers alike.

28

26.     In 2015, MaxLinear, Inc. ("MaxLinear")—a leading provider of radio-frequency, analog, digital, and mixed-signal semiconductor solutions—acquired Entropic Inc., and the pioneering intellectual property developed by Dr. Monk and his team.

27.     In 2021, Plaintiff Entropic was established and MaxLinear transferred to Entropic a portfolio of intellectual property representing the Entropic and MaxLinear innovation in the cable and satellite services markets.

28.     The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations are utilized by Cox to provide enhanced and expanded services to customers, which in turn has increased revenues for Cox while at the same time reducing costs.

29.     Entropic filed a patent infringement suit against Charter Communications, Inc. ("Charter") in the Eastern District of Texas, Case No. 2:22-CV-00125-JRG, on April 27, 2022, asserting the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent against Charter's provision of cable television and internet services, cable modem products and STBs.  Upon information and belief, Cox analyzed the causes of action, the asserted patents, and its own products' functionality in light of those patents.

30.     Upon information and belief, Cox analyzed the causes of action in the Charter Suit and the asserted patents.

31.     Upon information and belief, Cox analyzed its products' functionality in light of the patents asserted in the Charter Suit.

32.     Upon information and belief, Cox monitored the ongoing prosecution of the '362 Patent family, and therefore was aware the '866 Patent issued on July 5, 2022, and the '206 Patent issued on July 26, 2022.

33.     Upon information and belief, Cox analyzed its products' functionality in light of the '866 Patent.

34.     Upon information and belief, Cox analyzed its products' functionality in light of the '206 Patent.

### JURISDICTION AND VENUE

35.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

36.     Venue in this Judicial District of Central California ("District") is proper pursuant to 28 U.S.C. § 1400(b), because Cox has regular and established places of business in this District. The defendants, by themselves and/or through their agents, have committed acts of patent infringement within the State of California and within this District by using, selling, offering for sale, and/or leasing various telecommunication services products and services.

37.     This Court has general personal jurisdiction over Cox because Cox conducts systematic and regular business within the State of California by, *inter alia* providing cable television, internet, and phone services to businesses and residents throughout the state.

38.     Upon information and belief, Cox Communications has a regular and established place of business within this District including at least at 27121 Towne Centre Drive, Foothill Ranch, California, 92610.

39.     The Court has personal jurisdiction over Cox Communications, CoxCom and Cox California, because they have committed acts of infringement within the State of California and within this District through, for example, providing through their wholly owned subsidiaries, Cox branded products and services, including, Cox Contour set top boxes and Cox digital video, audio, and other content services to customers. Cox provides cable television and internet services ("Accused Services") via the lease, sale, and/or distribution of cable modems and set top boxes both online and from Cox stores in this District. For example, Cox has and continues to sell, lease, and/or distribute the Arris SB6183 cable modem, Arris CM8200 cable modemTechnicolor CGM4981,

-6-

1  Technicolor CGM4331, Technicolor CGM4141 cable modem, Technicolor CGM4331
2  cable modem CVA4004, ARRIS / Surfboard TM3402, ARRIS / Surfboard G36, ARRIS
3  / Surfboard G54, ARRIS / Surfboard S33, ARRIS / Surfboard CM8200, ARRIS /
4  Surfboard G34, ARRIS / Surfboard SB8200, ARRIS / Surfboard DG2460, ARRIS
5  TM9202, Hitron CODA56, Hitron CODA, Humax HGD310, Motorola B12, Motorola
6  MB8611, Motorola MG8725, Motorola MB8600, Motorola MG8702, Netgear
7  CM2000, Netgear C7800, Netgear CAX30, Netgear CAX80, Netgear CBR750, Netgear
8  CM1000, Netgear CM1000v2, Netgear CM1100, Netgear CM1200, Netgear CM2500,
9  Netgear CM3000, Ubiquiti UCI, ARRIS / Surfboard TG2472, ARRIS / Surfboard
10 SBG7400AC2, ARRIS / Surfboard SBG7600AC2, Motorola MB7621, Motorola
11 MG7700, Netgear C6900, Netgear C7000v2, Netgear C7500, Netgear CBR40, Netgear
12 CM600, Netgear CM700, TP-LINK TC-7650, ARRIS / Surfboard SB6183, ARRIS /
13 Surfboard SBG6900, Asus CM16, Motorola MB7420, Motorola MG7540, Motorola
14 MG7550, Netgear C6230, Netgear C6250, Netgear C6300, Netgear C6300v2, Netgear
15 CM500, TP-LINK TC-7620, TP-LINK CR500, TP-LINK CR700, TP-LINK CR1900,
16 SMC D3CM1604, Zoom 5370, and products that operate in a similar manner
17 ("Accused Cable Modem Products"), as well as the Arris AX013ANC STB, Arris
18 AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung
19 SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar
20 manner ("Accused Set Top Products")[6].

21      40.    Upon information and belief, Cox Communications, CoxCom and Cox
22 California, by themselves and/or through their agents, offer various telecommunication

---

24 [6] Entropic provided its initial infringement contentions for the '775, '690, '008, '362,
25 '826, '682, '866, and '206 Patents on September 15, 2023. Entropic provided its initial
26 infringement contentions for the '438 and '275 Patents on November 3, 2023. Entropic
   has revised this First Amended Complaint to reflect the initial infringement contentions,
27 which include references to certain documents provided in discovery to Cox by
28 Entropic.

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

services throughout the United States. Cox operates and maintains a nationwide television and data network through which Cox sells, leases, and offers for sale or lease products and services, including the Accused Services, Accused Cable Modem Products and Accused Set Top Products, to businesses, consumers, and government agencies. Through its subsidiaries, Cox Communications offers to sell, sells, and provides Cox branded products and services, including cable modems, set top boxes, and digital video, audio, and other content services to customers. Subscribers to Cox's television services receive one or more receivers and/or set-top boxes within this District. Subscribers to Cox's internet services receive one or more cable modems within this District.

41.     Upon information and belief, those services are provided through and using the Accused Cable Modem Products and Accused Set Top Products.

42.     Upon information and belief, Cox Communications, CoxCom and Cox California, by themselves and/or through their agents, own, and/or operate their businesses through *inter alia*, offices, storefronts, and/or other operational locations within this District including, for example, at Cox stores located at 6234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; and 30652 Santa Margarita Pkwy F-101B, Rancho Santa Margarita, California 92688. Cox holds out these locations as its own through the use of branding on the locations themselves.

43.     Cox Communications lists these storefronts on its website and holds them out as places where customers can obtain the Accused Services, Accused Cable Modem Products and Accused Set Top Products.

44.     Upon information and belief, Cox Communications, CoxCom and Cox California, by themselves and/or through their agents, own and/or lease the premises where these Cox stores are located.

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

45.     Upon information and belief, these Cox stores are staffed by persons directly employed by Cox, many of whom live in this District.

46.     Upon information and belief, one or more of the defendants has engaged in regular and established business at physical places within this District such as at these Cox stores.

47.     Upon information and belief, Cox employs and/or contracts with persons and directs them to install, service, repair, and/or replace equipment, as appropriate, in this District.

48.     Upon information and belief, in each of these stores and/or service centers, Cox owns and stores equipment such as ~~cable modems and set top boxes~~the Accused Cable Modem Products and Accused Set Top Products and demonstrates ~~services~~the Accused Services provided via those products to Cox customers.

49.     On the Cox Communications website, Cox has a section regarding the California Consumer Privacy Notice, which demonstrates that Cox Communications is purposefully holding itself out as providing products and services in California. Cox Communications explicitly confirms that this agreement applies to CoxCom and its "communication related affiliates." Upon information and belief, such communication related affiliates include Cox California, and of course, Cox Communications.

50.     Upon information and belief, Cox Communications and/or CoxCom, by themselves and/or through their agent, Cox California, provides the Accused Services throughout the United States and in this District.

51.     Venue is further proper because Cox has committed and continues to commit acts of patent infringement in this District, including making, using, offering to sell, and/or selling Accused Services, Accused Cable Modem Products and Accused Set Top Products in this District, and/or importing the Accused Cable Modem Products and Accused Set Top Products into, and thereafter providing Accused Services in, this District, including by Internet sales and sales via retail and wholesale stores. Furthermore, for example, Cox deploys Accused Cable Modem Products and Accused

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1   Set Top Products to many thousands of locations (e.g., customer premises) in this

2   District and subsequently, by means of those instrumentalities, uses the claimed

3   inventions at those locations in this District. Cox infringes by inducing and contributing

4   to acts of patent infringement in this District and/or committing at least a portion of any

5   other infringement alleged herein in this District.

6          52.    Cox continues to conduct business in this District, including the acts and

7   activities described in the preceding paragraph.

8                              **COUNT I**

9                   **(Infringement of the '775 Patent)**

10         53.    Entropic incorporates by reference each allegation of Paragraphs 1 through

11  52.

12         54.    Entropic served infringement contentions which included a claim chart for

13  the '775 Patent on September 15, 2023.

14         55.    54. The '775 Patent duly issued on July 17, 2012 from an application filed

15  September 30, 2003.

16         56.    55. Entropic owns all substantial rights, interest, and title in and to the

17  '775 Patent, including the sole and exclusive right to prosecute this action and enforce

18  the '775 Patent against infringers and to collect damages for all relevant times.

19         57.    56. The '775 Patent generally describes a partitioned cable modem that

20  performs cable modem functions and data and home networking functions. Functionally

21  partitioning a cable modem to perform cable modem functions and data and home

22  networking functions enables a cable modem to incorporate a variety of enhanced

23  functions. A true and accurate copy of the '775 Patent is attached hereto as Exhibit 1.

24         58.    57. The '775 Patent is directed to patent-eligible subject matter pursuant to

25  35 U.S.C. § 101.

26         59.    58. The '775 Patent is valid and enforceable, and presumed as such,

27  pursuant to 35 U.S.C. § 282.

28

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

60. 59. Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

61. 60. The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

62. 61. The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

63. 62. As set forth in the attached nonlimiting claim chart (Exhibit 2), Cox has directly infringed and is infringing at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

64. 63. Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

65. 64. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

66. 65. Cox directly infringes at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and/or the Accused Services (for example, utilizing cable modem functions).

67. 66. The use of the Accused Cable Modem Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 6234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 18 and 19 of the '775 Patent.

68. 67. Cox had knowledge of the '775 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

69. 68. Cox has been aware that it infringes the '775 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

70. 69. Cox has known of or has been willfully blind to the '775 Patent since before the August 9, 2022 communication from Entropic.

71. 70. Cox has been aware that it infringes the '775 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '775 Patent and its infringing activities, Cox has failed to cease its infringing activities.

72. 71. Customers and subscribers of Cox infringe at least Claims 18 and 19 of the '775 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem).

73. 72. Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 18 and 19 of the '775 Patent by providing the Accused Cable Modem Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products to infringe the '775 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 18 and 19 of the '775 Patent.

74. 73. Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 18 and 19 of the '775 Patent.

75. 74. The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 18 and 19 of the '775 Patent.

1  The Accused Cable Modem Products are especially made or especially adapted for use

2  in an infringing manner.

3      76.  ~~75.~~ Cox's inducement of, and contribution to, the direct infringement of at

4  least Claims 18 and 19 of the '775 Patent is continuous and ongoing through acts such

5  as providing the Accused Cable Modem Products to Cox customers, which enables

6  those customers to receive the Accused Services; Cox's provision of the Accused

7  Services; and technical assistance provided by Cox for equipment it provides to its

8  customers in support of the provision of the Accused Services.

9      77.  ~~76.~~ Cox's infringement of the '775 Patent is, has been, and continues to be

10  willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under

11  the patent.

12      78.  ~~77.~~ Entropic has been damaged as a result of the infringing conduct alleged

13  above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's

14  infringement, which by law cannot be less than a reasonable royalty, together with

15  interest and costs as fixed by this Court under 35 U.S.C. § 284.

16      79.  ~~78.~~ Entropic is aware of no obligation to mark any instrumentality with the

17  '775 Patent in accordance with 35 U.S.C. § 287.

18                    **COUNT II**

19              **(Infringement of the '690 Patent)**

20      80.  ~~79.~~ Entropic incorporates by reference each allegation of Paragraphs 1

21  through 78.

22      81.  Entropic served infringement contentions which included a claim chart for

23  the '690 Patent on September 15, 2023.

24      82.  ~~80.~~ The '690 Patent duly issued on October 9, 2012 from an application

25  filed December 10, 2009, and, *inter alia* a provisional application filed May 19, 2009

26  and a provisional application filed December 15, 2008.

27

28

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

83. ~~81.~~ Entropic owns all substantial rights, interest, and title in and to the '690 Patent, including the sole and exclusive right to prosecute this action and enforce the '690 Patent against infringers and to collect damages for all relevant times.

84. ~~82.~~ The '690 Patent generally describes the process of generating probe transmissions in response to a request from a receiving node of a network, wherein the probe request specifies a plurality of parameters that specify content payload of the probe transmission, and a second node to receive the probe transmission, which enhances flexibility and therefore, improves the receiving node's ability to efficiently recognize the precise form of the transmitted probe. A true and accurate copy of the '690 Patent is attached hereto as Exhibit 3.

85. ~~83.~~ The '690 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

86. ~~84.~~ The '690 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

87. ~~85.~~ Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

88. ~~86.~~ The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

89. ~~87.~~ The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

90. ~~88.~~ As set forth in the attached nonlimiting claim chart (Exhibit 4), Cox has directly infringed and is infringing at least Claims 7, and 8~~, 11, 15, and 16~~ of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

91. ~~89.~~ Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

92. ~~90.~~ Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

93. ~~91.~~ Cox directly infringes at least Claims 7~~,~~ and 8~~, 11, 15, and 16~~ of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and/or the Accused Services (for example, performing bidirectional communication with cable modems).

94. ~~92.~~ The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 7~~,~~ and 8~~, 11, 15, and 16~~ of the '690 Patent.

95. ~~93.~~ Cox had knowledge of the '690 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

96. ~~94.~~ Cox has been aware that it infringes the '690 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

97. ~~95.~~ Cox has known of or has been willfully blind to the '690 Patent since before the August 9, 2022 communication from Entropic.

98. ~~96.~~ Cox has been aware that it infringes the '690 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '690 Patent and its infringing activities, Cox has failed to cease its infringing activities.

99. ~~97.~~ Customers and subscribers of Cox infringe at least Claims 7 and 8 of the '690 Patent by using the claimed method, at least during receipt of the Accused

Services utilizing, for example, the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem).

100. 98. Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims 7 and 8 of the '690 Patent by providing the Accused Cable Modem Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products to infringe the '690 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the cable modem functions claimed by the '690 Patent via the Accused Services, which enable and induce its customers to directly infringe the '690 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 7 and 8 of the '690 Patent.

101. 99. Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 7, and 8 of the '690 Patent.

102. 100. The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 7 and 8 of the '690 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringing manner.

103. 101. Cox's inducement of, and contribution to, the direct infringement of at least Claims 7 and 8 of the '690 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

104. 102. Cox's infringement of the '690 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

105. 103. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

106. 104. No apparatus claims of the '690 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT III

### (Infringement of the '008 Patent)

107. 105. Entropic incorporates by reference each allegation of Paragraphs 1 through 104.

108. Entropic served infringement contentions which included a claim chart for the '008 Patent on September 15, 2023.

109. 106. The '008 Patent duly issued on July 29, 2014 from an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

110. 107. Entropic owns all substantial rights, interest, and title in and to the '008 Patent, including the sole and exclusive right to prosecute this action and enforce the '008 Patent against infringers and to collect damages for all relevant times.

111. 108. The '008 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. A true and accurate copy of the '008 Patent is attached hereto as Exhibit 5.

112. 109. The '008 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

113. 110. The '008 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

114. 111. Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

115. 112. The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

116. 113. The Accused Cable Modem Products and Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

117. 114. As set forth in the attached nonlimiting claim chart (Exhibit 6), Cox has directly infringed and is infringing at least Claims 1-6, 9 and 210 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

118. 115. Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

119. 116. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

120. 117. Cox directly infringes at least Claims 1-6, 9, and 210 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem), Accused Set Top Products (for example, the Arris AX013ANM STB), and/or the Accused Services (for example, monitoring signals by the Accused Cable Modem Products and Accused Set Top Products).

121. 118. The use of the Accused Cable Modem Products and Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims ~~1~~1-6, 9, and ~~2~~10 of the '008 Patent.

122. ~~119.~~ Cox had knowledge of the '008 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

123. ~~120.~~ Cox has been aware that it infringes the '008 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

124. ~~121.~~ Cox has known of or has been willfully blind to the '008 Patent since before the August 9, 2022 communication from Entropic.

125. ~~122.~~ Cox has been aware that it infringes the '008 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '008 Patent and its infringing activities, Cox has failed to cease its infringing activities.

126. ~~123.~~ Customers and subscribers of Cox infringe at least Claims ~~1~~1-6, 9, and ~~2~~10 of the '008 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and Accused Set Top Products (for example, the Arris AX013ANM STB).

127. ~~124.~~ Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least Claims ~~1~~1-6, 9 and ~~2~~10 of the '008 Patent by providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products and Accused Set Top Products to infringe the '008 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the full band digital tuning and signal monitoring functions claimed by the '008 Patent via the Accused Services, which enable and induce its customers to directly infringe the '008 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claims ~~1~~1-6, 9, and ~~2~~10 of the '008 Patent.

128. 125. Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Cable Modem Products and Accused Set Top Products, that are used by customers to directly infringe at least Claims 11-6, 9, and 210 of the '008 Patent.

129. 126. The Accused Cable Modem Products and Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products and Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 11-6, 9, and 210 of the '008 Patent. The Accused Cable Modem Products and Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

130. 127. Cox's inducement of, and contribution to, the direct infringement of at least Claims 11-6, 9, and 210 of the '008 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products and Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

131. 128. Cox's infringement of the '008 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

132. 129. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

133. 130. Entropic is aware of no obligation to mark any instrumentality with the '008 Patent in accordance with 35 U.S.C. § 287.

## COUNT IV

### (Infringement of the '362 Patent)

134. ~~131.~~ Entropic incorporates by reference each allegation of Paragraphs 1 through 130.

135. Entropic served infringement contentions which included a claim chart for the '362 Patent on September 15, 2023.

136. ~~132.~~ The '362 Patent duly issued on December 8, 2015 from an application filed February 5, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

137. ~~133.~~ Entropic owns all substantial rights, interest, and title in and to the '362 Patent, including the sole and exclusive right to prosecute this action and enforce the '362 Patent against infringers and to collect damages for all relevant times.

138. ~~134.~~ The '362 Patent generally describes a wideband receiver system that down converts a plurality of frequencies including desired television channels and undesired television channels, digitizes frequencies, selects desired television channels from the frequencies, and outputs the selected television channels to a demodulator as a digital data stream. A true and accurate copy of the '362 Patent is attached hereto as Exhibit 7.

139. ~~135.~~ The '362 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

140. ~~136.~~ The '362 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

141. ~~137.~~ Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

142. ~~138.~~ The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

143. ~~139.~~ The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

144.   ~~140.~~ As set forth in the attached nonlimiting claim chart (Exhibit 8), Cox has directly infringed and is infringing at least ~~Claim~~Claims 11 and 12 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

145.   ~~141.~~ Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

146.   ~~142.~~ Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

147.   ~~143.~~ Cox directly infringes at least ~~Claim~~Claims 11 and 12 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels provided by Cox).

148.   ~~144.~~ The use of the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least ~~Claim~~Claims 11 and 12 of the '362 Patent.

149.   ~~145.~~ Cox had knowledge of the '362 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

150.   ~~146.~~ Cox has been aware that it infringes the '362 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

151.   ~~147.~~ Cox has known of or has been willfully blind to the '362 Patent since before the August 9, 2022 communication from Entropic.

152. ~~148.~~ Cox has been aware that it infringes the '362 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '362 Patent and its infringing activities, Cox has failed to cease its infringing activities.

153. ~~149.~~ Customers and subscribers of Cox infringe at least ~~Claim~~Claims 11 and 12 of the '362 Patent by using the claimed system, at least during the use of the Accused Set Top Products ~~(for example, the Arris AX013ANM STB)~~.

154. ~~150.~~ Cox actively induces customers' direct infringement. For example, Cox actively induces infringement of at least ~~Claim~~Claims 11 and 12 of the '362 Patent by providing the Accused Set Top Products to Cox customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products to infringe the '362 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Cox provides the television channel digitization, selection, and output functions claimed by the '362 Patent via the Accused Services, which enable and induce its customers to directly infringe the '362 Patent. For at least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least ~~Claim~~Claims 11 and 12 of the '362 Patent.

155. ~~151.~~ Cox contributes to the customers' direct infringement. Cox provides apparatuses, namely the Accused Set Top Products, that are used by customers to directly infringe at least ~~Claim~~Claims 11 and 12 of the '362 Patent.

156. ~~152.~~ The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least ~~Claim~~Claims 11 and 12 of the '362 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

157. ~~153.~~ Cox's inducement of, and contribution to, the direct infringement of at least ~~Claim~~Claims 11 and 12 of the '362 Patent is continuous and ongoing through

acts such as providing the Accused Set Top Products to Cox customers, which enables those customers to receive the Accused Services; Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

158. ~~154.~~ Cox's infringement of the '362 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

159. ~~155.~~ Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

160. ~~156.~~ No apparatus claims of the '362 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT V

### (Infringement of the '826 Patent)

161. ~~157.~~ Entropic incorporates by reference each allegation of Paragraphs 1 through 156.

162. Entropic served infringement contentions which included a claim chart for the '826 Patent on September 15, 2023.

163. ~~158.~~ The '826 Patent duly issued on November 21, 2017 from an application filed November 23, 2015, an application filed July 28, 2014, an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

164. ~~159.~~ Entropic owns all substantial rights, interest, and title in and to the '826 Patent, including the sole and exclusive right to prosecute this action and enforce the '826 Patent against infringers and to collect damages for all relevant times.

165. ~~160.~~ The '826 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal

characteristics to the source of the received signal. A true and accurate copy of the '826 Patent is attached hereto as Exhibit 9.

166. 161. The '826 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

167. 162. The '826 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

168. 163. Cox deploys one or more of the Accused Cable Modem Products and Accused Set Top Products in connection with operating and providing the Accused Services.

169. 164. The Accused Cable Modem Products and Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

170. 165. The Accused Cable Modem Products and Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

171. 166. As set forth in the attached nonlimiting claim chart (Exhibit 10), Cox has directly infringed and is infringing at least Claim 1 Claims 1-4, 6, 8, and 9 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products, Accused Set Top Products and/or the Accused Services.

172. 167. Each aspect of the functioning of the Accused Cable Modem Products and Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

173. 168. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products and Accused Set Top Products while deployed to customer premises.

174. 169. Cox directly infringes at least Claim 1 Claims 1-4, 6, 8, and 9 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and Accused Set Top Products (for example, the Arris AX013ANM STB Technicolor CGM4141 cable modem) and/or the Accused Services (for example,

1  monitoring signals by the Accused Cable Modem Products and Accused Set Top
2  Products).

3      175. 170. The use of the Accused Cable Modem Products and Accused Set Top
4  Products by Cox to, for example, demonstrate products in brick-and-mortar stores at
5  66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California
6  92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B,
7  Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa
8  Margarita, California 92688, or to, for example, test those products, constitute acts of
9  direct infringement of at least Claim 1Claims 1-4, 6, 8, and 9 of the '826 Patent.

10     176. 171. Cox had knowledge of the '826 Patent no later than its receipt of
11  Entropic's communication sent to Cox on August 9, 2022.

12     177. 172. Cox has been aware that it infringes the '826 Patent no later than its
13  receipt of Entropic's communication sent to Cox on August 9, 2022.

14     178. 173. Cox has known of or has been willfully blind to the '826 Patent since
15  before the August 9, 2022 communication from Entropic.

16     179. 174. Cox has been aware that it infringes the '826 Patent since at least as
17  early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17.
18  Since obtaining knowledge of the '826 Patent and its infringing activities, Cox has
19  failed to cease its infringing activities.

20     180. 175. Customers and subscribers of Cox infringe at least Claim 1Claims 1-
21  4, 6, 8, and 9 of the '826 Patent by using the claimed system, at least during the use of
22  the Accused Cable Modem Products and Accused Set Top Products (for example, the
23  Arris AX013ANM STB).

24     181. 176. Cox actively induces customers' direct infringement. For example,
25  Cox actively induces infringement of at least Claim 1Claims 1-4, 6, 8, and 9 of the '826
26  Patent by providing the Accused Cable Modem Products and Accused Set Top Products
27  to Cox customers with specific instructions and/or assistance (including installation)
28  regarding the use of the Accused Cable Modem Products and Accused Set Top Products

-26-

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  to infringe the '826 Patent in accordance with the ordinary course of operation through

2  the provision of the Accused Services. Cox provides the signal monitoring claimed by

3  the '826 Patent via the Accused Services, which enable and induce its customers to

4  directly infringe the '826 Patent. For at least the above-listed reasons, Cox aids,

5  instructs, supports, and otherwise acts with the intent to cause an end user to use the

6  Accused Cable Modem Products and Accused Set Top Products to infringe at least

7  ~~Claim 1~~Claims 1-4, 6, 8, and 9 of the '826 Patent.

8       182.  ~~177.~~ Cox contributes to the customers' direct infringement. Cox provides

9  apparatuses, namely the Accused Cable Modem Products and Accused Set Top

10 Products, that are used by customers to directly infringe at least ~~Claim 1~~Claims 1-4, 6,

11 8, and 9 of the '826 Patent.

12      183.  ~~178.~~ The Accused Cable Modem Products and Accused Set Top Products

13 have no substantial noninfringing uses. When an end user uses the Accused Cable

14 Modem Products and Accused Set Top Products to receive the Accused Services, the

15 end user directly infringes at least ~~Claim 1~~Claims 1-4, 6, 8, and 9 of the '826 Patent.

16 The Accused Cable Modem Products and Accused Set Top Products are especially

17 made or especially adapted for use in an infringing manner.

18      184.  ~~179.~~ Cox's inducement of, and contribution to, the direct infringement of

19 at least ~~Claim 1~~Claims 1-4, 6, 8, and 9 of the '826 Patent is continuous and ongoing

20 through acts such as providing the Accused Cable Modem Products and Accused Set

21 Top Products to Cox customers, which enables those customers to receive the Accused

22 Services; Cox's provision of the Accused Services; and technical assistance provided

23 by Cox for equipment it provides to its customers in support of the provision of the

24 Accused Services.

25      185.  ~~180.~~ Cox's infringement of the '826 Patent is, has been, and continues to

26 be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights

27 under the patent.

28

186. 181. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

187. 182. No apparatus claims of the '826 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

### COUNT VI

### (Infringement of the '682 Patent)

188. 183. Entropic incorporates by reference each allegation of Paragraphs 1 through 182.

189. Entropic served infringement contentions which included a claim chart for the '682 Patent on September 15, 2023.

190. 184. The '682 Patent duly issued on November 20, 2018 from an application filed January 9, 2018, an application filed February 16, 2017, an application filed August 4, 2016, an application filed July 23, 2013, and, *inter alia* a provisional application filed July 23, 2012.

191. 185. Entropic owns all substantial rights, interest, and title in and to the '682 Patent, including the sole and exclusive right to prosecute this action and enforce the '682 Patent against infringers and to collect damages for all relevant times.

192. 186. The '682 Patent generally describes a method performed by a cable modem termination system and/or converged cable access platform, the method including determining a corresponding signal-to-noise-ratio ("SNR") related metric, assigning cable modems to service groups based on a respective corresponding SNR-related metric, generating a composite SNR-related metric based on a worst-case SNR profile, selecting a physical layer communication parameter to be used for communicating with a service group based on a composite SNR-related metric, and communicating with cable modems in the service group using the selected physical

-28-

layer communication parameter. A true and accurate copy of the '682 Patent is attached hereto as Exhibit 11.

193. ~~187.~~ The '682 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

194. ~~188.~~ The '682 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

195. ~~189.~~ Cox deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

196. ~~190.~~ The Accused Cable Modem Products deployed by Cox to customer premises remain the property of Cox while deployed.

197. ~~191.~~ The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Cox.

198. ~~192.~~ As set forth in the attached nonlimiting claim chart (Exhibit 12), Cox has directly infringed and is infringing at least ~~Claim 1~~ Claims 1-5 and 9 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services.

199. ~~193.~~ Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

200. ~~194.~~ Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

201. ~~195.~~ Cox directly infringes at least ~~Claim 1~~ Claims 1-5 and 9 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services, which utilize cable modem termination systems and/or converged cable access platforms that communicate with the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem).

202. ~~196.~~ The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620;

6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least ~~Claim 1~~Claims 1-5 and 9 of the '682 Patent.

203. ~~197.~~ Cox had knowledge of the '682 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

204. ~~198.~~ Cox has been aware that it infringes the '682 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

205. ~~199.~~ Cox has known of or has been willfully blind to the '682 Patent since before the August 9, 2022 communication from Entropic.

206. ~~200.~~ Cox has been aware that it infringes the '682 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '682 Patent and its infringing activities, Cox has failed to cease its infringing activities.

207. ~~201.~~ Cox's infringement of the '682 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

208. ~~202.~~ Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

209. ~~203.~~ No apparatus claims of the '682 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT VII

### (Infringement of the '866 Patent)

210. ~~204.~~ Entropic incorporates by reference each allegation of Paragraphs 1 through 203.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

211. Entropic served infringement contentions which included a claim chart for the '866 Patent on September 15, 2023.

212. 205. The '866 Patent duly issued on July 5, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

213. 206. Entropic owns all substantial rights, interest, and title in and to the '866 Patent, including the sole and exclusive right to prosecute this action and enforce the '866 Patent against infringers and to collect damages for all relevant times.

214. 207. The '866 Patent generally describes a cable television device that digitizes an entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. A true and accurate copy of the '866 Patent is attached hereto as Exhibit 13.

215. 208. The '866 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

216. 209. The '866 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

217. 210. Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

218. 211. The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

219. 212. The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

220. 213. As set forth in the attached nonlimiting claim chart (Exhibit 14), Cox has directly infringed and is infringing at least Claim Claims 27, 28, 33, 36, 37, 41, 42,

47, 50, and 51 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

221. 214. Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

222. 215. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

223. 216. Cox directly infringes at least ClaimClaims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

224. 217. The use of the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least ClaimClaims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent.

225. 218. Cox had knowledge of the '866 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

226. 219. Cox has been aware that it infringes the '866 Patent no later than its receipt of Entropic's communication sent to Cox on August 9, 2022.

227. 220. Cox has known of or has been willfully blind to the '866 Patent since before the August 9, 2022 communication from Entropic.

228. 221. Cox has been aware that it infringes the '866 Patent since at least as early as receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17.

1  Since obtaining knowledge of the '866 Patent and its infringing activities, Cox has
2  failed to cease its infringing activities.

3      229. ~~222.~~ Customers and subscribers of Cox infringe at least ~~Claim~~Claims 27,
4  28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent by using the claimed system, at
5  least during the use of the Accused Set Top Products (for example, the Arris
6  AX013ANM STB).

7      230. ~~223.~~ Cox actively induces customers' direct infringement. For example,
8  Cox actively induces infringement of at least ~~Claim~~Claims 27, 28, 33, 36, 37, 41, 42,
9  47, 50, and 51 of the '866 Patent by providing the Accused Set Top Products to Cox
10 customers with specific instructions and/or assistance (including installation) regarding
11 the use of the Accused Set Top Products to infringe the '866 Patent in accordance with
12 the ordinary course of operation through the provision of the Accused Services. For at
13 least the above-listed reasons, Cox aids, instructs, supports, and otherwise acts with the
14 intent to cause an end user to use the Accused Set Top Products to infringe at least
15 ~~Claim~~Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent.

16     231. ~~224.~~ Cox contributes to the customers' direct infringement. Cox provides
17 apparatuses, namely the Accused Set Top Products, that are used by customers to
18 directly infringe at least ~~Claim~~Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the
19 '866 Patent.

20     232. ~~225.~~ The Accused Set Top Products have no substantial noninfringing
21 uses. When an end user uses the Accused Set Top Products to receive the Accused
22 Services, the end user directly infringes at least ~~Claim~~Claims 27, 28, 33, 36, 37, 41, 42,
23 47, 50, and 51 of the '866 Patent. The Accused Set Top Products are especially made
24 or especially adapted for use in an infringing manner.

25     233. ~~226.~~ Cox's inducement of, and contribution to, the direct infringement of
26 at least ~~Claim~~Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of the '866 Patent is
27 continuous and ongoing through acts such as providing the Accused Set Top Products
28 to Cox customers, which enables those customers to receive the Accused Services;

Cox's provision of the Accused Services; and technical assistance provided by Cox for equipment it provides to its customers in support of the provision of the Accused Services.

234. ~~227.~~ Cox's infringement of the '866 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

235. ~~228.~~ Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

236. ~~229.~~ Entropic is aware of no obligation to mark any instrumentality with the '866 Patent in accordance with 35 U.S.C. § 287.

## COUNT VIII

### (Infringement of the '206 Patent)

237. ~~230.~~ Entropic incorporates by reference each allegation of Paragraphs 1 through 229.

238. Entropic served infringement contentions which included a claim chart for the '206 Patent on September 15, 2023.

239. ~~231.~~ The '206 Patent duly issued on July 26, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

240. ~~232.~~ Entropic owns all substantial rights, interest, and title in and to the '206 Patent, including the sole and exclusive right to prosecute this action and enforce the '206 Patent against infringers and to collect damages for all relevant times.

241. ~~233.~~ The '206 Patent generally describes ~~a receiver system that receives~~ receiving an input signal from a cable network, ~~digitizes~~ digitizing the entire

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1   input signal, ~~concurrently selects~~selecting a plurality of desired channels from the

2   digitized input signal without selecting any undesired channels, and ~~provides~~providing

3   the plurality of desired channels. A true and accurate copy of the '206 Patent is attached

4   hereto as Exhibit 15.

5       242.   ~~234.~~ The '206 Patent is directed to patent-eligible subject matter pursuant

6   to 35 U.S.C. § 101.

7       243.   ~~235.~~ The '206 Patent is valid and enforceable, and presumed as such,

8   pursuant to 35 U.S.C. § 282.

9       244.   ~~236.~~ Cox deploys one or more of the Accused Cable Modem Products and

10  Accused Set Top Products in connection with operating and providing the Accused

11  Services.

12      245.   ~~237.~~ The Accused Cable Modem Products and Accused Set Top Products

13  deployed by Cox to customer premises remain the property of Cox while deployed.

14      246.   ~~238.~~ The Accused Cable Modem Products and Accused Set Top Products

15  operate while deployed in a manner controlled and intended by Cox.

16      247.   ~~239.~~ As set forth in the attached nonlimiting claim chart (Exhibit 16), Cox

17  has directly infringed and is infringing at least ~~Claim 25 of~~Claims 13, 14, 19, 21, 23,

18  25, 26, 31, 34, 35, 38, 39, 44, 47, and 48of the '206 Patent by using, selling, and/or

19  offering for sale the Accused Services through the Accused Cable Modem Products and

20  Accused Set Top Products.

21      248.   ~~240.~~ Each aspect of the functioning of the Accused Cable Modem Products

22  and Accused Set Top Products described in the claim chart operates while deployed to

23  customer premises in a manner controlled and intended by Cox.

24      249.   ~~241.~~ Cox provides no software, support, or other facility to customers to

25  modify any aspect of the functioning described in the claim chart of the Accused Cable

26  Modem Products and Accused Set Top Products while deployed to customer premises.

27      250.   ~~242.~~ Cox directly infringes at least ~~Claim~~Claims 13, 14, 19, 21, 23, 25, 26,

28  31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent by using, importing, selling, and/or

offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4141 cable modem) and Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

251. 243. The use of the Accused Services through the Accused Cable Modem Products and Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least ClaimClaims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent.

252. 244. Customers and subscribers of Cox infringe at least ClaimClaims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Cable Modem Products and Accused Set Top Products (for example, the Arris AX013ANM STB).

253. 245. The Accused Cable Modem Products and Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products and Accused Set Top Products to receive the Accused Services, the end user directly infringes at least ClaimClaims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of the '206 Patent. The Accused Cable Modem Products and Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

254. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

255.   No apparatus claims of the '206 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

**COUNT IX**

**(Infringement of the '275 Patent)**

256.   Entropic incorporates by reference each allegation of Paragraphs 1 through 247.

257.   Entropic served an infringement contention claim chart for the '275 Patent on November 3, 2023.

258.   The '275 Patent duly issued on October 10, 2023 from an application filed September 30, 2022, an application filed July 12, 2022, an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

259.   Entropic owns all substantial rights, interest, and title in and to the '275 Patent, including the sole and exclusive right to prosecute this action and enforce the '275 Patent against infringers and to collect damages for all relevant times.

260.   The '275 Patent generally describes a wideband receiver system that digitizes an input signal, selects desired channels from the digitized signal, and outputs the selected desired channels for demodulation. A true and accurate copy of the '275 Patent is attached hereto as Exhibit 18.

261.   The '275 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

262.   The '275 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

263.   Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

264. The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

265. The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

266. As set forth in the attached nonlimiting claim chart (Exhibit 19), Cox has directly infringed and is infringing at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, selling, and/or offering for sale the Accused Services through the Accused Set Top Products.

267. Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

268. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

269. Cox directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

270. The use of the Accused Services through the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent.

271.   Customers and subscribers of Cox infringe at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Set Top Products.

272.   The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

273.   246. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

274.   Entropic is aware of no obligation to mark any instrumentality with the '275 Patent in accordance with 35 U.S.C. § 287.

**COUNT X**

**(Infringement of the '438 Patent)**

275.   Entropic incorporates by reference each allegation of Paragraphs 1 through 266.

276.   Entropic served an infringement contention claim chart for the '438 Patent on November 3, 2023.

277.   The '438 Patent duly issued on January 9, 2018, from an application filed February 16, 2017, an application filed August 4, 2016, an application filed July 23, 2013, and, *inter alia* a provisional application filed July 23, 2012.

278.   Entropic owns all substantial rights, interest, and title in and to the '438 Patent, including the sole and exclusive right to prosecute this action and enforce the '438 Patent against infringers and to collect damages for all relevant times.

279.   The '438 Patent generally describes a mechanism for determining communication parameters for communications between a cable modem termination

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

system and cable modems. A true and accurate copy of the '438 Patent is attached hereto
as Exhibit 20.

280.   The '438 Patent is directed to patent-eligible subject matter pursuant to
35 U.S.C. § 101.

281.   The '438 Patent is valid and enforceable, and presumed as such, pursuant
to 35 U.S.C. § 282.

282.   Cox deploys one or more of the Accused Cable Modem Products and
Accused Set Top Products in connection with operating and providing the Accused
Services.

283.   The Accused Cable Modem Products and Accused Set Top Products
deployed by Cox to customer premises remain the property of Cox while deployed.

284.   The Accused Cable Modem Products operate while deployed in a manner
controlled and intended by Cox.

285.   As set forth in the attached nonlimiting claim chart (Exhibit 21), Cox has
directly infringed and is infringing at least Claims 1-5 and 9 of the '438 Patent by using,
importing, selling, and/or offering for sale the Accused Services.

286.   Each aspect of the functioning of the Accused Cable Modem Products and
Accused Set Top Products described in the claim chart operates while deployed to
customer premises in a manner controlled and intended by Cox.

287.   Cox provides no software, support, or other facility to customers to modify
any aspect of the functioning described in the claim chart of the Accused Cable Modem
Products and Accused Set Top Products while deployed to customer premises.

288.   Cox directly infringes at least Claims 1-5 and 9 of the '438 Patent by using,
importing, selling, and/or offering for sale the Accused Services, which utilize cable
modem termination systems and/or converged cable access platforms that communicate
with the Accused Cable Modem Products and Accused Set Top Products (for example,
the Technicolor CGM4141 cable modem).

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

289.    The use of the Accused Services by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1-5 and 9 of the '438 Patent.

290.    Cox had knowledge of the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

291.    Cox has been aware that it infringes the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

292.    Cox has known of or has been willfully blind to the '438 Patent since before the November 3, 2023 infringement contention claim charts were served.

293.    Cox has been aware that it infringes the '438 Patent since at least as early as receipt of Entropic's November 3, 2023 infringement contention claim charts. Since obtaining knowledge of the '438 Patent and its infringing activities, Cox has failed to cease its infringing activities.

294.    Cox's infringement of the '438 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

295.    Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

296.    247. No apparatus claims of the '206438 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Entropic requests that:

1  A.  The Court find that Cox has directly infringed the Patents-in-Suit and hold

2  Cox liable for such infringement;

3  B.  The Court find that Cox has indirectly infringed the Patents-in-Suit by

4  inducing its customers to directly infringe the Patents-in-Suit and hold Cox liable for

5  such infringement;

6  C.  The Court find that Cox has indirectly infringed the Patents-in-Suit by

7  contributing to its customers' direct infringement of the Patents-in-Suit and hold Cox

8  liable for such infringement;

9  D.  The Court award damages pursuant to 35 U.S.C. § 284 adequate to

10  compensate Entropic for Cox's past infringement of the Patents-in-Suit, including both

11  pre- and post-judgment interest and costs as fixed by the Court;

12  E.  The Court increase the damages to be awarded to Entropic by three times

13  the amount found by the jury or assessed by the Court;

14  F.  The Court declare that this is an exceptional case entitling Entropic to its

15  reasonable attorneys' fees under 35 U.S.C. § 285; and

16  G.  The Court award such other relief as the Court may deem just and proper.

17  **<u>JURY TRIAL DEMANDED</u>**

18  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Entropic hereby

19  requests a trial by jury on all issues raised by this Complaint.

20

21  Dated:  November 10, 2023          Respectfully submitted,

22

23                                    By: */s/ Christina N. Goodrich*~~—~~

24                                    Christina N. Goodrich (SBN 261722)
                                      christina.goodrich@klgates.com

25                                    ~~Connor J. Meggs~~Cassidy T. Young (SBN

26                                    ~~336159~~342891)
                                      ~~connor.meggs~~cassidy.young@klgates.com

27                                    K&L GATES LLP
                                      10100 Santa Monica Boulevard

28

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1
2
3

Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

4
5
6

James Shimota (*pro hac vice* ~~forthcoming~~)
Jason Engel (*pro hac vice* ~~forthcoming~~)
George Summerfield (*pro hac vice*
~~forthcoming~~)

7
8
9
10
11
12

**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

13
14
15
16
17

Darlene F. Ghavimi (*pro hac vice*
~~forthcoming~~)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

18
19

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

20
21
22
23
24
25
26
27
28

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT