1  DAVID M. KEYZER (SB# 248585)
   david@keyzerlaw.com
2  LAW OFFICE OF DAVID KEYZER, P.C.
   5170 Golden Foothill Parkway
3  El Dorado Hills, CA 95762
   Telephone: (916) 243-5259
4  Facsimile: (916) 404-0436

5

6

7

8                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
9                      SOUTHERN DIVISION

10
   ENTROPIC COMMUNICATIONS, LLC,      §
11         Plaintiff,                  §
                                       §
                                       §   Case No. 2:23-cv-01043-JWH-KES
12      v.                             §      LEAD CASE
                                       §   Case No. 2:23-cv-01049-JWH-KES
13 DISH NETWORK CORPORATION,           §      LEAD CASE
   et al.,                             §
14         Defendants.                 §
   _____ §   Hon. John W. Holcomb
15                                     §   Special Master David M. Keyzer
   ENTROPIC COMMUNICATIONS, LLC,      §
16         Plaintiff,                  §
                                       §   **SPECIAL MASTER ORDER**
17      v.                             §   **No. SM-5**
                                       §
18 COX COMMUNICATIONS, INC., et al.,   §
           Defendants.                 §
19                                     §

20

---

1    Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as

2    Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043, Dkt. 74; Civil

3    Action No. 2:23-cv-1049, Dkt. 62), and further pursuant to the Court's grant of

4    consolidations (Civil Action No. 2:23-cv-1043, Dkt. 129, Oct. 13, 2023 Order; Civil

5    Action No. 2:23-cv-1049, Dkt. 95, Oct. 16, 2023 Order) and the discovery dispute

6    resolution procedure agreed upon by the parties and adopted by the special master (Civil

7    Action No. 2:23-cv-1043, Dkt. 85-1, Aug. 4, 2023 Special Master Order No. SM-2; Civil

8    Action No. 2:23-cv-1049, Dkt. 70-1, Aug. 4, 2023 Special Master Order No. SM-2), the

9    Special Master set a discovery hearing for November 3, 2023 (Civil Action No. 2:23-cv-

10   1043, Dkt. 152-1, Oct. 30, 2023 Special Master Order No. SM-4; Civil Action No. 2:23-

11   cv-1049, Dkt. 102-1, Oct. 30, 2023 Special Master Order No. SM-4), and the Special

12   Master heard oral arguments on behalf of the parties.

## I.  SPECIAL MASTER MINUTES

At the November 3, 2023 discovery hearing, the parties appeared as follows:

| Present for Plaintiff Entropic | Present for Comcast Defendants | Reporter |
|---|---|---|
| Christina Goodrich<br>Katherine Allor<br>Cassidy Young | Krishnan Padmanabhan<br>Saranya Raghavan<br>Claire Dial | Suzanne Hull |

The Special Master convened the discovery hearing at 12:37 P.M. Pacific Time, heard arguments by Christina Goodrich and Katherine Allor on behalf of Entropic

1  Communications, LLC ("Entropic") and by Krishnan Padmanabhan on behalf of
2  Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable
3  Communications Management, LLC (collectively, "Comcast" or the "Comcast
4  Defendants"), took a recess from 1:45 P.M. to 1:56 P.M., set further proceedings (as
5  discussed on the record and herein), and adjourned at 2:53 P.M.

## II.  ENTROPIC'S MOTION

A.  The Parties' Positions

Entropic argues that Comcast has failed to produce documents in response to Entropic's requests for production ("RFPs") regarding, for example, a vendor support agreement ("VSA") between Comcast and MaxLinear, Inc. ("MaxLinear").  (Oct. 11, 2023 Entropic -1048 Ltr. at 1–2.)  Comcast has argued in a motion to dismiss (No. 2:23-cv-01048, Dkt. 83) that the VSA granted Comcast a covenant-not-to-sue at a time when MaxLinear owned the patents-in-suit, prior to MaxLinear assigning the patents-in-suit to Entropic.

Entropic argues that Comcast's reliance on the Court's tentative order on Comcast's motion to dismiss is unavailing because the Court clearly stated during the August 9, 2023 hearing on that motion that "it's truly a tentative" and that "[t]he status quo is what it is in terms of discovery."  (*Id.* at 2.)  Entropic also argues that Comcast should not be permitted to rely on the VSA in moving the Court to dismiss Entropic's claims while also preventing Entropic from obtaining discovery regarding the VSA.  (*Id.*)

Moreover, Entropic argues, the Court's tentative ruling would allow Entropic to amend its pleading regarding willfulness (because the covenant not to sue includes an exception for willful infringement), such that Comcast cannot in any way rely on the VSA to resist discovery as to willfulness. (*Id.*)  Finally, Entropic argues that Comcast cannot resist discovery by suggesting that Entropic could obtain the same information from other sources such as from MaxLinear (regardless of whether MaxLinear's assignment agreement with Entropic obligates MaxLinear to assist Entropic in this litigation). (*Id.* at 2–3.)

Comcast responds:

> Entropic must first plausibly plead willful infringement of an asserted patent in order to establish standing before discovery on the issue can be sought. *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022). As the Tentative Order makes clear, Entropic's current allegations are not plausible, and Entropic's RFPs therefore do not justify or entitle it to the discovery it seeks.

(Oct. 27, 2023 Comcast -1048 Ltr. at 1.)

At the November 3, 2023 hearing, Plaintiff argued that discovery has been open for months and that, at the August 9, 2023 hearing on Comcast's motion to dismiss, the Court expressly chose not to halt any discovery.

Comcast reiterated that the dispute regarding the VSA is jurisdictional and that the burden is therefore on Entropic to demonstrate jurisdiction by presenting plausible allegations of willfulness. Comcast argued that, under these circumstances, Entropic

1  should not be permitted to engage in a "fishing expedition" based on pure speculation and

2  an unfounded hope of finding some purported evidence of willfulness in Comcast's files.

3        Entropic replied that Comcast's reliance on the VSA is a defense to infringement

4  rather than a jurisdictional issue, and Entropic argued that the Requests for Production

5  ("RFPs") that Comcast is opposing, namely RFPs 1–6, 8, 9, 21, 27, and 29, relate to the

6  VSA as well as to willfulness and damages.

7        Comcast replied that it has clearly stated that it had no pre-suit notice of the

8  patents-in-suit and that the RFPs regarding the VSA are subject to other objections by

9  Comcast and, in any event, are irrelevant because there is no allegation that the VSA

10 lacks consideration and because the interpretation of the VSA must be based on the

11 language of the document itself.

12       Entropic responded that it is entitled to test and investigate counsel's

13 representations that Comcast had no pre-suit notice.  Entropic urged that the operative

14 Complaint in this case alleges willfulness and that Comcast should be compelled to

15 produce documents in response to Entropic's RFPs regarding willfulness and the VSA.

16 <u>B.  Discussion</u>

17       The Court expressly stated, at the August 9, 2023 hearing on Comcast's motion to

18 dismiss, that the "[t]he status quo is what it is in terms of discovery."  That "status quo" is

19 reflected in the Court's Order regarding the scheduling conference, which explained:

20       The Court encourages counsel to begin to conduct discovery actively *before*
      the Scheduling Conference. At the very least, the parties shall comply fully

with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

* * *

The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and L.R. 26:

* * *

9. Status of Discovery: A discussion of the present state of discovery, including a summary of completed discovery.

(Civil Action No. 2:23-cv-1050, Dkt. 44, May 17, 2023 Order Setting Scheduling Conference at 2.)

Although the Court stated in its tentative ruling on Comcast's motion to dismiss (prior to the August 9, 2023 hearing) that "jurisdictional discovery is unnecessary," the above-reproduced portion of the May 17, 2023 Order Setting Scheduling Conference demonstrates that the "status quo" referred to by the Court during the August 9, 2023 hearing contemplated ongoing discovery.

Entropic's RFPs here at issue are, in basic terms, as follows (referring to Entropic's July 26, 2023 First Set of Requests for Production in Civil Action No. 2:23-cv-1048, which has since been consolidated into lead Civil Action No. 2:23-cv-1043):

    RFPs 1–4 (regarding the VSA);
    RFP 5 (use of any intellectual property subject to the VSA);
    RFP 6 (valuation of any intellectual property subject to the VSA);

    RFP 8 (investment);
    RFP 9 (MaxLinear involvement in the Multimedia-over-Coax Alliance ("MoCA"));
    RFP 21 (license agreements);
    RFP 27 (Entropic and its patents); and
    RFP 29 (any efforts to license the patents-in-suit or related patents/applications).[1]

Whereas Comcast argues that Plaintiff should be required to first attempt to obtain most such documents from MaxLinear, any availability of documents from MaxLinear does not relieve Comcast of its obligation to respond to discovery requests. *See, e.g., O. L. v. City of El Monte*, No. 2:20-cv-00797-RGK(JDEx), 2021 WL 926105, at *14 (C.D. Cal. Jan. 11, 2021) (Early, J.) ("To the extent that [the responding party] objects that the RFPs seek information equally available to [the requesting party], 'courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.'") (quoting *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (Chapman, J.)).

To whatever extent Comcast's cited *King Pharmaceuticals* case may be analogous, that case is inapplicable because whereas the covenant there at issue "remove[d] any case or controversy that may have existed between the parties at one point," in the present case

---

[1] Entropic also originally sought to compel production in response to RFPs 13, 14, 17, 19, and 20, but Comcast responded that "the parties did not meet and confer on any issues on technical RFP Nos. 13–14, 17, 19–20, and they should not be at issue in the instant dispute" (Oct. 27, 2023 Comcast -1048 Ltr. at 1 n.1), and Entropic did not address these RFPs at the November 3, 2023 hearing.

1  the VSA includes an exception for willful infringement. *King Pharms., Inc. v. Eon Labs,*
2  *Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010).

3  Comcast also cites authority that "knowledge of the patent and knowledge of
4  infringement must be pled with plausibility." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d
5  638, 643 (N.D. Cal. 2022). Perhaps this is an issue for the Court in evaluating Comcast's
6  challenge to Entropic's pleading, but this does not affect the Special Master's analysis of
7  Comcast's discovery obligations in light of the current operative pleading. Comcast's
8  reliance on the *Cooper* case and the *Park* case is similarly unavailing because the present
9  motion concerns whether discovery should be compelled pursuant to Entropic's operative
10 pleading, not whether Entropic's pleading is sufficient. *See Cooper v. Simpson Strong-*
11 *Tie Co.*, 460 F. Supp. 3d 894, 907 (N.D. Cal. May 19, 2020); *see also Park v. Thompson*,
12 851 F.3d 910, 928 (9th Cir. 2017). Comcast's reliance on the *Bristol-Myers* decision by
13 the Supreme Court of the United States is similarly unavailing because that decision
14 addressed whether personal jurisdiction was proper, not whether discovery was
15 appropriate. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct.
16 1773 (2017).

17 The Special Master therefore rejects Comcast's objections based on the Court's
18 tentative order regarding Comcast's motion to dismiss and based on Entropic's purported
19 ability to obtain relevant documents from MaxLinear.

20

As to each specific RFP, Comcast's written objections in its August 28, 2023 Response to the RFPs include Comcast's above-rejected arguments as well as general assertions of lack of relevance, undue burden, and privilege.  Comcast also objects that the word "MaxLinear" is overbroad because it "is defined to include many other entities including all of its 'predecessors in interest' who may have no relationship with the Asserted Patents."  Comcast's arguments are unpersuasive.  Entropic persuasively argued at the November 3, 2023 hearing that RFPs 1–6, 8, 9, 21, 27, and 29 are directed to information that is relevant to the VSA, willfulness, and damages.  Comcast presents no persuasive or particularized showing of undue burden or overbreadth except that Comcast reasonably asserts that it should not be required to "reconstruct backup drives or other media."  *See* Fed. R. Civ. P. 26(b)(2)(B).  Finally, as to Comcast's objection that the reference to "Accused" products, networks, and methods in RFP 21 is unclear because Entropic's infringement contentions are deficient, Comcast's motion regarding Entropic's infringement contentions is addressed in Section III., below.

The Special Master therefore GRANTS Entropic's motion to compel such that Comcast shall produce all non-privileged documents (not including any searching of backup drives or other backup media) that are responsive to RFPs 1–6, 8, 9, 21, 27, and 29.

### III.  COMCAST'S MOTION

Comcast argues that Entropic's infringement contentions lack sufficient specificity. In particular, Comcast argues that:

(1)  As to Claim 18 of the '775 Patent: Entropic fails to identify what it contends is the "DOCSIS MAC processor" and the "DOCSIS controller" in the accused products or why it contends that "downstream PDU packets [are] forward[ed] . . . directly to the data networking engine without the involvement of the DOCSIS controller."

(2)  As to Claim 18 of the '775 Patent: Entropic fails to identify what it contends is the "data bus" in the accused products.

(3) As to Claim 11 of the '362 Patent (which Entropic submits as exemplary of the asserted claims of the '362 Patent, the '206 Patent, and the '866 Patent): Entropic fails to explain what it means by "frequency shift (i.e., downconvert)" and what it is identifying as a purported "mixer module."

(4)  As to Claim 13 of the '206 Patent: Entropic fails to identify what it contends is the "serial interface" in the accused products.

(5)  As to Claim 1 of the '826 Patent: Entropic fails to identify what it contends is a "network management message" in the accused products.

(6)  As to the '008 Patent: Entropic fails to identify what it contends is the "channelizer" in the accused products.

(*See* Oct. 18, 2023 Comcast Ltr.)

Entropic responds: "Comcast has not provided any explanation as to why third-party documents related to Charter products, in a different litigation, are relevant to Comcast's accused products in this action.  Further, Comcast's request requires Entropic to perform an action it cannot—produce documents provided under a protective order in another case."  (Oct. 27, 2023 Entropic Ltr. at 2.)  Entropic argues that "Comcast's

request that Entropic provide its 'true infringement contention' by relying on confidential third-party documents in express violation of a protective order confirms the bad faith nature of Comcast's complaint." (Oct. 27, 2023 Entropic Ltr. at 1.) Entropic also argues that "[c]ontrary to Comcast's representations, Entropic does not accuse any Broadcom products of infringement," and Entropic submits that it explained its infringement contentions to Comcast in detail during meet-and-confers and correspondence. (*Id.* at 2.) Also, for example, Entropic argues that Comcast's request for more detail regarding "frequency shift (i.e., downconvert)" is an issue for claim construction. (*Id.*)

At the November 3, 2023 hearing, the parties and the Special Master discussed what Entropic has identified in its infringement contentions as corresponding to the above-noted claim limitations. The Special Master expressed particular concern regarding the sufficiency of the contentions as to the "network management message." Entropic stated that it intends to amend its infringement contentions during fact discovery. The Special Master expressed that amending the infringement contentions will be necessary but found that presently setting a deadline for such amendment would be premature. Instead, and with an eye toward assisting the parties in preparing for claim construction proceedings (which is the context in which the requirement for infringement contentions originated, *see* No. 2:23-cv-1043, Dkt. 97, Aug. 21, 2023 Order Granting Stipulation Setting Claim Construction Schedule), the Special Master **SET** a status conference for **December 1, 2023, at 9:30 A.M. Pacific Time**, by videoconference,

regarding Entropic's infringement contentions and related discovery, and as to that status conference the Special Master **ORDERS** as follows:

Counsel presenting oral arguments or other discussion shall appear by video. Other counsel and other attendees (such as client representatives) that do not present oral arguments or discussion may attend either with or without video. Attendees shall mute their microphones when they are not presenting or are not otherwise actively participating at a particular time.

If one or more parties desires to have a Reporter present, the parties shall confer and select a Reporter, and the cost of reporting and of ordering transcripts shall be apportioned equally between Plaintiff(s) (one half) and Defendant(s) (one half). The parties shall provide the Reporter's contact information to the Special Master **no later than 3:00 P.M. Pacific Time the day before the hearing**.

The parties shall provide the Special Master with a list of expected participants **no later than 3:00 P.M. Pacific Time the day before the hearing**. This list shall be submitted by e-mail and shall indicate each name together with e-mail address and status as counsel, client representative, or other relevant affiliation.

Each party shall provide all other parties and the Special Master with an electronic copy of any demonstrative presentation slides that the party intends to use during the hearing **no later than 3:00 P.M. Pacific Time the day before the hearing**. Such demonstrative presentation slides that are not designated as confidential shall also be filed

1  in PDF form on the Court's docket as an attachment to a Notice (slides designated as

2  confidential shall be provided only by e-mail to all other parties, the Reporter, and the

3  Special Master).  The parties should not attempt any video screen sharing or other

4  presentation of demonstratives during the hearing but rather should refer to the electronic

5  copies that have been distributed by the parties prior to the hearing.

6      Use of a headset, earbuds, or a combination of a microphone and headphones

7  (rather than using any external speakers) is strongly encouraged so as to minimize

8  feedback, room echoes, and other audio interruptions that might otherwise be a

9  significant impediment to the Special Master in conducting the hearing, to opposing

10 counsel in responding to arguments, and to the Reporter in producing a clear record.

11     Zoom information for this videoconference is as follows:

12         Zoom Webinar ID:  858 7878 9123

13         Password:  22301043

14     To whatever extent Comcast maintains that additional relief is warranted at the

15 present time, the Special Master denies any such additional relief.

### IV.  DISPOSITION

17 The Special Master hereby ORDERS as follows:

| Motion | Disposition |
|---|---|
| Entropic's motion to compel production | **GRANTED** such that the Comcast Defendants shall produce all non-privileged documents (not including any searching of backup drives or other backup media) that are responsive to RFPs 1–6, 8, 9, 21, 27, and 29. |
| Comcast's motion requesting more detailed infringement contentions | **GRANTED AS MODIFIED:**<br>(a) No later than **November 30, 2023 at 12:00 P.M. Pacific Time**, the parties shall send by e-mail to the Special Master a status update regarding discovery relevant to Entropic's infringement contentions that Entropic has obtained and/or that Entropic believes is needed for Entropic to amend its infringement contentions;<br>(b) the Special Master set a status conference for **December 1, 2023, at 9:30 A.M. Pacific Time**, by videoconference (the videoconference information for this status conference is set forth in Section III., above); and<br>(c) to whatever extent Comcast maintains that additional relief is warranted at the present time, the Special Master denies any such additional relief. |

Any requested relief that is not expressly granted above is hereby denied. No fees are awarded.

IT IS SO ORDERED.

Dated: November 14, 2023   By: /s/ David Keyzer
David M. Keyzer
Special Master