DAVID M. KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br>   Plaintiff,<br><br>  v.<br><br>DISH NETWORK CORPORATION, et al.,<br>   Defendants.<br>_____<br>ENTROPIC COMMUNICATIONS, LLC,<br>   Plaintiff,<br><br>  v.<br><br>COX COMMUNICATIONS, INC., et al.,<br>   Defendants. | Case No. 2:23-cv-01043-JWH-KES<br> LEAD CASE<br>Case No. 2:23-cv-01049-JWH-KES<br> LEAD CASE<br><br>Hon. John W. Holcomb<br>Special Master David M. Keyzer<br><br>**SPECIAL MASTER ORDER**<br>**No. SM-6**<br>**AND SPECIAL MASTER MINUTES** |

Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043, Dkt. 74; Civil Action No. 2:23-cv-1049, Dkt. 62), and further pursuant to the Court's grant of consolidations (Civil Action No. 2:23-cv-1043, Dkt. 129, Oct. 13, 2023 Order; Civil Action No. 2:23-cv-1049, Dkt. 95, Oct. 16, 2023 Order) and the discovery dispute resolution procedure agreed upon by the parties and adopted by the special master (Civil Action No. 2:23-cv-1043, Dkt. 85-1, Aug. 4, 2023 Special Master Order No. SM-2), the Special Master held a discovery hearing on November 3, 2023, and ruled on disputes as memorialized in Special Master Order No. SM-5 (Civil Action No. 2:23-cv-1043, Dkt. 174-1, Nov. 14, 2023 Special Master Order No. SM-5) ("SM-5").

SM-5 itself set a status conference for December 1, 2023, regarding relief ordered in SM-5.  The Court subsequently entered an Order on November 20, 2023 (Civil Action No. 2:23-cv-1043, Dkt. 175) ("Order"), ruling on the Comcast Defendants' Motion to Dismiss.  The Comcast Defendants requested that the Special Master vacate SM-5 in light of the Order.  The Special Master advised the parties that the Special Master would hold a hearing on this issue as part of the December 1, 2023 status conference, and the Special Master received letter briefing from the Comcast Defendants on November 28, 2023, and from Entropic on November 30, 2023.

## I. SPECIAL MASTER MINUTES

At the December 1, 2023 status conference and discovery hearing, the parties appeared as follows:

| Present for Plaintiff Entropic | Present for Comcast Defendants | Reporter |
|---|---|---|
| Christina Goodrich<br>Katherine Allor<br>Cassidy Young | Krishnan Padmanabhan<br>Diana Leiden<br>Saranya Raghavan<br>Claire Dial | Megan Alvarez |

The Special Master convened the status conference and discovery hearing at 9:30 A.M. Pacific Time, heard discussion and arguments by Christina Goodrich on behalf of Entropic Communications, LLC ("Entropic") and by Krishnan Padmanabhan on behalf of Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast" or the "Comcast Defendants"), ruled as summarized below, and adjourned at 10:18 A.M.

## II. SPECIAL MASTER ORDER

The Comcast Defendants argued that because the Court has dismissed Entropic's First Amended Complaint (albeit with leave to amend), Entropic currently has no operative complaint upon which Entropic could seek any discovery. The Comcast Defendants urged that the discovery motions are now moot and that the Special Master should vacate SM-5 in its entirety. Alternatively, the Comcast Defendants argued that the Special Master should vacate SM-5 because the Requests for Production as to which

1  the Special Master ordered production pertain to theories that the Order expressly

2  rejected.

3        Plaintiff responded that no motion to stay discovery was ever presented to the

4  Court, and Plaintiff argued that the statement in the Order that "jurisdictional discovery is

5  unnecessary" related to Plaintiff's requests to obtain particular discovery prior to the

6  Court ruling on the Motion to Dismiss.  Plaintiff submitted that although the Court found

7  such discovery unnecessary for purposes of ruling on the Motion to Dismiss, the Court

8  did not address discovery more generally (and had not been called upon to do so).

9        The Special Master considered various authorities cited by the parties.  The

10 Comcast Defendants cited, for example, authority that "a district court lacks discretion to

11 permit a plaintiff to take discovery when she has not yet satisfied Rule 8's plausibility

12 standard."  *Gerritsen v. Warner Bros. Entm't Inc.*, No. CV 14–03305 MMM (CWx),

13 2015 WL 4570081 (C.D. Cal. Mar. 2, 2015) (Morrow, J.) (citing *Mujica v. AirScan Inc.*,

14 771 F.3d 580, 593 n.7 (9th Cir. 2014)).

15       Plaintiff cited, for example, authority that, when a Court dismisses a complaint but

16 grants leave to amend, "previously-served discovery requests are not moot" if the

17 amended complaint "assert[s] similar claims and allegations against [the same party]."

18 *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. ML 19-2905-JAK(PLAx),

19 2022 WL 19425956, at *5 (C.D. Cal. July 25, 2022) (Abrams, M.J.) (citing *Ocean*

20

*Garden Prods. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 4284383, at *4 (D. Ariz. July 27, 2020)).

The Special Master interprets the Order as denying Entropic's particular requests for jurisdictional discovery, *not* as closing discovery or as otherwise addressing discovery more generally.  (*See* Civil Action No. 2:23-cv-1048, Dkt. 91, June 26, 2023 Order Denying Plaintiff's Ex Parte Applications; *see also* Civil Action No. 2:23-cv-1048, Dkt. 96-1, Opp'n to Comcast Defs.' Mot. to Dismiss at 18 ("[T]o the extent the Court determines that the intent of the parties [to the VSA] is ambiguous, the Court should, in its discretion, permit limited jurisdictional discovery on these issues.").)

As discussed during the December 1, 2023 hearing, the Special Master finds that the parties should be afforded an opportunity to meet and confer after Plaintiff amends its complaint.  The Special Master expressed mindfulness that the Order found that certain allegations were not plausible, and the Special Master noted that those findings related to theories or assertions *as alleged in the particular complaint* that was operative at the time of the Order.  The Special Master also finds persuasive the above-cited authority that prior discovery requests are not necessarily mooted by a dismissal when a plaintiff is afforded leave to replead.  *See In re ZF-TRW*, 2022 WL 19425956, at *5.  The parties anticipate disputing whether all, some, or none of the discovery ordered in SM-5 will remain appropriate after Plaintiff files its amended pleading.  To facilitate the parties

presenting this dispute (which the Special Master will likely characterize as a renewed motion for reconsideration of SM-5), the Special Master hereby:

(1) STAYS Special Master Order No. SM-5 until further notice;

(2) ORDERS Entropic and the Comcast Defendants to meet and confer regarding the effect of Entropic's amended complaint with regard to SM-5 no later than **December 14, 2023, at 6:00 P.M. Pacific Time**; and

(3) ORDERS Entropic and the Comcast Defendants to submit to the Special Master by e-mail no later than **December 18, 2023, at 5:00 P.M. Pacific Time**, a joint status report with joint and/or competing proposals for a procedure for the Special Master to hear arguments regarding reconsideration of SM-5 (including, for example, a proposed letter briefing schedule and requested Special Master hearing dates).

Any requested relief that is not expressly granted above is hereby denied. No fees are awarded.

IT IS SO ORDERED.

Dated: December 1, 2023    By: /s/ David M. Keyzer
                              David M. Keyzer
                              Special Master