Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

(additional counsel listed
on signature page)

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants.<br>———————————————<br>ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-1049-JWH-KES<br>(Lead Case)<br>Case No. 2:23-cv-1050-JWH-KES<br>(Related Case)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF COURT'S ORDER ON COMCAST'S MOTION TO DISMISS [DE 121] PURSUANT TO LOCAL RULE 7-18; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CASSIDY YOUNG IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Date:  January 5, 2023<br>Time:  9:00 AM<br>Courtroom:  9D (Santa Ana) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 5, 2023, or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, Plaintiff Entropic Communications, LLC ("Entropic") will, and hereby does, move the Court for reconsideration of its Order (Docket Entry ("DE") 121) granting the motion to dismiss filed by Defendants Comcast Cable Communications Management, LLC; Comcast Corporation; and Comcast Cable Communications, LLC (collectively, "Comcast"). This Motion is made pursuant to Local Rule 7-18, on the grounds that there was a manifest failure to consider material facts and law presented to the Court before its Order was entered. In particular, the Court's Order does not reflect that the supplemental briefing (DE 115) and related argument was considered in reaching the conclusions set forth in the Order nor was it addressed in such Order.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on December 1, 2023.[1] The Parties thoroughly discussed the substance and potential resolution of the Motion by telephone and in related correspondence, but were unable to resolve their dispute. The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the supporting declaration, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

---

[1] Due to short deadline for filing this Motion according to code and the inevitable delays arising from the intervening Thanksgiving Holiday, Entropic sent an email to Comcast to meet and confer on the motion for reconsideration on November 29, 2023. *See* Young Decl. ¶ 6. December 1, 2023, was the first date on which Mr. Padmanabhan stated he was available to meet and confer. *Id.* During the meet and confer, Entropic offered to jointly request an extension of time to file its motion to give Comcast more time to consider Entropic's position; however, Comcast declined the offer and suggested that additional time for consideration was not necessary. *Id.* ¶ 8. Indeed, Comcast confirmed that the additional time would not change its position, which was to oppose the Motion. *Id.* Accordingly, Entropic respectfully requests that the Court grant its motion irrespective of the inability to meet and confer in strict compliance with L.R. 7-3, since Comcast has suffered no prejudice from the delayed conferral, and no material information is presented in the instant motion that diverts from Entropic's oral argument and supplemental briefing.

**ENTROPIC'S MOTION FOR RECONSIDERATION**

Dated: December 4, 2023

Respectfully submitted,

By: */s/ Christina Goodrich*

Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

---

3
**ENTROPIC'S MOTION FOR RECONSIDERATION**

1

## **TABLE OF CONTENTS**

2

I.      INTRODUCTION ..........................................................................................1

II.     PROCEDURAL BACKGROUND ............................................................1

III.    JUDICIAL STANDARD .............................................................................4

IV.     ARGUMENT.................................................................................................5

      A.   The Court should reconsider and amend its Order because it
           overlooked material authority and arguments on the important
           issue of subject matter jurisdiction...................................................5

      B.   The arguments and authority that the Court overlooked were
           within the scope of the Court's grant of supplemental briefing
           on Comcast's Motion. .....................................................................8

      C.   The Court should reconsider and amend its Order to enable the
           parties to have a complete record, including for purposes of
           appellate review. .............................................................................8

V.      CONCLUSION ..........................................................................................10

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENTROPIC'S MOTION FOR RECONSIDERATION**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on
    Schedule "A"*,
    52 F.4th 934 ...................................................................................................8

*Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*,
    755 F.2d 1559 (Fed. Cir. 1985) ...............................................................*passim*

*Applied Biosystems Group v. Illumina, Inc.*,
    282 F. Supp. 2d 1120 (N.D. Cal. 2003).................................................1, 7

*Bryant v. Dep't of Veterans Affs.*,
    26 F.4th 1344 (Fed. Cir. 2022) .................................................................9

*Celgard, LLC v. LG Chem, Ltd.*,
    624 F. App'x 748 (Fed. Cir. 2015) ...........................................................9

*Classical Silk, Inc. v. Dolan Grp., Inc.*,
    2016 WL 7637668 (C.D. Cal. Mar. 1, 2016) .......................................5, 6

*Cooper Notification, Inc. v. Twitter, Inc.*,
    545 F. App'x 959 (Fed. Cir. 2013)........................................................1, 7

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
    966 F. Supp. 2d 1031 (C.D. Cal. 2013).................................................5, 6

*Del Webb Communities Inc. v. Arch Ins. Co.*,
    2015 WL 12734078 (C.D. Cal. May 29, 2015)........................................8

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*,
    963 F.3d 1371 (Fed. Cir. 2020) ................................................................9

*In re Hewlett–Packard Co. Sec. Litig.*,
    2013 WL 3582761 (C.D. Cal. June 17, 2013)......................................5, 6

*Highway Equip. Co., Inc. v. FECO, Ltd.*,
    469 F.3d 1027 (Fed. Cir. 2006) ...........................................................1, 7

*Kilopass Tech., Inc. v. Sidense Corp.*,
    738 F.3d 1302 (Fed. Cir. 2013) ................................................................4

**ENTROPIC'S MOTION FOR RECONSIDERATION**

*Kunkel v. Topmaster Int'l, Inc.*,
   906 F.2d 693 (Fed. Cir. 1990) ........................................................................ 1, 7

*McDowell v. Calderon*,
   197 F.3d 1253 (9th Cir. 1999) ......................................................................... 5

*In re Northrop Grumman Corp. ERISA Litig.*,
   2016 WL 11746546 (C.D. Cal. Mar. 31, 2016) .............................................. 8

*Pixton v. B & B Plastics, Inc.*,
   291 F.3d 1324 (Fed. Cir. 2002) ...................................................................... 1, 7

*Preminger v. Sec'y of Veterans Affs.*,
   517 F.3d 1299 (Fed. Cir. 2008) ...................................................................... 4

*School Dist. No. 1J, Multnomah County v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) ......................................................................... 5, 8

*Smith v. Clark County Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013) ........................................................................ 4, 5

*In re Sullivan*,
   498 F.3d 1345 (Fed. Cir. 2007) ...................................................................... 9

*Thomas v., Hous. Auth. of Cty. of Los Angeles*,
   2005 WL 6136322 (C.D. Cal. Sept. 19, 2005) ............................................. 5, 6

*In re Tropp*,
   748 F. App'x 1022 (Fed. Cir. 2018) ............................................................... 9

**Statutes**

35 U.S.C. § 100 *et seq.* ............................................................................................... 6

**Other Authorities**

Federal Circuit's *Air Products* .................................................................................... 1

L.R. 7-18 .................................................................................................................... 5

Rule 12(b)(1) ................................................................................................... *passim*

Rule 12(b)(6) ........................................................................................................ 2, 3, 9

6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Entropic respectfully requests that the Court reconsider its Order granting Comcast's Motion to Dismiss to permit the parties to have the benefit of the Court's analysis of the issues raised at oral argument and in Supplemental Briefing.[2]  The Order appears to have failed to consider or mention the dispositive issues raised at oral argument and in supplemental briefing regarding Comcast's jurisdictional arguments. As such, the Order is at odds with binding authority holding that a covenant not to sue does not deprive a court of subject matter jurisdiction over a patent infringement action brought by a patent holder.  Indeed, that binding authority—including *Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985)— expressly states:  "We hold, that where a non-frivolous complaint states a claim and seeks relief under the patent laws, exclusive jurisdiction in the federal courts is thereby established." *Id.* at 1564.  Thus, Entropic respectfully requests that the Court reconsider its Order and amend it to address this authority and related arguments, including the application of the *Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985) line of cases to Comcast's Motion.[3]

## II.    PROCEDURAL BACKGROUND

Entropic filed this action on February 10, 2023.  Entropic's initial and First Amended Complaints asserted claims for patent infringement and that infringement was willful.  *See* DE 1, 63.

---

[2] The following definitions are used in this brief: Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff"); Defendants Comcast Cable Communications Management, LLC; Comcast Corporation; and Comcast Cable Communications, LLC (collectively, "Comcast" or "Defendants").

[3] In its supplemental briefing, Entropic analyzed the following cases in connection to the Federal Circuit's *Air Products* decision: *Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959 (Fed. Cir. 2013); *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324 (Fed. Cir. 2002); *Applied Biosystems Group v. Illumina, Inc.*, 282 F. Supp. 2d 1120 (N.D. Cal. 2003); *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693 (Fed. Cir. 1990) (collectively with *Air Prod. & Chemicals, Inc.*, the "*Air Prod. & Chemicals* line of cases").

1

**ENTROPIC'S MOTION FOR RECONSIDERATION**

Comcast moved to dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction. DE 76. Comcast did not move to dismiss Entropic's claims for non-willful patent infringement for failure to state a claim under Rule 12(b)(6). *Id.* Comcast moved under Rule 12(b)(6) solely to dismiss Entropic's allegations of willful conduct by Comcast in infringing. *Id.* In its Motion, Comcast argued that a Vendor Support Agreement ("VSA") that Comcast Cable Communications Management, LLC entered into with a third party—MaxLinear Inc.—contained a covenant not to sue that deprived this Court of subject matter jurisdiction over Entropic's claims against Comcast. *Id.* at 2:8–17. Comcast also argued that Entropic failed to plausibly allege that Comcast willfully infringed Entropic's patents and, thus, its claims for willful infringement should be dismissed for failure to state a claim. *Id.* at 2:18–24.

In preparing for the hearing on Comcast's Motion, Entropic determined that the parties' briefing skipped past the foundational principle that a defense to a claim of patent infringement based on a license or covenant not to sue does not deprive the Court of subject matter jurisdiction, regardless of the content of the defense. Young Decl ¶ 4, Ex. C at 69:17–20). Specifically, Entropic noted that Comcast's Motion relied solely on Rule 12(b)(1) for dismissal of the case in its entirety and that all of Comcast's cases supporting its arguments were either declaratory judgment cases where the patent holder provided a covenant not to sue to the plaintiff or where the plaintiff patent holder asked the Court to dismiss an action where it no longer wished to pursue infringement claims. Ex. C at 70:2–5, 76:16–77:5, 76:15–24; DE 82-1 at 2:8–17, 17:11–18:19. Entropic found case law clearly holding that in circumstances where the plaintiff patent holder files a cause of action for patent infringement and does not seek to surrender its suit, a covenant not to sue cannot deprive a court of subject matter jurisdiction. Ex. C at 77:22–78:4, 78:21–25; DE 115 at 2:3–4:10. Upon discovering this authority, Entropic promptly provided it to Comcast's counsel in advance of the hearing. Young Decl ¶ 2, Ex. A; Ex. C at 75:3–7.

**ENTROPIC'S MOTION FOR RECONSIDERATION**

Shortly before the hearing on Comcast's Motion, the Court issued a tentative ruling.  Young Decl. ¶ 3, Ex. B.  The tentative concluded that the VSA ran with the patents and, as a result, Entropic would need to allege willful infringement in order to pursue its claims.  *Id.*  The tentative then concluded that Entropic had not plausibly alleged willful infringement under Rule 12(b)(6), despite its many factual allegations to support it.  *Id.*

At the hearing on these motions, Entropic discussed the new authority it had found that dealt a fatal blow to Comcast's jurisdictional arguments.  Ex. C at 77:22–78:4, 78:21–25.  Entropic provided the Court and opposing counsel with a copy of the slide deck used by Entropic during the hearing to discuss these cases.  *Id.* ¶ 5.  These slides were then filed with the Court after the hearing.  *See* DE 110.   Entropic also provided the Court with copies of the new cases.  Young Decl. ¶ 5.

During the hearing, Entropic explained that, because Comcast only moved to dismiss Entropic's First Amended Complaint in its entirety based on a lack of subject matter jurisdiction, the Court need only make the following determinations:

- First, whether the VSA's covenant deprived the Court of subject matter jurisdiction.  If it does not, then Comcast's motion under Rule 12(b)(1) must be denied.  Ex. C at 81:4–8.

- Second, whether Entropic's willfulness allegations were lacking under Rule 12(b)(6).  If they were lacking, then the Court could dismiss Entropic's willfulness allegations, but the rest of Entropic's Complaint would remain.  Ex. C at 81:9–12.

The Court then asked whether the Parties wanted to file a supplemental brief on the subject matter jurisdiction issue and the additional cases discussed by Entropic.  Ex. C at 103:7–8.  Entropic responded that it would be happy to file a supplemental brief if it would assist the Court with the subject matter jurisdiction issue.  Ex. C at 103:9–13.  The Court then acknowledged that "this is an important issue" that was indeed "constitutional," and that it "need[ed] to get it right."  Ex. C at 103:19–22.  The Court

ordered Entropic to submit a five-page supplemental brief and ordered Comcast to submit a five-page responsive brief on the subject matter jurisdiction issue.  Ex. C at 104:1–11; 1048 DE 122.

In its supplemental brief, Entropic explained that, regardless of the specific language of VSA's covenant and whether it contained any exceptions, the covenant did not as a matter of law deprive this Court of subject matter jurisdiction.  *See* DE 115. Entropic cited a slew of both binding and persuasive authority holding that a covenant not to sue cannot deprive a court of subject matter jurisdiction over an action for patent infringement where the patent holder is actively pursuing its infringement claims.  *Id.* at 2:3–4:10.  Rather, the covenant is a ***defense*** that goes to the merits of the claim.  *Id.* Thus, as Entropic explained, Comcast's Motion under Rule 12(b)(1) based on the VSA's covenant must be denied.  *Id.*

On November 20, 2023, this Court issued its Order on Comcast's Motion, which was substantively identical to the Court's Tentative Ruling.  *See* DE 121.  In particular, the Court held that it retained subject matter jurisdiction over "activities that the covenant does not cover."  DE 121 at 6.  While the Order referenced and discussed the arguments made in the motion, opposition, and reply, the Order does not mention, nor did it analyze or discuss, the supplemental briefing, related arguments, or the line of cases including *Air Prod. & Chemicals*, which are dispositive of the Rule 12(b)(1) issue. *Id.*

## III.   JUDICIAL STANDARD

"[I]t is a clear error of law to not apply controlling" precedent.  *See Smith v. Clark County Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1317 (Fed. Cir. 2013) (reversing district court for applying wrong legal standard); *see generally Preminger v. Sec'y of Veterans Affs.*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) ("A prior precedential decision on a point of law by a panel of this court is binding precedent and cannot be overruled or avoided unless or until the court sits en banc."). A party may move for reconsideration where there exists "a manifest

**ENTROPIC'S MOTION FOR RECONSIDERATION**

showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. L.R. 7-18. Without doubt, reconsideration is also appropriate to correct a clear legal error. *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) (reconsideration appropriate to correct clear error); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

Indeed, many courts within this District "have concluded that justice is best served by entertaining motions for reconsideration based on a perceived error of law to ensure that the court's prior order is not 'infected with error.'" *Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 WL 7637668, at *8 n.2 (C.D. Cal. Mar. 1, 2016) (collecting cases); *see also In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1040 (C.D. Cal. 2013) (considering motion for reconsideration based on clear error by district court); *In re Hewlett–Packard Co. Sec. Litig.*, 2013 WL 3582761, at *1 (C.D. Cal. June 17, 2013) (same); *Thomas v., Hous. Auth. of Cty. of Los Angeles*, 2005 WL 6136322, at *4 (C.D. Cal. Sept. 19, 2005) (courts have "inherent authority to reconsider interlocutory rulings at any time prior to final judgment").

## IV.    ARGUMENT

### A.    The Court should reconsider and amend its Order because it overlooked material authority and arguments on the important issue of subject matter jurisdiction.

This Court has broad discretion to reconsider and modify its Order so as to address the pivotal binding authority on Comcast's jurisdictional arguments discussed at oral argument and in the parties' supplemental briefing. *See Milton H. Greene Archives, Inc.*, 568 F. Supp. 2d at 1162. Such reconsideration will benefit both parties by creating a complete record on this important issue, which will also aid in appellate review. *See* L.R. 7-18 (explaining that reconsideration is warranted where there has been a "manifest showing of a failure to consider material facts"); *see also Smith*, 727

**ENTROPIC'S MOTION FOR RECONSIDERATION**

F.3d at 955 ("It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake.  This is routine in judging, and there is nothing odd or improper about it.  A trial court may reconsider and reach a conclusion contrary to an earlier decision, and a paradigmatic example of when this should be done is when the court made its prior decision without considering the legal standards in a controlling opinion . . . ."); *Classical Silk*, 2016 WL 7637668, at *8 n.2; *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d at 1040; *In re Hewlett–Packard Co. Sec. Litig.*, 2013 WL 3582761, at *1; *Thomas*, 2005 WL 6136322, at *4.

Here, the Court's reasoning for dismissing Entropic's First Amended Complaint overlooked controlling facts and binding authority that were submitted in the parties' supplemental briefing and discussed at oral argument. *See generally* DE 121. The Court's Order referenced, cited, and analyzed the parties' initial briefing related to Comcast's Motion, but ***does not*** discuss or even mention the supplemental briefing or the related precedent. *Id.*  This, together with the Court's correct observation that the subject matter jurisdiction issue was an "important" and "constitutional" one (Ex. C at 103:19–23), suggests that the Court may have inadvertently rendered its Order without considering the parties' supplemental briefing.

According to Entropic, that authority is dispositive of Comcast's Rule 12(b)(1) Motion.  Under that authority, which includes the *Air Prod. & Chemicals, Inc.* line of cases, the Federal Circuit is clear that where a plaintiff asserts a claim for patent infringement, the Court has federal question subject matter jurisdiction under 35 U.S.C. § 100 *et seq.*, and the inquiry ends there, ***regardless*** of the presence of a covenant not to sue. Ex. C at 75:16–24; DE 115; *See, e.g.*, *Air Prod. & Chemicals, Inc.*, 755 F.2d at 1563–64 ("[T]he fact that a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction.  That resolution of a question of state law [holding a license valid] may render federal questions moot does not deprive a federal court of subject matter jurisdiction where the

plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license."); *Pixton*, 291 F.3d at 1327 ("[T]his is an action for patent infringement in which the defendant has asserted the defense of license.  Jurisdiction in the federal courts is not lost simply because the most efficient approach at trial may be to address the license defense first."); *see also Applied Biosystems Group*, 282 F. Supp. 2d at 1121 ("[T]he jurisdictional test is satisfied. [The patent owner] has presented a well-pleaded complaint based on patent law and has requested the type of relief that patent law can furnish. [Alleged licensee's] challenge is substantial and could indeed, if successful, stop these patent proceedings at their outset, but it must be directed at the merits of [Plaintiff's] claim rather than at this court's jurisdiction."); *Kunkel*, 906 F.2d at 696 ("Kunkel's complaint adequately pleaded a claim for patent infringement. . . .  That Kunkel's complaint also requests . . . rescission of contract cannot impair the federal district court's ability to exercise jurisdiction over the action."); *Highway Equip. Co., Inc.*, 469 F.3d at 1033 n.1 ("[T]he covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint."); *Cooper Notification, Inc.*, 545 F. App'x at 967 ("[A] district court retains jurisdiction over claims in a patent suit . . . even if the patentee offers a covenant not to sue.").

By failing to address this binding authority, the Court has left an open question as to whether it applies or is distinguishable.  Both parties would benefit from the analysis of this binding authority, particularly given the importance of this issue as one that goes to the Court's power to hear this case. *See Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d at 1564 (reversing and remanding district court's erroneous decision that it lacks subject matter jurisdiction over dispute due to the defendant's argument that it had a license to patents asserted against it).

**ENTROPIC'S MOTION FOR RECONSIDERATION**

**B.     The arguments and authority that the Court overlooked were within the scope of the Court's grant of supplemental briefing on Comcast's Motion.**

Entropic's supplemental briefing was well within the scope of the Court's Order permitting such briefing. *See* Ex. C at 104:4–6 (setting a deadline for Entropic to submit supplemental briefing on the *Air Prod. & Chemicals* line of cases relating to the subject matter jurisdiction issue); 1048 DE 122; DE 116.  As such, Entropic's arguments, along with the binding and persuasive authority, in that briefing should have been considered and addressed in the Order.[4]  Thus, the Order's failure to consider this material, which includes binding authority like *Air Prod. & Chemicals*, is clear error and has resulted in manifest injustice that justify reconsideration.  *See School Dist. No. 1J, Multnomah County,* 5 F.3d at 1263 (reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

**C.     The Court should reconsider and amend its Order to enable the parties to have a complete record, including for purposes of appellate review.**

Both parties would benefit from the Court's analysis of the important issues and authority raised in the supplemental briefing, so as to make a complete record, including for appellate review.  The failure to consider dispositive authority could hinder the Federal Circuit's ability to provide full and complete review of the Order and could result in a remand for further proceedings to address such authority.  *See, e.g.*, *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th

---

[4] Indeed, in cases where courts denied reconsideration for failure to consider supplemental briefing, the moving party's briefing was outside the scope of subject matter permitted by court. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, 2016 WL 11746546, at *8 (C.D. Cal. Mar. 31, 2016) (denying motion for reconsideration where "the Court specifically and thoroughly addressed the precedent [to be discussed in proposed supplemental briefing] in its order"); *see also Del Webb Communities Inc. v. Arch Ins. Co.*, 2015 WL 12734078, at *2 (C.D. Cal. May 29, 2015) (noting that the Court may refuse to consider "evidentiary materials submitted *outside the scope of a request for supplemental briefing.*") (emphasis added).

934. 941–42 (Fed. Cir. 2022) (reversing and remanding based on district court's application of incorrect standard for determining likelihood of success on the merits in patent infringement case); *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1380 (Fed. Cir. 2020) (reversing and remanding for further proceedings based on, inter alia, district court applying incorrect statute); *see also Bryant v. Dep't of Veterans Affs.*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) ("Because the deciding official used the incorrect standard of proof in reaching the final decision here, we vacate the Board's decision as to the underlying removal and remand to the Board for further proceedings under the correct legal standard."); *In re Tropp*, 748 F. App'x 1022, 1024 (Fed. Cir. 2018) (vacating decision and remanding for further proceedings due to failure to consider totality of record, which constituted legal error); *Celgard, LLC v. LG Chem, Ltd.*, 624 F. App'x 748, 751–52 (Fed. Cir. 2015) (reversing issuance of preliminary injunction and remanding due to clear error based on district court's failure to consider whether it had personal jurisdiction over party); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA*, Inc., 617 F.3d 1296, 1305 (Fed. Cir. 2010) (reversing grant of summary judgment and remanding based on district court's clear err in failing to consider plaintiff's objective evidence of nonobviousness); *In re Sullivan*, 498 F.3d 1345, 1353 (Fed. Cir. 2007) (vacating and remanding for further Board proceedings due to clear error by failure to consider rebuttal evidence).    Thus, reconsideration will further the interests of efficiency and conserve judicial resources by addressing the overlooked briefing and authority now.

Finally, the Court should reconsider its Order because, since it retains jurisdiction over this action based on the *Air Prod. & Chemicals* line of cases, Entropic's First Amended Complaint should not have been dismissed at all.    As discussed above, Comcast did not move to dismiss Entropic's entire First Amended Complaint under Rule 12(b)(6)—it moved to dismiss only willful infringement.  What's more, given the VSA's numerous amorphous provisions, the Court should decline to adopt a definitive meaning and effect of the VSA before the parties have engaged in (and complied with)

full discovery on such issues, including Comcast Cable's and MaxLinear's intent behind the VSA's provisions.[5]   Indeed, the Court's Order contains material inconsistencies in its approach to the VSA in that it deferred to the Southern District of New York ("SDNY") to interpret the VSA's termination provisions, yet the Court reached conclusions about other provisions of the VSA that may affect SDNY's interpretation or the overall result of MaxLinear's termination.  *See* DE at 121 at 7–8. Rather, than making piecemeal decisions about the interpretation of specific portions of the VSA that are spread across two district courts, this Court should amend its Order to avoid any such definitive determinations about the VSA's meaning at this time given that the VSA does not raise a jurisdictional issue under Rule 12(b)(1), as per the *Air Prod. & Chemicals* line of cases.

## V.   CONCLUSION

Based on the foregoing, Entropic requests the Court grant this Motion.

Dated: December 4, 2023                    Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300

---

[5] Comcast continues to resist discovery regarding the VSA and its willful infringement, which is Special Master proceedings and further meet and confers.

**ENTROPIC'S MOTION FOR RECONSIDERATION**

70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

*Attorneys for Plaintiff
Entropic Communications, LLC*

**ENTROPIC'S MOTION FOR RECONSIDERATION**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 3,389 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 4, 2023

Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP

12

**ENTROPIC'S MOTION FOR RECONSIDERATION**

2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**ENTROPIC'S MOTION FOR RECONSIDERATION**