Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No.: 2:23-cv-01049-JWH-KES (Lead Case) <br><br> Case No.: 2:23-cv-01050-JWH-KES (Related Case) <br><br> [Assigned to the Honorable John W. Holcomb] |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | **PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CASSIDY YOUNG IN SUPPORT THEREOF; [PROPOSED] ORDER** <br><br> Hearing Date:  January 5, 2024 <br> Hearing Time:  9:00 a.m. <br> Courtroom:  9D (Santa Ana) |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 5, 2024, or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, Plaintiff Entropic Communications, LLC ("Entropic") will, and hereby does, move the Court for leave to supplement its complaint against Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast"). This Motion is made pursuant to Rule 15(d) of the FEDERAL RULES OF CIVIL PROCEDURE, on the grounds that good cause exists to grant Entropic leave to supplement to rely on conduct that occurred after the filing of the complaints in this action to further support its allegations of willful infringement of the asserted patents. Comcast cannot establish that any of the *Foman* factors justify denial of the Motion, as detailed further in the accompanying memorandum of points and authorities.

Comcast previously moved to dismissed Entropic's First Amended Complaint in its entirety under Rule 12(b)(1) and as to willful infringement under Rule 12(b)(6). In opposition, Entropic requested, *inter alia*, leave to file a supplemental pleading based on conduct that occurred after the filing of the complaints. In its Order granting Comcast's motion with leave to amend, the Court did not specifically grant or deny the request to supplement. Thus, Entropic is filing this motion out of an abundance of caution to the extent that supplementation did not fall within the scope of the Order. Entropic has attached to the concurrently-filed supporting declaration a separate proposed supplemental pleading containing allegations regarding conduct that occurred after the filing of the complaints in this action.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on December 1, 2023. The Parties discussed the substance and potential resolution of the filed Motion via telephone.

i

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Cassidy Young, the proposed supplemental pleading, the initial, First Amended, and Second Amended Complaints, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: December 8, 2023 **K&L GATES LLP**

By: */s/ Christina N. Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
George C. Summerfield (*pro hac vice*)
Jason A. Engel (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
jason.engel@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi (*pro hac vice*)
2801 Via Fortuna, Ste 650
Austin, Texas 78746
Telephone: (512) 482-6859
Fax: (512) 482-6859

ii

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

1

darlene.ghavimi@klgates.com

2

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

3

4

5

6

***Attorneys for Plaintiff, Entropic
Communications, LLC***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................2

II.     FACTUAL AND PROCEDURAL BACKGROUND......................2

III.    LEGAL STANDARD ..........................................................................5

IV.     ARGUMENT .......................................................................................8

    A.   Good cause exists to allow Entropic to Supplement..........................8

        1.   There has been no undue delay or bad faith on the part of Entropic. ...................................................................................8

        2.   Entropic has not failed to cure deficiencies through "repeated failure of previous amendments" or supplements. ....................................................................................................9

        3.   Comcast would not be unduly prejudiced by allowing supplementation....................................................................10

        4.   Supplementation would not be futile. ....................................11

            a.   Entropic's Willfulness Allegations and VSA Termination Allegations Enable Entropic to Address Comcast's Infringement. ...............................13

            b.   Supplementation Can Cure Any Jurisdictional Defects in Entropic's Complaint. ...............................13

V.      CONCLUSION..................................................................................14

NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
    258 F. Sup. 3d 1013, 1027 (N.D. Cal. 2017) ....................................... 12

6
7

*Aten Int'l Co., Ltd v. Emine Tech. Co.*,
    2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ...................................... 10

8

*Billjco, LLC v. Apple Inc.*,
    583 F. 3d 769 (W.D. Tex. 2022) ........................................................ 11

9
10

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999) .............................................................. 8

11

*Cabrera v. City of Huntington Park*,
    159 F.3d 374 (9th Cir. 1998) .............................................................. 7

12
13

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) .............................................................. 9

14
15

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................ 5

16
17

*Fluidigm Corp. v. Ionpath, Inc.*,
    No. 19-cv-5639-WHA, 2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) .......................... 11, 12

18

*Foman v. Davis*,
    371 U.S. 178 (1962) ..................................................................... 5, 12

19
20

*Glaukos Corp. v. Ivantis, Inc.*,
    2019 WL 8348322 (C.D. Cal. May 20, 2019) ........................................ 9

21

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) .............................................................. 5

22
23

*Howey v. Radio Corp. of Am.*,
    481 F.2d 1187 (9th Cir. 1973) ............................................................ 5

24
25

*Keith v. Volpe*,
    858 F.2d 467 (9th Cir. 1988) .............................................................. 5

26

*Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*,
    2021 WL 4324508 (D. Utah Sept. 23, 2021) ...................................... 11

27
28

*Lyon v. U.S. Immigr. & Customs Enf't*,
    308 F.R.D. 203 (N.D. Cal. 2015) ................................................ 4, 5, 6

v

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    1 F. Supp. 3d 1020 (C.D. Cal. 2014) ............................................................................. 10, 12

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    779 F.3d 1036 (9th Cir. 2015)..................................................................................... 13

*Paralyzed Veterans of Am. v. McPherson*,
    No. 06-cv-4670-SBA, 2008 WL 4183981 (N.D. Cal. Sept. 9, 2008)....................................... 4

*Sols. for Utils. Inc. v. Cal. Pub. Utils. Comm'n*,
    2:11-cv-4975-JWH-JCG, 2022 WL 3575307 (C.D. Cal. July 5, 2022) ............................... 5, 6

*Sywula v. Teleport Mobility, Inc.*,
    No. 21-cv-1450-BAS-AGS, 2023 WL 362504 (S.D. Cal. Jan. 23, 2023) ..................... 6, 9, 13

*Tas Energy, Inc. v. San Diego Gas & Elec. Co.*,
    2013 WL 4500880 (S.D. Cal. Aug. 21, 2013) ...................................................................... 10

*Torchlight Techs. LLC v. Daimler AG*,
    No. 22-cv-751-GBW, DE 95 (D. Del. 2023 Feb. 2, 2023) .................................................... 11

*Traxcell Techs. LLC v. Google LLC*,
    No. 22-cv-4807-JSC, 2022 WL 17072015 (N.D. Cal. Nov. 17, 2022).................................. 11

**Other Authorities**

Federal Rule of Civil Procedure 12.........................................................................*passim*

Federal Rule of Civil Procedure 15.........................................................................*passim*

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") seeks leave to supplement its complaint against Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast"). Comcast previously moved to dismiss Entropic's First Amended Complaint in its entirety under Rule 12(b)(1) and as to only willful infringement under Rule 12(b)(6). In opposition, Entropic requested, *inter alia*, leave to file a supplemental pleading based on conduct that occurred after the filing of the complaints. *See* 2:23-cv-1050, DE 88-1 at 17:7–18:22. In its Order granting Comcast's motion as to willful infringement under Rule 12(b)(6) with leave to amend, the Court did not specifically grant or deny the request to supplement. *See* DE 121 at 2, 11, 12. Thus, Entropic is filing this motion out of an abundance of caution to the extent that supplementation did not fall within the scope of the Order.

Good cause exists to grant Entropic leave to supplement its complaint because: (1) the Court has already granted Entropic leave to amend, and Entropic is complying with the deadline imposed by that Order; (2) Entropic is supplementing in furtherance of making further allegations to support willful infringement, as to which this Court has already granted Entropic leave to amend; (3) Comcast will not be unduly prejudiced because the burden on Comcast would be the same as if Entropic simply amended its complaint as instructed by the Court; and (4) supplementation would not be futile because Entropic seeks to add factual allegations to further support its claim that Comcast has willfully infringed the Patents-in-Suit.

Thus, Entropic respectfully requests the Court grant its Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Entropic filed its original complaint against Comcast on February 10, 2023, asserting infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"),

2

9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, the "Patents-in-Suit"). *See* 2:23-cv-1050 (the "1050 Case"), DE 1. Comcast responded by filing motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). 1050 DE 51, 48.

On June 5, 2023, Entropic filed a first amended complaint as a matter of right, consistent with Rule 15(a)(1)(B). *See* 1050 DE 63. Comcast again responded by filing a motion to dismiss. *See* 1050 DE 76. Specifically, Comcast moved to dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* Comcast moved under Rule 12(b)(6) solely to dismiss Entropic's allegations of willful infringement. *Id.* Comcast did not move to dismiss Entropic's claims for non-willful patent infringement for failure to state a claim under Rule 12(b)(6). *Id.* In its Motion, Comcast argued that a Vendor Support Agreement ("VSA") that Comcast Cable Communications LLC entered into with a ***third party***—MaxLinear Inc.—contained a covenant not to sue that deprived this Court of subject matter jurisdiction over Entropic's claims against Comcast. *Id.* at 2:8–17. Comcast also argued that Entropic failed to plausibly allege that Comcast willfully infringed Entropic's patents and, thus, its claims for willful infringement should be dismissed for failure to state a claim. *Id.* at 2:18–24. Again, Comcast did not move to dismiss Entropic's claims for non-willful infringement under Rule 12(b)(6).

In Opposition, Entropic made several arguments, including that neither the VSA nor its alleged covenant not to sue applied to Entropic, who was neither party to, nor an assignee of, the VSA. *See* 1050 DE 88-1 at 16:10–17:6. Entropic also argued that, to the extent the Court was inclined to grant any aspect of Comcast's motion, it should be given leave to file a supplemental pleading to include allegations to support its claims based on conduct that occurred after it filed the complaints. *See id.* at 17, 18. At the hearing on the Motion, Entropic raised binding authority that is dispositive of Comcast's Motion because under that authority Comcast's argument

3

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

is a defense and not a basis for lack of subject matter jurisdiction. Young Decl. Ex. B at 74:16–75:24. The parties then submitted supplemental briefing on that authority and related arguments.[1] *See* 1050 DE 115, 118.

On November 20, 2023, the Court granted Comcast's Motion to Dismiss as to willful infringement under Rule 12(b)(6). *See* DE 121. The Court granted Entropic leave to amend. *See id.* at 2, 12. The Court's Order directed Entropic to file its second amended complaint by December 8, 2023. *Id.* at 12.

Entropic's Second Amended Complaint includes factual allegations in further support of its assertion of willful infringement. Because the Order is unclear as to whether the Court's grant of leave to amend also included leave to supplement, and because Entropic's Second Amended Complaint includes pre- and post-filing conduct and notes the concurrent filing of this Motion, Entropic moves, in an abundance of caution, to obtain leave to supplement to the extent it was not contemplated by the grant of leave to amend in the Order. Entropic has given Comcast plenty of notice of its intent to include post-filing conduct in its Second Amended Complaint, including during the hearings before the Special Master on November 10, 2023, and December 1, 2023. Young Decl., Ex. C at 13:13–24; Ex. D at 22:5–12 ("[I]t will come as no surprise because I raised this during the prior discovery dispute hear that one of the grounds for willfulness, which is on a patent-by-patent basis, is the original filing of the complaint which relevant case law says is sufficient to support allegations of willfulness."). The post-filing conduct is also included in the proposed supplemental pleading attached to the concurrently-filed Young Declaration. *See* Young Decl. Ex. A.

Entropic's allegations based on post-filing conduct include the specific notice, on a patent-by-patent basis, that Comcast received of its infringement in the original Complaint and accompanying exhibits (including detailed charts), the First Amended

---

[1] The case between Entropic and Comcast was subsequently consolidated with *Entropic Communications, LLC v. Cox Communications, Inc.*, 2:23-cv-1049. *See* DE 93.

NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT

Complaint and accompanying exhibits (including detailed charts), and Entropic's infringement contentions. *Id.* The SAC and supplemental pleading allege that despite this notice and knowledge of its infringement, Comcast continued to infringe and such infringement has continued up through the present. *See* 1049 DE 128; Young Decl. Ex. A at ¶ 1, 19–20. The SAC and supplemental pleading further allege that Comcast sought indemnification from its third-party vendors, confirming Comcast's awareness of the infringement. *See* 1049 DE 128; Young Decl. Ex. A. at ¶ 7–8. The SAC and supplemental pleading also make the factual allegation that MaxLinear terminated the VSA by way of letter, which occurred after the filing of the original Complaint, and that the VSA is no longer in effect. *See* 1049 DE 128; Young Decl. Ex. A. at ¶ 3, 25–27. Entropic also includes allegations about counterclaims filed by MaxLinear against Comcast for misappropriation of trade secrets, which pre-date the filing of this action, which establish that a condition precedent to the covenant's existence was not met and, even if it were, Comcast breached the VSA before MaxLinear's termination of that agreement. *See* 1049 DE 128; Young Decl. Ex. A. at ¶ 21–24.

## III.   LEGAL STANDARD

"Supplemental pleadings are governed by Rule 15(d)." *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). The plain text of the rule allows a court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). The rule further clarifies that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." *Id*.

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a)." *Paralyzed Veterans of Am. v. McPherson*, No. 06-cv-4670-SBA, 2008 WL 4183981, at *26 (N.D. Cal. Sept. 9, 2008). Rule 15(a) of the FEDERAL RULES OF CIVIL PROCEDURE instructs that "leave

shall be freely granted when justice so requires." "Supplementation is generally favored because it promotes judicial economy and convenience." *Lyon*, 308 F.R.D. at 214 (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)).

In determining whether to grant a motion for leave to amend (and thus also a motion to supplement), courts consider the following factors: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Lyon*, 308 F.R.D. at 214.

While a court should consider each of the five factors when conducting its analysis, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion). The same principle applies in the context of Rule 15(d)—leave should be "freely given" in the absence of an apparent reason to preclude a party from supplementing its pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A supplemental pleading under Rule 15(d)—as opposed to an amended pleading under Rule 15(a)—is required for "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). In the context of supplementing an amended complaint, the Ninth Circuit and this Court have clarified that "the pleading to be supplemented" actually refers to the original complaint. *See Sols. for Utils. Inc. v. Cal. Pub. Utils. Comm'n*, 2:11-cv-4975-JWH-JCG, 2022 WL 3575307, at *2 (C.D. Cal. July 5, 2022) ("***that*** pleading refers to the original complaint"); *see also Keith v. Volpe*, 858 F.2d 467, 471 (9th Cir. 1988)

(explaining that Rule 15(d) "is designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the *original* complaint) (emphasis added). Therefore, the critical determination is whether the alleged incidents or events occurred after the case was filed. *See Sols. for Utils.*, 2022 WL 3575307 at *2 ("The issue is whether alleged incidents and events . . . occurred before the case was filed or thereafter. If the latter, then those facts must be alleged in a supplemental complaint under Rule 15(d)").

The *Solutions for Utilities* case is particularly instructive. In that case, plaintiff filed a seventh amended complaint and took the position that a supplemental pleading would be required only for events that transpired after the date of the seventh amended complaint, rather than the date of the initial complaint. *See id.* at *1. This Court rejected that argument, noting that Rule 15(d) would be superfluous if parties could simply amend their pleadings indefinitely under Rule 15(a) to add facts and claims arising after the litigation has commenced. *Id.* at *3. In another example, *Sywula v. Teleport Mobility, Inc.*, the Court had previously dismissed plaintiff's first amended complaint for lack of standing. 652 F.Supp.3d 1195, 1205 (S.D. Cal. 2023). Just as in this case, the dismissal order granted plaintiff leave to amend (*id.*), and similarly, plaintiff's second amended complaint added factual allegations occurring during the pendency of the litigation. *Id.* at *1213. The Court ruled that these allegations required leave under Rule 15(d) "because they detail events that occurred *after* [plaintiff] instituted this action." *Id.*

Applying that reasoning to the case at hand (and assuming that leave to supplement was not already granted in the Court's Order granting leave to amend), the allegations of post-filing conduct in Entropic's Second Amended Complaint would be governed by Rule 15(d) because they relate to events occurring after the filing of this lawsuit. *See also Lyon*, 308 F.R.D. at 214 ("New claims, new parties, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d).") (citing *Griffin v. Cnty. Sch. Bd. of*

*Prince Edward Cnty.*, 377 U.S. 218, 226 (1964); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed").

## IV.   **ARGUMENT**

Assuming it has not already done so by virtue of its grant of leave to amend in its Order, the Court should grant Entropic leave to file a supplemental pleading based on post-suit conduct. Either these allegations are amendments under Rule 15(a) and are encompassed by the Court's Order, or they are supplemental under Rule 15(d) and are encompassed by the instant Motion. There is no alternative, as that would allow a defendant to escape liability for conduct occurring after the filing of an initial complaint.

To the extent the Court concludes that these allegations are amendments under Rule 15(a), then Entropic already has leave to include them as a result of the Court's November 20 Order granting leave to amend. *See* DE 121. In that case, Entropic asks the Court to confirm that Entropic's "leave to amend" means Entropic may include the post-suit allegations in its Second Amended Complaint.

Alternatively, to the extent the Court concludes that these allegations are supplemental under Rule 15(d), good cause exists for the Court to grant Entropic leave to supplement, especially in view of this Court already having granted Entropic leave to amend.

**A.   Good cause exists to allow Entropic to Supplement.**

**1.   There has been no undue delay or bad faith on the part of Entropic.**

Entropic's supplemental pleading based on post-suit conduct is not the result of undue delay or bad faith. Indeed, Entropic is going out of its way to ensure that it obtains specific leave to include allegations based on post-suit conduct, to the extent it is not already covered by the Order granting leave to amend. Entropic requested

8

this same leave months ago, in its Opposition to Comcast's Motion to Dismiss. *See* 1050 Case, DE 88-1 at 17:7–18:22. Thus, Comcast can hardly claim undue delay. Moreover, since that time, Entropic has repeatedly notified Comcast of its intent to rely on post-filing conduct (including the filing of the initial Complaint and Comcast's continued infringement despite such knowledge) to support its allegations of willful infringement. *See* Young Decl. Ex. C at 13:13–24.

Entropic did not delay in seeking leave to supplement its complaint. The Court granted Comcast's motion to dismiss on November 20 and gave Entropic 18 days to file an amended complaint. *See* DE 121 at 12. This 18-day period included the Thanksgiving holiday. Entropic is filing this motion to supplement consistent with that deadline and even notified Comcast of its intent to do so well in advance of its filing. *See* Young Decl. Ex. E (email from Peter Soskin to Comcast counsel on Nov. 27, 2023).

Nor has Entropic acted in bad faith by moving to supplement. The Court granted Entropic leave to amend precisely so that Entropic could add allegations to support willful infringement. That is exactly what Entropic seeks to accomplish through supplementation, by showing that Comcast has willfully infringed and/or that the covenant-not-to-sue is no longer in effect.

Even if there has been some undue delay on the part of Entropic (which there has not), undue delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Regardless, Entropic has exercised diligence in seeking leave to supplement. Therefore, this factor weighs in favor of granting leave.

### 2. Entropic has not failed to cure deficiencies through "repeated failure of previous amendments" or supplements.

Entropic has amended its complaint against Comcast only once as a matter of right. Moreover, the Court has granted a motion to dismiss only once and it was granted on narrow grounds—Rule 12(b)(6) motion directed to willful infringement.

Entropic is seeking to supplement at the same time as the amendment following the Court's Order granting that motion. The Court has never expressly denied Entropic's request for leave to supplement, so there are no repeated failures to cure deficiencies through supplementation. Thus, this factor weighs in favor of granting leave to supplement.

### 3. Comcast would not be unduly prejudiced by allowing supplementation.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Comcast cannot meet that burden here.

The critical fact here is that the Court has already granted Entropic leave to amend, as well as imposed a specific deadline for Entropic to do so, and the Second Amended Complaint and proposed supplemental pleading all relate to matters in the original and First Amended Complaint—namely, willfulness. Comcast would need to show some additional prejudice associated with supplementation, but there is none. Indeed, Entropic has included the post-filing allegations in the Second Amended Complaint filed on December 8 in order to allow Comcast ample time to analyze the allegations. Moreover, Comcast is of course aware of the post-suit allegations as they involve Comcast's own conduct. Entropic has also repeatedly put Comcast on notice of its intent to rely on this post-filing conduct during discovery hearings before the Special Master. *See* Young Decl. Ex. C at 13:13–24; *see also Sywula v. Teleport Mobility, Inc.*, No. 21-cv-1450-BAS-AGS, 2023 WL 362504, at *10–11 (S.D. Cal. Jan. 23, 2023) (allowing supplementation under Rule 15(d) where the Court had already granted leave to amend and "the newly alleged material unquestionably relates to the matters set forth in the original complaint").

Add to that the fact that it is still early in the case, with the claim construction hearing set for July 2024 (*see* DE 75), and there is simply no suggestion that Comcast would be unduly prejudiced by the supplementation. *See Glaukos Corp. v. Ivantis,*

*Inc.*, 2019 WL 8348322, at *5 (C.D. Cal. May 20, 2019) (holding lack of prejudice where defendant received proposed amended contentions 75 days before the deadline for the joint claim construction chart and more than six months prior to fact discovery cutoff, and collecting cases where amendment was permitted much later); *Aten Int'l Co., Ltd v. Emine Tech. Co.*, 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010) (holding lack of prejudice where seven months remained until the discovery cut-off).

In sum, the early stage of this litigation, along with this Court's grant of leave to amend, tip this factor far in favor of permitting the supplemental pleading.

### 4.   Supplementation would not be futile.

"Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed." *Tas Energy, Inc. v. San Diego Gas & Elec. Co.*, 2013 WL 4500880, at *2 (S.D. Cal. Aug. 21, 2013) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Regardless, Entropic's proposed supplementation would not be futile.

The post-filing allegations point to specific events that without doubt put Comcast on notice of the patents at issue in this case, the assertion that it was infringing those patents, and even specific claims and infringement contentions. *See* Young Decl. Ex. A. The Second Amended Complaint and supplemental pleading also allege that, despite such knowledge, Comcast continued to infringe, which establishes willfulness. *See See* 1049 DE 128; Young Decl. Ex. A. at ¶ 1, 19–20. This is more than sufficient to support allegations of willful infringement at the pleading stage. *See, e.g.*, *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1026 (C.D. Cal. 2014) (holding that plaintiff could base willful infringement on original complaint because "if a plaintiff like MMR is able to establish the defendant's knowledge of the alleged infringement based on a prior, though superseded,

complaint, the defendant should not be able to escape liability for conduct occurring after the plaintiff files its complaint").

Although the Federal Circuit has not provided explicit guidance on this issue, the majority rule among District Courts is that a defendant's post-suit knowledge of the patents (for purposes of willful infringement) can be based solely on the notice provided by service of the original complaint. *See Traxcell Techs. LLC v. Google LLC*, No. 22-cv-4807-JSC, 2022 WL 17072015, at *6, 8 (N.D. Cal. Nov. 17, 2022) (adopting majority rule and allowing plaintiff to plead post-suit willful inducement infringement based on notice provided by the original complaint); *see also Fluidigm Corp. v. Ionpath, Inc.*, No. 19-cv-5639-WHA, 2020 WL 1433178, at *3 (N.D. Cal. Mar. 24, 2020) (amended complaint sufficiently pleaded post-suit willfulness where it alleged that the original complaint notified defendant of the infringement, and that the defendant continues to infringe); *Billjco, LLC v. Apple Inc.*, 583 F. 3d 769, 778 (W.D. Tex. 2022) ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim"); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 2021 WL 4324508, at *9-10 & nn. 95, 96 (D. Utah Sept. 23, 2021) (recognizing split on this issue and finding that knowledge of patents gained from an original complaint is sufficient to establish post-filing indirect and willful infringement claims); *Torchlight Techs. LLC v. Daimler AG*, No. 22-cv-751-GBW, DE 95, at 4–5 (D. Del. 2023 Feb. 2, 2023) (noting disagreement even within the District of Delaware, but ultimately granting leave to amend "to aver that Torchlight is making a claim for Defendants' willful ongoing infringement predicated on the notice of infringement provided in the Original Complaint and the FAC").[2]

---

[2] Although there are cases to the contrary, as noted in *Longhorn* and *Torchlight*, the majority rule is the better approach because "[h]olding otherwise would again give a defendant free rein to willfully infringe a patent of which it is now blatantly aware

12

**a. Entropic's Willfulness Allegations and VSA Termination Allegations Enable Entropic to Address Comcast's Infringement.**

The Court's November 20 Order held that any claim for willful infringement would fall under an exemption to the VSA's covenant-not-to-sue, and the Court granted Entropic leave to amend under Rule 12(b)(6) so that Entropic could add factual allegations relating to willfulness. That is precisely what Entropic seeks to do; it just happens that certain allegations post-date the filing of the complaint. *See e.g. Apple Inc. v. Samsung Elecs. Co., Ltd.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017) (post-filing conduct alone can serve as the basis for a finding of willfulness); *see also Fluidigm Corp.*, 2020 WL 1433178 at *3 (allowing plaintiff to plead post-suit willfulness based on defendant continuing to infringe after being served with the original complaint).

Entropic further seeks to add allegations which would establish that the VSA was subsequently terminated and that the covenant-not-to-sue is no longer in effect. With the VSA no longer in effect, Entropic's ability to seek redress for Comcast's infringement is not limited to willful infringement allegations.

**b. Supplementation Can Cure Any Jurisdictional Defects in Entropic's Complaint.**

This Court's Order did not appear to grant Comcast' Rule 12(b)(1) Motion. Instead, it granted Comcast's Rule 12(b)(6) Motion as to only willful infringement. That being said, to the extent Comcast makes some new argument about jurisdiction,

---

simply because a plaintiff chose not to move for a preliminary injunction." *MyMedicalRecords*, 1 F. Supp. 3d at 1026. "Such a result would eviscerate the whole basis behind enhanced damages for willful infringement." *Id*. Moreover, the alternative for a plaintiff would be to dismiss their own case and then refile the next day to allege willfulness based on the previous day's complaint. Such an outcome would be inefficient and incompatible with the face and purpose of Rule 15(d). *See generally Foman v. Davis*, 371 U.S. 178, 181–82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

a supplemental complaint can be used to correct jurisdictional defects that existed at the time of the original complaint. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043–48 (9th Cir. 2015) (trial court did not abuse discretion in allowing plaintiff to cure lack-of-standing by filing a supplemental pleading). The Court in *Northstar* observed that Rule 15(d) "circumvents 'the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief.'" *Id.* at 1044 (quoting Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1505, pg. 273).

Likewise, *Sywula v. Teleport Mobility, Inc.* is particularly instructive. In that case, the court had previously dismissed plaintiff's first amended complaint for lack of standing. 2023 WL 362504 at *4. The dismissal order granted plaintiff leave to amend, but plaintiff went further by supplementing the new complaint with post-suit allegations. *Id.* at *4, 10. Not only did the Court retroactively grant plaintiff leave to supplement under Rule 15(d) (*id.* at *11), the Court concluded that the allegations in the new complaint were sufficient to confer Article III standing. *See id.* at *19; *see also* *26 (denying motion to dismiss under Rule 12(b)(1)). To the extent there remains some open question as to jurisdiction, the Court should grant leave to supplement like the court did in *Sywula*.

## V.   **CONCLUSION**

For the foregoing reasons, this Court should grant Entropic leave to file a supplementation pleading or confirm that its prior Order granted such relief such that the post-filing conduct alleged in the Second Amended Complaint is appropriate.

Dated: December 8, 2023             **K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,

14

8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
George C. Summerfield (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Darlene F. Ghavimi (*pro hac vice*)
2801 Via Fortuna, Ste 650
Austin, Texas 78746
Telephone: (512) 482-6859
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic
Communications, LLC***

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Entropic Communications,

LCC, certifies that this brief contains 4,378 words, which complies with the word

limit of L.R. 11-6.1.


Dated: December 8, 2023                    **K&L GATES LLP**


                                           By: */s/ Christina Goodrich*
                                           Christina Goodrich (SBN 261722)
                                           Cassidy T. Young (SBN 342891)
                                           K&L Gates, LLP
                                           10100 Santa Monica Boulevard,
                                           8th Floor
                                           Los Angeles, CA 90067
                                           Telephone: (310) 552-5000
                                           Fax: (310) 552-5001
                                           christina.goodrich@klgates.com
                                           cassidy.young@klgates.com

                                           James A. Shimota (*pro hac vice*)
                                           George C. Summerfield (*pro hac vice*)
                                           Samuel P. Richey (SBN 278444)
                                           Katherine L. Allor (*pro hac vice*)
                                           70 W. Madison Street, Ste 3300
                                           Chicago, Illinois 60602
                                           Telephone: (312) 807-4299
                                           Fax: (312) 827-8000
                                           jim.shimota@klgates.com
                                           george.summerfield@klgates.com
                                           samuel.richey@klgates.com
                                           katy.allor@klgates.com

                                           Darlene F. Ghavimi (*pro hac vice*)
                                           2801 Via Fortuna, Ste 650
                                           Austin, Texas 78746
                                           Telephone: (512) 482-6859
                                           Fax: (512) 482-6859
                                           darlene.ghavimi@klgates.com

16

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic
Communications, LLC***

17

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT**