# EXHIBIT D

UNCERTIFIED REALTIME ROUGH DRAFT

This realtime draft is unedited and uncertified and may contain untranslated stenographic symbols, an occasional reporter's note, a misspelled proper name and/or nonsensical word combinations.

This is an unedited version of the deposition transcript and should not be used in place of a certified copy. This document should not be duplicated or sold to other persons or businesses. This document is not to be relied upon in whole or in part as the official transcript.

This uncertified realtime rough draft version has not been reviewed or edited by the certified shorthand reporter for accuracy. This unedited transcript is computer generated and random translations by the computer may be erroneous or different than that which will appear on the final certified transcript.

Due to the need to correct entries prior to certification, the use of this realtime draft is only

for the purpose of augmenting counsel's notes and cannot

be used to cite in any court proceeding or be distributed to any other parties.

Acceptance of this realtime draft is an automatic final copy order.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

ENTROPIC COMMUNICATIONS, LLC,

PLAINTIFF, CASE NO.:

vs. 2:23-CV-01043-JWH-KES

DISH NETWORK CORPORATION, ET AL.,

DEFENDANTS.

_______________________________/

ENTROPIC COMMUNICATIONS, LLC,

PLAINTIFF, CASE NO.:

vs. 2:23-CV-01043-JWH-KES

COX COMMUNICATIONS, INC., ET AL.,

DEFENDANTS.

_______________________________/

REPORTER'S TRANSCRIPT OF REMOTE PROCEEDINGS

FRIDAY, DECEMBER 1, 2023

STENOGRAPHICALLY REPORTED BY:

MEGAN F. ALVAREZ, RPR, CSR No. 12470

JOB NO. 6316705

PAGES 1 -

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

ENTROPIC COMMUNICATIONS, LLC,

PLAINTIFF, CASE NO.:

vs.

2:23-CV-01043-JWH-KES

DISH NETWORK CORPORATION, ET AL.,

DEFENDANTS.

______________________________/

ENTROPIC COMMUNICATIONS, LLC,

PLAINTIFF, CASE NO.:

vs.

2:23-CV-01043-JWH-KES

COX COMMUNICATIONS, INC., ET AL.,

DEFENDANTS.

_______________________________/

Hearing, VIA REMOTE COUNSEL, beginning at 9:30 a.m. and ending at 10:18 a.m. on Friday, December 1, 2023, before Megan F. Alvarez, RPR, Certified Shorthand Reporter No. 12470.

5

APPEARANCES: (ALL PARTIES APPEARING VIA VIDEOCONFERENCE)

BEFORE: DAVID M. KEYSER, SPECIAL MASTER

LAW OFFICE OF DAVID KEYZER, P.C.

5170 GOLD FOOTHILL PARKWAY

EL DORADO HILLS, CALIFORNIA 95762

916.243.5259

DAVID@KEYZERLAW.COM

FOR PLAINTIFF:

BY: KATHERINE L. ALLOR, ESQ.
K&L GATES
70 WEST MADISON STREET
SUITE 3300
CHICAGO, ILLINOIS 60602
312.807.4325
KATY.ALLOR@KLGATES.COM

BY: CHRISTINA N. GOODRICH, ESQ.
CASSIDY T. YOUNG, ESQ.
K&L GATES
10100 SANTA MONICA BOULEVARD
EIGHTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.552.5547
CHRISTINA.GOODRICH@KLGATES.COM

APPEARANCES: (CONTINUED)

FOR DEFENDANTS:

BY: KRISHNAN PADMANABHAN, ESQ.
WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

212.294.6700
212.294.4700 FAX
KPADMANABHAN@WINSTON.COM

AND

BY: SARANYA RAGHAVAN, ESQ.
WINSTON & STRAWN LLP
35 W. WACKER DRIVE
CHICAGO, ILLINOIS 60601
312.558.5600
SRAGHAVAN@WINSTON.COM

AND

BY: CLAIRE E. DIAL, ESQ.
WINSTON & STRAWN LLP
800 CAPITOL STREET
SUITE 2400
HOUSTON, TEXAS 77002
713.651.2795
CDIAL@WINSTON.COM

APPEARANCES: (CONTINUED)

FOR DEFENDANTS:

BY: DIANA LEIDEN, ESQ.
WINSTON & STRAWN LLP
333 S. GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071.1543
213.615.1700
213.615.1750 FAX
DHLEIDEN@WINSTON.COM

8
**ROUGH DRAFT TRANSCRIPT - DO NOT CITE**

confer to narrow scope or there's a continuing dispute regarding scope in light of the amended complaint, then that is something as Mr. Padmanabhan raised, the parties can meet and confer on and then raise that dispute with you.

And we may respectfully request that perhaps the parties set a follow-up status conference so that we can have something on calendar where those disputes can be raised or we hopefully there are no disputes and we can move forward.

But it is our belief based on the groundwork from which we view this matter that because there's no discovery stay in place, discovery remains open. We understand however

Comcast concerns and arguments with respect to them not knowing the scope of the claims and what claims will be asserted until we amend. And which is why we are proposing this somewhat of a compromise here.

I can tell you though we will be reasserting all of the same patents, and it will come as no surprise because I raised this during the prior discovery dispute hear that one of the grounds

for willfulness, which is on a patent-by-patent basis, is the original filing of the complaint which relevant case law says is sufficient to support allegations of willfulness.

So that there's no surprise there we're not talking by a situation where we're going from 12 patents to two patents or we're going from 12 patents to 22.

There is a separate motion for leave to amend that we had filed that we don't need to discuss here today. But in terms of what will be filed on December 8th, that will not look radically different in terms of the patents asserted, the claims, and the allegations of willfulness.

We will of course add to them, but we believe that the discovery that we have served that are the subject of the special master order will

remain relevant and appropriate in light of the amendment.

With respect to the jurisdictional portion of the judge's order, again, as a reminder that dates back to ex parte briefing that Entropic had