Krishnan Padmanabhan SBN: (254220)
KPadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1050-JWH-KES (Related Case)**<br><br>**No. 2:23-cv-1043-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1048-JWH-KES (Related Case)**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................... 6

II. LEGAL STANDARD ................................................................................ 6

III. ARGUMENT ............................................................................................. 7

    A.    There is No Basis to Reconsider the Order Under Local Rule 7-18 ..................................................................................................... 7

    B.    Entropic Relies on Cases Decided Under the Inapplicable Federal Rules 59 and 60 ...................................................................10

    C.    Entropic's Motion Violates the Prohibition in Local Rule 7-18 and Local Rule 7-3 ..................................................................12

    D.    The Court Committed No "Clear Legal Error" ................................13

    E.    There is No Basis to Reconsider the Court's Findings Regarding the VSA ..........................................................................14

IV. CONCLUSION .......................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asberry v. Money Store*,
  2018 WL 6834309 (C.D. Cal. Dec. 27, 2018) ...............................................12

*Classical Silk, Inc. v. Dolan Group, Inc.*,
  2016 WL 7637668 (C.D. Cal. Mar. 1, 2016) ..................................................9

*In re Countrywide Fin. Corp. Mortgage-Backed Securities Litig.*,
  966 F. Supp. 2d 1031 (C.D. Cal. 2013) .....................................................9, 12

*Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the U.S. Pension Tr.
  v. Ferreira Dairy*,
  2015 WL 1952308 (C.D. Cal. Apr. 28, 2015) ...............................................8

*Garcia v. Shasta Beverages, Inc.*,
  2021 WL 1502917 (C.D. Cal. Feb. 25, 2021) ...............................................8

*In re Hewlett-Packard Co. Securities Litig.*,
  2013 WL 3582761 (C.D. Cal. June 17, 2013) .............................................12

*Ketab Corp. v. Mesriani Law Group*,
  2015 WL 2084469 (C.D. Cal. May 5, 2015) ......................................7, 10, 11

*Lorenzo Vargas v. City of Los Angeles*,
  2018 WL 10231166 (C.D. Cal. Nov. 14, 2018) ...................................7, 11, 15

*Lozano v. AT & T Wireless*,
  2003 WL 25548566 (C.D. Cal. Aug. 18, 2003) ...........................................12

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999) .....................................................................11

*McKintsy v. Swift Transportation Co. of Ariz.*,
  2017 WL 8943524 (C.D. Cal. Sept. 18, 2007) ............................................12

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
  568 F. Supp. 2d 1152 (C.D. Cal. July 31, 2008) ....................................10, 12

*Safari v. Whole Foods Market, Inc.*,
  2023 WL 8269774 (C.D. Cal. Oct. 10, 2023) ...............................................9

*School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) .......................................................................10, 11, 12

*Smith v. Clark County Sch. Dist.*,
    727 F.3d 950 (9th Cir. 2013) ..................................................................................11

*Solutions for Utilities Inc. v. Cal. Pub. Utilities Comm'n*,
    2022 WL 3575307 (C.D. Cal. July 5, 2022) .........................................................10

*Taylor v. 947 LLC*,
    2022 WL 18142546 (C.D. Cal. Oct. 11, 2022) .......................................................6

*Thomas v. Housing Authority of County of Los Angeles*,
    2005 WL 6136322 (C.D. Cal. Sept. 19, 2005) .........................................9, 11, 12

*WMX Technologies, Inc. v. Miller*,
    104 F.3d 1133 (9th Cir. 1997) ................................................................................11

**Statutes**

28 U.S.C. § 1338 ............................................................................................................14

35 U.S.C. § 100 *et seq* ...................................................................................................12

**Other Authorities**

C.D. Cal. R. 7-3 .................................................................................................12, 13, 15

C.D. Cal. R. 7-18 ..................................................................................................*passim*

C.D. Cal. R. 7-18(a) .................................................................................................. 7, 8

C.D. Cal. R. 7-18(b) .................................................................................................. 7, 8

C.D. Cal. R. 7-18(c) .................................................................................................. 6, 7

C.D. Cal. R. 83-7 ............................................................................................................15

Fed. R. Civ. P. 12 ...........................................................................................................14

Fed. R. Civ. P. 59 ........................................................................................... 10, 11, 12

Fed. R. Civ. P. 59(e) ............................................................................................. 11, 12

Fed. R. Civ. P. 60 ..........................................................................................................10

Fed. R. Civ. P. 60(b) ........................................................................................11, 12

## I. INTRODUCTION

Entropic brings its Motion for Reconsideration under Local Rule 7-18(c), which permits reconsideration only on the grounds of "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." *See* C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186. But Entropic does not identify a single *fact* (much less a "*material fact*") that the Court failed to consider in dismissing Entropic's Complaint on the basis of the covenant not to sue between Comcast and MaxLinear and Entropic's failure to plausibly allege willful infringement for any asserted patent. Instead, Entropic contends only that the Court's dismissal Order failed to explicitly consider and analyze *legal authority* that Entropic submitted in connection with the hearing on Comcast's Motion to Dismiss and in supplemental briefing specifically ordered by the Court so that it could consider such authority. But there is no basis to reconsider the Order on the grounds of a purported failure to consider case law already submitted to the Court—as opposed to "material facts"—and Entropic identifies none. In any event, there is nothing in the Court's Order that should be reconsidered given that Entropic's supposedly "dispositive" cases are inapplicable to the issues raised in Comcast's Motion to Dismiss and decided by the Court. Entropic's Motion is nothing more than an attempt to rehash legal arguments it already made, in direct violation of Local Rule 7-18. Entropic's Motion should be denied.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Taylor v. 947 LLC, et al.*, 2022 WL 18142546, at *1 (C.D. Cal. Oct. 11, 2022) (Holcomb, J.) (citations omitted). This District's Local Rule 7-18 provides that "[a] motion for reconsideration of an Order on any motion or application may be made *only* on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change in law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."

L.R. 7-18 (emphasis added). "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.* "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." *Lorenzo Vargas v. City of Los Angeles*, 2018 WL 10231166, at *1 (C.D. Cal. Nov. 14, 2018). "An argument that the Court's decision is 'simply wrong' is not a permissible ground for reconsideration under Local Rule 7-18." *Ketab Corp. v. Mesriani Law Group*, 2015 WL 2084469, at *3 (C.D. Cal. May 5, 2015).

### III. ARGUMENT

Entropic's Motion does not satisfy any of the grounds provided for in Local Rule 7-18. Even worse, Entropic violates the rule by repeating arguments made at the hearing on Comcast's Motion to Dismiss and in its supplemental briefing filed after the hearing. Entropic's argument boils down to simply disagreeing with the Court's decision and should be denied.

### A. There is No Basis to Reconsider the Order Under Local Rule 7-18

Entropic's Motion is, and only could be, brought under Local Rule 7-18,[1] which provides for reconsideration of a Court order in only three specifically identified circumstances. The only part of Local Rule 7-18 relied on by Entropic is subsection (c), *see* C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 10-11, which could not possibly apply here because there are no "material *facts*" that Entropic claims the Court did not consider. Instead, Entropic points only to ***legal authority*** that it previously brought

---

[1] *See* C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186, Notice of Motion, at 2 ("This Motion is made pursuant to Local Rule 7-18, on the grounds that there was a manifest failure to consider material facts and law presented to the Court before its Order was entered."). This is a misstatement of the rule. Rules 7-18(a)-(b) allow for reconsideration on the basis of a failure to consider "law" only if the relevant law has ***changed***, or if ***new law*** has emerged since the Court's Order, none of which is applicable here. *See* L.R. 7-18(a)-(b). Regardless, Entropic's Motion is brought only under Local Rule 7-18(c), which only permits reconsideration in the event of a failure to consider material ***facts***. C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 10-11.

to the Court's attention.[2] *See Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the U.S. Pension Tr. v. Ferreira Dairy,* 2015 WL 1952308 (C.D. Cal. Apr. 28, 2015), at *2 (denying motion for reconsideration where moving party "fail[ed] to point out any material *facts* the Court failed to consider" and "argu[ed] only that the Court … 'failed to consider Defendant's *arguments*'") (emphasis in original). Entropic concedes that it had ample opportunity to make its arguments concerning the allegedly "dispositive legal authority." Indeed, nearly the entirety of Entropic's oral argument focused on *Air Products* and its other "new authority." C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 9; *see generally* C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186-4 (Ex. C). Entropic provided copies of the cases to the Court as well as a slide deck used to discuss them, and then it filed the slides on the docket. C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 9. The Court also permitted Entropic to file a supplemental brief on the issue (Dkt. 115), to which Comcast responded (Dkt. 129).

Entropic's argument for reconsideration is that the Court simply "failed to consider or mention" Entropic's alleged authority in its final Order. C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 7; *id*. at 10:16-19 ("While the Order referenced and discussed the arguments made in the motion, opposition, and reply, the Order does not mention, nor did it analyze or discuss, the supplemental briefing, related arguments, or the line of cases including *Air Prod. & Chemicals* … ."); *id*. at 12:10-18 ("the Court may have inadvertently rendered its Order without considering the parties' supplemental briefing."). But the absence of a discussion of Entropic's cited authority does not mean that the Court did not consider it. *See Garcia v. Shasta Beverages, Inc*., 2021 WL 1502917, at *4 (C.D. Cal. Feb. 25, 2021) (Holcomb, J.) ("Garcia's sole argument is that the Court's purported failure to

---

[2] While not relied upon by Entropic, Local Rule 7-18(a) and (b) would not apply here either. Entropic identifies no "material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." *See* L.R. 7-18(a). Indeed, the only legal authority Entropic claims that the Court failed to consider was brought to the Court's attention by Entropic at the hearing on Comcast's Motion to Dismiss and in supplemental briefing. Nor is this a situation where new facts or a change in the law occurred after the Order was entered, *see* L.R. 7-18(b), as the cases Entropic belatedly brought to the Court's attention are decades-old.

analyze explicitly every argument and piece of evidence that Garcia submitted necessarily means that the Court did not consider the at-issue evidence at all. The Court is not persuaded."); *Safari v. Whole Foods Market, Inc.*, 2023 WL 8269774, at *2 (C.D. Cal. Oct. 10, 2023) (Holcomb, J.) (rejecting argument on a motion for reconsideration that "the Court did not sufficiently consider" the movant's positions, all of which had been "previously raised").

To the contrary, the more plausible explanation is that the Court did not adopt the case law because it does not apply. As set forth in Comcast's supplemental briefing (Dkt. 129), the *Air Products* case and the other authority raised by Entropic are neither "dispositive" or even relevant to the question raised in Comcast's Motion to Dismiss—whether Entropic has constitutional standing to sue Comcast for infringement of patents that it obtained subject to a covenant not to sue. *See also infra*, Section III.D. Entropic's assertion that the Court—after noting that the issue raised by Comcast was an "important" one that it "need[ed] to get right"—in fact ignored or "inadvertently" missed Entropic's legal arguments and cases that were presented at length at the hearing, in a slide deck filed with the Court, and in supplemental briefing specifically permitted by the Court has no basis in reality, and Entropic's request that the Court "amend" its order to "address this authority" is not permitted by any applicable rule or authority.

The cases cited by Entropic in its Motion illustrate not only the "disfavored" nature of motions for reconsideration under Local Rule 7-18 in general, but also courts' uniform refusal to expand upon the three exclusive grounds for relief enumerated therein. *Classical Silk, Inc. v. Dolan Group, Inc.*, 2016 WL 7637668, at *2 (C.D. Cal. Mar. 1, 2016) (noting that the Central District of California has "narrow[ed]" the grounds for reconsideration and "allows motions for reconsideration *only* on the grounds of [the bases stated in Local Rule 7-18]."); *In re Countrywide Fin. Corp. Mortgage-Backed Securities Litig.*, 966 F. Supp. 2d 1031, 1040 (C.D. Cal. 2013) (confirming that "the Court may properly refuse to consider [plaintiffs'] arguments" when plaintiffs failed to satisfy any of the conditions in Local Rule 7-18); *Thomas v. Housing Authority of County of Los Angeles*, 2005 WL 6136322, at *5

(C.D. Cal. Sep. 19, 2005) ("In this district, motions for reconsideration are governed by Local Rule 7-18"); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. Jul. 31, 2008) (same).³

At bottom, Entropic's Motion is nothing but a premature appeal—which is laid bare in Entropic's introductory paragraph: "[T]he Order is at odds with binding authority holding that a covenant not to sue does not deprive a court of subject matter jurisdiction over a patent infringement action brought by a patent holder." C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 7:8-10; *see also id*. at 15:22-24 ("the Court should reconsider its Order because, since it retains jurisdiction over this action based on the *Air Prod. & Chemicals* line of cases, Entropic's First Amended Complaint should not have been dismissed at all."). "Reconsideration is not, however, to be used to ask the court to rethink what it has already thought." *Solutions for Utilities Inc. v. Cal. Pub. Utilities Comm'n*, 2022 WL 3575307, at *1 (C.D. Cal. Jul. 5, 2022) (Holcomb, J.) (citation omitted); *Ketab*, 2015 WL 2084469, at *3.⁴

Entropic's failure to satisfy any ground for relief under Local Rule 7-18 should end the inquiry.

**B.   Entropic Relies on Cases Decided Under the Inapplicable Federal Rules 59 and 60**

Entropic attempts to muddy the straightforward legal standard set forth in Local Rule 7-18 by urging reconsideration to correct a supposed "clear legal error." C.A. 23-cv-1049,

---

³ As noted below, the Ninth Circuit "clear error" standard in *ACandS* only applies to reconsideration of *final* orders under Fed. R. Civ. P. 59 and 60. And while Entropic cites a few District Court cases in which the Court exercised its "inherent authority to reconsider interlocutory rulings," C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 11:8-17, none of those cases depart from the basic premise that Local Rule 7-18 prescribes the only bases under which parties may move the Court for reconsideration.

⁴ Entropic's suggestion that it is merely requesting that the Court "address" its legal authority so that there is a "complete record" when it appeals the Order, C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 11:25-12:9 and 14:18-15:21, is belied by the remainder of its briefing which is focused on arguing that the Court's dismissal of Entropic's Complaint was wrong. If Entropic does in fact appeal a ***final*** dismissal Order to the Federal Circuit, it is free to argue that this Court applied the wrong standard, and Entropic does not suggest that the Federal Circuit is not equipped to analyze issues that the District Court determined were irrelevant.

Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 10-11. But even if any "legal error" had been committed (which it has not, as set forth below), there is no such ground to reconsider an interlocutory order in this District. *Ketab*, 2015 WL 2084469, at *2 ("Plaintiff's first ground, that the Court committed 'clear error' resulting in a manifestly unjust decision, is not a permitted ground under Local Rule 7-18. As such, Plaintiff's argument of a 'clear error' cannot serve as a basis for reconsideration under Local Rule 7-18 by which Plaintiff moves.") (citation omitted); *Vargas*, 2018 WL 10231166, at *1-*2. The cases cited by Entropic referring to "a clear error of law" arise either from Federal Rule 59(e), which governs motions to alter or amend a ***final judgment***, or Federal Rule 60(b), which governs motions for relief from a ***final judgment***. *See McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (district court did not abuse its discretion under Rule 59(e) by denying reconsideration of a final order limiting access to files relating to a habeas corpus petition); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (district court did not abuse its discretion by refusing to reconsider a summary judgment order under Rules 59 and 60); *Smith v. Clark County Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (district court did not abuse its discretion by reconsidering its summary judgment order).[5]

Federal Rules 59 and 60 do not apply here because the Court's Order dismissing Entropic's complaint with leave to amend is not a final order or judgment. *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (district court order dismissing claims with leave to amend is not a final, appealable order); *see also Thomas*, 2005 WL 6136322, at *4 ("Here, the court's order of dismissal was not a final, appealable order because it dismissed less than all of plaintiffs' claims, and granted plaintiffs leave to amend."). Indeed, Entropic filed an Amended Complaint on December 8. *See* C.A. 23-cv-1049, Dkt. 128; C.A. 23-cv-1043, Dkt. 190. Courts in this District

---

[5] While the Court in *Smith* did not specifically reference Rule 59 or 60, it relied on the *ACandS* case for the relevant legal standard, which clarified that "[a] district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *ACandS*, 5 F.3d at 1262.

routinely reject invitations to reconsider interlocutory orders under the separate standards set out in Rules 59 and 60. *See Asberry v. Money Store*, 2018 WL 6834309, at *2 (C.D. Cal. Dec. 27, 2018) ("Because Plaintiffs seek reconsideration of an interlocutory order rather than a judgment, Rule 59(e) is not an appropriate basis for Plaintiffs' Motion.") (citations omitted); *McKintsy v. Swift Transportation Co. of Ariz.*, 2017 WL 8943524, at *2 (C.D. Cal. Sept. 18, 2007) ("[t]he applicable authority for reconsideration of interlocutory orders is Local Rule 7-18, not Fed. R. Civ. P. 59(e) or Rule 60(b)."); *see also Lozano v. AT & T Wireless*, 2003 WL 25548566, at *1 (C.D. Cal. Aug. 18, 2003) (same).

Entropic's attempt to inject a "clear legal error" standard into what it concedes is the only relevant rule (Local Rule 7-18) should be rejected.[6]

### C. Entropic's Motion Violates the Prohibition in Local Rule 7-18 and Local Rule 7-3

Local Rule 7-18 explicitly prohibits "repeat[ing] any oral or written argument made in support of, or in opposition to, the original motion." This forbidden ground—repeating arguments it already made at the hearing on Comcast's Motion to Dismiss and in its supplemental briefing—constitutes Entropic's entire basis for reconsideration. *See, e.g.*, C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 12:19-13:18 (arguing that under "the *Air Prod. & Chemicals, Inc.* line of cases, the Federal Circuit is clear that where a plaintiff asserts a claim for patent infringement, the Court has federal question subject matter jurisdiction under 35 U.S.C. § 100 *et seq.*, and the inquiry ends there, regardless of the presence of a covenant not to sue.") (citing the Aug. 9, 2023 H'rg Tr. at 75:16-24 and

---

[6] The Central District cases cited by Entropic that reference the "clear legal error" standard in the context of interlocutory orders make clear that they are not bound by it in light of the narrower grounds set forth in Local Rule 7-18. *See Milton H. Greene Archives*, 568 F. Supp. 2d at 1162 (citing *ACandS* and still applying Local Rule 7-18); *Thomas*, 2005 WL 6136322, at *8 (same); *Countrywide Financial Corp.*, 966 F.Supp.2d at 1040 ("Plaintiffs have not satisfied any of [the conditions of LR 7-18], and the Court may properly refuse to consider their arguments as a consequence"); *In re Hewlett-Packard Co. Securities Litig.*, 2013 WL 3582761, at *2 (C.D. Cal. Jun. 17, 2013) ("Defendants did not argue that the Court should apply the 'clearly erroneous' or 'manifest injustice' standards discussed in *ACandS* and other Ninth Circuit cases, but if they had, the Court would reject that argument.").

its supplemental briefing, C.A. 23-cv-1050, Dkt. 115). Indeed, Entropic repeats the ***exact same excerpts*** from *Air Products* in its motion for reconsideration that it identified in its supplemental briefing. *Compare* C.A. 23-cv-1050, Dkt. 115 at 3:18-24 *with* C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 12:24-13:2. If there was any doubt, Entropic clarifies: "[N]o material information is presented in the instant motion that diverts from Entropic's oral argument and supplemental briefing." C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 2 n.1. Counsel for Comcast informed counsel for Entropic that its motion for reconsideration would be in violation of Local Rule 7-18's prohibition on "repeat[ing]" already presented arguments, but Entropic's counsel insisted that it would simply file regardless. *See* Decl. of Krishnan Padmanabhan ¶ 6.[7]

Entropic also declined to comply with Local Rule 7-3, which required it to confer with Comcast about "the substance of the contemplated motion and any potential resolution … at least 7 days prior to the filing of the motion." Entropic did not inform Comcast of its intent to file this motion until November 29, five days prior to filing the Motion, and did not confer with Comcast until December 1, three days prior to filing the Motion. *Id*. ¶¶ 3-5; C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 2 n.1. Entropic's proffered reasons for its lack of diligence are the "short deadline for filing this Motion according to code [14 days] and the inevitable delays arising from the intervening Thanksgiving Holiday." *Id*. Neither excuses Entropic from compliance with Local Rule 7-3.

### D.    The Court Committed No "Clear Legal Error"

Even if "clear legal error" was a basis to reconsider the Court's Order, there has been no such error here. The Court found that the covenant not to sue in the agreement between Comcast and MaxLinear runs with the patents, and that Entropic took title to the patents at issue in this case subject to the covenant not to sue. C.A. 23-cv-1050, Dkt. 121; C.A. 23-cv-1048, Dkt. 132 at 1. The Court then held that it retained subject matter jurisdiction over claims for willful infringement—which Entropic failed to plausibly allege for any asserted patent. *Id*. Unless Entropic is able to plausibly allege willfulness **on a patent-by-patent**

---

[7] The declaration of Krishnan Padmanabhan is submitted concurrently with this opposition.

*basis*, the law of the case will require dismissal of Entropic's claims for lack of constitutional standing. The *Air Products* case and the other authority that Entropic claims is "dispositive" of the issues in Comcast's Motion to Dismiss address whether the cases arise under the patent laws for purposes of determining whether the district court has federal question jurisdiction under 28 U.S.C. § 1338—not whether a party has constitutional standing to bring suit. *See generally*, C.A. 23-cv-1048, Dkt. 129.

### E.  There is No Basis to Reconsider the Court's Findings Regarding the VSA

In the last paragraph of its Motion, Entropic argues that the Court should additionally reconsider its finding regarding the "meaning and effect of the VSA" on the basis that VSA supposedly has "numerous amorphous provisions" and requests discovery regarding Comcast's and MaxLinear's "intent behind the VSA." C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 9-10. But Entropic already made requests for VSA-related discovery, including regarding Comcast's and MaxLinear's intent, in its Opposition to Comcast's Rule 12 Motion, and the Court's Order denied that request. C.A. 23-cv-1050, Dkt. 88-1 at 18-19; C.A. 23-cv-1050, Dkt. 121 at 11. Entropic's renewed discovery request violates Local Rule 7-18's prohibition by repeating the arguments it made in Opposition to Comcast's Motion. Entropic also fails to identify any allegedly "amorphous portions" of the VSA, let alone any such provision of the covenant not to sue, and it provides no explanation of how any such "amorphous provision" would impact the Court's interpretation of the VSA or the Court's Order. To the extent that Entropic is using the word "amorphous" to mean "ambiguous," the issue of whether the VSA and covenant not to sue are ambiguous was squarely before the Court and is not appropriate for reconsideration under Local Rule 7-18. C.A. 23-cv-1050, Dkt. 88-1 at 13-4, 18-19; C.A. 23-cv-1050, Dkt. 84 at 36-37.

Finally, Entropic argues that the Court's Order "deferred to the Southern District of New York ("S.D.N.Y.") to interpret the VSA's termination provisions, yet the Court reached conclusions about other provisions of the VSA," and Entropic asks the Court to

"amend its Order to avoid any such definitive determinations about the VSA's meaning." C.A. 23-cv-1049, Dkt. 125; C.A. 23-cv-1043, Dkt. 186 at 16. But during oral argument, Entropic agreed that the interpretation and application of the covenant not to sue was before this Court, not the S.D.N.Y. Aug. 9, 2023 Hr'g Tr. at 86:17-19 ("MaxLinear is not asking, nor is Comcast, for the New York Court to do anything to affect whether or not Entropic can do something. It can't. Entropic is not a party to that case. This is a covenant. It's not what's being asked for. So that is why Your Honor is faced with that issue here."). Entropic's attempt to change its position regarding whether this Court should take up the covenant not to sue is, once again, a violation of Rule 7-18, and must be rejected.

## IV.  CONCLUSION

For all of the foregoing reasons, Comcast respectfully requests that the Court deny Entropic's Motion for Reconsideration. Further, in light of Entropic's knowing violations of Local Rules 7-18 and 7-3, sanctions in the form of monetary sanctions and/or the payment of Comcast's reasonable attorney's fees and costs associated with opposing this Motion would be appropriate under Local Rule 83-7. *See, e.g.*, *Vargas*, 2018 WL 10231166, at *3 (awarding sanctions under Local Rule 83-7 where the moving party violated Local Rule 7-18 by "relitigating the merits of the original motion").[8]

---

[8] Notably, Entropic's Motion to Supplement, scheduled to be heard on the same day as this Motion for Reconsideration, also fails to comply with the Local Rule and Standing Order applicable to amended and supplemental pleadings. *See* C.A. 23-cv-1049, Dkt. 131; C.A. 23-cv-1043, Dkt. 193; *see also* C.A. 23-cv-1049, Dkt. 136 at 7, n. 5; C.A. 23-cv-1043, Dkt. 201 at 7, n. 5. Sanctions are particularly appropriate here, where Entropic has violated several of the Court's rules in quick succession.

Dated: December 15, 2023

WINSTON & STRAWN LLP

By: */s/ K. Padmanabhan*
Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Ave., Florr 40
New York City, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700

*Attorneys for Comcast Defendants*