1  Christina N. Goodrich (SBN 261722)
2  christina.goodrich@klgates.com
   Cassidy T. Young (SBN 342891)
3  cassidy.young@klgates.com
4  K&L GATES LLP
   10100 Santa Monica Boulevard
5  Eighth Floor
   Los Angeles, CA 90067
6  Telephone: +1 310 552 5000
7  Facsimile: +1 310 552 5001

8
   *Attorneys for Plaintiff*
9  *Entropic Communications, LLC*

10
11                          **UNITED STATES DISTRICT COURT**
12                          **CENTRAL DISTRICT OF CALIFORNIA**

13  ENTROPIC COMMUNICATIONS, LLC,         Case No. 2:23-cv-1049-JWH-KES
                                          (Lead Case)
14              Plaintiff,                Case No. 2:23-cv-1050-JWH-KES
15       v.                               (Related Case)
16  COX COMMUNICATIONS, INC., *et al.*,
17                                        **SUPPLEMENT TO FIRST**
                Defendants.               **AMENDED COMPLAINT**
18                                        **AGAINST COX DEFENDANTS**
19  ENTROPIC COMMUNICATIONS, LLC,
20              Plaintiff,
21                                        **DEMAND FOR JURY TRIAL**
         v.
22
23  COMCAST CORPORATION, *et al.*,
24              Defendants.
25
26
27
28

Plaintiff, Entropic Communications, LLC ("Entropic") submits this supplement to its complaint for patent infringement against Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC. Plaintiff's Proposed First Amended Complaint for Patent Infringement Against Comcast submitted herewith is incorporated by reference.[1]

## COMCAST'S POST-SUIT WILLFUL INFRINGEMENT OF THE ASSERTED PATENTS

## COUNT IX

### (Infringement of the '275 Patent)

1. Entropic served an infringement contention claim chart for the '275 Patent on November 3, 2023.

2. The '275 Patent duly issued on October 10, 2023 from an application filed September 30, 2022, an application filed July 12, 2022, an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

3. Entropic owns all substantial rights, interest, and title in and to the '275 Patent, including the sole and exclusive right to prosecute this action and enforce the '275 Patent against infringers and to collect damages for all relevant times.

4. The '275 Patent generally describes a wideband receiver system that digitizes an input signal, selects desired channels from the digitized signal, and outputs

---

[1] This supplemental pleading is intended to incorporate all allegations in the proposed first amended complaint that occur on or after the filing of the original complaint. If, for any reason, any such allegations are inadvertently omitted from this pleading, that will be remedied in the final filing made following any grant of the motion for leave to amend and supplement.

the selected desired channels for demodulation. A true and accurate copy of the '275 Patent is attached hereto as Exhibit 18.

5. The '275 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

6. The '275 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

7. Cox deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

8. The Accused Set Top Products deployed by Cox to customer premises remain the property of Cox while deployed.

9. The Accused Set Top Products operate while deployed in a manner controlled and intended by Cox.

10. As set forth in the attached nonlimiting claim chart (Exhibit 19), Cox has directly infringed and is infringing at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, selling, and/or offering for sale the Accused Services through the Accused Set Top Products.

11. Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Cox.

12. Cox provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

13. Cox directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

14. The use of the Accused Services through the Accused Set Top Products by Cox to, for example, demonstrate products in brick-and-mortar stores at 66234 Irvine Blvd., Irvine, California 92620; 6771 Quail Hill Pkwy., Irvine, California 92603; 23704 El Toro Rd., Lake Forest, California 92630; 27321 La Paz Rd. Suite B, Laguna Niguel, California 92677; 30652 Santa Margarita Pkwy. F-101B, Rancho Santa Margarita, California 92688, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent.

15. Customers and subscribers of Cox infringe at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Set Top Products.

16. The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1, 2, 5, 7, 8, 10-12, 15, 17, 18, and 20 of the '275 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

17. Entropic has been damaged as a result of the infringing conduct alleged above. Cox is liable to Entropic in an amount that compensates Entropic for Cox's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Entropic is aware of no obligation to mark any instrumentality with the '275 Patent in accordance with 35 U.S.C. § 287..

## COUNT X
### (Infringement of the '438 Patent)

19. Entropic served an infringement contention claim chart for the '438 Patent on November 3, 2023.

20. Cox had knowledge of the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

21. Cox has been aware that it infringes the '438 Patent no later than its receipt of Entropic's infringement contention claim charts served on November 3, 2023.

22. Cox has known of or has been willfully blind to the '438 Patent since before the November 3, 2023 infringement contention claim charts were served.

23. Cox has been aware that it infringes the '438 Patent since at least as early as receipt of Entropic's November 3, 2023 infringement contention claim charts. Since obtaining knowledge of the '438 Patent and its infringing activities, Cox has failed to cease its infringing activities.

24. Cox's infringement of the '438 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

Dated: December 15, 2023

Respectfully submitted,

By: /s/ Christina Goodrich
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James Shimota (*pro hac vice*)
Jason Engel (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com

-4-
SUPPLEMENT TO COMPLAINT AGAINST COX

*Attorneys for Plaintiff
Entropic Communications, LLC*