1  DAVID M. KEYZER (SB# 248585)
   david@keyzerlaw.com
2  LAW OFFICE OF DAVID KEYZER, P.C.
   5170 Golden Foothill Parkway
3  El Dorado Hills, CA 95762
   Telephone: (916) 243-5259
4  Facsimile: (916) 404-0436

5

6

7

8                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9                           SOUTHERN DIVISION

10                                          §
                                            §
11  ENTROPIC COMMUNICATIONS, LLC,           §   Case No. 2:23-cv-01049-JWH-KES
            Plaintiff,                      §   LEAD CASE
12                                          §
        v.                                  §
13                                          §   Hon. John W. Holcomb
    COX COMMUNICATIONS, INC., et al.,       §   Special Master David M. Keyzer
14          Defendants.                     §
                                            §
15                                          §   **SPECIAL MASTER ORDER**
                                            §   **No. SM-8 AND**
16                                          §   **SPECIAL MASTER MINUTES**
                                            §
17                                          §
                                            §
18                                          §
                                            §
19                                          §

20

1  Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as

2  Special Master for Discovery Purposes (Dkt. 62), and further pursuant to the Court's

3  grant of consolidations (Dkt. 95, Oct. 16, 2023 Order), the discovery dispute resolution

4  procedure agreed upon by the parties and adopted by the special master (Dkt. 70-1,

5  Aug. 4, 2023 Special Master Order No. SM-2), and e-mail correspondence between the

6  Special Master and counsel for all involved parties on at least November 17, 22, and 29,

7  2023, and December 8 and 11, 2023, the Special Master held a discovery hearing on

8  December 20, 2023, regarding disputes set forth in letter briefing submitted to the Special

9  Master on November 17, 2023.

## I. SPECIAL MASTER MINUTES

11 At the December 20, 2023 discovery hearing, the parties appeared as follows:

| Present for Plaintiff Entropic | Present for Cox Defendants | Reporter |
|---|---|---|
| Katherine Allor<br>Kyle Kantarek<br>Cassidy Young | April Isaacson<br>Chris Leah<br>Andrew Saul<br>Michael Turton | Suzanne Hull |

17  The Special Master convened the discovery hearing at 7:30 A.M. Pacific Time by

18  videoconference, heard arguments by Katherine Allor on behalf of Entropic

19  Communications, LLC ("Entropic") and by Andrew Saul on behalf of Cox

20  Communications, Inc., CoxCom LLC, and Cox Communications California, LLC

(collectively, "Cox" or the "Cox Defendants"), set forth rulings (as discussed on the record and herein), and adjourned at 7:59 A.M.

## II.  DISCUSSION

Cox moves for relief as to Entropic's amended infringement contentions served on October 27, 2023, which amended the contentions that Entropic had previously served on September 15, 2023.  Cox argues that Entropic's amended contentions: (a) include additional accused products without showing good cause for those additions; (b) improperly set forth charts of "representative" products and accuse "similar" products; and (c) fail to provide sufficient notice as to certain claim limitations.

### A.  Additional Accused Cable Modems

Cox argues that information regarding its cable modems and set-top boxes has been publicly available since long before Entropic served its initial infringement contentions and that Entropic has no excuse for adding dozens of additional accused products at this stage.

Entropic submits that it has added various cable modem models based on Entropic's belief that those models are similar to models that Entropic identified in its original contentions.  Entropic also submits that it has been awaiting requested discovery to help it identify infringing cable modems and that Entropic is making a good faith effort to provide Cox with notice of what is accused based on the information that is currently available.

In evaluating this dispute, the Special Master noted at the December 20, 2023 hearing that the parties have not proposed (and the Court has not adopted) any patent local rules to govern in this case.  The Special Master therefore considers for persuasive value the principles underlying the patent local rules of various courts and the precedents that have applied such rules.  *See, e.g.,* N.D. Cal. Patent Local Rules 3-1 & 3-6 (rev. Oct. 19, 2023); *Cathx Research Ltd. v. 2G Robotics, Inc. a/k/a Voyis Imaging, Inc.*, No. 5:21-CV-77-RWS, 2022 WL 3656441 (E.D. Tex. June. 16, 2022); *Essociate Inc. v. Neverblue Media Inc.*, No. CV 12-08455-JVS-MLGx, 2013 WL 12131762 (C.D. Cal. July 8, 2013); *cf. Munchkin, Inc. v. Luv N' Care, Ltd.*, No. 2:13-CV-07228-ODW-AGR, 2015 WL 774065, at *2 (C.D. Cal. Feb. 24, 2015) (Wright, J.).

Considering the technical nature of the patents-in-suit and the accused products, that discovery is at an early stage, and that Entropic has already given Cox a significant degree of notice regarding what features are being accused, Cox does not persuasively show any unfair prejudice or that Entropic's additional contentions are otherwise impermissible.

Cox's motion in this regard is denied.

**B.  Representative Charting**

Cox argues that Entropic fails to show that the "representative" products have substantially the same purportedly infringing qualities as the other products.  *See CAO*

*Lighting, Inc. v. Feit Elec. Co.*, No. CV 20-4926-AB (SPx), 2021 WL 3376649 (C.D. Cal. June 2, 2021).

Entropic's use of "representative" products gives Cox notice of alleged infringement as to whatever features are accused, albeit with the burden of proof remaining on Entropic to prove infringement as to each accused product (whether through specific proof or through an agreement by the parties regarding representativeness).

Cox's motion to strike Entropic's use of "representative" charting is therefore denied, but, as the Special Master noted at the December 20, 2023 hearing, the issue of representative products more generally will likely need to be revisited prior to trial because of the large number of accused products.

Also, as discussed at the December 20, 2023 hearing, to the extent Entropic's infringement contentions purport to accuse, categorically, all other "similar" products, such contentions are amorphous and overbroad and thus fail to give reasonable notice to the Cox Defendants regarding what is accused of infringement. *Cf. Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-283, 2023 WL 3551409 (D. Utah May 18, 2023). Cox's motion to strike contentions that refer categorically to other "similar" products is therefore granted.

## C. Specific Limitations

Having reviewed the portions of the infringement contentions addressed by the Cox Defendant's November 17, 2023 letter brief, the Special Master finds that Entropic's contentions regarding the following limitations do not give the Cox Defendant's sufficient notice of what aspects of the accused products are purportedly infringing or the manner in which they purportedly infringe:

> '866 Patent, Elements 27a and 41a: "plurality of desired television channels" and "plurality of undesired television channels"
>
> '866 Patent, Element 27b: "without providing any of the plurality of undesired channels"
>
> '206 Patent, Elements 13b, 25b, 38b: "plurality of desired television channels" and "plurality of undesired television channels"
>
> '206 Patent, Element 25c: "without selecting any of the plurality of undesired channels"

At the December 20, 2023 hearing, Plaintiff expressed its intention to amend its contentions as it obtains and reviews discovery produced by the Cox Defendants, including a production that Plaintiff received from the Cox Defendants on the eve of the hearing. Because the above-identified portions of the contentions require supplementation, the Special Master found it unnecessary at the hearing to discuss all of the other claim elements that were challenged by the Cox Defendants. Instead, for the sake of efficiency, the Special Master provided general guidance to Plaintiff in addition

to the discussion of the particular claim elements listed above, and the Special Master ordered Plaintiff to amend its contentions no later than January 24, 2024.

### III. DISPOSITION

For the reasons set forth above, and as discussed on the record during the December 20, 2023 hearing, the Special Master hereby ORDERS:

> (1) the portions of Entropic's infringement contentions that attempt to accuse unspecified "similar" products are **STRICKEN**;
>
> (2) Entropic shall **AMEND** its infringement contentions to address the deficiencies identified above (and to take recently produced discovery into account) **no later than January 24, 2024**.

Any relief not expressly granted above is hereby denied. No fees are awarded.

IT IS SO ORDERED.

Dated: December 21, 2023      By: /s/ David Keyzer
David M. Keyzer
Special Master