Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

COX COMMUNICATIONS, INC., *et al.*,

Defendants.

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

COMCAST CORPORATION, *et al.*,

Defendants.

Case No. 2:23-cv-1049-JWH-KES (Lead Case)

Case No. 2:23-cv-01050-JWH-KES (Related Case)

**ENTROPIC COMMUNICATIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' COUNTERCLAIMS PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; [PROPOSED] ORDER**

Hearing Date: February 2, 2024
Hearing Time: 9:00 a.m.
Courtroom: 9D

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 2, 2024 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, Entropic Communications, LLC ("Entropic") will, and hereby does, move the Court for an Order dismissing Cox Communications, Inc., CoxCom LLC, and Cox Communications California, LLC's (collectively, "Cox") Counterclaim against Entropic in its entirety and with prejudice.[1] This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Cox's Counterclaim fails to state a claim upon which relief can be granted. Specifically, Cox alleges that Entropic tortiously interfered with the contractual obligations of third party MaxLinear, but Cox fails to allege plausibly that it has been harmed by any breach of contract and fails to allege any specific acts or conduct by Entropic to induce MaxLinear's alleged breach.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on December 1, 2023. The Parties thoroughly discussed the substance and potential resolution of the filed Motion.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the complete Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this Motion.

Dated: December 22, 2023

**K&L GATES LLP**

By: */s/ Cassidy T. Young*
Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
Cassidy T. Young (SBN 342891)

[1] This is the only counterclaim brought by Cox against Entropic. The other two counterclaims are brought against MaxLinear Inc.

K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
Katherine Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Peter E. Soskin (SBN 280347)
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. FACTUAL BACKGROUND ........................................................ 2

III. LEGAL STANDARD ................................................................ 3

IV. ARGUMENT .............................................................................. 3

A. Cox fails to allege facts to support the elements of its tortious interference claim. ............................................................ 3

1. Cox fails to plead "a valid contract between [itself] and a third party" because Cox fails to allege that it is party to, or an intended beneficiary of, the DOCSIS License. .................. 4

2. Cox has not pleaded facts establishing essentiality—until it does, its claim is not viable as a matter of law and leave to amend is futile. ............................................................ 5

3. Cox has not pleaded facts establishing legally cognizable harm—until it does, its claim is not viable as a matter of law and leave to amend is futile. .............................................. 7

4. Cox fails to plead "intentional acts designed to induce breach or disruption of the contract" because Cox fails to allege any specific acts by Entropic. ....................................... 9

B. There is no basis for voiding the assignment of the Asserted Patents from MaxLinear to Entropic. ............................................ 11

V. CONCLUSION ........................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 4, 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ... 3, 10

*Dongguan Beibei Toys Indus. Co., Ltd. v. Underground Toys USA, LLC*,
2019 WL 8631502 (C.D. Cal. Dec. 16, 2019) ... 11

*E. Aviation Grp., Inc. v. Airborne Express, Inc.*,
6 Cal. App. 4th 1448 (Cal. App. 2d Dist. 1992) ... 5

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003) ... 2

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) ... 3

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
165 F.3d 891 (Fed. Cir. 1998) ... 8

*Moore v. Apple Inc.*,
309 F.R.D. 532 (N.D. Cal. 2015) ... 10

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
795 F.3d 1124 (9th Cir. 2015) ... 4, 6, 7

*Nestle USA, Inc. v. Best Foods LLC*,
562 F. Supp. 3d 626 (C.D. Cal. 2021) ... 9

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
50 Cal. 3d 1118 (Cal. 1990) ... 8

*Precise Innov's, LLC v. Aerospace Eng'g and Support, Inc.*,
2022 WL 834632 (D. Idaho Mar. 21, 2022) ... 10

*Race Winning Brands, Inc. v. Gearhart*,
2023 WL 4681539 (C.D. Cal. Apr. 21, 2023) ... 11

*Sessions Payroll Mgmt., Inc. v. Noble Const. Co.*,
84 Cal. App. 4th 671 (2000) ........................................ 5

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
521 F. Supp. 3d 929 (S.D. Cal. 2021) ........................................ 9, 10

*W. Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981) ........................................ 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Cox's Counterclaim is frivolous. The crux of Cox's tortious interference claim is that Entropic *somehow* interfered with MaxLinear's alleged obligations under the DOCSIS License.[1] But Cox has failed to plead numerous critical facts:

- Cox does not plead that it is a party to the DOCSIS License, and merely conclusorily pleads that it is an intended beneficiary;
- Cox does not plead that it is in compliance with [REDACTED];
- Cox does not plead that the Asserted Patents are essential to DOCSIS—an unmistakable requirement for the DOCSIS License to apply to any patent; and
- Cox does not allege facts showing Entropic's conduct constitutes interference with any agreement.

Each of these pleading failures is individually fatal to Cox's Counterclaim because Cox does not plead facts that can establish a contractual relationship with which Entropic could have interfered. But the wholesale failure to allege *all* of these facts puts Cox's pleading into the realm of the frivolous. On top, Cox also has failed to allege facts showing that Entropic's alleged conduct could constitute interference, even if there were anything to interfere with. In sum, Cox's Counterclaim is clearly not viable and appears to be an improper effort to inject non-party MaxLinear into this patent litigation—a party who would not otherwise be subject to this Court's jurisdiction.[2] Because Cox cannot amend its Counterclaim to add plausible

[1] "DOCSIS" refers to the Data Over Cable Service Interface Specifications. The "DOCSIS License" refers to the DOCSIS License Agreement, a copy of which was attached to Cox's Counterclaims at DE 87-1.

[2] Cox's claims against MaxLinear do not present a federal question case, and Cox's allegations confirm that there is not diversity between the parties. *See* DE 94 ¶¶ 516–18, 520, 522.

allegations supporting a claim for tortious interference with contract, Cox's Counterclaim against Entropic should be dismissed without leave to amend.

## II. FACTUAL BACKGROUND[3]

Entropic filed a Complaint against Cox for infringement of eight patents related to cable modem and set-top box implementations. *See* DE 1 ¶ 1. In response, Cox filed a single Counterclaim against Entropic, as well as two counterclaims against MaxLinear. DE 87 ("Countercl."). This Motion moves to dismiss Count II of the counterclaims, the single count asserted against Entropic, which alleges that Entropic tortiously interfered with MaxLinear's contractual obligations under the DOCSIS License. *See id.* ¶¶ 311–314; *see also* DE 87-1.

CableLabs is a non-profit entity that develops and publishes various specifications and standards, including the DOCSIS standard. Countercl. ¶ 281–82. To encourage industry participants to adopt the DOCSIS standard, CableLabs created the DOCSIS License, which creates a royalty-free pool for intellectual property rights essential to practicing the DOCSIS standard. *Id.* ¶¶ 283, 285. Signatories to the DOCSIS License grant CableLabs a royalty-free license to, and right to sub-license, all patent claims owned by the licensor that are essential for compliance with DOCSIS specifications. *Id.* ¶ 285. In return, CableLabs grants each signatory a royalty-free sub-license to all other DOCSIS-essential patent claims that are part of the pool. *Id*. MaxLinear is one such signatory to the DOCSIS License. *See* DE 87-1 at 1. **Cox is not.** *See* DE 87-2 (showing Cox is not listed as a DOCSIS IPR agreement signatory). Rather, Cox alleges that it purchases equipment from third party vendors who are signatories. *See* Countercl. ¶ 287.

[3] For purposes of this Motion only, and consistent with the standard described in Rule 12(b)(6) of the Federal Rules of Civil Procedure, Entropic has assumed the truth of all well-pleaded allegations in Cox's Counterclaims. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ("We must take 'all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff'"). Entropic reserves the right to dispute all factual allegations and legal conclusions recited in the counterclaims.

MaxLinear assigned the Asserted Patents to Entropic before Entropic filed suit. *See* Countercl. ¶¶ 295–96; *see also* DE 87-3 and 87-4 (executed assignments). Cox alleges that these assignments constituted a breach of the DOCSIS License by MaxLinear. *See id.* ¶ 309. Cox further alleges that Entropic tortiously interfered with the DOCSIS License by inducing MaxLinear to assign the patents, which is the subject of this Motion. *See id.* ¶¶ 311–314. Entropic disputes Cox's allegations.

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint where "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* While a court generally must accept plaintiff's factual allegations as true, it need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. ARGUMENT

### A. Cox fails to allege facts to support the elements of its tortious interference claim.

To state a claim for tortious interference with contract, the party asserting the claim must show: "(1) a valid contract between [the party asserting the claim] and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage." *Name.Space, Inc. v. Internet Corp. for*

*Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (applying California common law of tortious interference) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678–679 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), 550 U.S. at 555). Cox's tortious interference Counterclaim fails to meet this standard with respect to multiple elements of the claim.

**1. Cox fails to plead "a valid contract between [itself] and a third party" because Cox fails to allege that it is party to, or an intended beneficiary of, the DOCSIS License.**

To state a claim for tortious interference with contract, the party asserting the claim must show a valid contract between it and a third party, as well as the defendant's knowledge and intentional disruption of that contract. *Name.Space, Inc.*, 795 F.3d at 1133. The contract here is the DOCSIS License. *See* Countercl. ¶ 313 (alleging Entropic "was aware of MaxLinear's obligations under the DOCSIS license agreements" and that Entropic induced MaxLinear to breach that agreement). But Cox is not a party to that agreement and does not even have standing to enforce the agreement. *See* DE 87-1 at 1. The DOCSIS License is between MaxLinear and CableLabs. *See id.* While the agreement does contemplate CableLabs granting sub-licenses to the other DOCSIS signatories, Cox is not one of those signatories. *See* DE 87-2 (showing Cox is not listed as a DOCSIS IPR agreement signatory).

Nevertheless, Cox makes the conclusory allegation that it is an intended beneficiary of the DOCSIS License. *See* Countercl. ¶¶ 287, 290, 307, 312. Cox fails, however, to allege ***facts*** sufficient to support this conclusion. It would be one thing if Cox was itself a DOCSIS signatory and had received a direct sub-license from

CableLabs. The DOCSIS License states, for example, that [REDACTED] DE 87-1 at 1. But the facts alleged by Cox support only that Cox may be a *customer of intended beneficiaries*, not that it itself is an intended beneficiary. *See* Countercl. ¶ 287 (alleging that Cox purchases DOCSIS-compliant hardware from vendors who are DOCSIS signatories). In short, Cox's allegations establish that it does not have standing to enforce any alleged breach of that agreement and is at best an incidental beneficiary. *See E. Aviation Grp., Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th 1448, 1452 (Cal. App. 2d Dist. 1992) ("A third party who is only incidentally benefited by performance of a contract is not entitled to enforce it."). An incidental beneficiary, and non-party, cannot maintain a claim for tortious interference, and Cox's Counterclaim must be dismissed with prejudice.

Even if Cox had alleged facts that it is an intended beneficiary, those allegations still would fail because the DOCSIS License itself establishes that Cox *cannot* be an intended beneficiary. This is because [REDACTED] Countercl. Ex. A at 5. [REDACTED] The Counterclaim's allegations as to Cox being an intended beneficiary are thus fatal twice-over, and must be dismissed with prejudice. *Sessions Payroll Mgmt., Inc. v. Noble Const. Co.*, 84 Cal. App. 4th 671, 674 (2000) ("A third-party beneficiary can only claim benefits that contracting parties intended it to receive.").

**2. Cox has not pleaded facts establishing essentiality—until it does, its claim is not viable as a matter of law and leave to amend is futile.**

Cox's claim for tortious interference is futile because the pleadings themselves fail to establish that any breach or harm occurred relating to the DOCSIS License. Elements 3, 4 and 5 of tortious interference are: "(3) defendant's intentional acts

designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage." *Name.Space, Inc.*, 795 F.3d at 1133. In sum, there must be some harm—an actual "breach or disruption" of the contract (with intent). But Cox does not plead any harmful breach or disruption by Entropic (much less with intent) because Cox ***cannot*** plead that the DOCSIS License was disrupted.

The DOCSIS License implicates only those patents which are essential to the DOCSIS technical specifications. *See* Countercl. Ex A at 2. Cox never pleads that the Asserted Patents ***are*** essential. Hence, Cox never pleads that the DOCSIS License, in fact, would provide any protection to any party with respect to the Asserted Patents (much less Cox, who is not a signatory or intended beneficiary, as discussed above). This too is fatal to Cox's Counterclaim—if Cox has not pled that the DOCSIS License covers the Asserted Patents, then what harm has Cox (or any other party) suffered? None.[4]

Cox knows this and cannot plead otherwise. The best Cox can do is a (false) suggestion that Entropic has admitted essentiality, and a pleading that some of the Asserted Patents ***may be*** essential. Countercl. ¶¶ 299, 313. But suggestions and "may be's" are not sufficient to establish that the DOCSIS License applies to the Asserted Patents. *First*, Cox cannot rely on the fact that instrumentalities at issue in the case comply with DOCSIS. That misses the question. For example, an iPhone may comply with the 5G wireless standard, but that does not render every patent covering an iPhone essential to the 5G standard. Here, the Asserted Patents may cover instrumentalities (and their use) that happen to also comply with DOCSIS. But that does not establish that the ***Asserted Patents*** are essential to DOCSIS. The Asserted Patents are simply not required by the DOCSIS Technical Specifications; they read

[4] In the interest of being concise, Entropic's discussion of essentiality refers to the Asserted Patents, but intends for all such references to refer to both the Asserted Patents and their individual claims.

on items of the accused instrumentalities that go beyond what DOCSIS requires.[5] *Second*, as for its allegation that some of the patents ***may be*** essential, that is not sufficient. Cox must plead that the Asserted Patents ***are*** essential—otherwise, the DOCSIS License is irrelevant. In sum, Cox has pled that it *might* have been harmed as to *some* of the Asserted Patents. That is plainly insufficient.[6]

Without essentiality to DOCSIS, the DOCSIS License does not apply to the Asserted Patents. The tortious interference claim thus fails automatically. There is no "breach or disruption" of the DOCSIS License that could produce any "resulting damage." *Name.Space, Inc.*, 795 F.3d at 1133. And of course, Cox cannot establish how Entropic could have intent to induce anyone to disrupt a contractual relationship that does not apply in the first instance.

**3. Cox has not pleaded facts establishing legally cognizable harm—until it does, its claim is not viable as a matter of law and leave to amend is futile.**

Perhaps recognizing the fundamental inapplicability of the DOCSIS License, Cox does not plead it was harmed by losing any alleged license rights. Cox's only pleading of harm is that this lawsuit was brought. According to Cox, MaxLinear breached the DOCSIS License by assigning the Asserted Patents to Entropic, thereby

[5] Entropic's position is that the Asserted Patents are not subject to the DOCSIS License because they are not "essential for compliance with the [DOCSIS] Specifications." *See* DE 87-1 § 1.2. Cox points to the mere fact that Entropic has accused DOCSIS-compliant equipment of infringing. *See id*. With respect to the '775 Patent, Cox alleges only that two of the claim elements are a DOCSIS controller and a DOCSIS MAC processor. *See id.* ¶ 300. With respect to the '690 and '682 Patents, Cox alleges only that they "relate to messaging and communications between a Cable Modem Termination System and a Cable Modem, which is addressed in DOCSIS." *Id*. These facts do not show that any of the Asserted Patents are *essential* for complying with DOCSIS specifications. In fact, the District Court for the Eastern District of Texas recently granted summary judgement that three of the Asserted Patents ('008, '826, and '682 Patents) are not subject to the DOCSIS License. RJN Ex. A (*Entropic Comm's, LLC v. Charter Comm's, Inc.*, 2:22-cv-00125-JRG, DE 357, at 6-9 (report and recommendation, adopted at DE 399)).

[6] Pleading in the alternative is, of course, permissible. But Cox must actually plead the alternatives and state plausible claims thereunder, one where the Asserted Patents ***are*** essential and one where they are not. Cox does neither.

allowing Entropic to bring this lawsuit. *See* Countercl. ¶ 313 (accusing Entropic of "inducing MaxLinear to attempt to assign various patents for Entropic to enforce and for Entropic to seek damages"). The Counterclaim is silent as to any other specific harm. *See id.* ¶ 314 (alleging only that "Cox has been injured in their business or property, and has suffered and will continue to suffer damages"); *id.* ¶ 318 (vaguely alleging that "MaxLinear has created additional expense and uncertainty for Cox and its business").

Thus, the only alleged harm that Cox has even hinted at is the fact that it must defend this patent infringement suit, but that is not a legally cognizable harm because such conduct is covered by the litigation privilege.[7] *See, e.g.*, *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1130–31 (Cal. 1990) ("Under existing law, the only common law tort claim that treats the instigation or bringing of a lawsuit as an actionable injury is the action for malicious prosecution. . . . The bringing of a colorable claim is not actionable. . . . Obviously if the bringing of a colorable claim were actionable, tort law would inhibit free access to the courts and impair our society's commitment to the peaceful, judicial resolution of differences.").

Indeed, Cox has not and cannot plead that if MaxLinear still owned the patents, Cox could not have been sued. Again, precisely because Cox cannot plead that the DOCSIS License applies to the Asserted Patents and grants Cox rights under those patents, Cox can be properly sued. MaxLinear could have sued. MaxLinear's successor-in-interest, Entropic, acquired equal rights.

---

[7] Entropic has every right to assert the patents under the good faith belief that Cox is not licensed, even if a Court ultimately at some point rules differently. "[A] patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). The same would be true of MaxLinear were it still the patent owner. To hold otherwise would permit accused infringers to bully patent holders into withdrawing suit for fear of triggering counterclaims, regardless of merit.

**4. Cox fails to plead "intentional acts designed to induce breach or disruption of the contract" because Cox fails to allege any specific acts by Entropic.**

Cox's tortious interference claim also is deficient because it fails to "indicat[e], beyond conclusory allegations, facts making it plausible that [Entropic] intended to disrupt [Cox]'s relationship with third parties." *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 960 (S.D. Cal. 2021). "To adequately plead the intentional element of a tortious interference claim, a plaintiff must allege that the defendant desired to interfere with the plaintiff's contractual arrangement or that 'the defendant knew that the interference was certain or substantially certain to occur as a result of its action.'" *Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626, 633 (C.D. Cal. 2021) (quoting *Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)). In other words, Cox's claim for tortious interference with contract requires that Cox establish that Entropic intended to disrupt MaxLinear's compliance with the DOCSIS License. This, Cox has not done.

Cox again relies on conclusory allegations that are not sufficient as a matter of law. The entirety of Cox's allegations as they relate to Entropic's alleged intentional conduct are as follows:

> Entropic was aware of MaxLinear's obligations under the DOCSIS license agreements. Nevertheless, Entropic induced a breach of MaxLinear's contractual obligations by inducing MaxLinear to attempt to assign various patents for Entropic to enforce and for Entropic to seek damages, despite Entropic's awareness that one or more such patents may be essential to compliance with DOCSIS. As a result of Entropic's actions, MaxLinear breached its contractual obligations.

Countercl. ¶ 313. Cox cites no ***factual*** allegations that Entropic ***actually*** interfered with the DOCSIS License. *See Moore v. Apple Inc.*, 309 F.R.D. 532, 546 (N.D. Cal.

2015) (citing *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998) ("Tortious interference with contract requires, among other things, proof of actual breach or actual interference."). Instead, Cox's makes circular assertions that Entropic "induced a breach" by "inducing" MaxLinear's conduct.

Although not a California case, the opinion in *Precise Innovations* is particularly instructive. *See Precise Innov's, LLC v. Aerospace Eng'g and Support, Inc.*, 2022 WL 834632 (D. Idaho Mar. 21, 2022).[8] The defendant in that case, AES, asserted a counterclaim for tortious interference, alleging that Precise Innovations had induced third-party Hurricane Electronics to terminate an agreement that it had with AES. *See id.* at *1. Although AES alleged that Precise was aware of the Hurricane contract, "AES allege[d] no facts to explain how Precise allegedly persuaded Hurricane to terminate the contractual relationship, how this termination caused a breach of the contract, or how this conduct was wrongful." *Id.* at *3. The Court ruled that this did not suffice under the federal pleading standards of *Iqbal* and *Twombly* and dismissed the tortious interference claim. *Id.*

Cox similarly provides no details about how Entropic allegedly induced MaxLinear's conduct. There is no mention of any specific acts or communications by Entropic. Cox therefore fails to state a claim for interference with contract. *See e.g. Soil Retention Prods.*, 521 F. Supp. 3d at 960 (plaintiff failed to state a claim for tortious interference where they alleged that "Defendant knew or should have known of the valid contracts" and that "Defendant intended to disrupt the performance of these contracts or knew that disruption of performance under these contracts was certain or substantially certain"); *Dongguan Beibei Toys Indus. Co., Ltd. v. Underground Toys USA, LLC*, 2019 WL 8631502, at *2 (C.D. Cal. Dec. 16, 2019)

---

8 *Precise Innovations* applied Idaho law on tortious interference, which involves essentially the same elements as under California law. *See Precise Innov's.*, 2022 WL 834632 at *2 ("To state a claim for tortious interference with contract, a claim must allege: '(1) the existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) intentional interference causing a breach of the contract; and (4) injury to the plaintiff resulting from the breach.'").

(counterclaim-plaintiff failed to identify how counterclaim-defendant's actions disrupted the contracts); *Race Winning Brands, Inc. v. Gearhart*, 2023 WL 4681539, at *12 (C.D. Cal. Apr. 21, 2023) (allegations in the complaint were too conclusory to plausibly allege defendant had an affirmative involvement in the alleged breach).

**B. There is no basis for voiding the assignment of the Asserted Patents from MaxLinear to Entropic.**

Although, in its Prayer for Relief, Cox does not explicitly request that the Court void the assignment of the Asserted Patents (*see* Countercl. at 32–33), Cox does allege that the assignment violates the DOCSIS License and is void. *See id.* ¶ 303. However, Cox identifies no factual allegations, nor any language in the DOCSIS License, that support this legal conclusion. Thus, to the extent that Cox actually seeks to void the assignment by virtue of its Counterclaim, it has failed to actually seek that as a remedy and failed to articulate a legal or factual basis for doing so.

## V. CONCLUSION

For the foregoing reasons, Entropic respectfully requests that this Court dismiss Cox's tortious interference with contract claim against Entropic (Count II) with prejudice and without leave to amend. Moreover, Entropic respectfully requests that the Court conclude that as pleaded by Cox, there is no basis to void the assignment of the Asserted Patents.

Dated: December 22, 2023

**K&L GATES LLP**

By: */s/ Cassidy T. Young*

Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
Katherine Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Peter E. Soskin (SBN 280347)
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 3,681 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 22, 2023

**K&L GATES LLP**

By: */s/ Cassidy T. Young*

Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
Katherine Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
katy.allor@klgates.com

Nicholas F. Lenning (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
(206) 370-6006 (fax)
nicholas.lenning@klgates.com

Peter E. Soskin (SBN 280347)
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***