**KILPATRICK TOWNSEND & STOCKTON LLP**
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice*)
cdabbiere@kilpatricktownsend.com
Andrew N. Saul (*admitted pro hac vice*)
asaul@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC, <br><br> Defendants. | Lead Case: 2:23-cv-01049-JWH-KES <br><br> Related Case: 2:23-cv-1050-JWH-KES <br><br> **COX DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND INFRINGEMENT CONTENTIONS** |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................7

II.     ARGUMENT................................................................................................8

    A.      Legal Standards ................................................................................8

    B.      Entropic's Request to Add the '438 and '275 Patents
            Should Be Denied .............................................................................9

        1.      Entropic's Proposed Amendment is Unduly Delayed
                and Brought in Bad Faith......................................................10

        2.      Entropic's Proposed Amendment is Prejudicial......................15

        3.      The Court Should Deny Entropic's Motion Because
                the Amendment Would Not Result in the
                Efficiencies Entropic Claims .......................................................18

        4.      Entropic's Proposed Amendment is Futile................................20

    C.      Entropic Has Not Shown Good Cause Exists for the
            Proposed Amendment .........................................................................22

III.    CONCLUSION ...........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
781 F.2d 1393 (9th Cir. 1986) ..............................................................10, 11, 12

*Altair Instruments, Inc. v. Telebrands Corp.*,
2020 WL 1956516 (C.D. Cal. Mar. 31, 2020) ...................................................19

*AmerisourceBergen Corp. v. Dialysis West, Inc.*,
465 F.3d 946 (9th Cir. 2006) .......................................................................*passim*

*Apple, Inc. v. Samsung Elecs. Co.*,
67 F. Supp. 3d 1100 (N.D. Cal. 2014), *aff'd*, 839 F.3d 1034
(Fed. Cir. 2016)........................................................................................19, 22, 23

*Ascon Properties, Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ...............................................................................8

*ASM America, Inc. v. Genus, Inc.*,
No. 01-2190 EDL, 2002 WL 24444 (N.D. Cal. Jan. 9, 2002) .......................8, 19

*Aten Int'l Co., Ltd. v. Emine Tech. Co.*,
No. SACV 09–0843 AG (MLGx), 2010 WL 1462110
(C.D. Cal. Apr. 12, 2010) ....................................................................................17

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
918 F.2d 1446 (9th Cir. 1990) ...............................................................................8

*Dexcom, Inc. v. AgaMatrix, Inc.*,
No. CV 16-05947 SJO, 2017 WL 3433543
(C.D. Cal. Feb. 3, 2017)................................................................................14, 17

*Dobeck v. Cobra Eng'g, Inc.*,
2017 WL 8186769 (C.D. Cal. Apr. 12, 2017).....................................................23

*Ellingson Timber Co. v. Great N. Ry. Co.*,
424 F.2d 497 (9th Cir. 1970) .................................................................................8

*Eminence Capital, L.L.C. v. Aspeaon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ...............................................................................8

*Entropic Communications, LLC v. Charter Communications, Inc.*,
  Civil Action No. 2:22-CV-00125-JRG, Dkt. No. 114
  (E.D. Tex. May 31, 2023)..............................................................*passim*

*Foman v. Davis*,
  371 U.S. 178 (1962).........................................................................8

*Frowlow v. Wilson Sporting Goods, Co.*,
  Civil Action No. 05-4813 (FLW), 2009 WL 904049
  (D.N.J. Apr. 1, 2009) .....................................................................20

*Garcia v. Stemilt AG Services, LLC*,
  2021 WL 9527247 (E.D. Washington July 1, 2021) ..........................11

*Glaukos Corp. v. Ivantis, Inc.*,
  No. SACV 18-00620 JVS (JDEx), 2019 WL 8348322
  (C.D. Cal. May 20, 2019) .........................................................17, 19

*Inline Connection Corp. v. AOL Time Warner Inc.*,
  237 F.R.D. 361 (D. Del. 2006) ...............................................11, 13, 14

*IXYS Corp. v. Advanced Power Tech., Inc.*,
  No. C 02-03942 MHP, 2004 WL 135861
  (N.D. Cal. Jan. 22, 2004) ...............................................................16

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) ....................................................8, 12

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) ....................................................9, 22

*Jordan v. Los Angeles County*,
  669 F.2d 1311 (9th Cir. 1982) ..............................................10, 13, 14

*Kaplan v. Rose*,
  49 F.3d 1363 (9th Cir. 1990) ....................................................10, 11

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
  2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ....................................22

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  194 F. 3d 980 (9th Cir. 1999) ......................................................8, 9

*Lockman Found. v. Evangelical Alliance Mission*,
  930 F.2d 764 (9th Cir. 1991) ..........................................................8

*Minter v. Prime Equip. Co.*,
    451 F.3d 1196 (10th Cir. 2006) ................................................................ 11, 15

*MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*,
    2014 WL 5810363 (C.D. Cal. Nov. 6, 2014) ......................................... 22

*Pharmacia, AB v. Hybritech, Inc.*,
    1984 WL 1479 (S.D. Cal. Oct. 19, 1984) ............................................... 19

*Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*,
    No. CV 19-4952-MWF, 2019 WL 8161141
    (C.D. Cal. Aug. 30, 2019) ........................................................................ 19

*Sage Electrochromics, Inc. v. View, Inc.*,
    2014 WL 1379282 (N.D. Cal. Apr. 8, 2014) ......................................... 14

*SanDisk Corp. v. ITE Techs., Inc.*,
    Nos. 07-cv-605-bbc, 07-cv-607-bbc, 2010 WL 1410728
    (W.D. Wis. Apr. 2, 2010) ......................................................................... 17

*SanDisk Corp. v. STMicroelectronics Inc.*,
    No. C 04-4379 JF (RS), 2009 WL 1404689
    (N.D. Cal. May 19, 2009) ......................................................................... 17

*Serra v. Lappin*,
    600 F.3d 1191 (9th Cir. 2010) ................................................................... 8

*Tech. Licensing Corp. v. BlackmagicDesign Pty Ltd.*,
    2014 WL 5499511 (N.D. Cal. Oct. 30, 2014) ....................................... 23

*Universal Elecs. Inc. v. Roku Inc.*,
    No. SACV 18-1580 JVS (ADx), 2019 WL 1878351
    (C.D. Cal. Mar. 14, 2019) ........................................................................ 19

*Ward v. Crow Vote LLC*,
    No. 8:21-cv-01110-FWS-DFM, 2022 WL 17882162
    (C.D. Cal. Oct. 11, 2022) ......................................................................... 12

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
    309 F.R.D. 645 (W.D. Wash. 2015) ....................................................... 12

*Woodward v. Collection Consultants*,
    381 F. Supp. 3d 1234 (C.D. Cal. 2019) ................................................... 9

*WP Banquet, LLC v. Target Corp.*,
   2016 WL 9450448 (C.D. Cal. Dec. 15, 2016) ..................................................... 19

*Xyratex Tech., Ltd. v. Teradyne, Inc.*,
   No. CV 08-04545 SJO, 2009 WL 10702551
   (C.D. Cal. Apr. 10, 2009) ................................................................. 15, 16

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
   2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) ..................................................... 14

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 9

Federal Rule of Civil Procedure 15 .......................................................... 11, 15

Federal Rule of Civil Procedure Rule 42(b) ............................................................ 7, 8

*3 J. Moore, Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) ............................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

The Court should exercise its discretion and deny Entropic's Motion for Leave to Amend ("Motion") because it is the result of undue delay, was brought in bad faith, is unduly prejudicial, and is futile. Entropic's Motion seeks to add eighteen (18) patent claims from two patents—U.S. Patent No. 9,866,438 (the "'438 Patent) and U.S. Patent No. 11,785,275 (the "'275 Patent)—to a case that already involves fifty-two (52) patent claims from eight patents. Contrary to Entropic's assertions, adding 18 patent claims will not serve the interests of judicial economy; rather, it will unduly prejudice Cox at least by needlessly increasing the financial burden and complexity in the case. Moreover, Entropic provides no reason, much less a good reason, why it needs to add another 18 patent claims to this case.

Nor can it. Entropic's requested addition of two patents—one of which issued in January 2018 and could have been asserted in the Original Complaint—is a bad faith tactic to increase the financial burden on Cox and further prejudice Cox by overly complicating this litigation. Confirming this tactic, Entropic reserved the right to continue adding patents and claims to this case through *Markman* proceedings, and refused to identify a time or event when it would narrow its asserted claims and patents. Entropic's tactics should be rejected, and its Motion denied. There is no prejudice to Entropic in doing so and, in fact, judicial economy will be increased as the Court and parties will be able to better focus on the current (already numerous) patents and claims. Entropic can file a new case to assert the '438 and '275 Patents and any additional continuation patents that issue and the Court can appropriately manage the schedule in that case to minimize the burden on the parties and Court.[1]

---

[1]Indeed, should the Court grant Entropic's Motion, the Court should entertain a motion to sever Entropic's infringement claims for the '438 and '275 Patents and stay those claims pending determinations on the claims asserted in the Original Complaint. "Rule 42(b) provides that the Court may order a separate trial of claims, counterclaims, or issues 'in furtherance of convenience or to avoid prejudice, or

## II.    ARGUMENT

### A.    Legal Standards

"[L]eave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The power to grant leave to amend … is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citation and internal quotation marks omitted). Leave to amend may be denied "where there is any apparent or declared reason for doing so." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Every factor need not be present for a court to deny a motion to amend. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F. 3d 980, 986 (9th Cir. 1999). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, L.L.C. v. Aspeaon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Jackson*, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor."). The Ninth Circuit has held that allowing a plaintiff to amend its complaint after a defendant "has already incurred substantial litigation costs" and putting defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (citation omitted).

"Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990) (affirming

---

when separate trials will be conducive to expedition and economy.'" *ASM America, Inc. v. Genus, Inc.*, No. 01-2190 EDL, 2002 WL 24444, at *5 (N.D. Cal. Jan. 9, 2002) (quoting Fed. R. Civ. Proc. 42(b)); *see also Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (Rule 42(b) "permit[s] deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.").

denial of motion to amend where plaintiffs "failed to present this [claim] in either their initial or first amended complaint"). In evaluating undue delay, courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment [at the time of] the original pleading." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Unexplained delay, or misleading attempts to explain delay, are relevant, both as an independent factor on its own and as further evidence of bad faith. *See, e.g.*, *Lockheed Martin Corp.*, 194 F.3d at 986 (denying motion to amend, in part, because Lockheed knew facts relied on, but waited over three months before filing motion and provided no adequate explanation for delay).

Finally, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quotation omitted). Futility exists "where the amended complaint would be subject to dismissal" and fails to state a valid claim. *Woodward v. Collection Consultants*, 381 F. Supp. 3d 1234, 1239 (C.D. Cal. 2019); *see also 3 J. Moore, Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining legal sufficiency of proposed amendment is identical to one used when considering sufficiency of pleading challenged under Rule 12(b)(6)).

Here, the factors weigh in favor of denying Entropic's Motion to Amend.

### B.   Entropic's Request to Add the '438 and '275 Patents Should Be Denied

The Court should reject Entropic's attempt to supplement its Original Complaint with allegations of infringement based on Entropic's litigation conduct for three independent reasons: (1) Entropic's undue delay and bad faith weigh heavily toward denying leave; (2) supplementation is futile because Entropic's allegations are insufficient to allege infringement; and (3) Entropic's proposed amendment is unfairly prejudicial to Cox.

1. **Entropic's Proposed Amendment is Unduly Delayed and Brought in Bad Faith**

Entropic has not shown it was diligent in bringing claims of infringement of the '438 Patent or '275 Patent; rather, Entropic's Motion makes clear its decision to add patents to the case is tactical to drive up costs and work for Cox. Entropic's unjustified delayed weighs against granting its Motion and further suggests bad faith—another reason to deny the Motion.

*__'438 Patent__*: Entropic filed its Complaint on May 8, 2023, asserting eight patents, including U.S. Patent 10,135,682 (the "'682 Patent"). DE 49. The '438 Patent issued on January 9, 2018, and as shown in Exhibit A, aside from dependent claim 9 of the '438 Patent, the asserted claims of the '682 and '438 Patents are nearly identical. Ex. A, pp. 1-2. Despite this overlap, Entropic contends it "first learned that it had a basis to assert the '438 Patent on September 11, 2023," based on information it saw in **public** documents while "investigating Cox's infringement of the Patents-in-Suit," over **four months after** it filed the Complaint. DE 114, p. 9. Entropic then waited until November 13, 2023—over two months later—to move for leave to amend to assert the '438 Patent.

Where the facts supporting a proposed amendment were known or should have been known at the time of filing its original complaint, the moving party's lack of diligence justifies denial of its motion to amend. *Jordan v. Los Angeles County*, 669 F.2d 1311, 1324 (9th Cir. 1982) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied."); *see also AmerisourceBergen*, 465 F.3d at 953 (same); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1990) (affirming denial of leave to amend where documents supporting amendment were "known to Kaplan from the beginning" of case); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when

the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Entropic does not dispute it delayed raising the '438 Patent. Rather, Entropic attempts to excuse its delay by asserting it was waiting until the '275 Patent issued in order to request leave to amend in a single motion. Entropic's decision to wait to assert the '438 Patent so it could request leave to add two patents, instead of one, is not the kind of excuse that justifies granting leave to amend after delay, particularly in this case. The '275 and '438 Patents are unrelated and, because the '438 Patent issued so long ago, Entropic could have sought leave significantly earlier and at a time when it would not prejudice Cox's preparation of its case. This weighs in favor of denying Entropic's Motion. *See Kaplan*, 49 F.3d at 1370; *Acri*, 781 F.2d at 1398.

Independently, during the meet and confer, Entropic reserved the right to add more to-be-issued continuation patents at least through the *Markman* process. Dabbiere Decl, ¶ 3; DE 114-4, p. 4. Further, during the same meet and confer, Entropic likewise refused to identify a time or event it considered appropriate to discuss narrowing the number of asserted claims and asserted patents. DE 114-4, p. 3; Dabbiere Decl, ¶ 3. Thus, the number of asserted patents and asserted claims will remain a moving target for both Cox and the Court for a substantial time. This is improper as courts have consistently ruled that amendments under Rule 15 should not be used to transform complaints into "moving target[s]." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (finding motion to amend is properly denied "when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target'") (citations omitted); *Garcia v. Stemilt AG Services, LLC*, 2021 WL 9527247, at *3 (E.D. Washington July 1, 2021).

The absence of a satisfactory explanation for delay as well as the fact that Entropic is requesting to amend to add duplicative claims suggests Entropic's amendment is being sought in bad faith—another reason for denying a motion to amend. *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 369 (D.

Del. 2006) ("Undue delay which is not satisfactorily explained is equivalent to bad faith."); *Jackson*, 902 F.2d at 1388 (leave to amend was properly denied where eight month delay was "inexplicable and unjustified"). "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Ward v. Crow Vote LLC*, No. 8:21-cv-01110-FWS-DFM, 2022 WL 17882162, at *2 (C.D. Cal. Oct. 11, 2022) (quoting *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015)). "Rather, in evaluating undue delay, we . . . inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen*, 465 F.3d at 953. Indeed, "amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Mach. & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (internal citations omitted).

Although Entropic represents to the Court it only learned of a basis to bring a claim on the '438 Patent in September 2023, Entropic admits the '438 Patent is "similar" to[2] and in the same family as the originally asserted '682 Patent. DE 114, pp. 9, 16. Indeed, Entropic's infringement contentions regarding the '438 Patent are substantially identical to its contentions for the '682 Patent, and both rely on the ***same*** publicly available information. *Compare* DE 114-26 *with* DE 114-17. Further, Entropic admits it discovered an infringement claim through publicly available information. DE 114, p. 9. Entropic offers no explanation, much less justification, for why it could not make these allegations when it filed the Complaint, especially given the accused technology is the same (*see* DE 114, p. 17).

Entropic's failure to offer a plausible explanation or justification for its delay suggests bad faith and supports denial of the Motion. *See AmerisourceBergen*, 465

---

[2] To the extent Entropic contends the slight changes in the independent claims are meaningful, this would present a separate prejudice issue.

F.3d at 953 ("We will not speculate whether AmerisourceBergen's sudden change in tactics was gamesmanship or the result of an oversight by counsel, but we do conclude that the district court did not abuse its discretion in denying AmerisourceBergen's motion for leave to amend."); *Jordan*, 669 F.2d at 1324 ("Jordan's attorneys have proffered no satisfactory reason for failing to include the [new] causes of action in the original complaint. On these facts, we find no abuse of discretion in the district court's denial of Jordan's motion to amend his complaint."); *Inline*, 237 F.R.D. at 369 ("Undue delay which is not satisfactorily explained is equivalent to bad faith.").

Indeed, Entropic's own positions before another court reveal its bad faith. Entropic brought a first case against Charter in the Eastern District of Texas involving six patents and then later filed a second case that involved two additional, related patents. When Charter moved to consolidate those actions, Entropic urged that such consolidation would unfairly prejudice Entropic by "forcing too much material into discovery, claim construction, and trial." *Entropic Communications, LLC v. Charter Communications, Inc.*, Civil Action No. 2:22-CV-00125-JRG, Dkt. No. 114, at *6 (E.D. Tex. May 31, 2023) ("Charter Litigation"). Here, however, Entropic seeks to add **more** patents to an **eight** patent case, while refusing to withdraw overlapping claims to avoid duplication, thus confirming it is adding the '438 Patent as a tactical maneuver to increase the burden and expense of this litigation on Cox.

*__'275 Patent__*: Entropic's assertions of diligence with respect to the '275 Patent are undercut by its statement that it began "investigating Cox's infringement of the newly issued '275 Patent" three weeks **after** it issued on October 10, 2023. DE 114, p. 13. But the Notice of Allowance for the '275 Patent was issued on August 28, 2023, and the issue fee was paid on September 5, 2023. DE 114, p. 10. At least as of August 28, the allowed claims would have been known to Entropic, yet it delayed even investigating for an additional two months.

While Entropic states it "determined that the most convenient option for the parties and the Court was to wait until the '275 Patent issued," this does not excuse Entropic from notifying Cox and the Court as to its intentions to assert the patent before then. Critically, Entropic knew on August 28, 2023, the claims of the '275 Patent were allowed (DE 114-1, ¶ 6), and on September 20, 2023, the '275 Patent would issue on October 10, 2023 (Ex. B). Moreover, on August 28, 2023, Entropic had in hand the publicly available information concerning its contention against what it considers "the same accused products [] already at issue in the case." DE 114 at 15. Thus, unlike in *Sage Electrochromics, Inc. v. View, Inc.*, which Entropic cites, Entropic had all the necessary information for its infringement claim previously such that awaiting patent issuance cannot excuse the delay. 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014).

The circumstances here are also contrary to those circumstances in *Ziptronix*, where the parties had submitted a joint statement that plaintiff intended to amend the complaint to assert additional patents. *Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012). Entropic knew it was going to assert the '275 Patent as early as August 2023, as Entropic admitted during the meet and confer, yet elected to withhold notifying Cox or the Court of its intention to assert the claims until after the patent issued. Entropic's failure to raise this issue prejudiced Cox's ability to address the issues and was improper delay. *See Dexcom, Inc. v. AgaMatrix, Inc.*, No. CV 16-05947 SJO (ASx), 2017 WL 3433543, at *6 (C.D. Cal. Feb. 3, 2017).

"Undue delay which is not satisfactorily explained is equivalent to bad faith." *Inline*, 237 F.R.D. at 369. That is the situation here—Entropic's failure to offer a plausible explanation for its delay to notify both Cox and the Court after receiving the Notice of Allowance supports denial of the motion because it shows bad faith. *See AmerisourceBergen*, 465 F.3d at 953; *Jordan*, 669 F.2d at 1324.

Further, Entropic's refusal to clarify when it intends to cease adding patents and claims to the case or identify a time or event it considered appropriate to discussing narrowing the number of asserted claims and asserted patents demonstrate bad faith. Indeed, despite contending the '275 Patent claims are similar to those in the already asserted '362 Patent to allege efficiency (DE 114, p. 15), Entropic refuses to dismiss the duplicative '362 Patent claims from the case. Entropic's past actions confirm its approach is tactical—in the Charter Litigation Entropic waited until five days before trial to dismiss three patents—including the asserted '362 Patent. *See Entropic Communications, LLC v. Charter Communications, Inc.*, Civil Action No. 2:22-CV-00125-JRG, Dkt. No. 373 (E.D. Tex. Dec. 6, 2023). Collectively, and as discussed in relation to the new proposed claims for the '438 Patent, the evidence related to its new assertions for the '275 Patent shows Entropic's intent to use Rule 15 to transform its complaint into a "moving target" for tactical purposes. *Minter*, 451 F.3d at 1206. Entropic's gamesmanship is improper and should be denied.

## 2. Entropic's Proposed Amendment is Prejudicial

Cox will suffer undue prejudice if Entropic's Motion is granted because it will unfairly drive up the cost of this litigation by forcing Cox to defend against not only '438 Patent claims that are duplicative of already asserted claims of the '682 Patent, but also new issues raised by dependent claim 9, which is different from claims currently asserted. Ex. A, pp. 1-2. Likewise, Cox will suffer undue prejudice if Entropic's Motion is granted as to the '275 Patent because, in addition to increasing the number of asserted claims, it will unfairly drive up the cost of this litigation by forcing Cox to defend against new issues raised by claims in the '275 Patent, which are significantly different from claims currently asserted. Ex. A, pp. 3-5.

"Undue prejudice means substantial prejudice or substantial negative effect." *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV 08-04545 SJO (PLAx), 2009 WL

10702551, at *5 (C.D. Cal. Apr. 10, 2009) (citation and internal quotation marks omitted). "The need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend." *Id.* (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 135861, at *3 (N.D. Cal. Jan. 22, 2004)). "[T]he Ninth Circuit has found undue prejudice where an amendment would raise different legal theories and require proof of different facts such that additional discovery would have to be undertaken." *Xyratex*, 2009 Wl 10702551, at *5 (citing *AmerisourceBergen*, 465 F.3d at 953).

Entropic has already asserted 52 patent claims against Cox. Ex. C, pp. 3-5 (infringement contentions cover pleading). Now, Entropic proposes to add 18 new claims from two other patents—6 claims from the '438 Patent and 12 claims from the '275 Patent (DE 114)—asking the Court to force Cox to defend against what is effectively an additional (and substantially larger) infringement case, wherein Cox "would be forced to undertake extensive non-infringement, invalidity, and claim construction analyses on the [newly asserted patents] on an expedited basis" and "to perform increased discovery, as well as complex legal and factual analyses, on an expedited schedule." *Xyratex*, 2009 WL 10702551, at *5, 6. Indeed, as the Special Master noted during the hearing on Entropic's amended infringement contentions, this case is moving forward as the parties are preparing to identify terms for claim construction in February and proposed constructions in March. Ex. D, 5:6-14. Requiring Cox to prepare claim construction positions for two new patents at this stage and on an expedited basis to comply with the current schedule is unfairly prejudicial to Cox.

Indeed, "addition of the proposed []claims would likely necessitate additional discovery requests, increased document production, depositions of more witnesses, and retention of additional experts, thereby increasing [Cox's] required discovery." *Xyratex*, 2009 WL 10702551, at *5. The increased complexity and additional

discovery and analyses that would necessarily result from adding claims for the '438 Patent and '275 Patent to the case distinguish this case from those cited by Entropic, which involved much fewer claims and patents. DE 114, p. 15 (citing *SanDisk Corp. v. STMicroelectronics Inc.*, No. C 04-4379 JF (RS), 2009 WL 1404689, at *3 (N.D. Cal. May 19, 2009); *Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEx), 2019 WL 8348322, at *5 (C.D. Cal. May 20, 2019); *Aten Int'l Co., Ltd. v. Emine Tech. Co.*, No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010)).

While the '438 Patent "involve[s] the same specification[] as the other patents already in play," Cox will be prejudiced as "each new claim asserted requires a separate analysis for infringement and requires separate investigation into prior art and prosecution history for any invalidity defense." *SanDisk Corp. v. ITE Techs., Inc.*, Nos. 07-cv-605-bbc, 07-cv-607-bbc, 2010 WL 1410728, at *2 (W.D. Wis. Apr. 2, 2010). Moreover, Entropic acknowledges the need for separate analysis of this patent, describing its infringement contentions for the '438 Patent as "somewhat similar" to those for the already asserted '682 Patent. DE 114, p. 16.

The prejudice to Cox would be compounded by the addition of the 12 claims from the '275 Patent as these claims are, contrary to Entropic's suggestion, mostly drawn to different subject matter than that in the claims in the currently asserted patents and would thus require extensive new analysis and discovery. Ex. A, pp. 3-5. Entropic has not provided any reason why it needs to further amend its Complaint to add the '275 Patent. Presumably, it is because there is some substantive difference it intends to allege now that it has Cox's invalidity contentions and can leverage that at claim construction given the upcoming deadlines. This further prejudices Cox. *E.g.*, *Dexacom*, 2017 WL 3433543, at *7.

Entropic has proposed that trial in this litigation should take six to eight court days. DE 63 at 16. It is obvious that Entropic will not be able to present evidence for anywhere close to its already asserted 52 patent claims at trial, let alone the 70 total

patent claims asserted in its proposed amended complaint. Indeed, as Entropic explained to the Texas court, the reason it filed a second case was precisely "to separate [the] cases based on the practical realities of working up and trying this number of technically complex patents to a jury in a single case." *Entropic Communications, LLC v. Charter Communications, Inc.*, Civil Action No. 2:22-CV-00125-JRG, Dkt. No. 113, at *11 (E.D. Tex. May 31, 2023). Entropic's attempt to needlessly complicate this litigation, increase the burden on this Court, and increase the costs of defense for Cox should be rejected.

### 3. The Court Should Deny Entropic's Motion Because the Amendment Would Not Result in the Efficiencies Entropic Claims

The motion should also be denied because the efficiencies claimed by Entropic do not exist. Entropic argues the patents it seeks to add are "similar to other patents already asserted in this action" and "will be asserted against the same accused products as those already at issue in the case." DE 114, p. 15. However, Entropic's representations are misleading. Entropic's claim charts for the '438 and '275 Patents identify the same accused products identified in Entropic's ***amended*** infringement contentions for the asserted patents, which added nearly 60 accused products and all other "similar" products. *See* DE 114-26; DE 114-17; DE 114-24; DE 114-13; DE 114-19; DE 114-21. In granting-in-part Cox's motion to strike Entropic's amended infringement contentions (DE 152-1), the Special Master identified several deficiencies in the contentions, all of which permeate Entropic's contentions for the '478 and '275 Patents. There is no great need to include additional patents in the same lawsuit, especially when Entropic already asserts multiple patents and claims with deficient contentions. In fact, Entropic's requested amendment seeks to make the case less efficient by trying to assert ***more*** patents against ***more*** products with insufficient contentions instead of fixing the deficiencies in the case that is currently before the Court.

A district court's broad discretion to administer a proceeding includes discretion to limit claims that can be asserted. *See, e.g., Apple, Inc. v. Samsung Elecs. Co*., 67 F. Supp. 3d 1100, 1133 (N.D. Cal. 2014), *aff'd*, 839 F.3d 1034 (Fed. Cir. 2016); *Glaukos Corp. v. Ivantis, Inc*., No. SACV 18-00620 JVS (JDEx), 2021 WL 4539047 at *2 (C.D. Cal. Aug. 11, 2021). "[C]ourts are entitled to enforce limitations of asserted claims" before discovery has taken place. *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd*., No. CV 19-4952-MWF (RAOx), 2019 WL 8161141 at *5-6 (C.D. Cal. Aug. 30, 2019). Further, requiring a plaintiff to narrow the accused claims is especially justified where, as here, invalidity contentions have been served. *See Universal Elecs. Inc. v. Roku Inc*., No. SACV 18-1580 JVS (ADx), 2019 WL 1878351, at *2 (C.D. Cal. Mar. 14, 2019) ("The weight of authority holds that claim limitation is proper prior to claim construction, particularly where defendants have already served invalidity contentions.").

Given the complexity and stage of this case, it should not be expanded beyond its original boundaries. Judicial economy is best served by keeping the additional patents out of the instant case. *See WP Banquet, LLC v. Target Corp*., 2016 WL 9450448 at *6 (C.D. Cal. Dec. 15, 2016) (granting motion to sever and stay as to claims against customer to "serve the interests of judicial economy and efficiency"); *Altair Instruments, Inc. v. Telebrands Corp*., 2020 WL 1956516 at *3 (C.D. Cal. Mar. 31, 2020) (granting motion to sever and stay claims against customer, as it would promote judicial economy); *Pharmacia, AB v. Hybritech, Inc*., 1984 WL 1479 (S.D. Cal. Oct. 19, 1984) (granting motion to sever and stay antitrust counterclaims and patent misuse defense from patent infringement claim); *ASM Am., Inc. v. Genus, Inc*., 2002 WL 24444 (N.D. Cal. Jan. 9, 2002) (granting motion to sever and stay antitrust claims from patent claims).

Entropic is free to file a new lawsuit to assert the additional patents through separate proceedings that will not impact the schedule in this case, as it did in its Charter Litigation. In fact, Entropic itself argued in opposing Charter's motion to

consolidate that resolution of the parties' dispute concerning patents in the first suit might well resolve any subsequent case involving related patents, or at least narrow the ones that must be tried. *Entropic Communications, LLC v. Charter Communications, Inc.*, Civil Action No. 2:22-CV-00125-JRG, Dkt. No. 114, at *7, 10 (E.D. Tex. May 31, 2023). To the extent this case resolves issues concerning the '438 and '275 Patents, there may be no need to proceed with the additional burden and expense that would be incurred by litigating them in the current case. However, ***this*** case should not be expanded beyond its original boundaries.

Entropic's claims that "any prejudice to Cox is far outweighed by the considerations in favor of permitting amendment to allow Entropic to vindicate all of its patent rights in a single action" (DE 114, p. 18) fail to justify its amendment for two reasons. First, as noted, Entropic can assert its patents in a second suit. Second, "the issue of prejudice requires that [the court] focus on the effect on the ***defendants***." *Frowlow v. Wilson Sporting Goods, Co.*, Civil Action No. 05-4813 (FLW), 2009 WL 904049, at *8 (D.N.J. Apr. 1, 2009) (emphasis added). Therefore, the "hardship" to Entropic if the Motion is not granted should be of no consideration to the Court when conducting the analysis of whether to permit amendment of the complaint. *Id.*

Judicial economy is best served by keeping additional patent(s) out of the instant case as Entropic can choose to file a new case to assert the '438 and '275 Patents and any additional continuation patents that issue and the Court can appropriately manage the schedule in that case to minimize the burden on the parties and Court as needed. Accordingly, Entropic's Motion should be denied.

### 4.  Entropic's Proposed Amendment is Futile

Entropic's proposed amendment is also futile as its infringement allegations for the '438 and '275 Patents suffer from several defects addressed by the Special Master. *See* DE 152-1. Contrary to Entropic's representation that "[b]oth the '438 Patent and the '275 Patent will be asserted against the same accused products as those already at

issue in the case" (DE 114, p. 15), Entropic's claim charts for the '438 and '275 Patents identify the same accused products in Entropic's **amended** infringement contentions for the asserted patents, which added nearly 60 accused products to Entropic's contentions and sought to accuse all other "similar" products. *See* DE 114-26; DE 114-17; DE 114-24; DE 114-13; DE 114-19; DE 114-21. Cox moved to strike Entropic's amended contentions on several bases, including failure to provide reasonable notice to Cox as to what is accused of infringement. Ex. E. During the Hearing, the Special Master expressed concerns with Entropic's infringement contentions, such as Entropic's open ended accused products (Ex. D, 9:22-10:9) and limitations in the '866 Patent reciting "desired television channels" and "undesired television channels" (Ex. D, 4:21-5:2).

The Special Master granted Cox's motion to strike as to Entropic's "contentions that refer categorically to other 'similar' products," and found Entropic's contentions regarding the "desired television channels" and "undesired televisions channels" limitations in the '866 and '206 Patents "do not give the Cox Defendant's sufficient notice of what aspects of the accused products are purportedly infringing or the manner in which they purportedly infringe[.]" DE 152-1, pp. 5, 6. The Special Master ordered Entropic supplement its contentions to address these limitations as well as the other claim elements Cox challenged as failing to provide reasonable notice. DE 152-1, p. 6.

Entropic's infringement contentions for the '438 and '275 Patents likewise purport to accuse all other "similar" products and present the same deficient allegations for numerous claim elements, which is insufficient. The '438 Patent and '275 Patent recite the same limitations and corresponding infringement allegations the Special Master ordered were insufficient. For example, all of the proposed asserted claims of the '275 Patent require "a plurality of desired channels" and "a plurality of undesired channels," and Entropic's infringement allegations for those limitations are the same as those the Special Master found deficient. *See* Ex. A; DE

152-1, p. 6; DE 114-24. Likewise, the proposed asserted claims for the '438 Patent recite the same limitations and deficient allegations Cox identified to the Special Master as deficient for the '682 Patent. Ex. E, p. 3; DE 114-26.

Because Entropic's infringement contentions for the '438 Patent and '275 Patent suffer from at least the same defects found by the Special Master, Entropic's allegations do not plausibly state claims for infringement, making its proposed amendment futile. For this reason, Entropic's motion should be denied. *See Johnson*, 356 F.3d at 1077 ("Futility alone can justify the denial of a motion to amend.") (quotation omitted).

## C.   Entropic Has Not Shown Good Cause Exists for the Proposed Amendment

Entropic has not shown good cause exists for the amendment. Nor can it. As Entropic admits in its Motion, the '438 and '275 Patents "are similar to other patents already asserted in this action." DE 114, p. 15. Yet Entropic does not identify any new information or circumstance that provides good cause for Entropic amending its infringement claims. Rather, Entropic's claim charts for the two patents rely on the same technical documents used in its claim charts for the asserted patents. *See* DE 114-13; DE 114-17; DE 114-19; DE 114-21; DE 114-24; DE 114-26. This is unlike the circumstances in *Linex Techs., Inc. v. Hewlett-Packard Co.*, which Entropic cites, where the court permitted amendment after plaintiff received new technical evidence from third parties. 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013). Nor has there been a claim construction order necessitating Entropic's amendment like in *MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, on which Entropic relies, where the court permitted amendment after the claim construction, and plaintiff had informed defendant of its intent to amend. 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014).

The other cases Entropic relies on are inapposite. For example, in *Apple Inc. v. Samsung Elecs. Co.*, the court permitted plaintiff to add infringement claim charts that

had been mistakenly omitted from the infringement contentions. 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). In *Dobeck v. Cobra Eng'g, Inc.* and *Tech. Licensing Corp. v. BlackmagicDesign Pty Ltd.*, the court permitted amendment before invalidity contentions had been served or discovery had begun. 2017 WL 8186769, at *2 (C.D. Cal. Apr. 12, 2017); 2014 WL 5499511, at *2 (N.D. Cal. Oct. 30, 2014). That is not the case here, where invalidity contentions have been served and discovery is well underway. Thus, Entropic has not shown good cause for its proposed amendment.

## III.   CONCLUSION

For the foregoing reasons, Entropic's Motion to Amend should be denied.

Dated: December 26, 2023              KILPATRICK TOWNSEND & STOCKTON LLP

By:   */s/ April E. Isaacson*
April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Andrew N. Saul
asaul@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.;*
*CoxCom, LLC; and Cox Communications*
*California, LLC*