# EXHIBIT C

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**[Additional attorneys listed on signature page]**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No.: 2:23-cv-01049-JWH-KES<br><br>**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |

1

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") hereby submits its Disclosure of Asserted Claims and Infringement Contentions against Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox").

Plaintiff presents these Infringement Contentions based on Plaintiff's analysis of the facts currently known and based on Plaintiff's review of certain publicly available information. Plaintiff reserves the right to amend or further supplement these disclosures—including to supplement its infringement contentions—with additional information learned in the course of discovery or further investigation concerning Cox's products, services, and/or source code sufficient to show the operation of Cox's products and/or services.

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that each element of each infringed claim is found within each Accused Instrumentality as shown in the preliminary infringement charts attached hereto as Exhibits A–H and incorporated herein in its entirety. Plaintiff's identification in the claim charts is exemplary and based upon public information currently available to Plaintiff.

Plaintiff hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A–H unless otherwise stated in those exhibits. As indicated above, discovery is necessary to further develop Plaintiff's infringement positions—either literal or under the doctrine of equivalents—and the Court has yet to issue a claim construction order. Plaintiff expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim after further discovery from Cox (and/or third parties) and/or pending this Court's claim construction order.

I. **INFRINGED CLAIMS**

Subject to ongoing discovery and investigation, Entropic asserts that Cox infringes literally and/or under the doctrine of equivalents on:

1. Claims 18 and 19 of U.S. Patent No. 8,223,775 (the "'775 Patent") (collectively, "Asserted Claims of the '775 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '775 Patent.

2. Claims 7 and 8 of U.S. Patent No. 8,284,690 (the "'690 Patent") (collectively, "Asserted Claims of the '690 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '690 Patent.

3. Claims 1–6, 9, and 10 of U.S. Patent No. 8,792,008 (the "'008 Patent") (collectively, "Asserted Claims of the '008 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '008 Patent.

4. Claims 11 and 12 of U.S. Patent No. 9,210,362 (the "'362 Patent") (collectively, "Asserted Claims of the '362 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set

forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '362 Patent.

5.   Claims 1–4, 6, 8, and 9 of U.S. Patent No. 9,825,826 (the "'826 Patent"), (collectively, "Asserted Claims of the '826 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '826 Patent.

6.   Claims 1–5 and 9 of U.S. Patent No. 10,135,682 (the "'682 Patent") (collectively, "Asserted Claims of the '682 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '682 Patent.

7.   Claims 27, 28, 33, 36, 37, 41, 42, 47, 50, and 51 of U.S. Patent No. 11,381,866 (the "'866 Patent") (collectively, "Asserted Claims of the '866 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '866 Patent.

8.   Claims 13, 14, 19, 21, 23, 25, 26, 31, 34, 35, 38, 39, 44, 47, and 48 of U.S. Patent No. 11,399,206 (the "'206 Patent") (collectively, "Asserted Claims of the

'206 Patent") directly under 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling the Accused Instrumentalities set forth in Part II below. Additionally, Cox indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of the Accused Instrumentalities which infringe the Asserted Claims of the '206 Patent.

Entropic reserves the right to supplement its position as to infringement following further discovery and/or claim construction.

## II. ACCUSED INSTRUMENTALITIES

Subject to ongoing discovery and investigation, and based on present information and belief, Plaintiff contends that the Asserted Claims of the '775 Patent, the Asserted Claims of the '690 Patent, the Asserted Claims of the '008 Patent, the Asserted Claims of the '362 Patent, the Asserted Claims of the '826 Patent, the Asserted Claims of the '682 Patent, the Asserted Claims of the '866 Patent, and the Asserted Claims of the '206 Patent are infringed by Cox's products and services identified in the charts attached hereto as Exhibits A–H, respectively, ("Accused Instrumentalities"):

1. **The '775 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '775 Patent: Accused Services utilizing a cable modem system including, for example, at least one Accused Cable Modem Product located at each subscriber location, including, for example, the Arris SB6183 cable modem, Arris CM8200 cable modem, Technicolor CGM4141 cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner.

2. **The '690 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '690 Patent: Accused Services utilizing, for example, at least one Accused D3.1 Cable Modem Product located at each subscriber location, including, for example, the Arris CM8200 cable modem, Technicolor CGM4141

5
**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

cable modem, and Technicolor CGM4331 cable modem, and products that operate in a similar manner.

3. **The '008 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '008 Patent: Accused Services utilizing Accused Set Top Products, which include at least one set top box ("STB") located at each subscriber location, including, for example, the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner, and/or the Accused Cable Modem Products, including, for example, the Arris SB6183 cable modem, Arris CM8200 cable modem, Technicolor CGM4141 cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner.

4. **The '362 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '362 Patent: Accused Services utilizing Accused Set Top Products, which include at least one set top box ("STB") located at each subscriber location, including, for example, the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner.

5. **The '826 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '826 Patent: Accused Services utilizing Accused Set Top Products, which include at least one set top box ("STB") located at each subscriber location, including, for example, the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner, and/or the Accused Cable Modem Products, including, for example, the Arris SB6183 cable modem, Arris CM8200 cable modem, Technicolor CGM4141 cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner.

6. **The '682 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '682 Patent: Accused Services utilizing, for example, a Cable Modem Termination System ("CMTS") and/or Converged Cable Access Platform ("CCAP") operated by Cox in communication with at least one Accused Cable Modem Product located at each subscriber location, including, for example, the Arris SB6183 cable modem, Arris CM8200 cable modem, Technicolor CGM4141 cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner and/or the Accused Set Top Products located at each subscriber location, including, for example, Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner.

7. **The '866 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '866 Patent: Accused Services utilizing, for example, the Accused Set Top Products, which include at least one set top box ("STB") located at each subscriber location, including, for example, the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner.

8. **The '206 Patent**: The following Accused Instrumentalities infringe the asserted claims of the '206 Patent: Accused Services utilizing, for example, the Accused Set Top Products, which include at least one set top box ("STB") located at each subscriber location, including, for example, the Arris AX013ANC STB, Arris AX013ANM STB, Pace PX022ANC STB, Pace PX022ANM STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that operate in a similar manner, and/or the Accused Cable Modem Products including, for example, the Arris SB6183 cable modem, Arris CM8200 cable modem, Technicolor CGM4141

cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner.

## III. PRIORITY DATES

1. The '775 Patent was filed on September 30, 2003 as U.S. Patent Application Serial No. 10/675,566. The '775 Patent is entitled to a priority date of at least September 30, 2003.

2. The '690 Patent was filed on December 10, 2009 as U.S. Patent Application Serial No. 12/635,649. The '690 Patent is entitled to priority to at least the following applications: U.S. Provisional Applications No. 61/122,687, filed Dec. 15, 2008, and U.S. Provisional Application No. 61/179,454, filed May 19, 2009.

3. The '008 Patent was filed on September 10, 2012 as U.S. Patent Application Serial No. 13/607,916. The '008 Patent is entitled to priority to at least the following application: U.S. Provisional Patent Application No. 61/532,098, filed September 8, 2011. The '008 Patent is entitled to a priority date of at least as early as February 15, 2011.

4. The '362 Patent was filed on February 5, 2015 as U.S. Patent Application Serial No. 14/614,543. The '362 Patent is entitled to priority to at least the following applications: U.S. Patent Application Serial No. 13/962,871 filed on Aug. 8, 2013; U.S. Patent Application Serial No. 12/762,900 filed on Apr. 19, 2010; and U.S. Provisional Patent Application No. 61/170,526 filed Apr. 17, 2009.

5. The '826 Patent was filed on November 23, 2015 as U.S. Patent Application Serial No. 14/948,947. The '826 Patent is entitled to priority to at least the following applications: U.S. Patent Application Serial No. 14/341,880 filed on Jul. 28, 2014; U.S. Patent Application Serial No. 13/607,916 filed on Sep. 10, 2012; and U.S. Provisional Patent Application No. 61/532,098 filed on Sep. 8, 2011. The '826 Patent is entitled to a priority date of at least as early as February 15, 2011.

6. The '682 Patent was filed on January 9, 2018 as U.S. Patent Application Serial No. 15/866,106. The '682 Patent is entitled to priority to at least the following applications: U.S. Patent Application Serial No. 15/434,673 filed on Feb. 16, 2017; U.S. Patent Application Serial No. 15/228,703 filed on Aug. 4, 2016; U.S. Patent Application Serial No. 13/948,444 filed on Jul. 23, 2013; and U.S. Provisional Patent Application No. 61/674,742 filed on Jul. 23, 2012.

7. The '866 Patent was filed on January 28, 2022 as U.S. Patent Application Serial No. 17/587,415. The '866 Patent is entitled to priority to at least the following applications: U.S. Patent Application No. 17/217,244, filed on March 30, 2021; U.S. Patent Application No. 16/430,506, filed on Jun. 4, 2019; U.S. Patent Application No. 15/792,318, filed Oct. 24, 2017; U.S. Patent Application No. 14/948,881, filed Nov. 23, 2015; U.S. Patent Application No. 14/617,973, filed on Feb. 10, 2015; U.S. Patent Application No. 13/962,871, filed on Aug. 8, 2013; U.S. Patent Application No. 12/762,900, filed on Apr. 19, 2010; and U.S. Provisional Patent Application No. 61/170,526, filed Apr. 17, 2009.

8. The '206 Patent was filed on January 28, 2022 as U.S. Patent Application Serial No. 17/587,462. The '206 Patent is entitled to priority to at least the following applications: U.S. Patent Application No. 17/217,244, filed on March 30, 2021; U.S. Patent Application No. 16/430,506, filed on Jun. 4, 2019; U.S. Patent Application No. 15/792,318, filed Oct. 24, 2017; U.S. Patent Application No. 14/948,881, filed Nov. 23, 2015; U.S. Patent Application No. 14/617,973, filed on Feb. 10, 2015; U.S. Patent Application No. 13/962,871, filed on Aug. 8, 2013; U.S. Patent Application No. 12/762,900, filed on Apr. 19, 2010; and U.S. Provisional Patent Application No. 61/170,526, filed Apr. 17, 2009.

## IV. DATES OF INFRINGEMENT

Entropic is not aware of the date of Cox's first infringement. Entropic expects to learn the dates Cox first infringed each of the Asserted Patents in discovery. The

parties are still negotiating a protective order in this case, and as a result, Entropic has not had the opportunity to review documents that would enable it to know when Cox first infringed each of the Asserted Patents. Entropic therefore reserves the right to supplement these contentions to identify the date Cox first infringed each of the asserted patents.

V.     **WILLFUL INFRINGEMENT**

Subject to ongoing discovery and investigation, Entropic's extensive contentions regarding willfulness are contained in its Complaint, which are incorporated herein by reference due to the volume of that information. As set forth therein, Cox has been engaging in willful infringement since well before this action was filed, including but not limited to through conduct constituting willful blindness. Cox's willful infringement is based on the conduct alleged in the documents described above. Moreover, Cox has been on notice of Entropic's allegations of infringement since no later than the date this action was filed and served by virtue of the allegations in the Complaint and in the exhibits attached thereto, which include claim charts. Cox has continued to willfully infringe since that time, up through the present. Discovery is ongoing and the parties have yet to enter into a protective order. Entropic expressly reserves the right to amend and supplement its position on willfulness.

VI.    **DOCTRINE OF EQUIVALENTS**

Subject to ongoing discovery and investigation, and based on available information obtained to date, Entropic hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A–H unless otherwise stated in those exhibits. As indicated above, discovery is necessary to further develop Entropic's infringement positions under the doctrine of equivalents and the Court has yet to issue a claim construction order. Entropic expressly reserves the right to amend and supplement

its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim after further discovery from Cox (and/or third parties) and/or pending this Court's claim construction order.

## VII. DOCUMENT PRODUCTION

Entropic will produce non-privileged documents within its possession, custody, and control that are relevant to these infringement contentions following the entry of a protective order. The parties are still in the process of negotiating a protective order.

## VIII. CONCLUSION

The information contained in these disclosures is based on Plaintiff's analysis of the facts currently known to it based on Plaintiff's review of information available to it. Additional pertinent information about Defendants' Accused Instrumentalities is not available without engaging in further discovery. Thus, Plaintiff reserves the right to supplement, modify, and/or amend these disclosures as new information becomes available, and discovery progresses. Plaintiff anticipates that additional facts and relevant documents will be uncovered that will warrant supplementing and/or amending these disclosures.

Dated: September 15, 2023                Respectfully Submitted,

By: */s/ Christina N. Goodrich*
Christina N. Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
Connor Meggs (SBN 336159)
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Fl.
Los Angeles, CA 90067
Tel.: (310) 552-5547
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com
connor.meggs@klgates.com

11

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

|   |   |
|---|---|
| 1 | Peter Soskin (SBN 280347) |
| 2 | **K&L GATES LLP** |
|   | 4 Embarcadero Center, Suite 1200 |
| 3 | San Francisco, CA 94111 |
|   | Tel.: (415) 882-8200 |
| 4 | Fax: (415) 882-8220 |
| 5 | peter.soskin@klgates.com |

Peter Soskin (SBN 280347)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

Darlene F. Ghavimi (admitted *pro hac vice*)
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

James Shimota (admitted *pro hac vice*)
George Summerfield (admitted *pro hac vice*)
Jason Engel (admitted *pro hac vice*)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
george.summerfield@klgates.com
jason.engel@klgates.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

12
**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND
INFRINGEMENT CONTENTIONS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on September 15, 2023 to counsel of record for Defendants via email.

*/s/ Christina N. Goodrich*
Christina N. Goodrich