# **EXHIBIT E**



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528

November 17, 2023

direct dial 404 815 6061
direct fax 404 541 3250
mturton@ktslaw.com

By Email

David M. Keyzer
david@keyzerlaw.com

   Re: *Entropic Commc'ns, LLC v Cox Commc'ns, Inc. et al.*, 2:23-cv-01049 (C.D. Cal.)

Dear Special Master Keyzer:

  The purpose of this letter is to bring your attention to a dispute that has arisen between the Cox defendants (collectively, "Cox") and Entropic Communications, LLC ("Entropic") regarding Entropic's deficient infringement contentions in the above-referenced case. Cox sent a letter to Entropic regarding its deficient infringement contentions on October 12, 2023. The parties met and conferred concerning Entropic's deficiencies on October 19, 2023. During the meet and confer, Entropic agreed to amend its infringement contentions only as to a few of the claim elements raised in Cox's letter. On October 27, 2023, Cox received Entropic's amended infringement contention charts ("Amended Charts"), but those Amended Charts by and large failed to address the deficiencies set forth in Cox's letter and which the parties discussed during the meet and confer. Moreover, the Amended Charts purport to add, improperly, numerous additional accused products without good cause. On November 10, 2023, Cox delivered to Entropic the "itemized list of requested relief that is still in dispute and that is still being requested," which list is now presented by this letter for resolution by the Special Master.

### I. Improper Addition of Accused Cable Modems Without Good Cause

  Entropic's Amended Charts improperly add nearly 60 cable modems as accused products. Entropic has provided no good cause for expanding its infringement case to these additional cable modems, nor can it. Cox's cable modem and set top box deployments are publicly available on Cox's website, and have been publicly available there since long before Entropic served its initial infringement contentions. There can be no good cause for this late addition of accused products. *See, e.g.*, *Audionics System, Inc. v. AAMP of Florida, Inc.*, 2014 WL 3563311, at *2-3 (C.D. Cal. March 12, 2004) (denying leave to add additional products where patentee "could easily have visited [defendant's] website" that listed new devices and patentee did not act with diligence "prior to filing its preliminary infringement contentions"). Cox asks the Special Master to strike Entropic's contentions as to each additional cable modem accused in Entropic's Amended Charts, but not present in Entropic's original infringement contentions.

### II. Improper Representative Charting

  Entropic's charting of a single product as representative of other products is improper because Entropic's contentions fail to set forth how the other products "share the same, or

David M. Keyzer
November 17, 2023
Page 2

substantially the same, infringing qualities with ... the [alleged] representative product." *CAO Lighting, Inc. v. Feit Elec. Co.*, No. CV 20-4926-AB (SPx), 2021 WL 3376649 (C.D. Cal. June 2, 2021). Entropic's Amended Charts now state that, "[o]n information and belief, [the uncharted products] include similar chipsets and have identical or substantially identical operation," but Entropic fails to provide the cited "information," or any basis for its cited "belief." This is improper. Cox asks the Special Master to strike Entropic's contentions to the extent they accuse "representative" products.

### III.   No Reasonable Notice as to Specific Limitations

"'[C]ourts agree that the degree of specificity" required for contentions is that which is enough 'to provide reasonable notice' to the opposing party." *Philips N. Am. LLC v. Garmin Int'l, Inc.*, 606 F. Supp. 3d 963, 972 (C.D. Cal. 2022) (citation omitted). Entropic refuses to provide infringement contentions that provide reasonable notice to Cox as to numerous key claim elements. Detailed below are specific deficiencies in Entropic's Amended Charts for which Comcast requests an order requiring further amendment without delay.

   A.   <u>'775 Patent (Ex. A)</u>

- **Element 18a** - "at least one processor" and "first circuit"
    - Entropic additionally fails to identify what software causes the BCM3390 SoC to interface with CPE and perform other home networking functions.

- **Element 18b**
    - "at least one processor" and "second circuit" (and "separateness" of second circuit)
    - "cable modem functions other than the home networking functions performed by the data networking engine"
    - "DOCSIS controller" or "DOCSIS MAC processor"
    - functionality for "process[ing] downstream PDU packets and forward[ing] the processed packets directly to the data networking engine without the involvement of the DOCSIS controller in order to boost downstream throughput"

- **Element 18c**
    - "multi-threaded applications processor" and "data bus"
    - functionality that ensures "the cable modem functions performed by the cable modem engine are completely partitioned from the home networking functions performed by the data networking engine

   B.   <u>'008 Patent (Ex. C)</u>

- **Elements 1g, 1h, 3d, and 3e** - the "first" and "second portions" of the digitized signal
- **Claim 10** - "a bandwidth and/or center frequency of said selected first portion is configurable during operation of said one or more circuits"

David M. Keyzer
November 17, 2023
Page 3

    C.    <u>'362 Patent (Ex. D)</u>

- **Element 11b -** the "plurality of desired television channels" and, separately, the "plurality of undesired television channels"
- **Claim 12 -** the "serial interface" via which the "digital datastream" is "output[ed], by said digital circuitry of said wideband receiver system"

    D.    <u>'826 Patent (Ex. E)</u>

- **Elements 1d and 1e -** the "first" and "second portions of said digitized signal" that must be "selected"
- **Element 1h -** network management messages" which must be transmitted "back to said headend based on said measured characteristic of said received signal, wherein said measured characteristic is different than said network management messages"
- **Claim 9 -** configuring of "a bandwidth and/or center frequency of said selected first portion of said digitized signal"

    E.    <u>'682 Patent (Ex. F)</u>

- **Element 1b**
    - how a Converged Cable Access Platform (CCAP) is the same thing as the claimed "cable modem termination system (CMTS)"
    - how any Cox CMTS assigns cable modems to a group based on the FER and MER metrics Entropic claims are the SNR-related metrics in element 1a
- **Element 1c -** "composite SNR-related metric" that must be generated "at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups"
- **Element 1d -** how the CMTS allegedly selects a lower modulation rate based on a composite SNR-related metric

    F.    <u>'866 Patent (Ex. G)</u>

- **Elements 27a and 41a -** the "plurality of desired television channels" and, separately, the "plurality of undesired television channels."
- **Element 27b -** that the recited step is performed specifically "without providing any of the plurality of undesired channels"
- **Claims 36 and 50 -** the "serial interface"

    G.    <u>'206 Patent (Ex. H)</u>

- **Elements 13b, 25b and 38b -** the "plurality of desired television channels" and, separately, the "plurality of undesired television channels"
- **Element 13d and claims 34 and 47 -** the "serial interface"
- **Element 25c -** that the recited step is performed specifically "without selecting any of the plurality of undesired channels"

3

David M. Keyzer
November 17, 2023
Page 4

                                  Best regards,

                                  Michael J. Turton
                                  Partner

041274\1377191