Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | No. 2:23-cv-1049-JWH-KES (Lead Case) <br> No. 2:23-cv-1050-JWH-KES (Related Case) <br><br> No. 2:23-cv-1043-JWH-KES (Lead Case) <br> No. 2:23-cv-1048-JWH-KES (Related Case) <br><br> Assigned to Hon. John W. Holcomb <br><br> **COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING COMCAST DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** <br><br> Local Rule 79-5.2.2 <br><br> [Filed concurrently with Sealed Declaration of Krishnan Padmanabhan and Proposed Order] |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2(a) of the United States District Court for the Central District of California, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (all collectively "Defendants" or "Comcast") hereby request that this Court enter an order permitting them to file under seal:

| Document | Portion to be Sealed |
| --- | --- |
| Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Supplement Complaint | Pages (as numbered at the bottom of the page): 35-36 |
| Exhibit I to the Memorandum of Points and Authorities (MOCA_1038720-1) | Entirety |
| Exhibit J to the Memorandum of Points and Authorities (MoCA IPR Policy v1.1 December 2003) | Entirety |

Defendants bring this application as required by the Local Rules. Defendants seek to file its concurrently-filed Motion to Dismiss the Second Amended Complaint ("Motion") under seal and Exhibits I and J to the Memorandum of Points and Authorities because the documents were produced with a designation of "Restricted – Attorney's Eyes Only" pursuant to the protective order entered in these cases.

Defendants' counsel has informed Entropic Communications LLC's ("Entropic") counsel of Defendants' intent to file this application. Entropic indicated that it does not oppose Defendants' application.

I.   **FACTUAL BACKGROUND**

On October 31, 2023, this Court entered a Stipulated Protective Order in both C.A. 23-cv-1043 (Dkt. 158) and C.A. 23-cv-1049 (Dkt. 106). The Order permits parties to designate certain information produced in response to discovery as "Highly

Confidential – Attorneys' Eyes Only." *Id*. § 2.5 The Order provides that information designated as "Highly Confidential – Attorneys' Eyes Only" is protected material that may only be disclosed to limited categories of persons (*Id*. §§ 2.17, 7.1) and that a party may seek to file protected material under seal in accordance with Local Rule 79-5 (*Id*. § 14.3).

## II.    COMPELLING REASONS EXIST TO FILE UNDER SEAL

In evaluating a motion to seal documents filed with the court, the district court is required to "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978).  Although courts recognize a general right to inspect and copy public records, they also recognize that "access to judicial records is not absolute." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party may apply to seal judicial records if it is able to "articulate compelling reasons supported by specific factual findings" to outweigh the general history of access and the public policies that favor disclosure of the judicial records. *Id.* at 1178-79 (internal quotes omitted).  The court may then seal the records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. of Auto Safety v. Chrysler Group, LLC*, 809 F.3 1092, 1096-1097 (9th Cir. 2016).

Numerous courts in this Circuit have approved applications to seal documents containing confidential business information, including confidential agreements that disclose contractual terms, where public disclosure of such information could result in competitive harm. *See e.g.*, *Instant Brands, Inc. v. DSV Sols., Inc.*, Case No. EDCV 20-299 JGB (KKx), 2020 WL 7872200, at *2 (C.D. Cal. June 11, 2020) (granting motion to seal in where documents "detail a confidential commercial agreement between parties and other sensitive commercial information"); *see also Coffelt v. Kroger Co.*, Case No. EDCV 16-01471 JGB (KKx), 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (finding compelling reasons to seal documents containing "confidential information that implicates policies procedures, business practices, agreements, processes and

pricing information"); *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG, 2016 WL 7429304, at *3 (N.D. Cal. Feb. 9, 2016) (granting application to seal redacted portions of an opposition related to confidential financial information, strategic business considerations, potential acquisition of businesses, and confidential agreements that disclose contractual terms); *Bauer Bros. LLC v. Nike, Inc.*, Case No. 09-cv-500-WQHBGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting request to seal documents, including documents reflecting business agreements, or containing marketing information, product development strategies, or non-public, highly confidential financial data, because such information could be used for improper purposes by competitors); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) ("confidential business information" in the form of "business strategies" are sealable under the compelling reasons standard).

Defendants' Opposition describes the PPA and its terms, and Exhibit C is the PPA. The information contained in the PPA is not generally known by or available to the public and is covered by confidentiality provisions contained in the PPA. Public disclosure of the information contained in Defendants' Opposition and public disclosure of the PPA may violate those confidentiality provisions.

For the foregoing reasons, compelling reasons exist for filing under seal discussions of the contents of the PPA in Comcast's Opposition to Entropic's Motion to Supplement and Exhibit C to Comcast's Opposition.

Accordingly, Defendants hereby respectfully request that the Court grant this sealing application.

Dated:  December 15, 2023        */s/ Krishnan Padmanabhan*
                                 Krishnan Padmanabhan (SB: 254220)
                                 kpadmanabhan@winston.com
                                 **Winston & Strawn LLP**

| | |
|---|---|
| 1 | 200 Park Avenue |
| 2 | New York, NY 10166<br>Telephone: (212) 294-6700 |
| 3 | Facsimile: (212) 294-4700 |
| 4 | Brian Ferguson (*pro hac vice*) |
| 5 | bferguson@winston.com<br>**Winston & Strawn LLP** |
| 6 | 1901 L Street NW<br>Washington, D.C. 20036 |
| 7 | Phone: 202-282-5000<br>Fax: 202-282-5100 |
| 8 | Saranya Raghavan (*pro hac vice*) |
| 9 | sraghavan@winston.com<br>**Winston & Strawn LLP** |
| 10 | 35 West Wacker, Dr.<br>Chicago, IL 60601 |
| 11 | Phone: 312-558-5600<br>Fax: 312-558-5700 |
| 12 | Attorneys for Comcast Defendants. |