Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>　　　　　Defendants.<br><br>ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-01049-JWH-KES (Lead Case)<br><br>Case No.: 2:23-cv-01050-JWH-KES (Related Case)<br><br>[Assigned to the Honorable John W. Holcomb]<br><br>**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT; DECLARATION OF CASSIDY T. YOUNG IN SUPPORT THEREOF**<br><br>Date:　　　　January 16, 2024<br>Time:　　　　9:00 AM<br>Courtroom:　9D (Santa Ana) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**

## I. INTRODUCTION

Entropic's Motion should be granted.[1]  Nothing in Comcast's Opposition suggests otherwise.  Indeed, every single factor favors granting Entropic's Motion.  First, Comcast cannot show any prejudice and instead complains about having to defend against Entropic's claims—a situation common to all defendants.  Second, Comcast cannot show undue delay or bad faith where Entropic promptly notified Comcast of its intent to supplement repeatedly in prior filings and during oral argument on discovery issues.  Third, Comcast's attempt to show futility cannot obfuscate the fact that it does not even argue the notice it received was insufficient, only that it runs afoul of what it admits is a minority viewpoint finding post-suit willful infringement claims insufficient.  But the majority view is that post-filing activity provides a basis for willful infringement, which supports Entropic's position.  Further, even if this Court were to agree with the minority view, an ***exception specifically exists for plaintiffs like Entropic*** who do not practice the patents they assert.  That exception, along with the undisputed fact that Entropic could dismiss this case and file a new suit for willful infringement based on only the notice set forth in this briefing, completely eviscerates Comcast's position and stated policy rationale.  It is time for this case to move beyond the pleading stage so that Entropic can hold Comcast accountable for its willful infringement.  For these reasons and those set forth below and in Entropic's Motion, leave to supplement should be granted.

---

[1] The following definitions are used in this brief: Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff"); Defendants Comcast Cable Communications Management, LLC; Comcast Corporation; and Comcast Cable Communications, LLC (collectively, "Comcast" or "Defendants"); Entropic's Motion for Leave to Supplement Complaint (1049 DE 131) (the "Motion"); Comcast's Opposition to Entropic's Motion for Leave to Supplement Complaint (1049 DE 136) (the "Opposition").

1
**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**

## II. ARGUMENT

### A. Comcast's Opposition confirms good cause exists to allow Entropic to Supplement.

#### 1. Comcast has not established actual prejudice.

Comcast does not even argue prejudice except for a brief mention on the second-to-last page of its brief. Opp. at 20:17–18. There, Comcast meekly asserts that litigating the termination[2] of the contract that is the basis for ***its own*** license defense is "clearly prejudicial." *Id.* But what Comcast describes is no more than garden-variety litigation. It is black-letter law that "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Wetlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Moreover, Entropic is entitled to allege ***the fact*** that MaxLinear's post-filing correspondence with Comcast terminated the VSA. *See* 1049 DE 140 at ¶¶ 182-84. Indeed, Entropic is entitled to a presumption of truth as to that ***factual allegation***. Comcast has not established that Entropic alleging such a ***fact*** is prejudicial.

This situation stands in stark contrast to the Ninth Circuit's decision in *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989), cited by Comcast. There, along with the clearly dilatory tactic of filing a complaint and failing to serve it until receiving an order to show cause why the action shouldn't be dismissed for lack of prosecution ***a year later*** (*id.* at 1161), the plaintiff advanced an entirely new theory in its motion for leave to amend under a different statutory section. *Id.* Here, there was no delay in seeking to supplement. Comcast has been on notice of

---

[2] Comcast states that the Court "held that [termination] has little, if any effect on Comcast's Motion to dismiss," (Opp. at 20:3–7), but ignores that the Court was referring to the operative motion to dismiss and indeed stated that "[i]f the termination were effective, then the VSA would cease to apply beginning on May 18, 2023." 1049 DE 120 at 7. But nothing in the Court's Order precludes Entropic from alleging the ***fact*** of MaxLinear's termination correspondence. Indeed, as Entropic argued in its Motion, it had requested leave to supplement to assert such post-filing conduct. Because the Court's Order on Comcast's Motion to Dismiss did not expressly grant such leave, Entropic filed a motion to supplement to allege this and other post-filing conduct, which includes important facts that support Entropic's allegations of patent infringement against Comcast.

Entropic's theory of post-filing willfulness since Entropic filed its First Amended Complaint. 1050 DE 63. Comcast has been on notice of Entropic's theory of post-filing willfulness based on the filing of the original complaint since at least November 3, 2023. *See* 1049 DE 131-4 ("Nov. 3, 2023 Special Master Hearing Tr.") at 13:19–24; Young Decl. Ex. A ("Dec. 1, 2023 Special Master Hearing Tr.") at 19:13–19. Thus, there can be no prejudice.

### 2. Entropic's previous Court-approved amendments do not show undue delay or bad faith.

Comcast argues that Entropic unduly delayed by failing to raise "post-suit" willfulness in the First Amended Complaint ("FAC") filed on June 5, 2023. Opp. at 16–17. Not so. Entropic's Opposition to Comcast's Motion to Dismiss the FAC ***asked for leave*** to file a supplemental pleading and Entropic has repeatedly stated its intent to rely on post-suit conduct. 1050 DE 88-1 at 17, 18; Mot. at 3:1–5; Nov. 3, 2023 Special Master Hearing Tr. at 13:19–24 ("And at the very least, our initial complaint could be used as evidence of willfulness; so it is a long way of saying that willfulness is not going away."); Dec. 1, 2023 Special Master Hearing Tr. at 19:13–19 ("And it will come as no surprise because I raised this during the prior discovery dispute hearing, that one of the grounds for willfulness, which is on a patent-by-patent basis, is the original filing of the complaint which relevant case law says is sufficient to support allegations of willfulness."). Further, the Court only determined Entropic's pre-suit willfulness allegations failed to meet the pleading standard a month ago, on November 20. 1049 DE 120. Prior to that Court Order, Entropic believed its willfulness allegations in the FAC to exceed pleading standards. Indeed, the Court explicitly granted Entropic leave to amend its pleading in that November 20 Order—a decision rendered using the same standards at issue in this motion for leave to supplement. *Id.* at 2.

Comcast's cited cases do not compel a finding of undue delay. Opp. at 16. In *Jackson v. Bank of Hawaii*, the Ninth Circuit affirmed a denial of leave to amend.

1  902 F.2d 1385 (9th Cir. 1990). In that decision, the Ninth Circuit concluded that
2  there was undue delay where the plaintiff waited over a year to seek to amend their
3  complaint. *Id.* at 1388. Specifically, "[a]ppellants informed the court of their
4  intention to file an amended complaint in March 1987, in May 1987, and in February
5  1988, but they delayed offering their amended complaint until May 1988." *Id.* Here,
6  in stark contrast, Entropic's Motion was filed promptly. Entropic asked for leave to
7  file a supplemental pleading in its June 2023 opposition to Comcast's June motion to
8  dismiss. *See* 1050 DE 88-1 at 17, 18. The Court granted Comcast's motion on
9  November 20, giving Entropic until December 8, 2023 to amend its complaint, but
10 was silent as to whether that included supplementation. 1049 DE 120 at 12. Out of
11 an abundance of caution to ensure that its allegations of post-suit conduct would be
12 properly considered, Entropic filed an amended complaint and this Motion on
13 December 8. Mot. at 3:1–13.

14  Similarly, *In re Circuit Breaker Litigation* is also distinguishable. 175 F.R.D.
15 547 (C.D. Cal. 1997). In that case, the court denied a motion for leave to amend
16 where the defendants attempted to add additional causes of action in counterclaims
17 approximately 8 and 5 years after their originally-filed pleading and weeks before
18 the discovery date cut-off (defendant 1) or weeks before summary judgment
19 argument (defendant 2) to evidence undue delay. *Id.* This case was filed this year
20 and has not moved past the motion to dismiss stage such that the discovery cut-off
21 and subsequent summary judgment briefing are many months away. There is no
22 delay here.

23  Comcast's argument that Entropic acted in bad faith by deciding to move to
24 supplement with the filing of its SAC is simply ridiculous. Opp. at 17:6–18:2. As
25 detailed immediately above and in Entropic's Motion, Entropic asked for leave to
26 supplement in its opposition to Comcast's motion to dismiss. *See* 1050 DE 88-1 at
27 17, 18. After the Court granted leave to amend by December 8, Entropic amended
28 ***and*** again moved for leave to supplement on that same day. *See* 1049 DE 131, 140.

4

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**

During hearings before the Special Master, counsel for Entropic also repeatedly stated its intent to amend the complaint to add allegations related to Comcast's post-suit conduct in order to establish willfulness. *See, e.g.*, Nov. 3, 2023 Special Master Hearing Tr. at 13:19–24; Dec. 1, 2023 Special Master Hearing Tr. at 19:13–19.

Comcast leaps to "bad faith" by asserting that "Entropic does not truly believe that its post-suit theory has any merit," (Opp. at 17:12–15), but nowhere does Comcast argue that Entropic's filings are insufficient to provide notice for a willful infringement claim. Thus, both parties agree that Entropic's post-suit notice is sufficient, but Comcast unreasonably seeks to delay resolution of Entropic's claims. *See MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1026 (C.D. Cal. 2014) (holding that plaintiff could base willful infringement claims on original complaint because "if a plaintiff [] is able to establish the defendant's knowledge of the alleged infringement based on a prior, though superseded, complaint, the defendant should not be able to escape liability for conduct occurring after the plaintiff files its complaint").

Nor can *Patwardhan v. U.S.* provide a basis for a finding of bad faith here. 2014 WL 1092898 (C.D. Cal. Mar. 18, 2014). First, the *Patwardhan* plaintiff was found to have sought leave to amend in bad faith based on the court's own *sua sponte* characterization of the motion for leave to amend as a "last-ditch attempt" to avoid dismissal. *Id.* at *4 n.4. There, the plaintiff identified its own mistake in naming the wrong Defendant and waited eight months before seeking leave to amend. *Id.* at *5. Simply put, because Entropic could simply file a new case based on this notice, it cannot be considered such a "last-ditch attempt."

Entropic's motion for leave to supplement was filed on the same day as its Court-approved leave to amend expired, merely 18 days after this Court's ruling on Comcast's motion to dismiss, and includes allegations of willful infringement that Comcast cannot successfully dismiss. *See* 1049 DE 131, 140. There is no delay or bad faith here.

5
**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**

### 3. Comcast cannot argue futility to escape that it is now on notice of Entropic's infringement allegations.

Comcast devotes the bulk of its Opposition to attempting to prove the futility of Entropic's proposed supplement based on generalities instead of the actual facts of this case. Opp. at 8–16. Comcast confusingly argues that the VSA prohibits supplementing a complaint to provide allegations related to an infringement suit the agreement expressly permits, but it matters not how Comcast obtained notice of the Patents-in-Suit, just that it did. *Id.* Comcast also seeks to convince this Court to ignore this District's prior authority ***and*** adopt a minority[3] view on post-filing conduct as part of willful infringement allegations without regard for the specific facts of this case, which heavily favor granting leave to supplement and fit squarely within an exception to that same view.

Comcast has been on notice of the Patents-in-Suit and its alleged infringement of them at least based on Entropic's original Complaint, the FAC, and infringement contentions served on Comcast, but has continued to infringe. Comcast does not argue that these documents did not provide it notice. Instead, Comcast appears to argue that these facts do not matter because the VSA prohibits filing the original Complaint and FAC in the first place and "Entropic's theory" is that "it need only establish that it had filed a lawsuit against Comcast." Opp. at 9–10. Not so. Filing the original Complaint and FAC and serving infringement contentions has sufficiently put Comcast on notice of its infringement. Without a word to say on the sufficiency of this notice, Comcast must agree that providing the allegations contained in these materials outside of litigation would have provided the requisite notice to trigger the willful infringement exception to the VSA. Proving the point, Entropic could simply file a new suit based on this notice at any time, though to do so would be inefficient and incompatible with Rule 15(d). *See Foman v. Davis*, 371

---

[3] Comcast does not contest that its position is a minority view. *See generally* Opp.

U.S. 178, 181–82 (1962) ("[T]he purpose of pleading is to facilitate a proper decision on the merits."); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (citation omitted) ("[Rule 15(d)] circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief."). Thus, the true futility lays with Comcast's efforts to delay adjudication of its willful infringement.

A majority of courts in this Circuit and elsewhere have held that a plaintiff can sufficiently plead willfulness based on post-filing conduct. *See* Mot. § IV.A.4; s*ee, e.g.*, *Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591, at *20 (C.D. Cal. Jan. 13, 2020) ("a claim for willful infringement can be based on post-filing conduct alone"); *MyMedicalRecords, Inc.*, 1 F. Supp. 3d at 1026; *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017) (holding that "post-filing conduct alone can serve as the basis of a jury's willfulness finding and an award of enhanced damages").[4] Continuing its own exercise in futility, Comcast spends six pages of its argument insisting this Court ignore such relevant authority without actually dealing with the facts of the instant case. Indeed, Comcast supposes that granting leave to supplement here would "transform[] every infringement claim into willful infringement unless the defendant immediately ceased all accused conduct and effectively agreed to a preliminary injunction." Opp. at 11:8–12. Comcast's argument is nonsensical. A defendant with good faith bases to contest validity or infringement cannot be on the hook for willful infringement. However, a defendant who reviews a complaint and, without a good faith basis for non-infringement or invalidity, continues to fight the litigation ***and*** does not cease their infringement is

---

[4] *See also T–Rex Prop. AB v. Regal Entm't Grp.*, 2017 WL 4229372, at *8 (E.D. Tex. Aug. 31, 2017); *Zimmer Surgical, Inc. v. Stryker Corp.*, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017); *Finjan, Inc. v. Eset, LLC*, 2017 WL 1063475, at *4 (S.D. Cal. March 21, 2017); *Raytheon Co. v. Cray, Inc.*, 2017 WL 1362700, at *5 (E.D. Tex. March 13, 2017); *Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017); *Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016).

not worthy of pity.  Comcast's argument amounts to asking this Court for a "free pass" to continue to knowingly and willfully infringe.  This is not what the VSA permits nor is it fair under the facts of the instant case.  Though some courts find "allegations of post-filing knowledge [] generally insufficient to support a claim," this is because a preliminary injunction can combat post-filing willful infringement.  *Pacing Techs., LLC v. Garmin Intern., Inc.*, 2013 WL 444642, at *3 (S.D. Cal. Feb. 5, 2013).  Those courts recognize an **exception** where "a patentee that neither practices its invention nor directly competes with the alleged infringer may be excused from the injunction requirement." *Id.* at *3 n.3.  Entropic fits squarely within this explicit exception to the minority rule Comcast seeks adherence to.

Comcast also seeks to distinguish *MyMedicalRecords*, but simply recites facts without regard to what that court actually held.  1 F. Supp. at 1020; Opp. at 13:25–14:11.  Though the *MyMedicalRecords* court discussed the question of "whether a plaintiff may rely on a previous complaint against a subsidiary entity," it based its denial of the defendant's motion to dismiss on its answer to the question of whether a plaintiff may rely on "a previously dismissed complaint against the same defendant to prove knowledge of the patent-in-suit." *Id.* at 1024–25.  Specifically, the court noted "[Plaintiff] originally filed suit against Jardogs and Allscripts separately" but that "[Plaintiff] should join the two Defendants in the same action." *Id.*  In response, the plaintiff "dismissed the *Allscripts* action," but the Court still found that "Allscripts was therefore aware of the [asserted patents] at least as of … the date MMR filed the *Allscripts* action." *Id.* at 1025.  This confirms: (1) courts in this District follow the view that "[a] defendant should not be able to escape liability for post-filing infringement when the complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit" (*id.*), and (2) Entropic can simply dismiss this action and file a new complaint for willful infringement based on the Complaint, FAC, and infringement contentions filed in this action.  Comcast's cited cases from the **minority** viewpoint do not disturb those facts.  Nor do those cases

address the specific situation here, where Entropic's entire suit would be dismissed and quickly refiled.

And contrary to Comcast's arguments, granting Entropic leave to amend also makes sense from a policy perspective. Opp. at 13:7–24. First, Entropic does not practice the patents, such that it cannot protect itself from post-suit willfulness with a preliminary injunction. *See Pacing Techs.*, 2013 WL 444642, at *3 n.3. Second, "holding otherwise would give a defendant carte blanche to continue to [willfully] infringe a patent—now with [undisputedly] full knowledge of the patents-in-suit—so long as it was ignorant of the patents prior to being served itself with the complaint." *Id.* Here, again, it bears noting that a defendant with subjective good-faith belief in defenses has nothing to fear from willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016) (holding that enhanced damages under 35 U.S.C. § 284 "should generally be reserved for egregious cases typified by willful misconduct"). And further, "[p]recluding a plaintiff from recovering damages for post[-]filing infringement would further contravene Congress's clear intent in enacting [35 U.S.C.] § 284 ('Upon finding for the claimant the court *shall award* the claimant damages adequate to compensate for the infringement…')." *Id.* It is Entropic's statutory right to obtain adequate damages for Comcast's post-suit willful infringement.

### 4. Comcast's attempt to block Entropic's addition of two new patents should be ignored because it has now filed a notice of non-opposition to that motion.

Although Entropic's Motion for Leave to Amend and Supplement Complaint and Amend Infringement Contentions (1049 DE 114) is not at issue in this briefing, Comcast argues it too should be denied as "futile for the same reasons." Opp. at 19:1–3.[5] Comcast has now filed a notice of non-opposition to that motion. Thus, its

---

[5] Comcast admits that it received infringement charts on November 4, 2023 (Opp. at 18) prior to the November 13 filing of Entropic's Motion for Leave to Amend and

arguments as to that motion should be disregarded given it has not actually opposed that motion and, even if it had, it is improper for Comcast to include arguments as to that motion in its opposition to this Motion.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Entropic leave to file a supplemental pleading or confirm that its prior Order granted such relief such that the post-filing conduct alleged in the Second Amended Complaint is appropriate.

Dated: January 2, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

---

Supplement Complaint and Amend Infringement Contentions such that its arguments for futility, already dealt with *supra* Section II.3, must fail.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 3,286 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 2, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
Samuel P. Richey (SBN 278444)
Katherine L. Allor (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
samuel.richey@klgates.com
katy.allor@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**