# EXHIBIT A

```
                                                          Page 1
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                   SOUTHERN DIVISION
 4
 5   ENTROPIC COMMUNICATIONS, LLC,
 6          PLAINTIFF,                    CASE NO.:
 7      vs.                               2:23-CV-01043-JWH-KES
 8   DISH NETWORK CORPORATION, ET AL.,
 9          DEFENDANTS.                   2:23-CV-01049-JWH-KES
10   _____/
11   ENTROPIC COMMUNICATIONS, LLC,
12          PLAINTIFF,
13      vs.
14   COX COMMUNICATIONS, INC., ET AL.,
15          DEFENDANTS.
16   _____/
17
18       REPORTER'S TRANSCRIPT OF REMOTE PROCEEDINGS
19              FRIDAY, DECEMBER 1, 2023
20
21
22   STENOGRAPHICALLY REPORTED BY:
23   MEGAN F. ALVAREZ, RPR, CSR No. 12470
24   JOB NO. 6316705
25   PAGES 1 - 41
```

Page 2

```
 1            UNITED STATES DISTRICT COURT
 2            CENTRAL DISTRICT OF CALIFORNIA
 3                  SOUTHERN DIVISION
 4
 5  ENTROPIC COMMUNICATIONS, LLC,
 6       PLAINTIFF,          CASE NO.:
 7    vs.              2:23-CV-01043-JWH-KES
 8  DISH NETWORK CORPORATION, ET AL.,
 9       DEFENDANTS.      2:23-CV-01049-JWH-KES
10  _____/
11  ENTROPIC COMMUNICATIONS, LLC,
12       PLAINTIFF,
13    vs.
14  COX COMMUNICATIONS, INC., ET AL.,
15       DEFENDANTS.
16  _____/
17
18
19         Hearing, VIA REMOTE COUNSEL, beginning at
20  9:30 a.m. and ending at 10:18 a.m. on Friday,
21  December 1, 2023, before Megan F. Alvarez, RPR,
22  Certified Shorthand Reporter No. 12470.
23
24
25
```

Page 3

```
 1  APPEARANCES: (ALL PARTIES APPEARING VIA VIDEOCONFERENCE)
 2
 3  BEFORE:  DAVID M. KEYSER, SPECIAL MASTER
 4      LAW OFFICE OF DAVID KEYZER, P.C.
 5      5170 GOLD FOOTHILL PARKWAY
 6      EL DORADO HILLS, CALIFORNIA 95762
 7      916.243.5259
 8      DAVID@KEYZERLAW.COM
 9
10  FOR PLAINTIFF:
11      BY:  KATHERINE L. ALLOR, ESQ.
12      K&L GATES
13      70 WEST MADISON STREET
14      SUITE 3300
15      CHICAGO, ILLINOIS 60602
16      312.807.4325
17      KATY.ALLOR@KLGATES.COM
18      BY:  CHRISTINA N. GOODRICH, ESQ.
19          CASSIDY T. YOUNG, ESQ.
20      K&L GATES
21      10100 SANTA MONICA BOULEVARD
22      EIGHTH FLOOR
23      LOS ANGELES, CALIFORNIA 90067
24      310.552.5547
25      CHRISTINA.GOODRICH@KLGATES.COM
```

Page 4

```
 1  APPEARANCES: (CONTINUED)
 2
 3  FOR DEFENDANTS:
 4      BY:  KRISHNAN PADMANABHAN, ESQ.
 5      WINSTON & STRAWN LLP
 6      200 PARK AVENUE
 7      NEW YORK, NEW YORK 10166
 8      212.294.6700
 9      212.294.4700 FAX
10      KPADMANABHAN@WINSTON.COM
11  AND
12      BY: SARANYA RAGHAVAN, ESQ.
13      WINSTON & STRAWN LLP
14      35 W. WACKER DRIVE
15      CHICAGO, ILLINOIS 60601
16      312.558.5600
17      SRAGHAVAN@WINSTON.COM
18  AND
19      BY:  CLAIRE E. DIAL, ESQ.
20      WINSTON & STRAWN LLP
21      800 CAPITOL STREET
22      SUITE 2400
23      HOUSTON, TEXAS 77002
24      713.651.2795
25      CDIAL@WINSTON.COM
```

Page 5

```
 1  APPEARANCES: (CONTINUED)
 2
 3  FOR DEFENDANTS:
 4      BY:  DIANA LEIDEN, ESQ.
 5      WINSTON & STRAWN LLP
 6      333 S. GRAND AVENUE
 7      LOS ANGELES, CALIFORNIA 90071.1543
 8      213.615.1700
 9      213.615.1750 FAX
10      DHLEIDEN@WINSTON.COM
```

Page 18

1 burden on its motion for reconsideration. It is well
2 settled that there's no discovery stay order in place.
3 The only entity or person who could enter such an order
4 is the district court judge in this case who has not
5 issued a stay of discovery nor has one been requested.
6 Relevant cases for that are Brotherhood Mutual versus
7 Vinkov, 2021 Westlaw 1152896 C.D. Cal January 13, 2021.
8 And there's a number of other cases on that point.
9      But discovery is open. It has been open for
10 many months now, and there's no stay in place. So
11 that's the point at which everything else flows.
12      In order to bridge the gap between the parties
13 and efficiently resolve this matter, and this is the
14 point at which Comcast and Entropic can reach an
15 agreement, I believe, we propose that Comcast comply
16 with the special master order and discovery obligations
17 after Entropic files its amended complaint on
18 December 8.
19      If there is some need for a meet-and-confer to
20 narrow scope or there's a continuing dispute regarding
21 scope in light of the amended complaint, then that is
22 something, as Mr. Padmanabhan raised, the parties can
23 meet and confer on and then raise that dispute with you.
24      And we may respectfully request that perhaps
25 the parties set a follow-up status conference so that we

Page 19

1 can have something on calendar where those disputes can
2 be raised or hopefully there are no disputes and we can
3 move forward.
4      But it is our belief, based on the groundwork
5 from which we view this matter, that because there's no
6 discovery stay in place, discovery remains open. We
7 understand, however, Comcast's concerns and arguments
8 with respect to them not knowing the scope of the claims
9 and what claims will be asserted until we amend. And
10 which is why we are proposing this somewhat of a
11 compromise here.
12      I can tell you, though, we will be reasserting
13 all of the same patents. And it will come as no
14 surprise because I raised this during the prior
15 discovery dispute hearing, that one of the grounds for
16 willfulness, which is on a patent-by-patent basis, is
17 the original filing of the complaint which relevant case
18 law says is sufficient to support allegations of
19 willfulness.
20      So that there's no surprise there, we're not
21 talking about a situation where we're going from 12
22 patents to two patents or we're going from 12 patents to
23 22.
24      There is a separate motion for leave to amend
25 that we had filed that we don't need to discuss here

Page 20

1 today. But in terms of what will be filed on
2 December 8th, that will not look radically different in
3 terms of the patents asserted, the claims, and the
4 allegations of willfulness.
5      We will, of course, add to them, but we
6 believe that the discovery that we have served that are
7 the subject of the special master order will remain
8 relevant and appropriate in light of the amendment.
9      With respect to the jurisdictional portion of
10 the judge's order, again, as a reminder, that dates back
11 to ex parte briefing that Entropic had filed far before
12 the briefing on the motions to dismiss themselves, much
13 earlier in the case.
14      And, of course, that was a request for
15 jurisdictional discovery. It did not put in play all
16 discovery in the case. It was an affirmative request
17 for something to delay decision on the motion to dismiss
18 until such time as that discovery had been conducted.
19      We're now at a far different place than we
20 were at the time that ex parte was filed. And so the
21 decision denying the request for jurisdictional
22 discovery in no way effectuates a complete stay of
23 discovery. In fact, it can't. Because we know that
24 Judge Holcomb would have to be the one to issue a
25 discovery stay. He did not do so.

Page 21

1      With respect to the relevant case law, the
2 Countrywide case actually supports Entropic's position
3 directly on all fours. In that case it actually was
4 pointing out this distinction that I just made.
5 Magistrate Judge is unable to issue a discovery stay.
6      And so with respect to any action -- and this
7 gets back to the question as to what order you may need
8 to enter versus Judge Holcomb. If there were to be a
9 request for a discovery stay, it would have to be a
10 regularly noticed motion put before Judge Holcomb and
11 not done through this reconsideration route.
12      Let me pause there and ask if you have any
13 questions; if there's anything you would like me to
14 address further.
15      SPECIAL MASTER KEYZER: Sure. Let me just
16 make sure I understand correctly.
17      So the statement, at least from your
18 perspective, the statement in the November 20, 2023,
19 order referring to jurisdictional discovery, was
20 referring to discovery that the plaintiff requested
21 occur before the Court would rule on the motion to
22 dismiss.
23      Is my understanding of your position correct?
24      MS. GOODRICH: Yes, and I believe the ex parte
25 briefing that dates back to the purpose of our ex parte

Page 38

1  But one quick question.  Is the meet-and-confer, the
2  substantive meet-and-confer on the discovery in light of
3  the amendment, or is it a meet-and-confer on the
4  procedural steps?
5      SPECIAL MASTER KEYZER:  Meet and confer on the
6  substantive --
7      MS. GOODRICH:  Okay.
8      SPECIAL MASTER KEYZER:  -- scope of discovery
9  that each side feels is permissible.  If -- you know,
10 whatever the -- whatever the party's positions are on
11 how SM-5 should be modified, vacated, whatever the
12 parties feel is appropriate based on the amended
13 complaint.
14     Mr. Padmanabhan?
15     MR. PADMANABHAN:  I think you proposed a
16 meet-and-confer by Thursday the 14th and a status report
17 on the 15th?
18     SPECIAL MASTER KEYZER:  Correct.
19     MR. PADMANABHAN:  I mean, trying to wrangle
20 clients this time of year with one day's time, which is
21 hopefully what we would want to do before replying to
22 you, is a little difficult.
23     SPECIAL MASTER KEYZER:  Well, I can give you
24 till -- I can give you until Monday.
25     MR. PADMANABHAN:  Yeah.  I think that that

Page 39

1  would be helpful.  I didn't want to ask much but I just
2  think that would be helpful.
3      SPECIAL MASTER KEYZER:  That's fine.  Monday
4  by 5:00 p.m. Pacific, December 18th.
5      MR. PADMANABHAN:  Thank you, Mr. Keyzer.
6      SPECIAL MASTER KEYZER:  Okay.  That would be
7  fine.
8      Okay.  I do believe what I've done
9  short-circuits the plaintiff's discussion of the
10 infringement contentions at this point, but I think that
11 I will be in a better position to address that once we
12 have an amended complaint on file.
13     So with that said, is there anything further I
14 can do today to assist the parties?
15     Anything further from the plaintiff?
16     MS. GOODRICH:  No, not from the plaintiff.
17 Thank you.
18     SPECIAL MASTER KEYZER:  Okay.
19     MR. PADMANABHAN:  Nothing more from defendant
20 Comcast.
21     SPECIAL MASTER KEYZER:  Okay.  Counsel, I
22 thank you for your attendance today.  Just a moment.
23     The parties should please order the transcript
24 and split the costs between the parties.  Please ensure
25 I receive a copy of the final transcript when it is

Page 40

1  ready, as well as a copy of any rough transcript that
2  might be provided to the parties.  In short, I just like
3  to have a copy of whatever the parties receive from the
4  reporter.
5      This concludes today's hearing.  We're now off
6  the record.
7      (TIME NOTED: 10:18 a.m.)
8          * * * * *

Page 41

2          CERTIFICATE OF REPORTER

4      I, MEGAN ALVAREZ, a Certified Shorthand
5  Reporter, hereby certify that the foregoing proceedings
6  were taken in shorthand by me at the time and place
7  therein stated, and that the said proceedings were
8  thereafter reduced to typewriting, by computer, under my
9  direction and supervision;
10     And I further certify that I am not of counsel
11 or attorney for either or any of the parties to said
12 hearing nor in any way interested in the outcome of the
13 cause named in said caption.
15 DATED: December 15, 2023
17     MEGAN F. ALVAREZ
18     CSR No. 12470, RPR