Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No. 2:23-cv-01049-JWH-KES<br>(Lead Case)<br><br>Case No. 2:23-cv-01050-JWH-KES<br>(Related Case)<br><br>[Assigned to the Honorable John W. Holcomb] |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>Defendants. | **ENTROPIC COMMUNICATIONS, LLC'S REPLY IN SUPPORT OF ITS NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT, AND AMEND INFRINGEMENT CONTENTIONS (DE 114)**<br><br>Hearing Date:    January 16, 2024<br>Hearing Time:   10:00 a.m.<br>Courtroom:       9D (Santa Ana) |

**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

317482612.12

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 5

II. ARGUMENT ............................................................................................................ 6

    A. Cox's Opposition confirms good cause exists to allow Entropic's Amendment. ................................................................................................. 6

        1. Cox does not offer any actual prejudice. ..................................... 6

        2. Entropic's Amendment is timely and brought in good faith. 9

        3. Entropic's Amendment promotes efficiency. ......................... 13

        4. Cox's futility argument has no basis in law. .......................... 14

    B. Similarly, good cause exists for the Proposed Amendment to Entropic's Infringement Contentions. ............................................... 15

III. CONCLUSION ..................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altair Instruments, Inc. v. Telebrands Corp.*,
  2:19-cv-08967-SJO-JC, 2020 WL 1956516 (C.D. Cal. Mar. 31, 2020) .................................................................................................. 14

*ASM Am., Inc. v. Genus, Inc.*,
  2002 WL 24444 (N.D. Cal. Jan. 9, 2002) ......................................................... 14

*Aten Int'l Co., Ltd. v. Emine Tech. Co.*,
  No. SACV 09-0843, (N.D. Cal. Jan. 9, 2002) ................................................... 7

*Bowles v. Reade*,
  198 F.3d 752 (9th Cir. 1999) ........................................................................... 10

*Dexcom, Inc. v. AgaMatrix, Inc.*,
  CV 16-05947 SJO (ASx), 2017 WL 3433543 (C.D. Cal. Feb. 3, 2017) ............................................................................................................ 9

*Entropic Comm'ns, LLC v. Charter Comm'ns, Inc.*
  No. 2:22-CV-00125-JRG, DE 113 (E.D. Tex. May 31, 2023) ........................ 12

*Glaukos Corp. v. Ivantis, Inc.*,
  No. SACV 18-620 JVS (JDEx), 2019 WL 8348322 (C.D. Cal. May 20, 2019) ................................................................................................... 7

*Glaukos Corp. v. Ivantis, Inc.*,
  No. SACV 18-620 JVS (JDEX), 2021 WL 4539047 (C.D. Cal. Aug. 11, 2021) ................................................................................................ 13

*IXYS Corp v. Advanced Power Tech., Inc.*,
  2004 WL 135861, at *2-3 (N.D. Cal. Jan. 22, 2004) .................................. 8, 13

*MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*,
  Nos. 2:13-cv-02538-ODW(SHx), 2:13-cv-03560-ODW(SHx), 2:13-cv-07285-ODW(SHx), 2014 WL 5810363 (C.D. Cal. Nov. 6, 2014) .............................................................................................................. 11

*Pharmacia, AB v. Hybritech, Inc.*,
  1984 WL 1479 (S.D. Cal. Oct. 19, 1984) ........................................................ 13

**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

*SanDisk Corp. v. ITE Techs., Inc.*,
  2010 WL 1410728 (W.D. Wis. Apr. 2, 2010) ........................................................ 8

*SanDisk Corp. v. STMicroelectronics Inc.*,
  2009 WL 1404689 (N.D. Cal. May 19, 2009) ................................................... 6, 7

*Tas Energy, Inc. v. San Diego Gas & Elec. Co.*,
  2013 WL 4500880 (S.D. Cal. Aug. 21, 2013) ..................................................... 15

*Wetlands Water Dist. V. U.S.*,
  100 F.3d 94 (9th Cir. 1996) ................................................................................... 6

*Word to Info Inc. v. Google Inc.*,
  2016 WL 3648605 (N.D. Cal. July 8, 2016) ....................................................... 14

*WP Banquet, LLC v. Target Corp.*,
  No. LA CV-16-02082, 2016 WL 9450448 (C.D. Cal. Dec. 15, 2016) ............................................................................................................. 14

*Xyratex Tech., Ltd. v. Teradyne, Inc.*,
  No. CV 08-04545 SJO (PLAx), 2009 WL 10702551 (C.D. Cal. Apr. 10, 2009) ................................................................................................... 7

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
  2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) ...................................................... 10

## I. INTRODUCTION

Entropic's[1] Motion seeks necessary relief that courts often grant as a matter of course, and the Amendment easily meets the good cause standard. First, Cox's Opposition fails to demonstrate any prejudice, much less **undue** prejudice, because litigating patent claims is not legal prejudice—particularly at this early stage in the litigation. Second, Cox fails to demonstrate that Entropic has unduly delayed or acted in bad faith in seeking the Amendment because the case is in its early stages and Entropic acted promptly upon discovering its good faith basis to assert the new patents. Instead, Cox offers only vague, unfounded accusations of bad faith. Third, Cox has only identified <u>*inefficiencies*</u> in denying Entropic's Motion, as Cox's solution is to burden the Court with a separate case for the two new patents that are in the same family as the Patents-in-Suit. Fourth, Cox cannot show that alleged defects in Entropic's infringement contentions for the Patents-in-Suit render the infringement case for the proposed new patents futile. Finally, Entropic's showing on the foregoing factors clearly establishes good cause for amending its infringement contentions even though it is not required. Simply put, Entropic has demonstrated that this Court should grant leave to amend and supplement, and Cox's Opposition merely underscores the reasons why.

---

[1] The following definitions are used in this brief: Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff"); Defendants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox" or "Defendants"); Entropic's Motion for Leave to Amend and Supplement Complaint, and Amend Infringement Contentions (DE 114) (the "Motion"); Cox's Opposition to Entropic's Motion (DE 167) (the "Opposition"); Entropic's Amendment and Supplement ("Amendment").

5
**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

## II. ARGUMENT

### A. Cox's Opposition confirms good cause exists to allow Entropic's Amendment.

#### 1. Cox does not offer any actual prejudice.

Cox simply cannot show prejudice. Cox's convoluted complaints of undue prejudice plainly fall away upon examination of this case's posture: the Motion was filed over five months before *Markman*, with no trial date set, and with little discovery completed. *See* Mot. § II, DE 75.[2] Cox will have ample time to investigate and respond to the amended and supplemented claims because of the early nature of this case and because many of the proposed claims involve similar or identical issues and accused products. Mot. at 9–10; Opp. at 22.

Cox asserts that it will suffer undue prejudice if the Motion is granted because adding two patents would "unfairly drive up the cost of this litigation by forcing Cox to defend against" additional patent claims. Opp. at 15:17–26. This assertion describes no more than the ordinary expenses of litigation, and it is black-letter law that "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Wetlands Water Dist. V. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). But Cox goes further and explicitly states that Entropic should simply "file a new lawsuit to assert the additional patents through separate proceedings." Opp. at 19. Filing a new lawsuit as Cox suggests can only result in *more* litigation costs and *less* judicial efficiency than adding the two patents to the instant lawsuit. Asking the Court on the one hand to reject an increase in defense costs, while proposing to allocate those same costs and more to a new case simply does not make sense. As such, courts recognize the incongruity and grant leave to amend over such arguments. *See SanDisk Corp. v. STMicroelectronics Inc.,* 2009 WL 1404689, at *3 (N.D. Cal. May 19, 2009)

---

[2] Citing Entropic's statements in the E.D. Tex. case while obfuscating the facts in that case, Cox attempts to paint Entropic as seeking to prejudice Cox and burden the court. Opp. at 13. Yet, the facts in that case demonstrate precisely the opposite and that allowing amendment at this early stage would be more efficient. *See supra* § B.1.

6
**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

(granting leave to amend while stating "even if the Court were to deny [Plaintiff's] motion for leave to amend, [Plaintiff] still could bring a separate action against [Defendant] based on the [] patents, requiring [Defendant] to expend additional time and effort to defend itself").

Despite the fact that litigation expense cannot form a basis for prejudice, Cox doubles down and complains that meeting common deadlines in a patent case is unduly prejudicial. Opp. at 16. **Extensively** quoting *Xyratex Tech., Ltd. v. Teradyne, Inc.*, Cox complains that it would not have enough time to litigate this case under the current schedule and that essentially all legal work related to the new patents is prejudicial. No. CV 08-04545 SJO (PLAx), 2009 WL 10702551 (C.D. Cal. Apr. 10, 2009); Opp. at 15–17. But Cox conveniently omits that *Xyratex* dealt with a motion to amend brought by a defendant to add ***counterclaims*** of patent infringement. *Id.* at *1. As the Court stated, "[f]or several months, [Plaintiff] has been prosecuting this case for infringement of its own patent with two minor counterclaims for declaratory relief relating to this patent. As such, the addition of [Defendant's] two proposed counterclaims for infringement … would 'greatly alter the nature of the litigation' and require [Plaintiff] to undertake 'an entirely new course of defense.'" *Id.* at *5. Of course, because the counterclaims "are based on complex patents involving subject matter and claims ***distinct from the [Plaintiff's] patent***, [amendment] would 'entirely change the focus' and 'scope of this litigation,' putting [Plaintiff] on the defensive after the case has been pending for months." *Id.* (emphasis added). Further, the Court concluded that "given the ***disparate subject matter***" and the addition of six inventors, required discovery would increase. *Id.* (emphasis added).[3] Frankly, the posture here

---

[3] Cox's attempts to distinguish cases cited by Entropic fail because the additional discovery quotation from *Xyratex* is inapposite as discussed. *See* Opp. at 16–17. Further, the analysis on whether to grant leave to amend in Entropic's cited cases focused on the *timing* of the amendment, not the complexity of issues. *See SanDisk*, 2009 WL 1404689; *Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEx), 2019 WL 8348322 (C.D. Cal. May 20, 2019); *Aten Int'l Co., Ltd. v. Emine Tech. Co.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010).

could not be more different. Cox acknowledges that many of the patent claims that Entropic (crucially, the plaintiff here) seeks to add involve the same issues and technical documentation as those already in the case. Mot. at 8–10; Opp. at 22 ("As Entropic admits in its Motion, the '438 and '275 Patents 'are similar to other patents already asserted in this action.'"). Indeed, these patents are related to other patents already asserted in this litigation, such that the subject matter is necessarily similar. Mot. at 3–4.

This case is instead closer to *IXYS Corp v. Advanced Power Tech., Inc.,* cited by Cox, where the court granted leave to amend, holding that the amendment was not unduly prejudicial where it involved similar technology and shared a majority of claims with the original claims, even though the court would have to construe new claim terms, and the opposing party would have to address the new claim terms and their meanings. 2004 WL 135861, at *2–3 (N.D. Cal. Jan. 22, 2004). Like in *IXYS*, it is not prejudicial to require Cox to litigate Entropic's claims, particularly at this early stage of litigation and considering the "nearly identical" claims and technology at issue.

With respect to the '438 Patent specifically, Cox complains that defending against an additional patent requires a prejudicial additional investigation. Opp. at 17:9–16. Again, this is true of defending against any claim of patent infringement and *SanDisk Corp. v. ITE Techs., Inc.* does not show otherwise. 2010 WL 1410728 (W.D. Wis. Apr. 2, 2010). This out-of-circuit case did not even mention the word "prejudice" in deciding to deny leave to amend to add *six* new related patents to a case that had been pending for three years because "[t]he parties have limited time in which to perform the required discovery on the first six patents." *Id.* at *2. As for the '275 Patent, Cox concocts a theory that Entropic waited for Cox's invalidity contentions to "leverage" a "substantive difference" between the '275 Patent and the other asserted patents at claim construction. Opp. at 17:17–25. This outlandish accusation makes no sense: Entropic **filed** the Motion **on November 13** (having met

and conferred much earlier and even served its infringement contentions on the proposed new patents) and *received* Cox's initial invalidity contentions *on November 20*. Any purported prejudice on this basis is simply unfounded.[4]

Ultimately, at this early stage of the litigation, Cox cannot credibly argue that granting Entropic leave to amend would require it to operate on an "expedited schedule." *See* Opp. at 16. Cox has ample time to investigate these issues before the deadlines to provide invalidity contentions and complete claim discovery. Mot. at 9–10, DE 75. Indeed, by the time this Motion is heard, Cox will have had Entropic's infringement contentions on the new patents for months and will be months away from the close of claim construction discovery or the *Markman* hearing. *See* DE 75. As such, Cox can show no prejudice or unfairness.

### 2. Entropic's Amendment is timely and brought in good faith.

Cox unconvincingly argues that Entropic's proposed amendment was unduly delayed, in bad faith, and designed only to drive up Cox's legal fees. Opp. § II.B.1. Cox has failed to demonstrate that Entropic unduly delayed in seeking leave to add the proposed new patents because: (1) Entropic acted promptly, (2) Cox has no basis to allege that Entropic acted in bad faith, and (3) Cox makes what are actually prejudice-related arguments in a further complaint about the cost of patent litigation. Indeed, each of Cox's arguments only underscores the timeliness and good faith basis for Entropic's Amendment.

**'438 Patent:** Cox argues that the asserted claims of the '438 Patent and already-asserted U.S. Patent No. 10,135,682 (the "'682 Patent") are "nearly identical" aside from one dependent claim, and that this is grounds for a denial of Plaintiff's Motion because Entropic should have known to assert the '438 from the

---

[4] The case cited by Cox for this proposition involved a finding of prejudice where "[d]uring the scheduling conference, counsel for [Plaintiff] stipulated that [Plaintiff] would limit the number of asserted claims to five [but] [n]ow it seeks to introduce a complex patent with *thirty-six* claims." *Dexcom, Inc. v. AgaMatrix, Inc.*, CV 16-05947 SJO (ASx), 2017 WL 3433543 (C.D. Cal. Feb. 3, 2017). No such stipulation exists here.

start of the case. *See* Opp. § II.B.1. But this is insufficient to show undue delay. *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012) (concluding no undue delay where plaintiff sought leave to add new patents two weeks after last of three patents issued and less than three months after initial case management conference). Just like in *Ziptronix*, Cox cannot demonstrate undue delay where Entropic has sought leave to amend only months after the initial case management conference and over five months before *Markman*. *See* DE 75.

      Cox further cites cases from district courts outside of California to argue that Entropic has acted in "bad faith" in bringing its Motion as to the '438 Patent. *See* Opp. at 11–12. But Cox fails to convincingly connect these non-binding authorities to the facts of this case. *See id.* Entropic promptly contacted Cox regarding seeking leave to add the '438 Patent after it learned it had a good-faith basis to assert it. *See* Mot. § IV.A.1. Cox does not explain how Entropic has engaged in undue delay under the circumstances, particularly given that Entropic promptly served infringement contentions regarding the '438 Patent before it even filed this Motion. *See* Mot. at 5:1–2. In any event, it is well established that delay alone is not sufficient for denial of a motion for leave to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Perhaps recognizing this, Cox attempts to bolster its position by largely restating its prejudice arguments. Opp. at 10. But there is no prejudice here. *See supra* § II.A.1. Instead Entropic seeks to **reduce** the burden on the Court system and the parties by obviating the need for another case against Cox.

      Cox also attempts to support its argument with case law generally discussing that "late amendments" asserting "new theories" are disfavored. *See* Opp. at 10–11. But the Amendment does not include "new theories" such as a new patent family or non-patent cause of action. *See generally* Mot. Instead, Entropic merely asserts patents in the same families as the current Patents-in-Suit and includes largely the same or similar patent claims that Cox's same conduct also infringes. *See* Mot. § II. Cox's Opposition makes much ado about the similarities between the '682 Patent and

10
**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

'438 Patent, which contradicts Cox's argument on this very point. *See* Opp. at 10. And in any event, it borders on absurd to argue that it is "late" in the case (*see* Opp. at 10–11) when *Markman* briefing is over five months away and no trial date—or discovery deadline—has been set. *See* DE 75.

**'275 Patent:** Cox's arguments relating to Entropic's purported delay as to the '275 Patent are even less persuasive than its arguments as to the '438 Patent. Cox first argues that Entropic should have made Cox aware that it may potentially assert an additional patent (that had yet to issue) earlier than required by the Local Rules. *See* Opp. at 13–14; L.R. 7–3 (meet and confer requirement for regularly noticed motions). The '275 Patent issued on October 10, and Entropic notified Cox that it would seek leave to assert the '275 Patent **19 days later**, on October 29, 2023. Mot. at 4. Cox complains that the Notice of Allowance for the '275 Patent was issued on August 28, 2023. Opp. at 13–14. But Cox does not argue (nor could it) that Entropic should have sought leave to amend **before** the '275 Patent issued on October 10, 2023. Cox identifies no legal authority requiring notice of potential new patent claims before the patent has issued. *See id.* As such, Cox's only complaint is the absurd notion that these 19 days constitute undue delay.

A mere 19 days, this early in the case, is simply not undue delay. *See, e.g.*, *MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, Nos. 2:13-cv-02538-ODW(SHx), 2:13-cv-03560-ODW(SHx), 2:13-cv-07285-ODW(SHx), 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014) (finding that "a three-month delay in moving for leave to amend [did] not undermine [plaintiff's] diligence" and collecting cases with similar holdings); *see also Dobeck v. Cobra Eng'g, Inc.*, SACV 16-1570 JVS (FFMx), 2017 WL 8186769, at *2 (C.D. Cal. Apr. 12, 2017) (granting leave to amend even though the movant failed to address diligence because motion was brought early in litigation). Thus, Cox fails to convincingly argue that the "undue delay" factor is anything but in Entropic's favor.

Finally, as to both patents, Cox attempts to show undue delay and bad faith in

a strained analogy to another Entropic case in the Eastern District of Texas. *See* Opp. at 13, 15. Cox asserts that Entropic's statements in the unrelated action are evidence of bad faith and an attempt to turn the Complaint into a "moving target" in filing the instant Motion. *See id.* Cox is wrong. Instead, the differences between that case and the instant case further underscore the reasonableness of Entropic's Motion. In that case, Defendant Charter moved to consolidate two cases at entirely different stages. *Entropic Comm'ns, LLC v. Charter Comm'ns, Inc.* No. 2:22-CV-00125-JRG, DE 113 (E.D. Tex. May 31, 2023). At the time of Charter's motion, the first action was one month away from *Markman* (with briefing substantially completed) and two months from the close of discovery, with a trial date set for mere months away. *Id.* at 1. In the second action, Charter had not yet responded to Entropic's factual allegations and discovery had not opened. *Id.* Consolidation would have required Entropic to delay trial in the first action by 4–5 months or more. *Id.* at 2–3. Furthermore, the two patents in the second case had 158 claims between them. *Id.* at 2. Cox also conveniently ignores another aspect of critical context in that motion—Judge Gilstrap of the Eastern District of Texas strictly limits trial time (traditionally 12 hours per side).[5] The court denied Charter's motion, holding that the cases were too far apart and that Entropic should not be required to delay bringing its first action to trial by several months. *Entropic Comm'ns,* No. 2:22-CV-00125-JRG, DE 157 at 4. Here, in contrast, the addition of only 18 claims from related patents, over five months **before** *Markman*, with no trial date set, and with little discovery completed is not unduly delayed or brought in bad faith—and will have no impact on the case schedule.

---

[5] Eric Tautfest & Jared Hoggan, *Judicial Profile, Hon. Rodney Gilstrap, U.S. District Judge for the Eastern District of Texas*, The Federal Lawyer (June 2017), https://www.fedbar.org/wp-content/uploads/2019/10/Gilstrap-pdf-3.pdf; *see also*, *Patent Litigation Trends in Texas: The Eastern and Western Districts*, 2021 NAPABA Convention (Dec. 10, 2021), https://cdn.ymaws.com/www.napaba.org/resource/resmgr/3_events/convention/2021_napaba_con/call_for_programs/cle_materials/205_cle_materials_patent_lit.pdf.

### 3. Entropic's Amendment promotes efficiency.

Rather than squarely address the efficiency arguments in Entropic's Motion, Cox's Opposition argues that "[j]udicial economy is best served by keeping additional patent(s) out of the instant case as Entropic can choose to file a new case to assert the '438 and '275 Patents." Opp. at 20. To the contrary, and as discussed above, requiring Entropic to file a new case to pursue related claims and patents is highly inefficient. *See supra* § II.A.1. Rather, it is far more efficient and would best serve judicial economy to litigate related issues and patents. *IXYS*, 2004 WL 135861, at *1–2 (granting leave to amend because litigating patent claims involving similar technology and that share a majority of claims together is more efficient for judges and parties).

This Court has discretionary power to limit the claims asserted in the case as it progresses, but the authorities Cox cites underscore why the Court should not do so here: the Court's administrative power to limit claims relates to limitations on claims of already-asserted patents, not the amendment of a complaint to add new patents. *See* Opp. at 19 (citing *Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEX), 2021 WL 4539047 (C.D. Cal. Aug. 11, 2021)). Limiting the number of asserted claims of the Patents-in-Suit and deciding whether Entropic is permitted to amend its Complaint are two wholly different issues with different standards and legal consequences. *Compare* Opp. at 19 *with* Mot. § III. Cox disingenuously suggests that a denial of Entropic's Motion would amount to routine housekeeping of a litigant's asserted claims. *See* Opp. at 19. This could not be further from the truth, and Cox's argument should be rejected.

Cox's remaining arguments and the authorities it relies on are irrelevant and do not support its argument that litigating claims involving similar issues and the same products is inefficient. *See Altair Instruments, Inc. v. Telebrands Corp.,* 2:19-cv-08967-SJO-JC, 2020 WL 1956516 (C.D. Cal. Mar. 31, 2020) (severing and staying infringement claims against a *customer* to resolve infringement claims

against a manufacturer, which take priority); *see also WP Banquet, LLC v. Target Corp.*, No. LA CV-16-02082, 2016 WL 9450448 (C.D. Cal. Dec. 15, 2016) (same); *ASM Am., Inc. v. Genus, Inc.*, 2002 WL 24444 (N.D. Cal. Jan. 9, 2002) (severing antitrust claims from patent infringement claims); *Pharmacia, AB v. Hybritech, Inc.*, 1984 WL 1479 (S.D. Cal. Oct. 19, 1984) (same). Moreover, any minor purported deficiencies in Entropic's infringement contentions do not bear on whether it is efficient to litigate Entropic's claims together. *See infra* § II.A.4. Further, the Special Master will resolve any issues in the ordinary course. Indeed, Cox has already availed itself of this procedure. *See* DE 152-1. And the Special Master has already found that "[c]onsidering the technical nature of the patents-in-suit and the accused products, that discovery is at an early stage and that Entropic has already given Cox a significant degree of notice regarding what features are being accused, Cox does not persuasively show any unfair prejudice or that Entropic's additional contentions are otherwise impermissible." *Id.* at 4.

### 4. Cox's futility argument has no basis in law.

Cox wrongly argues, **without any support or authority**, that "defects in contentions compel a finding that Entropic's allegations do not plausibly state a claim for infringement." Opp. at 22. Curiously, Cox makes the unexplained assumption that a purported defect in contentions equates to a finding of non-infringement on patents that have not even been added to the case yet. *See id.* Case law in other districts makes clear that alleged defects in infringement contentions are not grounds for denial of leave to amend. *See, e.g.*, *Word to Info Inc. v. Google Inc.*, 2016 WL 3648605, at *5 (N.D. Cal. July 8, 2016) (noting that, where Defendant identified defects in Plaintiff's infringement contentions including that they "lack merit" and include "alternative infringement theories," "[n]either of these alleged defects supports denying [Plaintiff]'s motion for leave to amend"). There has been no finding by the Court nor the Special Master that any deficiencies in Entropic's contentions compel a finding that Entropic has failed to plausibly state a claim for relief. Moreover, even if

Entropic's infringement contentions are deficient, the remedy is an order for Entropic to supplement its contentions, ***not*** denial of leave to amend Entropic's complaint. *See* DE 152-1 at 7. Indeed, the Special Master denied the portion of Cox's motion arguing that Entropic's existing contentions "include additional accused products without showing ***good cause*** for those additions." DE 152-1 at 3–4 (emphasis added). And the Special Master ***granted leave to amend*** to address other purported deficiencies raised by Cox. *Id.* at 7. This Court should do the same. Cox's leap to finding futility of Entropic's Amendments where the Special Master could find none in "nearly identical" claims is nonsensical. *Tas Energy, Inc. v. San Diego Gas & Elec. Co.*, 2013 WL 4500880, at *2 (S.D. Cal. Aug. 21, 2013) ("Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.") (citation omitted). Cox has not, and cannot, show that Entropic's amendment would be dismissed for failure to state a claim, and this factor weighs in favor of granting the Motion.

### B. Similarly, good cause exists for the Proposed Amendment to Entropics Infringement Contentions.

Cox erroneously argues that Entropic has not shown that good cause exists for the proposed amendment. Opp. § II.C. Tellingly, however, Cox does not cite a single authority for the idea that good cause is even required in the first place. *See* Opp. at II.C. Cox conflates the standards for seeking leave to amend a complaint on the one hand and infringement contentions on the other that some federal district courts have adopted. *Compare* Opp. § II.C *with* Mot. § III.B (describing the good cause standard in the Northern District of California). But as noted in the Motion, Entropic need not show good cause to allow Entropic to amend its infringement contentions. *See* Mot. § IV.B.

In any event, Entropic's Motion explained in detail the facts amounting to good

cause, including: 1) the diligence with which Entropic investigated its recently-found good-faith basis to assert the '438 Patent, 2) the prompt investigation of the grounds to assert the newly-issued '275 Patent, and 3) Entropic's notification to Cox of the same and of Entropic's intent to seek leave to amend its Complaint to add both patents. *See id.* Cox's Opposition does not explain why these facts do not amount to good cause, and indeed cites no authority contrary to the authorities cited in Entropic's Motion for that proposition. *Compare* Opp. § II.C *with* Mot. §§ III.B and IV.B. As such, even though it is not required, Entropic has shown good cause exists to amend its infringement contentions.

### III. CONCLUSION

For the foregoing reasons, Entropic respectfully requests that the Court grant its Motion.

Dated: January 2, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 4,029 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 2, 2024

**K&L GATES LLP**

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**ENTROPIC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**