KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*admitted pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*admitted pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*admitted pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*admitted pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*admitted pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-01049-JWH-KES |
| Plaintiff, | **COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC'S NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO ENTROPIC'S MOTION TO DISMISS** |
| v. | |
| COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COX COMMUNICATIONS, INC.,
COXCOM, LLC, AND COX
COMMUNICATIONS CALIFORNIA,
LLC,

        Counter-Claimants,

    v.

ENTROPIC COMMUNICATIONS,
LLC; MAXLINEAR
COMMUNICATIONS LLC; AND
MAXLINEAR, INC.

        Counter-Defendants.

Defendants and Counter-Claimants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") oppose Plaintiff and Counter-Defendants Entropic Communications, LLC's ("Entropic") Motion to Dismiss Cox's counterclaims under Fed. R. Civ. Pro. 12(b)(6). (Dkt. 163-1, the "Motion"). Cox opposes the grounds on which Entropic moved.

As detailed below, while there is no merit to Entropic's Motion, Cox has elected to moot same by filing amended counterclaims that further address the issues Entropic raises as well as facts uncovered via further discovery. *See* Cox's Answer and Defenses to Complaint and First Amended Counterclaims ("Amended Counterclaims"). Cox submits its Amended Counterclaims pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), which states that a party may amend its pleading once as a matter of course, "if the pleading is one to which a responsive pleading is required" and the amendment is no later than "21 days after service of a motion under Rule 12(b), (e), or (f)." Cox's counterclaim is a pleading to which a responsive pleading is required, Cox has not before amended its pleadings as of right before submitting this amendment, and Cox's amendment is submitted within 21 days after service of the Motion. *See, e.g., Bauer Bros. LLC v. Nike, Inc.,* No. 09cv500–WQH–BGS, 2010 WL 4569893, at *2 (N.D. Calif. Nov. 5, 2010) ("Nike filed its Amended Counterclaims, less than 21 days after Bauer filed the pending Motion to Strike and Dismiss" and "pursuant to Rule 15(a)(1), Nike was not required to seek leave of Court to file the Amended Counterclaims.").

Cox demonstrates below that, while Cox's existing pleadings suffice despite Entropic's contrary arguments, the Amended Counterclaims that are based upon further discovery obtained in this action address, and moot, all the points Entropic raises.

***Entropic's Rule 12 Arguments***: Contrary to Entropic's assertions (ECF No. 163-1, at 11-17), Cox's existing counterclaims fully identified the contract, applicability of the contract, Cox's status and performance as an intended third-party

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
ENTROPIC'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

3

1    beneficiary, and Entropic's acts that induced breach or disruption of the contract and

2    caused damage and injury to Cox.  (ECF No. 89, at ¶¶ 284-96, 299-303).

3         Entropic first urged that Cox fails to plead it is an intended beneficiary of the

4    DOCSIS License and therefore fails to plead a valid contract for its counterclaim of

5    tortious interference. (ECF No. 163-1, at 10-11). This is incorrect, as Cox's original

6    counterclaims pled sufficient facts identifying Cox's status as an intended third-party

7    beneficiary to the DOCSIS License Agreement. (*E.g.*, ECF No. 89, at ¶¶ 287-90).

8    Further, Entropic incorrectly asserts that Cox fails to allege it is an intended

9    beneficiary based on provisions in the DOCSIS License Agreement that are

10   inapplicable to Cox. (ECF No. 163-1, at 11). Nonetheless, the Amended

11   Counterclaims at ¶¶ 287, 294-98, 302-03, 310-18 further detail facts concerning the

12   above points and establishing relevant injuries, including additional facts revealed

13   following discovery.

14        Entropic then incorrectly asserted Cox's counterclaims are not viable because

15   they do not affirmatively allege any asserted patent is essential to practice the

16   DOCSIS specifications. (ECF No. 163-2, at 11-13). Cox disagrees, particularly given

17   the averments Plaintiff set forth in the Complaint, which Cox points to in the original

18   counterclaims. (ECF No. 89, at ¶¶ 299-300). Cox nonetheless amended its pleading

19   to further address this point and provide further averments concerning these points

20   and related breaches. (Amended Counterclaims, at ¶¶ 306-07). Entropic's viability

21   argument is accordingly both incorrect and moot.

22        Entropic next claimed that Cox failed to show a legally cognizable harm. (ECF

23   No. 163-1, at 13-14). Cox's counterclaims already plausibly demonstrated that

24   Entropic's inducement of MaxLinear's breaches created a void assignment and

25   deprived Cox of the benefits of the DOCSIS License Agreement and caused it to incur

26   the expense of defending this case that would not otherwise have been brought. (ECF

27   No. 89, at ¶¶ 286-290, 291, 294-296, 307-308, 311-13). Nonetheless, the Amended

28

Counterclaims at ¶¶ 303, 310-318, 336-38 further detail facts establishing relevant injuries, including additional facts revealed following discovery.

Finally, Entropic incorrectly argued that Cox's counterclaims do not allege acts by Entropic sufficient to plausibly claim Entropic induced MaxLinear to breach the DOCSIS License Agreement. (ECF No. 163-2, at 15-17). Cox's original counterclaims included averments plausibly demonstrating Entropic's awareness of the DOCSIS License Agreement and MaxLinear's obligations thereunder and induced MaxLinear to breach those obligations through its assignment of the Asserted Patents. (*E.g.*, ECF No. 89, ¶¶ 286-290, 291, 294-296, 307-308, 311-13). Based upon additional discovery, however, Cox's Amended Counterclaims, including in ¶ 296-98, 302-03, 310-318, further supplement these aspects of its claims and identify additional bases for concluding that Entropic improperly induced MaxLinear to breach the DOCSIS License Agreement.

Accordingly, the Amended Counterclaims both fully address and moot Entropic's positions on the adequacy of Cox's tortious interference claim.

\*     \*     \*

The Motion is without merit. Independently, it is moot as a matter of law because the Amended Counterclaims are the only operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot"); *Phillips v. County of Riverside*, No. 5:20-cv-01266, 2023 WL 4290379, at \*1 (C.D. Cal. May 12, 2023) ("Because Defendants' Motion to Dismiss targeted Plaintiff's SAC, which is no longer in effect, Defendants' Motion to Dismiss is moot"); *Bauer,* 2010 WL 4569893, at \*2 (denying motion to dismiss amended counterclaims because "[o]nce

filed, an amended pleading supersedes the original pleading in its entirety.") (citation omitted).

Finally, even if Cox did not have the option to exercise its amendment as of right, the amendments Cox has made are appropriate and allowable under controlling authority. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment, and the Ninth Circuit has made clear that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Court has already found that Cox had good cause and acted with diligence in presenting its original motion to amend, and that justice required adding Cox's counterclaims. (ECF No. 86, at 3). Entropic says nothing to undercut those findings and, accordingly, there is no justification for its request to preclude any amendment.

Accordingly, Cox requests the Court deny the Motion.

Dated: January 9, 2024          KILPATRICK TOWNSEND & STOCKTON LLP


By:   */s/ April E. Isaacson*
April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
Andrew N. Saul
asaul@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.;*
*CoxCom, LLC; and Cox Communications*
*California, LLC*

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
ENTROPIC'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

7