1  KILPATRICK TOWNSEND & STOCKTON LLP
   April E. Isaacson (SBN 180638)
2  aisaacson@kilpatricktownsend.com
   Two Embarcadero Center, Suite 1900
3  San Francisco CA 94111
   (415) 273 8306
4
   Sarah Y. Kamran (SBN 347617)
5  skamran@kilpatricktownsend.com
   1801 Century Park East, Suite 2300
6  Los Angeles CA 90067
   (310) 777 3733
7
   Mitchell G. Stockwell (*admitted pro hac vice*)
8  mstockwell@kilpatricktownsend.com
   Vaibhav P. Kadaba (*admitted pro hac vice*)
9  wkadaba@kilpatricktownsend.com
   Michael J. Turton (*admitted pro hac vice*)
10 mturton@kilpatricktownsend.com
   Courtney S. Dabbiere (*admitted pro hac vice*)
11 cdabbiere@kilpatricktownsend.com
   Christopher S. Leah (*admitted pro hac vice*)
12 cleah@kilpatricktownsend.com
   1100 Peachtree Street, NE, Suite 2800
13 Atlanta GA 30309
   (404) 815 6500
14

15 *Attorneys for Defendants*
   *Cox Communications, Inc.; CoxCom, LLC; and*
16 *Cox Communications California, LLC*

17
                    UNITED STATES DISTRICT COURT
18
                   CENTRAL DISTRICT OF CALIFORNIA
19

20

21 ENTROPIC COMMUNICATIONS, LLC,            | Case No. 2:23-cv-01049-JWH-KES
22                                          |
                    Plaintiff,              | **COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC'S NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO MAXLINEAR'S MOTION TO DISMISS**
23                                          |
         v.                                 |
24                                          |
   COX COMMUNICATIONS, INC.;                |
25 COXCOM, LLC; and COX                     |
   COMMUNICATIONS CALIFORNIA,               |
26 LLC,                                     |
                                            | **DEMAND FOR JURY TRIAL**
27                 Defendants.              |

28

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
MAXLINEAR'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

1  COX COMMUNICATIONS, INC.,
2  COXCOM, LLC, AND COX
   COMMUNICATIONS CALIFORNIA,
3  LLC,
            Counter-Claimants,
4
        v.
5
   ENTROPIC COMMUNICATIONS,
6  LLC; MAXLINEAR
   COMMUNICATIONS LLC; AND
7  MAXLINEAR, INC.

8           Counter-Defendants.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants and Counter-Claimants Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively "Cox") oppose Counter-Defendants MaxLinear Communications LLC and MaxLinear Inc.'s ("MaxLinear") Motion to Dismiss Cox's counterclaims under Fed. R. Civ. Pro. 12(b)(6). (Dkt. 160, the "Motion"). Cox opposes the grounds on which MaxLinear moved.

As detailed below, while there is no merit to MaxLinear's Motion, Cox has elected to moot same by filing amended counterclaims that further address the issues MaxLinear raises as well as facts uncovered via further discovery. *See* Cox's Answer and Defenses to Complaint and First Amended Counterclaims ("Amended Counterclaims"). Cox submits its Amended Counterclaims pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), which states that a party may amend its pleading once as a matter of course, "if the pleading is one to which a responsive pleading is required" and the amendment is no later than "21 days after service of a motion under Rule 12(b), (e), or (f)." Cox's counterclaim is a pleading to which a responsive pleading is required, Cox has not before amended its pleadings as of right before submitting this amendment, and Cox's amendment is submitted within 21 days after service of the Motion. *See, e.g., Bauer Bros. LLC v. Nike, Inc.,* No. 09cv500–WQH–BGS, 2010 WL 4569893, at *2 (N.D. Calif. Nov. 5, 2010) ("Nike filed its Amended Counterclaims, less than 21 days after Bauer filed the pending Motion to Strike and Dismiss" and "pursuant to Rule 15(a)(1), Nike was not required to seek leave of Court to file the Amended Counterclaims.").

Cox demonstrates below that, while Cox's existing pleadings suffice despite MaxLinear's contrary arguments, the Amended Counterclaims that are based upon further discovery obtained in this action address, and moot, all the points MaxLinear raises.

|     |     |
| --- | --- |
| 1   | ***MaxLinear's Standing Argument:*** MaxLinear asserted that Cox's breach of contract and unjust enrichment actions lack standing. These are quintessential common-law analogues and are precisely the type of actions that confirm standing. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 599 (9th Cir. 2020). Nonetheless, Cox's Amended Counterclaims address MaxLinear's arguments. |

1  ***MaxLinear's Standing Argument:*** MaxLinear asserted that Cox's breach of contract and unjust enrichment actions lack standing. These are quintessential common-law analogues and are precisely the type of actions that confirm standing. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 599 (9th Cir. 2020). Nonetheless, Cox's Amended Counterclaims address MaxLinear's arguments.

MaxLinear first urged that the counterclaims contradict the idea that a breach could or did occur because they allege Cox already received a sublicense and Cox did not plead the Asserted Patents are essential to practicing DOCSIS. (ECF No. 160, at pp. 14-15). Cox disagrees. The counterclaims plausibly demonstrated Cox is an intended third-party beneficiary to the DOCSIS License Agreement MaxLinear executed, Plaintiff's averments in the complaint demonstrate one or more of the Asserted Patents are essential to compliance with the DOCSIS standards, and MaxLinear's assignment of those patents constituted a breach. (*E.g.*, ECF No. 89, at ¶286-90, 299-303). Cox nonetheless amended its pleading to further address these points. (Amended Counterclaims, at ¶287, 294-98, 302-308, 310-18).

MaxLinear next claimed that Cox failed to show concrete, particularized injury capable of redress. (ECF No. 160, at p. 15). Cox's counterclaims already plausibly demonstrated that MaxLinear's breaches created a void assignment and deprived Cox of the benefits of the DOCSIS License Agreement and caused it to incur the expense of defending this case that would not otherwise have been brought. (ECF No. 89, at ¶¶ 286-290, 291, 294-296, 307-308). The existing counterclaims likewise detailed the unjust enrichment facts that showed relevant injuries under applicable law. (ECF No. 89, at ¶¶ 283-86, 292-93, 316-18). Nonetheless, the Amended Counterclaims at ¶¶ 310-18 further detail facts establishing relevant injuries, including additional facts revealed following discovery.

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
MAXLINEAR'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

4

Finally, MaxLinear asserted that the counterclaims are unripe because they do not affirmatively allege any asserted patent is essential to practice the DOCSIS specifications. (ECF No. 160, at 15-16). Cox disagrees, particularly given the averments Plaintiff set forth in the Complaint, which Cox points to in the original counterclaims. (ECF No. 89, at ¶¶ 299-300). Cox nonetheless amended its pleading to further address this point and provide further averments concerning these points and related discovery like the infringement contentions Plaintiff has since lodged. (Amended Counterclaims, at ¶¶ 306-07). MaxLinear's standing and ripeness complaints are accordingly moot.

***MaxLinear's Rule 8 Argument***: MaxLinear urged that the existing counterclaims failed to adequately address whether the DOCSIS License Agreement applies. (ECF No. 160, at 17). Cox disagrees. (*See* ECF No. 89, at ¶¶ 284-90, 292-93, 299-300). Cox nonetheless amended its pleading to provide further averments addressing this point. (*See, e.g.,* Am. Counterclaims, at ¶287, 294-95).

***MaxLinear's Rule 12 Arguments***: MaxLinear asserted, largely by ignoring the existing averments, multiple defects in Cox's breach of contract claims. (ECF No. 160, at 17-24). Cox disagrees with those arguments because its existing breach of contract counterclaim fully identified the relevant contract, privity, Cox's status and performance as an intended third-party beneficiary, and MaxLinear's breaches that seek to avoid the DOCSIS license and affirmatively strip away that encumbrance from the asserted patents to cause Cox the damage and injury associated with having to defend this case. (ECF No. 89, at ¶¶ 284-96, 299-303). While MaxLinear also urged that Cox had to perform certain marking obligations, that is neither factually accurate nor the rule applicable to third party beneficiaries in California or elsewhere. *See, e.g., Nat'l Rural Telecomms. Co-op v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1068 (C.D. Cal. 2003). In any event, Cox's Amended Counterclaims, including in ¶¶ 294-98, 302-18, further supplement these aspects of its claims and identify additional bases

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO MAXLINEAR'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

5

flowing from discovery for concluding that MaxLinear breached the DOCSIS License Agreement.

MaxLinear also incorrectly claimed that California does not recognize Cox's unjust enrichment claim, which MaxLinear also says Cox failed to plead adequately. Both propositions are incorrect, even putting aside any choice of law issue. *See, e.g., Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 857 (N.D. Cal. 2022). Cox's original counterclaims pled the facts demonstrating MaxLinear's unjust enrichment. (*E.g.*, ECF No. 89, at ¶¶ 283-86, 292-93, 316-18). But, in any event, Cox's Amended Counterclaims at ¶¶ 294-98, 310-18, 336-39, similarly provide averments that further detail the basis for Cox's unjust enrichment claim – whether labeled as such or a "quasi-contract" claim for restitution.

Accordingly, the Amended Counterclaims both fully address and moot MaxLinear's positions on the adequacy of Cox's breach of contract and unjust enrichment claims.

*      *      *

The Motion is without merit. Independently, it is moot as a matter of law because the Amended Counterclaims are the only operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot"); *Phillips v. County of Riverside*, No. 5:20-cv-01266, 2023 WL 4290379, at *1 (C.D. Cal. May 12, 2023) ("Because Defendants' Motion to Dismiss targeted Plaintiff's SAC, which is no longer in effect, Defendants' Motion to Dismiss is moot"); *Bauer,* 2010 WL 4569893, at *2 (denying motion to dismiss amended counterclaims because "[o]nce

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO
MAXLINEAR'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

6

filed, an amended pleading supersedes the original pleading in its entirety.") (citation omitted).

Finally, even if Cox did not have the option to exercise its amendment as of right, the amendments Cox has made are appropriate and allowable under controlling authority. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment, and the Ninth Circuit has made clear that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Court has already found that Cox had good cause and acted with diligence in presenting its original motion to amend, and that justice required adding Cox's counterclaims. (ECF No. 86, at 3). MaxLinear says nothing to undercut those findings and, accordingly, there is no justification for its legally incorrect and factually unsupported assertion that amendment is improper. MaxLinear's only argument against amendment is its incorrect futility point, but Cox's amendment addresses any such issue in any event.

Accordingly, Cox requests the Court deny the Motion.

Dated: January 9, 2024     KILPATRICK TOWNSEND & STOCKTON LLP

By:   */s/ April E. Isaacson*
April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

| | |
|---|---|
| 1 | Mitchell G. Stockwell |
| | mstockwell@kilpatricktownsend.com |
| 2 | Vaibhav P. Kadaba |
| | wkadaba@kilpatricktownsend.com |
| 3 | Michael J. Turton |
| | mturton@kilpatricktownsend.com |
| 4 | Courtney S. Dabbiere |
| | cdabbiere@kilpatricktownsend.com |
| 5 | Christopher S. Leah |
| | cleah@kilpatricktownsend.com |
| 6 | Andrew N. Saul |
| | asaul@kilpatricktownsend.com |
| 7 | 1100 Peachtree Street, NE, Suite 2800 |
| | Atlanta GA 30309 |
| 8 | (404) 815 6500 |

*Attorneys for Defendants*
*Cox Communications, Inc.;CoxCom, LLC; and*
*Cox Communications California, LLC*

COX DEFENDANTS' NOTICE OF AMENDED COUNTERCLAIMS AND OPPOSITION TO MAXLINEAR'S MOTION TO DISMISS
CASE NO. 2:23-CV-01049-JWH-KES

8