1  Krishnan Padmanabhan (SBN: 254220)
2  kpadmanabhan@winston.com
   **WINSTON & STRAWN LLP**
3  200 Park Avenue
   New York, NY 10166
4  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700

5  Attorneys for Comcast Defendants.

6  *(Additional counsel information omitted)*

7

8

9

10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                       **SANTA ANA DIVISION**

14

15  ENTROPIC COMMUNICATIONS,          **No. 2:23-cv-1049-JWH-KES (Lead
    LLC,                              Case)**
16                                    **No. 2:23-cv-1050-JWH-KES (Related
                                      Case)**
17           Plaintiff,

             v.                       **No. 2:23-cv-1043-JWH-KES (Lead
18                                     Case)**
    COMCAST CORPORATION;              **No. 2:23-cv-1048-JWH-KES (Related
19  COMCAST CABLE                     Case)**
    COMMUNICATIONS, LLC; AND
20  COMCAST CABLE                     Assigned to Hon. John W. Holcomb
    COMMUNICATIONS
21  MANAGEMENT, LLC,                  **COMCAST DEFENDANTS' REPLY
                                      IN SUPPORT OF THEIR MOTION TO
22           Defendants.              DISMISS SECOND AMENDED
                                      COMPLAINT UNDER FED. R.
23                                    CIV. P. 12(b)(1) AND 12(b)(6)**

24                                    Date: January 26, 2024
                                      Time: 9:00 AM
25                                    Courtroom: 9D

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................5

I.  INTRODUCTION ...........................................................................................5

II.  ARGUMENT ..................................................................................................6

    A.  Entropic's own litigation conduct cannot overcome the VSA. .................6

        1.  Filing suit cannot trigger the covenant's exemption. .......................6

        2.  Entropic's "post-suit" theory fails as a matter of law.....................7

    B.  Entropic's allegations related to Comcast's involvement in MoCA are insufficient to plead willful infringement. ...............................9

    C.  Entropic's allegations related to Charter are insufficient to plead willful infringement of any patent. ........................................................12

    D.  A "totality of the surrounding circumstances" cannot overcome Entropic's insufficient allegations as to each patent.................................15

    E.  The Court has already rejected Entropic's termination argument. ..........16

III.  CONCLUSION ..............................................................................................16

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

4

**Cases**

5

*Apple Inc. v. Samsung Elecs. Co.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017)...............................................................8

6

7

*Bautista v. Valero Marketing and Supply Co.*,
  No. 15-cv-05557, 2016 WL 6822024 (N.D. Cal. Nov. 18, 2016) .....................15

8

*Blantz v. Cal. Dep't of Corrections & Rehabilitation*,
  727 F.3d 917 (9th Cir. 2013) .............................................................................13

9

10

*Collins & Aikman Products Co. v. Sermatech Engineering Group, Inc.*,
  297 A.D.2d 248 (N.Y. App. Div. 2002) ..........................................................6, 7

11

12

*Corephotonics, Ltd. v. Apple, Inc.*,
  No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) .............11

13

14

*Dental Monitoring SAS v. Align Tech., Inc.*,
  No. C 22-07335 WHA, 2023 WL 4297570 (N.D. Cal. June 30, 2023).......11, 14

15

16

*Finjan, Inc. v. Eset, LLC*,
  2017 WL 1063475 (S.D. Cal. March 21, 2017) ..................................................8

17

18

*Graco, Inc. v. Binks Mfg. Co.*,
  60 F.3d 785 (Fed. Cir. 1995) .............................................................................15

19

20

*Ironburg Inventions Ltd. v. Valve Corp.*,
  64 F.4th 1274 (Fed. Cir. 2023) ...........................................................................9

21

22

*Microsoft Corp. v. Motorola, Inc.*,
  864 F. Supp. 2d 1023 (W.D. Wash. 2012) ........................................................10

23

24

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
  127 F. Supp. 3d 1071 (N.D. Cal. 2015)...............................................................8

25

26

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
  1 F. Supp. 3d 1020, 1025–26 (C.D. Cal. 2014)...................................................8

27

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
  2013 WL 444642 (S.D. Cal. Feb. 5, 2013)..........................................................9

28

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Pact XPP Schweiz AG v. Intel Corp.*,
  2023 WL 2631503 (D. Del. Mar. 24, 2023) .........................................................................8

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
  2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ......................................................................7

*Resnick v. Hyundai Motor America, Inc.*,
  No. 16–00593–BRO, 2017 WL 1531192 (C.D. Cal. April 13, 2017) ...............13

*Sonos, Inc. v. Google LLC*,
  591 F. Supp. 3d 638 (N.D. Cal. 2022) .................................................................................12

*Telesign Corp. v. Twilio, Inc.*,
  2015 WL 12765482, at *10–11 (C.D. Cal. Oct. 16, 2015) ..............................7, 8

*Underwood v. Coinbase Global, Inc.*,
  654 F.Supp.3d 224 (S.D.N.Y. 2023) .................................................................................16

*Vaporstream, Inc. v. Snap Inc.*,
  2020 WL 136591 (C.D. Cal. Jan. 13, 2020) ......................................................................7

*ViX Swimwear, Inc. v. SBC Clothing, Inc.*,
  2015 WL 3905097 (S.D. Cal. June 25, 2015) ................................................................16

*Warn Indus., Inc. v. Agency 6 Inc.*,
  660 F. Supp. 3d 924 (E.D. Cal. 2023) ...............................................................................12

*Whitaker v. Tesla Motors, Inc.*,
  985 F.3d 1173 (9th Cir. 2021) .................................................................................................16

*YellowCake, Inc., v. DashGo, Inc.*,
  2022 WL 172934 (E.D. Cal. Jan. 19, 2022) ....................................................................16

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3        Despite amending its complaint against Comcast a second time, Entropic still

4   cannot plausibly plead that Comcast willfully infringed a single asserted patent—the

5   sole narrow exemption to the VSA's covenant not to sue. Because Entropic fails to meet

6   the standard laid out in the Court's previous order dismissing the FAC, the Court should

7   dismiss Entropic's SAC against Comcast with prejudice.

8        First, Entropic's attempt to rely on its filing of these litigations to allege

9   willfulness fails as a matter of law. Allowing Entropic to invoke the covenant not to

10  sue's narrow exemption for willful infringement by committing the very act that the

11  covenant prohibits would read the covenant out of the VSA entirely, contrary to New

12  York law. Indeed, the overwhelming weight of authority, in this District and elsewhere,

13  correctly holds that the filing of a complaint cannot alone provide a basis to allege

14  willfulness. A defendant's good faith defense of a lawsuit is evidence of a subjective

15  belief of non-infringement, but Entropic's post-suit willfulness theory would turn every

16  patent infringement allegation into a case for willful infringement. That is not the law.

17       Second, Entropic's pre-suit allegations ignore the Court's holding that the

18  covenant not to sue applies on a per-patent basis and fail to plausibly assert knowledge

19  of any asserted patent or infringement of that patent. For the MoCA patents, Entropic

20  simply repeats its previously rejected allegations that Comcast was a member of MoCA.

21  The only new allegation is a 15 year old email to a MoCA Alliance email address,

22  identifying one patent. But that email does not state the (issued or unissued) standard to

23  which the single patent is allegedly essential, a crucial point that Entropic does not

24  contest.

25       For the remaining patents, Entropic again attempts to create the impression of a

26  "tight-knit industry" between Charter and Comcast to allege pre-suit knowledge based

27  upon the Charter litigation. But Entropic never alleges that Charter told Comcast about

28  the asserted patents or its litigation against Entropic. Nor does Entropic "detail"—as the

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1  Court directed—any alleged similarities between the accused products that would make

2  the prior litigation relevant if Comcast even know about it. Without those allegations,

3  Entropic is left with nothing but conclusory statements about generalized collaboration,

4  none of which is sufficient to plead willful infringement.

5        Finally, the "totality of the circumstances" cannot overcome a covenant not to

6  sue with only a narrow exemption for willful infringement of a particular patent, and

7  the Court has already rejected Entropic's assertions regarding MaxLinear's attempted

8  termination, which fail as a matter of law. Accordingly, the Court should reject

9  Entropic's latest effort to maintain this suit and dismiss the SACs with prejudice.

10  **II.    ARGUMENT**

11        **A.    Entropic's own litigation conduct cannot overcome the VSA.**

12             **1.    Filing suit cannot trigger the covenant's exemption.[1]**

13        Entropic's reliance on its own litigation conduct as an end run around the

14  covenant not to sue fails under New York law. To credit Entropic's position would read

15  the covenant out of the VSA and render it meaningless.[2] Entropic does not even address,

16  let alone distinguish, the well-established New York law that Comcast cites to show

17  that is improper. Mot. 22–23.

18        Entropic instead cites *Collins & Aikman Products Co. v. Sermatech Eng'g Group,*

19  *Inc.*, 297 A.D.2d 248 (N.Y. App. Div. 2002), for the proposition that covenants not to

20  sue are "narrowly construed." Opp. at 7.[3] But that point is irrelevant here and the case

21  is readily distinguishable in any event. In *Collins*, the dispute was whether the court

22

---

23  [1] As noted in Comcast's motion, any consideration of Entropic's post-suit allegations is contingent on Entropic's opposed Rule 15(d) motion to supplement the SAC.

24  [2] Entropic does not seriously dispute this fundamental flaw in its "post-suit" theory. At

25  most, in a footnote, Entropic denies that its Original Complaint violated the covenant because it included a boilerplate statement of willful infringement. Opp. 7 n.1. But it is

26  beyond dispute that the Original Complaint, which Entropic failed to defend when

27  Comcast moved to dismiss, and its dismissed FAC, did not plausibly allege willfulness.

28  [3] For simplicity, citations to "Opp." refer to Entropic's opposition in 2:23-cv-1043 (Dkt. 259-1). Entropic's opposition in 2:23-cv-1049 (Dkt. 182-1) is substantively similar.

1    should "imply such a covenant" where the contract "nowhere contain[ed] an express

2    covenant not to sue," and the cited provisions did "not appear in the contract article

3    specifically covering 'Covenants.'" 297 A.D.2d at 249–50. Here, there is no dispute

4    that the VSA contains an express covenant not to sue Comcast that extends to each of

5    the asserted patents. Order at 2. Entropic's attempt to twist *Collins* to support an

6    interpretation that would render that express covenant meaningless should be rejected.

### 2.    Entropic's "post-suit" theory fails as a matter of law.

8    Independently, Entropic's post-suit theory fails as a matter of law under the

9    weight of authority that willful infringement cannot be premised on "post-suit

10   knowledge." *Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D.

11   Cal. Jan. 18, 2022); Mot. 23–25. Notably, Entropic does not distinguish any of the cases

12   cited in Comcast's motion. Instead, Entropic simply declares, without any support, that

13   its position is the "majority" view "both nationally and within this District." Opp. 8.

14   But, as Comcast showed, the overwhelming majority of cases in this District, across the

15   Ninth Circuit and around the country hold that filing a complaint is not enough to plead

16   willful infringement, particularly since "[t]his post-suit fact pattern characterizes ***every***

17   infringement action." *Ravgen*, 2022 WL 2047613, at *3.[4]

18   The cases that Entropic does cite do not overcome this law. To the contrary,

19   Entropic's only post-*Halo* case from this District—*Vaporstream, Inc. v. Snap Inc.*, 2020

20   WL 136591 (C.D. Cal. Jan. 13, 2020)—recognized that "the majority of district courts

21   in the Ninth Circuit have held that 'knowledge and continued infringement alone' are

22   insufficient to support a claim for willful infringement," and ***granted*** a motion of no

23   willfulness because—like Entropic—the plaintiff "failed to identify any egregious

24   conduct or evidence of behavior beyond typical infringement." *Id*. at *20–21. Entropic's

25   only other Central District cases predate *Halo* and are inapposite. In *TeleSign Corp. v.*

26   *Twilio, Inc.*, the court simply found, under the now-overruled *Seagate* standard, that "a

27

28   [4] All emphasis in quotations are added, unless otherwise noted.

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1    preliminary injunction is not a *requirement* to bring a willful infringement claim," and

2    allowed the plaintiff to pursue willfulness because the failure to seek an injunction was

3    the sole grounds on which the defendant challenged the claim. 2015 WL 12765482, at

4    *10–11 (C.D. Cal. Oct. 16, 2015). In *MyMedicalRecords, Inc. v. Jardogs, LLC*, the

5    court allowed willful infringement claims to proceed against a defendant (AllScripts)

6    that had **pre-suit** knowledge of the patent based on from a complaint filed in **a different,**

7    **earlier** lawsuit against a company that AllScripts had recently acquired. 1 F. Supp. 3d

8    1020, 1025–26 (C.D. Cal. 2014). Entropic's remaining in-Circuit cases support

9    Comcast, not Entropic.[5]

10        Entropic's argument that Comcast's position conflicts with *Halo* or "conflat[es]

11    willful patent infringement and enhanced damages under Section 284" (Opp. 9) is

12    wrong. *Halo* did not address a post-suit theory, and requiring pre-suit notice to plead

13    willfulness is not the same as requiring egregious conduct to enhance damages. It is

14    certainly true that some courts require pleading egregious conduct **in addition to** pre-

15    suit notice, but there are "many" reasons to require pre-suit notice, "among them that a

16    complaint can't constitute an element of a claim that it purports to raise, and that it

17    would mean all infringement suits involve willful infringement." *Pact XPP Schweiz AG*

18    *v. Intel Corp.*, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023).

19        It is **Entropic** that conflates willfulness and enhanced damages by arguing that

20    "[a] defendant with a good faith belief in its defense has nothing to fear from willful

21    infringement because it cannot be subject to enhanced damages." Opp. 10. The Federal

22    Circuit has rejected this exact argument, holding that "a finding of willful infringement

23

24    [5] *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1028 (N.D. Cal. 2017)
      (willfulness was supported by **pre-suit** "copying"); *Finjan, Inc. v. Eset, LLC*, 2017 WL

25    1063475, at *4 (S.D. Cal. March 21, 2017) (complaint expressly alleged notice "**prior**
      **to** the filing of the lawsuit"); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp.

26    3d 1071, 1077 (N.D. Cal. 2015) (**granting** motion to dismiss willfulness claim where

27    plaintiff failed to allege facts "that the defendants acted with a level of intent that is

28    more culpable than the typical infringer").

1    may have collateral consequences even for a party not ordered to pay enhanced

2    damages, such as reputational injuries." *Ironburg Inventions Ltd. v. Valve Corp.*, 64

3    F.4th 1274, 1295 (Fed. Cir. 2023). Deeming every defendant that simply continues its

4    accused conduct while it defends a lawsuit a "willful" infringer is thus improper.

5         Finally, there is no relevant "exception" to the requirement of pre-suit

6    knowledge, as Entropic suggests. *See* Opp. 10. Quoting a pre-*Halo* case, Entropic

7    argues that "a patentee that neither practices its invention nor directly competes with

8    the alleged infringer"—i.e., a non-practicing entity ("NPE") like Entropic—"may be

9    excused from the [preliminary] injunction requirement." *Pacing Techs., LLC v. Garmin*

10   *Int'l, Inc.*, 2013 WL 444642, at *3 n.3 (S.D. Cal. Feb. 5, 2013). But Comcast is not

11   asserting a preliminary injunction requirement; Comcast is asserting a covenant not to

12   sue with only a narrow exemption for willful infringement of a particular patent, which

13   Entropic cannot plausibly plead. Any suggestion that MaxLinear could circumvent the

14   VSA's covenant simply by assigning its patents to an NPE like Entropic is absurd and

15   would again render the covenant meaningless, contrary to New York law.[6] Moreover,

16   while there is abundant, more recent authority supporting Comcast cited in its motion,

17   Entropic's *Pacing Technologies* case is yet another in-Circuit case holding that a willful

18   infringement claim must be dismissed where, as here, the plaintiff "failed to sufficiently

19   plead [defendant]'s *pre-suit* knowledge of the [asserted] Patent." *Id*. at *4.

20        **B.    Entropic's allegations related to Comcast's involvement in MoCA**
             **are insufficient to plead willful infringement.**
21
22        As Entropic recognizes, to plead a claim for willful infringement, it must allege

23   that Comcast had knowledge of the asserted patents and its infringement of those

24   patents. *See* Order at 9. Entropic does not plausibly allege either element for any of the

25   MoCA patents. In its opposition, Entropic argues that its allegation that Comcast was

26   "an early and active member of MoCA" who "helped to develop the MoCA standard"

27
     _____
     [6] This Court has already ruled that Entropic took the asserted patents subject to the
28   VSA's covenant not to sue. Order at 6.

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

means that Comcast "would have ***needed*** to be aware of the patented technology that would be essential to the practice of the MoCA standard." Opp. at 12 (citing SAC ¶ 126). Entropic also points to its allegations that the MoCA patents, which were allegedly essential to the practice of the MoCA standard," were "***filed*** during the time that MoCA was being developed by Entropic, Inc., Comcast, and others." Opp. at 13 (citing SAC ¶ 128). But Entropic has already tried these theories in its FAC, alleging that "Comcast was involved with and/or a member of MoCA," had "full access to all then-existing versions of the MoCA standard," that several asserted patents were filed while Comcast was a member of MoCA, and that Comcast "monitored and reviewed the publication and issuance of patents that would be standard-essential." FAC ¶¶ 84, 86, 87, 90, 141, 187, 222, 257, 292, 327, 362, 397, 431, 465, 499, 533, 567. The Court rejected these allegations before, and should reject them again now, because "allegations directed to general industry awareness" or "knowledge of a patent portfolio, as opposed to a specific, issued patent, do[] not support a claim for willful infringement." Order at 11.

Entropic cites *Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1027 (W.D. Wash. 2012) in support of its argument that Comcast "would have ***needed*** to be aware of the patented technology." Opp. at 12. But that case does not address willful infringement. Plus, Motorola explicitly identified its patents and the standard to which they were essential in correspondence to Microsoft. *Microsoft*, 864 F. Supp. 2d at 1027–29 (citing letters, Dkt. 79-5 at 2). Entropic does not allege that Comcast had knowledge of the set of patents asserted here, let alone knowledge that it infringed them, which should dispense with these allegations.

Entropic's only allegations of knowledge of a specific patent relate to Anton Monk's email to a *MoCA Alliance email address* about the '518 patent. SAC ¶¶ 134–137. But that e-mail is insufficient to plead willful infringement of even that patent, let alone any others. To begin, Entropic's opposition mischaracterizes the email. It asserts that the email "states that the '518 Patent is essential to the practice of MoCA," but the email only states that the patent is "related to the MoCA specification." Dkt. 248-2. And

1    Entropic does not refute that "the MoCA specification" could refer to a *draft* version of

2    the specification, and that any feature to which the '518 patent was allegedly essential

3    may not have been included in any final specification. Regardless, this Court has already

4    held that the alleged essentiality of a patent "does not plausibly demonstrate knowledge

5    of infringement." Order at 9. Further, Entropic attempts to explain away the fact that

6    the email was not sent to Comcast and that there was then a 15-year delay between the

7    email and this lawsuit by relying on conclusory allegations that Comcast "continued to

8    monitor and analyze Entropic's MoCA-related patents." Opp. at 14 (citing SAC ¶ 130).

9    These allegations were insufficient in the FAC (¶¶ 72, 86) and remain so here because

10    they do not establish ***Comcast's*** knowledge of the patent or of its alleged infringement.

11    *See Dental Monitoring SAS v. Align Tech., Inc.*, No. C 22-07335 WHA, 2023 WL

12    4297570, at *6 (N.D. Cal. June 30, 2023) (granting motion to dismiss willful

13    infringement claim because "knowledge of the existence of a patent *portfolio* does not

14    confer knowledge of individual patents or claims in that portfolio, let alone knowledge

15    of their infringement," even where the parties met over 40 times before the suit was

16    filed) (emphasis in original).

17          Entropic cites *Corephotonics, Ltd. v. Apple, Inc.* to suggest that its allegations

18    establish willful blindness. No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct.

19    1, 2018). But, in that case, "Corephotonics gave Apple files" describing its pending

20    patent applications and asserted patents and "an Apple negotiator told Corephotonics

21    that even if Apple infringed [Corephotonics' patents], it would take years and millions

22    of dollars in litigation before Apple might have to pay something." *Id.* at *9 (cleaned

23    up). When Apple released an allegedly infringing product, "Corephotonics offered to

24    share its patents with Apple's technical and business personnel," but "Apple sent

25    Corephotonics an email . . . stating, 'Please do not send any patents to us until further

26    notice. Legal counsel might reach out with any questions.'" *Id.* at *9. The court found

27    that this explicit instruction by Apple "was a deliberate action to avoid confirming a

28    high risk" of infringing issued patents. *Id*. Entropic has alleged no analogous facts here.

1         Finally, Entropic blames its inability to plead willful infringement on its lack of

2   purported access to documents and leverages that excuse to sneak in yet another request

3   for discovery. But Entropic has access to documents from MaxLinear and the MoCA

4   Alliance, as demonstrated by the Anton Monk email. Moreover, Entropic fails to

5   identify any documents that would be in Comcast's "sole possession"—i.e., documents

6   that would not also be in Entropic's or its predecessors' possession.[7] The Court already

7   concluded that jurisdictional discovery was unnecessary (Order at 11), and Entropic did

8   not seek reconsideration of that finding. There is no basis to revisit it now.

9         **C.**     **Entropic's allegations related to Charter are insufficient to plead**
                 **willful infringement of any patent.**

10

11        The SAC's allegations concerning the Charter litigations fail to establish

12  willfulness of any specific patent for similar reasons as the FAC's allegations. First,

13  Entropic fails to plausibly allege that Charter and Comcast were part of such "a tight-

14  knit industry" that knowledge about the litigations, and patents asserted in them, could

15  be assumed. Second, Entropic fails to detail any supposed similarities between the

16  accused functionalities in the litigations that would have put Comcast on notice of its

17  own alleged infringement (even assuming arguendo Comcast had any knowledge of the

18  Charter litigations, the patents asserted, and the products accused therein).

19        To suggest knowledge, Entropic once again alleges that Comcast requested

20  indemnification from vendors and communicated with RPX. Opp. at 15–16 (citing SAC

21  ¶¶ 89, 93). These allegations are not new—Entropic raised them in its FAC. *See* FAC

22  ¶¶ 75, 78. The Court expressly rejected Entropic's prior RPX allegation as insufficient

23  because it did not show "any close connection with a key industry player." Order at 10.

---

24  [7] This case is unlike *Warn Indus., Inc. v. Agency 6 Inc.*, 660 F. Supp. 3d 924, 935 (E.D.

25  Cal. 2023) and *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 645 (N.D. Cal. 2022).
    Neither stands for the proposition that a fishing expedition should be allowed. Rather,

26  in each case the plaintiff pled sufficient pre-suit facts to support discovery in the first
    instance. *Warn*, 660 F. Supp. 3d at 935 (adequately alleging notice based on defendant's

27  awareness of pre-publication grant and cease-and-desist letter); *Sonos*, 591 F. Supp. 3d

28  at 644 (adequately alleging notice based on an earlier-filed DJ suit).

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1   And Entropic did not even defend its indemnification allegation in response to

2   Comcast's motion to dismiss the FAC, thus rendering it waived. 2:23-cv-1048, Dkt. 82-

3   1 at 30, 33 n. 21; *Resnick v. Hyundai Motor America, Inc.*, No. 16–00593–BRO, 2017

4   WL 1531192, *22 (C.D. Cal. April 13, 2017) ("Failure to oppose an argument raised in

5   a motion to dismiss constitutes waiver of that argument.").

6        In any event, these "upon information and belief" allegations remain purely

7   speculative, and contravene both logic and the law. Entropic alleges that "Comcast

8   contacted RPX … *after* being served with the complaint in these actions," which cannot

9   support willfulness. SAC ¶ 93.[8] And while Entropic alleges that "Comcast requested

10  indemnification from [its] suppliers for each of the patents asserted against Charter . . .

11  prior to Entropic filing the current action," SAC ¶ 89, it fails to provide the factual basis

12  for such information and belief. Nor can it, since an allegation that Comcast sought

13  indemnification for a case that was not yet filed is wholly implausible. Remarkably,

14  Entropic goes a step further, alleging that Comcast sought indemnification for "each of

15  the patents asserted against Charter, ***including the MoCA-related patents***, prior to

16  Entropic filing the current action," even though Entropic asserted the MoCA patents

17  against Charter **on the same day** it filed against Comcast. The Court should give no

18  weight to such conclusory and implausible allegations. *Blantz v. Cal. Dep't of*

19  *Corrections & Rehabilitation*, 727 F.3d 917, 927 (9th Cir. 2013) (without "further

20  factual enhancement," allegations on information and belief do not avoid dismissal).

21       Even assuming arguendo Comcast had pre-suit knowledge of the Charter

22  litigations,[9] Entropic still does not detail any alleged similarities between the accused

---

[8] Entropic's clarification that Comcast contacted RPX "*after* being served with the complaint in these actions" is the only difference between Entropic's RPX allegations in the FAC and SAC. SAC ¶ 93. Confusingly, Entropic appears to argue in its opposition that Comcast contacted RPX prior to these suits being filed. Not only does this contradict Entropic's own allegation, it is also speculative and baseless.

[9] Entropic's "upon information and belief" allegations at SAC ¶¶ 68–69 simply stating that Comcast had knowledge of these litigations, without any basis, were rejected before and should be rejected again. Order at 10 (citing FAC ¶ 69).

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1    functionalities necessary to demonstrate Comcast's knowledge of infringement, as the

2    Court instructed. Order at 10–11. Entropic points to SAC ¶¶ 72–74, 79–81. But the

3    allegations at ¶¶ 72–74 that both companies implement PMA, PNM, or full band capture

4    technology are conclusory and insufficient. Mot. at 29–30. And the allegations at ¶¶

5    79–81 merely state that Comcast and Charter purchase products from the same third

6    parties (e.g., ARRIS) and that those products therefore provide "similar functionality."

7    Entropic offers no response to the fact that even where ARRIS allegedly provides both

8    companies the same box (*see* SAC ¶ 80), it does so under different names. Mot. at 31,

9    n. 14. Nor does Entropic explain how the allegedly "similar functionality" relates to the

10   asserted claims such that Comcast would have had knowledge of infringement. Thus,

11   even if Entropic's allegations meet the first part of the Court's instruction—to "identify

12   products and services accused in the other actions"—they fail to "detail their similarities

13   with the accused products and services" in a manner that would have allowed Comcast

14   to know that it too was allegedly infringing. Order at 10–11.

15          Entropic tries to hide these shortcomings by relying on a conclusory and vague

16   allegation that Comcast and Charter collaborated on PMA and full band capture

17   technology. Opp. at 15 (citing SAC ¶ 71). It does not assert that they implemented the

18   technology in the same way in their accused products, let alone that they had knowledge

19   of doing so. This allegation is therefore insufficient. *See Dental Monitoring*, 2023 WL

20   4297570, at *7 (declining to assume that accused infringer "would have known" that

21   accused technology was patented based on meetings and proposed partnership).

22   Entropic also does not deny that its other allegations regarding this collaboration (SAC

23   ¶¶ 70, 77–78) are unrelated to any accused technology at all. Mot. at 31.

24          Accordingly, these are not the "narrow circumstances" in which litigation against

25   another company could form a sufficient basis for willful infringement. Order at 9

26   (citing *Core Optical*). As this Court recognized, "a close connection with a key industry

27   player ***known to have disclosed the patent to others***" was a crucial fact in *Core Optical*.

28

1   The absence of any such allegation here defeats Entropic's claims. Order at 9–11.

2   **D.    A "totality of the surrounding circumstances" cannot overcome**
3   **Entropic's insufficient allegations as to each patent.**

4   Entropic attempts to revive its willfulness allegations that were previously

5   rejected by this Court under a "totality of the surrounding circumstances" test based on

6   *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995). Opp. at 12. Entropic's

7   argument ignores the Court's Order and misrepresents the case law.

8   The Court properly found that the exemption for willful infringement applies on

9   a "per-patent basis" and requires knowledge of a specific patent and infringement. Order

10  at 8. Thus, Entropic cannot cobble together disjointed allegations about Comcast's

11  investment in Entropic Inc., Comcast's involvement in MoCA, prior litigation by

12  Entropic against other companies, Comcast's purported relationship with Charter, and

13  Comcast's relationship with MaxLinear[10] because ***none*** of those allegations includes

14  knowledge of any specific asserted patent or knowledge any were infringed. No matter

15  how it mixes and matches its unrelated allegations, Entropic cannot fill that hole.[11]

16  *Graco* is inapposite because it does not address the standard to be applied at this

17  procedural stage. In any event, *Graco* favors Comcast. While the Federal Circuit held

18  that a court must consider the totality of the circumstances in determining willfulness,

19  it ultimately reversed the district court's finding of willfulness. *Id*. at 794. Here,

20  [10] As part of this relationship, Entropic also raises its allegations about Mr. Tierney. The
21  Court has already rejected allegations that Mr. Tierney's knowledge could be imputed
    to Comcast. Order at 11. And as explained in Comcast's opening brief, Entropic's new
22  allegations "add[] only high-level speculation … that Mr. Tierney and Comcast
23  discussed product 'technology,' 'functionality,' and 'operation.'" Mot. at 32. Entropic
    offers no response to Comcast's argument, choosing instead to regurgitate its
24  speculative allegations, without explanation for why they overcome the Court's earlier
25  rejection. Opp. at 17–18. As such, these allegations cannot plausibly allege willfulness.
    [11] Interestingly, while Entropic moved for reconsideration of the Court's Order on other
26  grounds, it did not challenge the Court's rejections of these allegations. These
    arguments are thus waived. *See Bautista v. Valero Marketing and Supply Co.*, No. 15-
27  cv-05557, 2016 WL 6822024 at *1 (N.D. Cal. Nov. 18, 2016) (argument not raised in
28  motion to reconsider dismissal of first amended complaint was waived).

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES

1    Entropic cannot satisfy even the pleading standard for willfulness, and an assessment

2    of the totality of the circumstances only further tips the scales toward Comcast.

3         **E.    The Court has already rejected Entropic's termination argument.**

4         Finally, Entropic argues that the Court must accept its allegation that the VSA

5    was terminated by August 16, 2023. But a Court "need not accept as true legal

6    conclusions" when deciding a Rule 12 motion. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d

7    1173, 1176 (9th Cir. 2021). Further, where terms of a contract contradict plaintiff's

8    allegations, "the document controls and the Court need not accept the allegations

9    contained within the complaint." *Underwood v. Coinbase Global, Inc.*, 654 F.Supp.3d

10   224, 237 (S.D.N.Y. 2023) (cleaned up). Here, the plain terms of the VSA and related

11   SOW provide that the earliest possible termination date would be August 13, 2025—

12   two years and 90 days from receipt of MaxLinear's purported termination notice. 23-

13   cv-1048, Dkt. 82-1 at 15, n.1 (citing VSA § 11.1, SOW #1 at 3).

14        Entropic cites *ViX Swimwear, Inc. v. SBC Clothing, Inc.*, 2015 WL 3905097, at

15   *7 (S.D. Cal. June 25, 2015) to suggest that the Court must accept Entropic's legal

16   assertions to the contrary as true. But *ViX* involved a default judgment. 2015 WL

17   3905097, at *6. Moreover, the court in *ViX* construed a termination provision according

18   to the terms of the contract, not simply the allegations in the complaint. *Id.* at *7. In

19   Entropic's other case—*YellowCake, Inc., v. DashGo, Inc.*, 2022 WL 172934, at *2

20   (E.D. Cal. Jan. 19, 2022)—the defendant did not dispute that the agreement was

21   terminated. Here, Comcast and MaxLinear are actively litigating MaxLinear's

22   ineffective termination in the Southern District of New York (SDNY), and this Court

23   deferred to the SDNY on this issue. Order at 7. There is thus no basis on which to give

24   Entropic's newly added allegations any weight.

25   **III.    CONCLUSION**

26        Because the SAC fails to plausibly allege willful infringement of any asserted

27   patent—the only relevant exemption to the VSA's covenant not to sue—the Court

28   should dismiss the SAC with prejudice and without further leave to amend.

Dated: January 12, 2024

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
K. Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Ave., Fl. 40
New York City, NY 10166
Tel: (212) 294-6700
Fax: 212-294-4700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA  90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700

*Attorneys for Comcast Defendants*

COMCAST'S REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT
NO. 2:23-CV-1043-JWH-KES / NO. 2:23-CV-1049-JWH-KES