Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1050-JWH-KES (Related Case)**<br>**No. 2:23-cv-1043-JWH-KES (Lead Case)**<br>**No. 2:23-cv-1048-JWH-KES (Related Case)**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' OBJECTION TO REFERRAL TO SPECIAL MASTER** |

## INTRODUCTION

Comcast respectfully objects to the Court's referral to the Special Master of Entropic's motions to supplement and amend its complaints (2:23-cv-1043 ("1043"), Dkt. 273; 2:23-cv-1049 ("1049"), Dkt. 191). Comcast did not oppose Entropic's Motion to Amend, so there is no dispute as to that motion. And the principal contested issue in Entropic's Motions to Supplement—whether Entropic may plausibly plead willfulness based on its litigation conduct in these cases—is a question of law that must be decided by this Court. That dispositive threshold issue is already fully briefed in Comcast's pending Motion to Dismiss (1043, Dkt. 256; 1049, Dkt. 180), and any consideration of that issue by the Special Master risks delay, confusion, and unnecessary effort and expense. Accordingly, Comcast respectfully requests that the Court withdraw the referrals to the Special Master or, in the alternative, delay them until after it has decided Comcast's Motion to Dismiss on the merits.

## PROCEDURAL BACKGROUND

This Court granted Comcast's Motion to Dismiss Entropic's First Amended Complaints (FACs) in both cases on November 20, 2023 and ordered Entropic to file any amended complaints purporting to plausibly allege willful infringement by December 8, 2023. C.A. 2:23-cv-1050, Dkt. 121; 2:23-cv-1048, Dkt. 132. The Court further ordered Comcast to file any renewed motion to dismiss by December 29, 2023. *Id*.

Pursuant to the Court's order, Entropic filed Second Amended Complaints (SACs) in both the 1049 and 1043 cases on December 8, 2023. *See* 1049 Dkt. 128; 1043 Dkt. 190. Both SACs contained amended willfulness allegations, including "post suit" willfulness allegations based on the earlier complaints in these cases and Entropic's subsequent litigation conduct. 1043, Dkt. 192-1 at ¶¶ 159-178; 1049, Dkt. 128 at ¶¶ 163-182. In addition, the SAC in the 1049 case asserted two new patents—U.S. Patent Nos. 11,785,275 ("the '275 Patent") and 9,866,438 ("the '438 Patent") (collectively

"the Newly Asserted Patents"). Along with the SACs, Entropic filed a Motion to Supplement in each of the cases to seek leave to add its post-suit willfulness allegations. 1043, Dkt. 193; 1049 Dkt. 131.

On December 15, 2023, Comcast filed an Opposition to Entropic's Motion to Supplement, primarily on the ground that adding allegations of post-suit willfulness is futile because such allegations cannot support Entropic's willful infringement claims as a matter of law.[1] 1043, Dkt. 201; 1049, Dkt. 136. That same day, Entropic filed a series of notices and motions seeking to address procedural issues concerning its SACs. Specifically, Entropic filed a "Notice of Errata" noting a purported error in wording in both SACs and acknowledging that it erroneously included the two Newly Asserted Patents in the 1049 case before obtaining leave to do so. *Id.* (1043, Dkt. 204). Entropic also filed "Corrected SACs" that fixed the wording error and omitted the Newly Asserted Patents in the 1049 case. (1049, Dkt. 140). Entropic then filed a Third Amended Complaint in the 1049 case including the Newly Asserted Patents along with a Motion to Amend seeking leave for their addition. 1049. Dkt. 145-1; Dkt. 143.[2] Thus, despite procedural complications, the "Corrected" SACs and the "Third Amended Complaint" contain the same substantive allegations as the initial SACs.

Comcast filed a Notice of Non-Opposition to Entropic's Motion to Amend on the grounds that Comcast would address in its forthcoming motion to dismiss why the Newly Asserted Patents must be dismissed with prejudice along with the others. (1049, Dkt. 165). Comcast then filed its Motion to Dismiss all permutations of Entropic's

---

[1] Comcast also opposed the Motion to Supplement on the grounds that Entropic's post-suit willfulness allegations were untimely insofar as they could have been included in the FACs and that Comcast would be prejudiced by Entropic's proposed supplementation because Entropic had unnecessarily delayed resolution of cases that never should have been brought in the first place.

[2] Entropic had previously filed a Motion to Amend to add the Newly Asserted Patents to the 1049 case on November 13, 2023, (1049, Dkt. 115), and its December 15 filing was styled as an Amendment to that Motion to Amend. (1049, Dkt. 143).

complaints on December 29, 2023, consistent with the Court's order. 1043, Dkt. 249; 1049, Dkt. 175. Comcast's motion addressed all of the substantive deficiencies in Entropic's various complaints, including all of the allegations Entropic sought to add through its various procedural motions to amend, correct, and supplement.  As a result, the futility of Entropic's post-suit willfulness allegations and its allegations regarding the Newly Asserted Patents are now before the Court as part of Comcast's pending Motion to Dismiss.

## OBJECTION

On January 12, 2024, this Court referred Entropic's Motion to Supplement (1043, Dkt. 193; 1049 Dkt. 131) and Motion to Amend (1049, Dkt. 115, 143) to the Special Master. (1043, Dkt. 273; 1049, Dkt. 191).  The Court then postponed its hearing on Comcast's Motion to Dismiss until March 1, 2023, which could result in the Special Master addressing the referred motions before the Court addresses Comcast's motion. However, the referred motions do not present any issues for the Special Master to decide at all, let alone before the Court addresses the merits of Comcast's Motion to Dismiss.

First, Comcast filed a non-opposition to Entropic's Motion to Amend, noting that Comcast would address in its Motion to Dismiss why the Newly Asserted Patents must be dismissed with prejudice along with all the others. (1049, Dkt. 165). Comcast then filed that Motion to Dismiss, which addresses all of Entropic's allegations concerning those patents.  (1043, Dkt. 256, at 26-28; 1049, Dkt. 180, at 26-28).  There is thus nothing left concerning the Motion to Amend to be decided.

Second, while Comcast opposed Entropic's Motion to Supplement to add post-suit willfulness allegations regarding all of the asserted patents, its principal argument was that Entropic's post-suit allegations could not support a claim for willful infringement and the supplementation was therefore futile.  1043, Dkt. 201, at 8-16; 1049, Dkt. 136, at 8-16 (arguing that a motion to supplement should be denied where the amendment would be "futile," which occurs when "the amended complaint would

be subject to dismissal"). Comcast then addressed Entropic's post-suit willfulness allegations in its Motion to Dismiss, explaining again why they must be dismissed as insufficient as a matter of law. 1043, Dkt. 256, at 21-36; 1049, Dkt. 180, at 21-36. Accordingly, the central issue in the Motion to Supplement goes directly to the merits of Entropic's willfulness claims and collapses into one of the central questions the Court must decide as part of Comcast's Motion to Dismiss.

The Special Master in these cases was appointed to resolve discovery disputes, not dispositive legal motions, such as motions to dismiss. 1048, Dkt. 25 ("These cases will likely generate a substantial number of discovery disputes. For that reason, the Court is considering appointing a Special Master to assist the Court in managing and deciding discovery matters . . ."); 1048, Dkt. 26 (Plaintiff and Comcast both "consent to the appointment of a special master in this smatter for discovery purposes"); 1048, Dkt. 78 (*Joint Stipulation to Request Appointment of David Keyzer, Esq., as Special Master **for Discovery Purposes***) ("the Parties hereby stipulate to request an order appointive David Keyzer as Special Master for purposes of discovery.").³ Moreover, the Ninth Circuit has held that issues that relate to liability—such as the sufficiency of Entropic's willfulness allegations—are properly decided by the district court and not a special master. *See Castenada*, 264 F.R.D. at 569-570. That is because "[l]itigants are entitled to a trial by the court, in every suit, save where exceptional circumstances are shown," and "[c]ourts have tended to read Rule 53 narrowly, closely circumscribing the range of circumstances in which reference to a master is appropriate." *Id*. at 569-570

---

³ Although the order appointing the Special Master contains a provision for matters that the Court decides to refer, those matters necessarily cannot include dispositive motions, such as Comcast's Motion to Dismiss. 1043, Dkt. 74; 1050, Dkt. 90; *Castenada v. Burger King Corp.*, 264 F.R.D. 557 (9th Cir. 2009). Because the futility questions presented in the referred motions raise the same legal issues that this Court has to decide in resolving Comcast's Motion to Dismiss, the Court's referral effectively amounts to a referral of the Motion to Dismiss's dispositive legal issue.

1  (citing *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957) and *Burlington Northern v. Department of Revenue*, 934 F.2d 1064, 1071 (9th Cir.1991)).

Further, if the Special Master were to consider Entropic's Motion to Supplement and rule on whether Entropic's post-suit allegations are futile, that decision would then be subject to "relitigation" by this Court under a *de novo* standard of review. *Id*. at 570 (citing Fed. R. Civ. P. 53(f)). Thus, referring the motion to the Special Master brings no efficiencies and simply requires the parties to engage in additional rounds of briefing and argument before a different adjudicator who is not permitted to make a final ruling. Such a process almost certainly would result in further delay, during which time Comcast (and Entropic) will continue to incur significant litigation costs while awaiting a substantive decision by this Court.[4]

Because Comcast's Motion to Dismiss substantively addresses all of the allegations in Entropic's various complaints, the Special Master need not decide at this time any of the procedural issues raised by Entropic's various motions. Instead, Comcast respectfully submits that the most efficient, and proper, course is for the Court to withdraw its referrals on those motions and proceed to argument on Comcast's Motion to Dismiss, the resolution of which will determine whether any of Entropic's procedural motions will still bear on this case. Alternatively, Comcast respectfully requests that the Court delay its referrals until after it has decided Comcast's Motion to Dismiss so as to ensure that the Special Master does not rule on the dispositive matters properly before the Court.

---

[4] Indeed, Entropic continues to propound burdensome discovery requests on Comcast, including 99 requests for production in the 1049 case alone, far exceeding the Court ordered limit of 75.

|   |   |   |
|---|---|---|
| 1 | Dated: January 24, 2024 | WINSTON & STRAWN LLP |

Dated: January 24, 2024

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
    K. Padmanabhan (SBN: 254220)
    kpadmanabhan@winston.com
    **WINSTON & STRAWN LLP**
    200 Park Ave., Fl. 40
    New York City, NY 10166
    Tel: (212) 294-6700
    Fax: 212-294-4700

    Diana Hughes Leiden (SBN: 267606)
    dhleiden@winston.com
    **WINSTON & STRAWN LLP**
    333 S. Grand Ave.
    Los Angeles, CA 90071
    Tel: (213) 615-1700
    Fax: (213) 615-1750

    Brian Ferguson (*pro hac vice*)
    bferguson@winston.com
    **WINSTON & STRAWN LLP**
    1901 L Street NW
    Washington, DC 20036
    Tel: (202) 282-5000
    Fax: (202) 282-5100

    Saranya Raghavan (*pro hac vice*)
    sraghavan@winston.com
    **WINSTON & STRAWN LLP**
    35 West Wacker, Dr.
    Chicago, IL 60601
    Tel: (312) 558-5600
    Fax: (312)558-5700

    *Attorneys for Comcast Defendants*