Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

(additional counsel listed
on signature page)

*Attorneys for Plaintiff
Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No.: 2:23-cv-01049-JWH-KES (Lead Case) <br><br> Case No.: 2:23-cv-01050-JWH-KES (Related Case) <br><br> [Assigned to the Honorable John W. Holcomb] |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | **ENTROPIC COMMUNICATIONS, LLC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO REFERRAL TO SPECIAL MASTER** |

## I. INTRODUCTION

This Court possesses the authority to refer "any disputes related to discovery . . . and any other matters" to the Special Master. That authority derives not just from Rule 53, but the parties' express agreement. *See* 1050 DE 90. Comcast now objects to this Court's exercise of that authority—not because it is improper but because, in Comcast's estimation, there is a risk of "delay, confusion, and unnecessary effort and expense." 1049 DE 200 at 2:8–11. The opposite is true—Comcast's Objection serves no purpose but delay. This Court already weighed the efficiencies in making this referral and reached the correct conclusion: referral expedites resolution of these disputes by permitting the Special Master to address the underlying Motion to Amend and Motion to Supplement ("Referred Motions") and Comcast's various arguments in opposition, leaving only the ultimate issue—the sufficiency of Entropic's willfulness allegations— for the Court to resolve. The Court should overrule Comcast's Objection.

## II. FACTUAL AND PROCEDURAL HISTORY

Following the Court's Order to Show Cause regarding appointment of a special master and the subsequent hearing and Orders, on June 8, 2023, Entropic and Comcast submitted a proposed order appointing Mr. Keyzer as the special master. 1050 DE 72. As relevant to Comcast's Objection, the parties jointly proposed an order outlining Mr. Keyzer's "Scope of Authority" as "authority to preside over . . . any disputes related to discovery . . . and ***any other matters referred to the Special Master by the Court***." 1050 DE 72-2 § 2(a-b) (emphasis added). The Court entered this order on July 5, 2023, confirming Mr. Keyzer's authority over matters referred to him by the Court. 1050 DE 90.

Mr. Keyzer has already resolved numerous disputes between the parties across this case and other related cases involving the same or similar patents. *See, e.g.*, 1049 DE 199. Further, Mr. Keyzer incidentally already has technical familiarity with six of the Patents-in-Suit, having previously served as Technical Advisor to Judge Gilstrap

1

**ENTROPIC'S RESPONSE TO COMCAST DEFENDANTS' OBJECTION TO REFERRAL TO SPECIAL MASTER**

during the *Markman* process in *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.* prior to his appointment in this case. No. 2:22-cv-00125-JRG, DE 118 (E.D. Tex. June 13, 2023).

### III. RESPONSE TO OBJECTION

The Court did not improperly exercise its discretion in referring the present matters to the Special Master. The Court has already correctly concluded Entropic's Referred Motions should be addressed before Comcast's Motion to Dismiss because they determine the content of the operative complaint that Comcast seeks to dismiss. Special Master Keyzer undoubtedly has the authority to provide the Court with a Report and Recommendation ("R&R"), which will be helpful to the Court in its decisions.

Comcast is strangely resistant to this process. Comcast dresses up its objections as matters of "efficiency and propriety" in an effort to prioritize a ruling on its own Motion to Dismiss and delay resolution of these matters altogether. *See* 1049 DE 200 at 6. Comcast is prematurely objecting to an R&R that has not even been issued, which needlessly complicates and delays—though that seems to be by design.[1]

First, Comcast's decision not to oppose Entropic's Motion to Amend does not mean "nothing" is left "to be decided," as Comcast argues. 1049 DE 200 at 4.[2] Indeed, the motion must still be *granted or denied*, and any R&R from Special Master Keyzer will reduce the burden on this Court and promote efficient use of its time.

Second, apparently trusting neither the Special Master nor this Court's supervision of whatever R&R is produced, Comcast argues the Court has no authority to even ask for one. 1049 DE 200 at 4–6. This is false. Comcast expressly agreed (and the Court ordered) that Special Master Keyzer has authority to preside over not only "discovery disputes," but also "any other matters referred to the Special Master by the

---

[1] The order appointing Special Master Keyzer specifically sets forth a procedure for review of the Special Master's orders after objections by a party. 1050 DE 90 § 8. Comcast is free to avail itself of this procedure after the Special Master issues an R&R.
[2] Moreover, Comcast's objection to the referral of a motion that it did not oppose only serves to emphasize the outlandish nature of its position.

Court." 1050 DE 72-2 § 2(a-b); 1050 DE 90 § 2(a-b). This broad authority is not a mistake—it allows the Court to utilize the Special Master as desired to assist with a complex and resource-consuming set of litigations. Comcast cites a case, but it is inapposite to the situation here. In *Castenada v. Burger King Corp.*, the Ninth Circuit declined to order the district court to appoint a special master, an appointment **objected to** by the defendant, in a class action, to "determine both issues of defendant's liability and the extent of injunctive relief, not to mention statutory damages to class members." 264 F.R.D. 557, 570 (9th Cir. 2009). Here, the parties consented to a broad scope of authority for the Special Master.

Running from its prior consent, Comcast now argues that this Court's referral of the Referred Motions is improper because the Special Master was not appointed to resolve "dispositive legal motions, such as motions to dismiss." 1049 DE 200 at 5. But the Special Master's appointment speaks for itself, covering "any other matters referred to the Special Master by the Court." 1050 DE 90 § 2(a-b). Nor does *Castenada* stand for the proposition that the District Court is forbidden from referring to the Special Master matters that might impact particular issues. *See generally*, 264 F.R.D. 577. The Court remains singularly in charge of making any dispositive findings as paragraph 8 of the Court's appointment provides a procedure for "Review of Special Master's Orders." 1050 DE 90.

Comcast's insistence that this Court cannot trust itself to adequately review, and then either accept or reject, certain categories of the Special Master's R&Rs is unsupportable. Courts regularly appoint special masters to hear dispositive motions, with and without the parties' consent. *See, e.g.*, *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Marketing*, 656 F. Supp. 1073, 1079–81 (C.D. Cal. 2023) (court appointed special master to hear summary judgment motions); *Thakur v. Cofiroute USA, LLC*, 2021 WL 304389, at *1 (C.D. Cal. Jan. 29, 2021) (court appointed special master to issue R&R on motion to dismiss, which the Court adopted in its entirety).

Specifically, the *Thakur* Court adopted a special master's R&R granting the defendant's motion to dismiss without leave to amend, the exact "dispositive legal motion" Comcast contends, without support, is outside of the authority of a special master. *See Thakur*, 2021 WL 304389, at *1. Thus, the Special Master can not only issue an R&R "on whether Entropic's post-suit allegations are futile," but could issue an R&R on Comcast's Motion to Dismiss if the Court were inclined to refer it.[3] 1049 DE 200 at 6.

In summary, the Court has full authority to refer to the Special Master any disputes it sees fit—i.e., "any other matters referred to the Special Master by the Court." 1050 DE 90 § 2(b). Comcast cannot selectively take back its consent. To the extent Comcast's objection is simply an argument that the Court **should not** refer the Referred Motions because they might overlap or interplay with the Court's decision on Comcast's Motion to Dismiss, there are two simple responses. First, the Court has the authority to disagree with Comcast and has done so. Second, if the purported overlap is troublesome, the Court can refer the Referred Motions and the Motion to Dismiss to the Special Master to allow any R&R to grapple with whatever overlap or interaction may exist. Entropic requests that the Court move ahead with whatever method most expeditiously addresses the issues in the case that does not include entertaining pre-objections to a Special Master R&R that has not even issued.

Dated: February 1, 2024

Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)

---

[3] The Court intended for the scope of the Special Master's authority to resemble that of a magistrate judge, including the power to issue R&Rs. Magistrate judges, in addition to resolving discovery disputes, are vested with the authority to issue an R&R on a dispositive motion that may then be adopted by the district court. L.R. 72-1, 72-3. Similarly, the Court granted the Special Master authority to hear discovery disputes, as well as other motions referred to the Special Master by the Court. 1050 DE 90 § 2(a-b). Given the similarities between the areas of responsibility, the Special Master's authority to hear "any other matters" referred by the Court should follow the same R&R procedure that is routinely implemented by magistrate judges. *See* L.R. 72-1, 72-3.

cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**CERTIFICATE OF COMPLIANCE**

    The undersigned, counsel of record for Plaintiff Entropic Communications, LLC, certifies that this brief contains 1,424 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 1, 2024

Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Plaintiff*
*Entropic Communications, LLC*