Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1050-JWH-KES (Related Case)** <br><br> **No. 2:23-cv-1043-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1048-JWH-KES (Related Case)** <br><br> Assigned to Hon. John W. Holcomb <br><br> **COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. 11** <br><br> Local Rule 79-5.2.2 <br><br> [Filed concurrently with Sealed Declaration of Krishnan Padmanabhan and Proposed Order] |

COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2(a) of the United States District Court for the Central District of California, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (all collectively "Comcast Defendants" or "Comcast") hereby request that this Court enter an order permitting them to file under seal:

| Document | Portion to be Sealed |
|---|---|
| Memorandum of Points and Authorities in Support of Comcast's Objection to Special Master Order No. 11 | Page (as numbered at the bottom of the page): 13 |

Comcast Defendants bring this application as required by the Local Rules. Comcast Defendants seek to file its concurrently-filed Objection to Special Master Order No. 11 ("Objection") under seal because there are confidentiality provisions in the document referenced in the Objection that require sealing and, if made public, could violate those provisions.

Comcast Defendants' counsel has informed counsel for Entropic Communications LLC's ("Entropic") of Comcast Defendants' intent to file this application. Entropic indicated that it does not oppose Comcast Defendants' application.

I. **FACTUAL BACKGROUND**

On March 31, 2021, Entropic entered into a Patent Purchase Agreement ("PPA") with MaxLinear, Inc. ("MaxLinear"), The PPA includes confidentiality provisions in which both parties agree to "keep the terms of the Agreement confidential and will not now or hereafter divulge any of such terms to any third party except (a) with the prior written consent of the other Party; (b) as otherwise may be required by law or legal process; (c) during the course of litigation, so long as the disclosure of such terms is

restricted in the same manner as is the confidential information of other litigating parties . . . ."

## II. COMPELLING REASONS EXIST TO FILE UNDER SEAL

In evaluating a motion to seal documents filed with the court, the district court is required to "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978). Although courts recognize a general right to inspect and copy public records, they also recognize that "access to judicial records is not absolute." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party may apply to seal judicial records if it is able to "articulate compelling reasons supported by specific factual findings" to outweigh the general history of access and the public policies that favor disclosure of the judicial records. *Id.* at 1178-79 (internal quotes omitted). The court may then seal the records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. of Auto Safety v. Chrysler Group, LLC*, 809 F.3 1092, 1096-1097 (9th Cir. 2016). Although it is in the sound discretion of the trial court to determine what constitutes a "compelling reason," courts have repeatedly found compelling reasons to seal court records when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

Numerous courts in this Circuit have approved applications to seal documents containing confidential business information, including confidential agreements that disclose contractual terms, where public disclosure of such information could result in competitive harm. *See e.g.*, *Instant Brands, Inc. v. DSV Sols., Inc.*, Case No. EDCV 20-299 JGB (KKx), 2020 WL 7872200, at *2 (C.D. Cal. June 11, 2020) (granting motion to seal in where documents "detail a confidential commercial agreement between parties and other sensitive commercial information"); *see also Coffelt v. Kroger Co.*, Case No. EDCV 16-01471 JGB (KKx), 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018)

1  (finding compelling reasons to seal documents containing "confidential information
2  that implicates policies procedures, business practices, agreements, processes and
3  pricing information"); *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG,
4  2016 WL 7429304, at *3 (N.D. Cal. Feb. 9, 2016) (granting application to seal redacted
5  portions of an opposition related to confidential financial information, strategic business
6  considerations, potential acquisition of businesses, and confidential agreements that
7  disclose contractual terms); *Bauer Bros. LLC v. Nike, Inc.*, Case No. 09-cv-500-
8  WQHBGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting request to seal
9  documents, including documents reflecting business agreements, or containing
10 marketing information, product development strategies, or non-public, highly
11 confidential financial data, because such information could be used for improper
12 purposes by competitors); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-
13 HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) ("confidential business
14 information" in the form of "business strategies" are sealable under the compelling
15 reasons standard).

16   Comcast Defendants' Objection describes the PPA and its terms. The information contained in the PPA is not generally known by or available to the public and is covered by confidentiality provisions contained in the PPA. Public disclosure of the information contained in Comcast Defendants' Objection may violate those confidentiality provisions.

21   For the foregoing reasons, compelling reasons exist for filing under seal discussions of the contents of the PPA in Comcast Defendants' Objection to Special Master Order No. 11.

24   Accordingly, Comcast Defendants hereby respectfully request that the Court grant this sealing application.

28  Dated: February 2, 2024          */s/ Krishnan Padmanabhan*

Krishnan Padmanabhan (SB: 254220)
kpadmanabhan@winston.com
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**Winston & Strawn LLP**
1901 L Street NW
Washington, D.C. 20036
Phone: 202-282-5000
Fax: 202-282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**Winston & Strawn LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700

Attorneys for Comcast Defendants.