Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | **No. 2:23-cv-1049-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1050-JWH-KES (Related Case)** <br><br> **No. 2:23-cv-1043-JWH-KES (Lead Case)** <br> **No. 2:23-cv-1048-JWH-KES (Related Case)** <br><br> Assigned to Hon. John W. Holcomb <br><br> **COMCAST DEFENDANTS' OBJECTION TO SPECIAL MASTER ORDER NO. 11 AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> REDACTED |

## OBJECTION TO SM-11

Pursuant to this Court's Order Appointing David Keyzer as Special Master and Federal Rule of Civil Procedure 53,[1] Comcast respectfully objects to Special Master Order No. 11 (SM-11), entered on January 23, 2024. SM-11 ordered Comcast to produce documents in response to Entropic's requests for production (RFPs) 1–6, 8, 9, 21, 27, and 29.[2] C.A. 2:23-cv-1043, Dkt. 292-2; 2:23-cv-1049 ("1049"), Dkt. 199-3. For the reasons set forth in this objection, this Court should overrule SM-11.

Comcast's objection is based on this objection, the memorandum of points and authorities below, the declaration of K. Padmanabhan ("Padmanabhan Decl.") and its exhibits, the pleadings and papers on file, and any materials and argument presented to the Court at the time of the hearing.

---

[1] 2:23-cv-1048 ("1048"), Dkt. 100; 2:23-cv-1050 ("1050"), Dkt. 90.
[2] A copy of Entropic's RFPs are attached as Exhibit 1.

# TABLE OF CONTENTS

Page(s)

OBJECTION TO SM-11 ........................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 7

INTRODUCTION .................................................................................................... 7

BACKGROUND ..................................................................................................... 7

ARGUMENT ............................................................................................................ 9

    A.    Entropic's requests at issue in SM-11 are improper and must be denied. ........................................................................................................ 9

        1.    Entropic's willfulness requests (RFPs 8, 9, 27) contravene the Court's Order because they are not tailored to the asserted patents. ............................................................................................. 9

        2.    Entropic's requests (RFPs 1–6, 21, 29) directed to the VSA relate to theories already rejected by this Court. ........................... 12

    B.    Entropic may not use discovery to overcome its pleading burden. ......... 14

CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bartholomew v. Unum Life Ins. Co.*,
   579 F. Supp. 2d 1339 (W.D. Wash. 2008) ........................................................... 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 15

*Carter v. DeKalb County, Ga.*,
   521 Fed. Appx. 725 (11th Cir. June 4, 2013) ..................................................... 15

*Cleanquest, LLC v UnitedHealthcare Ins. Co., et al.*,
   C.A. 8:23-cv-00148-JWH, Dkt. 24 .................................................................... 14

*Cooper v. Simpson Strong-Tie Company, Inc.*,
   460 F.Supp.3d 894 (N.D. Cal. 2020) ............................................................ 14, 15

*Gerritsen v. Warner Bros. Entertainment, Inc.*,
   2015 WL 4570081 (C.D. Cal. March 2, 2015) ................................................... 14

*Gorrell v. Sneath*,
   292 F.R.D. 629 (E.D. Cal. 2013) ........................................................................ 13

*Graco, Inc. v. Binks Mfg. Co.*,
   60 F.3d 785 (Fed. Cir. 1995) .............................................................................. 10

*In re Gupta Sec. Litig.*,
   1994 WL 675209 ................................................................................................ 15

*Hegarty v. Transamerica Life Ins. Co.*,
   2021 WL 4899482 (N.D. Cal. Oct. 21, 2021) .................................................... 12

*Kajeet, Inc. v. Qustodio*,
   LLC, 2019 WL 8060078 (C.D. Cal. Oct. 22, 2019) ...................................... 10, 11

*Lincoln Benefit Life Co. v. Fundament*,
   2018 WL 6133672 (C.D. Cal. Nov. 7, 2018) ...................................................... 11

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) .............................................................................. 14

*Stavrianoudakis, v U.S. Dept. of Fish & Wildlife*,
   2019 WL 9667685 (E.D. Cal. Dec. 20, 2019) ...................................................... 15

*V-Formation, Inc. v. Benetton Group SpA*,
   2006 WL 650374 (D. Colo. March 10, 2006) ..................................................... 13

*Webb v. Trader Joe's Co.*,
   999 F.3d 1196 (9th Cir. 2021) ............................................................................. 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 14

Fed. R. Civ. P. 34 ........................................................................................................ 11

Fed. R. Civ. P. 53 .......................................................................................................... 2

Moore's Federal Practice - Civil § 8.04 (2020) ..................................................... 14, 15

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| 1 | Entropic's Requests for Production in C.A. 2:23-cv-1048 |
| 2 | Comcasts's October 27, 2023 Letter to the Special Master |
| 3 | Entropic's January 4, 2024 Letter to the Special Master |
| 4 | Entropic's November 30, 2023 Letter to the Special Master |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Each of Entropic's RFPs at issue in SM-11 is facially overbroad and inconsistent with this Court's Order dismissing Entropic's First Amended Complaints. Those purportedly related to willfulness (Nos. 8, 9, 27) are not specific to any asserted patent and are therefore impermissibly broad. These requests contravene the Court's Order that willful infringement must be established on a per-patent basis. The remaining RFPs at issue in SM-11 (Nos. 1–6, 21, 29) seek jurisdictional discovery that the Court has already found unnecessary (*see* 1050, Dkt. 121; 1048"), Dkt. 132 ("Order"), and pertain to legal assertions already rejected by the Court's Order.

At their core, Entropic's RFPs are intended to circumvent Entropic's pleading burden by seeking overbroad discovery and constitute nothing more than a fishing expedition. But the case law of the Ninth Circuit and this District explicitly prohibit that tactic. Entropic's motion seeking enforcement of these requests should denied, and SM-11, which fails to address this case law, should be overruled.

## BACKGROUND

Entropic's requests for production at issue in SM-11 are directed to four categories of documents: (1) documents concerning Comcast's investment in Entropic Communications, Inc.; (2) documents concerning MaxLinear's involvement in MoCA, (3) documents concerning Entropic Communications, Inc. more generally, and (4) documents and communications related to interpretation of the Vendor Support Agreement (VSA) between Comcast and MaxLinear, Inc., which this Court has already concluded is unambiguous and governed by its plain language. Notably, while categories (1)–(3) are directed to alleging willfulness, none of these requests are tied to any asserted patent, despite this Court's clear holding that willful infringement must be decided on a per-patent basis. Order at 8. And none of these requests is tied to allegations that are new to the SACs. Comcast has produced documents in response to other RFPs that are not the subject of SM-11 and has represented to Entropic that it does

not have any documents relating to knowledge or notice of the asserted patents prior to the parties' pre-filing correspondence.

On November 16, 2023, the Special Master entered Special Master Order No. 5 ordering Comcast to produce documents in response to the RFPs at issue. 2:23-cv-1043 ("1043"), Dkt. 174-1; 2:23-cv-1049 ("1049"), Dkt. 119-1. However, four days later, on November 20, 2023, this Court granted Comcast's Motion to Dismiss Entropic's First Amended Complaints (FACs), finding that Entropic took title to the asserted patents subject to the VSA's covenant not to sue, that the covenant not to sue includes an exemption for willful infringement, and that Entropic had failed to plead willful infringement adequately for any asserted patent. Order at 2. Accordingly, on November 28, 2023, Comcast moved the Special Master to reconsider SM-5 because all discovery requests subject thereto related to allegations that this Court dismissed. On December 1, 2023, in Special Master Order No. 6, the Special Master stayed SM-5. 1043, Dkt. 185-1; 1049, Dkt. 124-1.

Comcast moved to dismiss Entropic's Second Amended Complaints ("SACs") on December 29, 2023. 1043, Dkt. 248-1; 1049, Dkt. 174-1. Comcast separately urged the Special Master to reconsider SM-5 because the SACs remained deficient, the requests were directed to allegations the Court previously dismissed, and the requests violated the Court's Order and binding case law. But, on January 23, 2024, the Special Master entered SM-11, which reinstated SM-5 and ordered production in response to the RFPs by February 22, 2024. 1043, Dkt. 292-3 ("SM-11"); 1049, Dkt. 199-3. The Special Master noted Comcast's pending and dispositive motion to dismiss, but stated he did not have authority to enter a stay of discovery while that motion is pending. SM-11, at 6; Hr'g Tr. (Jan. 12, 2024) at 54:13-21 ("So I – it seems we are in the same situation we were before where we've got a pleading, the sufficiency of which is disputed, but I have not gotten any indication from the Court that anything with discovery should be halted or paused or stayed, whatever you want to call it, while the Court is considering that motion."). The Special Master also stated that he did not have

authority to rule on whether the SAC contains new allegations related to the discovery at issue because, "the sufficiency of Entropic's allegations is a matter before the Court, not the Special Master." SM-11, at 8. For this reason, the Special Master declined to conclude whether any of the discovery requests relate to any specific new allegation in the SACs.

## ARGUMENT

### A. Entropic's requests at issue in SM-11 are improper and must be denied.

Entropic's discovery requests at issue in SM-11 are facially overbroad and inconsistent with the Court's Order dismissing the FACs. Entropic has been clear that it seeks this discovery to develop theories of willfulness in an attempt to invoke the exemption in the VSA's covenant not to sue and to otherwise argue that the covenant does not apply. This Court should deny Entropic's requests at issue in SM-11 because (1) they are untethered from any asserted patent contrary to the Court's Order, and (2) they constitute jurisdictional discovery already deemed unnecessary by the Court. In addition, all requests relate to rejected allegations in Entropic's previous complaints. Notably, Entropic has not contended that any discovery requests subject to SM-11 pertain to any new allegations in its SACs, and the Special Master did not find that any of the discovery requests pertain to any new allegations in the SACs. The RFPs are thus impermissible at this stage.

### 1. Entropic's willfulness requests (RFPs 8, 9, 27) contravene the Court's Order because they are not tailored to the asserted patents.

Despite the Court's clear directive in the November 20 Order (Order at 8), the Special Master ruled that Entropic does not need to allege willfulness on a per-patent basis. SM-11 at 10. Instead, at Entropic's insistence, the Special Master cited a "totality of circumstances" test purportedly articulated in *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995) and found that Entropic's willfulness discovery requests need

1  not be tailored to the asserted patents. But *Graco* is a nearly 30-year-old case that says
2  nothing about the scope of discovery. Nor does it say that willfulness can be established
3  based on an overall relationship rather than knowledge of the asserted patents. To the
4  contrary, the facts considered in *Graco* under the "totality of the circumstances"— an
5  accused infringer's efforts to obtain an opinion of counsel to avoid infringement—
6  pertained directly to the two patents asserted in that case. *Graco*, 60 F.3d at 792-794.
7  There was thus no reason for the Special Master to disregard this Court's findings on
8  what is required to show willfulness and permit discovery into the broader relationships
9  of the three companies without any connection to the asserted patents.

10        Moreover, the circumstances here counsel against allowing open-ended
11 discovery as to broad ranging commercial relationships and unasserted patents. It is
12 improper for Entropic to seek broad discovery from Comcast in an attempt to
13 manufacture willful infringement of unasserted patents. *Graco* does not hold otherwise.
14 Indeed, in *Kajeet, Inc. v. Qustodio*, LLC, 2019 WL 8060078, at *2 (C.D. Cal. Oct. 22,
15 2019), the court found that requests seeking documents that did not relate to the asserted
16 patents were impermissibly broad where the requesting party did not establish how such
17 documents were relevant to any claims and defenses in the action. Here, even at best,
18 Entropic's requests relate to its theories of alleged willfulness unrelated to the asserted
19 patents that this Court has already rejected.

20        The language of Entropic's requests confirms their overbreadth. Entropic's RFP
21 8 seeks information related to Comcast's investment in Entropic Communications, Inc.,
22 regardless of whether that information relates to any asserted patent. But Entropic's
23 allegations on this subject have already been rejected by the Court and the SACs do not
24 contain anything new on this subject. RFP 9 similarly is not tied to any patent—it
25 generally seeks information related to Comcast's knowledge of MaxLinear's
26 participation in MoCA, another theory this Court has already rejected as untethered to
27 the asserted patents. Finally, RFP 27 is vastly overbroad, seeking all documents related
28 to Entropic Communications, Inc., whether or not they relate to any asserted patent or

even any particular claim or theory at issue in this case, previously rejected or not. These requests all contravene this Court's order that willfulness requires knowledge of the particular patent (and alleged infringement of that patent), and do not relate to any claim or defense at play.[3]

Notably, while Entropic pursues RFPs 8, 9, and 27 to support any theory of potential willfulness it can conjure to invoke the exemption in the VSA's covenant not to sue, Comcast has already represented, after a reasonable search, that it has no documents responsive to these requests that concern the asserted patents. Indeed, Comcast has represented more generally that its first awareness of any asserted patent was in the parties' pre-filing correspondence and that its first knowledge of any infringement allegation came ***after*** Entropic field these suits. *See* 1048, Dkt. 42-1 at 13; Ex. 2, Comcast's October 27, 2023 Letter to the Special Master ("Comcast has already confirmed that Comcast's first notice of the patent numbers of the asserted patents came through Entropic's August 2022 correspondence…Comcast has similarly confirmed that it was first given notice of the alleged infringement through this lawsuit."). Comcast's representations moot any relevant scope of RFPs 8, 9, and 27 on the issue of willfulness such that they can only now be directed to legally deficient theories of willfulness or to the manufacturing of claims regarding unasserted patents. Neither is proper.

---

[3] Aside from failing to be tied to an asserted patent or relevant claim or defense, such broad requests are routinely rejected as improper fishing expeditions. *See Lincoln Benefit Life Co. v. Fundament*, 2018 WL 6133672, at *3 (C.D. Cal. Nov. 7, 2018) ("All-encompassing production requests do not meet Rule 34's reasonable particularity requirement and the discovery rules do not allow a requesting party to engage in the proverbial fishing expedition, in the hope that there might be something of relevance.") (internal quotation marks omitted); *see also Kajeet*, 2019 WL 8060078, at *2 ("The Court will not permit what amounts to a fishing expedition into documents with little to no apparent probative value and an accompanying burden that is not proportional to the needs of the case.").

**2.     Entropic's requests (RFPs 1–6, 21, 29) directed to the VSA relate to theories already rejected by this Court.**

As Entropic itself explains, the remaining requests relate to the "negotiation, drafting, and performance of the VSA" (RFPs 1–6, 21, 29). *See* Ex. 3, Entropic's January 4, 2024 Letter to the Special Master, at 3. The VSA contains the covenant not to sue, and Entropic pursues these requests for the purpose of trying to get around it and thereby establish jurisdiction. However, not only has the Court already found that the VSA applies to each asserted patent, but it has also expressly denied Entropic's requests for jurisdictional discovery as unnecessary. Order at 8, 11. In doing so, the Court interpreted the VSA's plain language and found there to be no ambiguity that requires discovery. *Id*. Entropic cannot now use discovery to create ambiguity where none exists. Accord *Hegarty v. Transamerica Life Ins. Co.*, 2021 WL 4899482, at *2, *2 n.2 (N.D. Cal. Oct. 21, 2021).

The Special Master declined to apply the Court's Order to preclude Entropic from pursuing its requests relating to the VSA. Yet, in light of the Court's Order, Entropic's VSA-related requests must necessarily be for the impermissible purpose of pursuing speculative allegations that the covenant does not apply that fail as a matter of law. RFP 2, for example, seeks all of Comcast's communications with MaxLinear concerning the VSA—a years-long service agreement—including all communications reflecting the agreement's "negotiation[], performance, and termination." RFP 3 is even broader, seeking all documents regarding the VSA without limitation, including all documents showing the parties' performance under the service agreement over many years. RFPs 5, 21 and 29 request the same information regarding the VSA in the guise of seeking all documents and communications relating to any agreements related to the asserted patents, efforts to license the asserted patents, and MaxLinear intellectual property that Comcast contends to have a license to under the VSA.[4]  RFP 4 strangely seeks "prior

---

[4] These requests collapse into the requests concerning the VSA because Comcast has no documents concerning the asserted patents specifically.

written consent to permitting MaxLinear to assign or delegate Any of the obligations in the VSA" even though there is no allegation to which such information could be relevant. *See V-Formation, Inc. v. Benetton Group SpA*, 2006 WL 650374, at *5 (D. Colo. March 10, 2006) (contrasting the assignment of an agreement with a covenant not to sue from the assignment of patents that are subject to a covenant not to sue and accordingly do "not include a right to sue [defendant] for patent infringement.") Finally, RFPs 1 and 6 seek "all monies paid under the VSA" and any valuation of MaxLinear's intellectual property. None of this material can possibly be relevant to the interpretation of the VSA or any other issue properly in this case.

   The VSA-related requests are particularly egregious because any conceivably relevant documents related to the VSA ███████████████████████. MaxLinear was a party to the VSA, and accordingly, would already have documents relating to its negotiation, performance and attempted termination. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Comcast should not be forced to engage in costly, irrelevant discovery while its motion to dismiss is pending, when anything that could be even remotely relevant is already available to Entropic. *Cooper v. Simpson Strong-Tie Company, Inc.*, 460 F.Supp.3d 894, 907 (N.D. Cal. 2020) (dismissing claims where "plaintiffs have not 'alleged what [they] can, based on the information [they have]'" and finding that a lack of knowledge regarding facts within their possession "raises a pretty strong inference that [plaintiff is] speculating") (quotation omitted); 2 Moore's Federal Practice - Civil § 8.04 (2020) (citations omitted).

### B. Entropic may not use discovery to overcome its pleading burden.

The overbreadth and lack of relevance of Entropic's RFPs demonstrate that the true intent behind them is to try to enable Entropic to manufacture new allegations sufficient to maintain its lawsuits. But a plaintiff may not "overcome its pleading burden [ ] by seeking discovery of documents that it can and should have obtained [on its own] prior to commencing litigation." *Cleanquest, LLC v UnitedHealthcare Ins. Co., et al.*, C.A. 8:23-cv-00148-JWH, Dkt. 24 at 8 (Holcomb, J.). A plaintiff must "satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id*. (citing *Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014)).

The Court has already dismissed Entropic's claims once, and Comcast has moved to dismiss Entropic's SACs with prejudice because they fail to overcome the deficiencies identified by the Court. "Under controlling Ninth Circuit precedent, the district court lacks discretion to permit [the plaintiff] to begin discovery until defendants answer or it has determined that [the plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion." *Gerritsen v. Warner Bros. Entertainment, Inc.*, 2015 WL 4570081, at *2 (C.D. Cal. March 2, 2015). In *Gerritsen*, the plaintiff—like Entropic here—argued that discovery was proper "immediately upon the *filing* of a first amended complaint." *Id*. at *1. But the court rejected that argument, relying on *Mujica* as the Ninth Circuit's position requiring the plaintiff to "satisfy Rule 8's pleading requirement before a court can permit discovery." *Id*. Enforcing Entropic's RFPs now would enable the exact same type of "fishing expedition" that *Mujica* and *Gerritsen* deem inappropriate. *Cf. Bartholomew v. Unum Life Ins. Co.*, 579 F. Supp. 2d 1339, 1341–42 (W.D. Wash. 2008) (rejecting plaintiff's wide ranging discovery regarding a conflict of interest absent any allegation regarding a conflict of interest); *see also Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021); *Stavrianoudakis, v U.S. Dept. of Fish & Wildlife*, 2019 WL 9667685, at *2 (E.D. Cal. Dec. 20, 2019) (staying discovery pending dispositive motion to dismiss first amended complaint).

Entropic previously tried distinguishing *Mujica* by arguing the procedural posture was different because the Ninth Circuit found that an amended complaint would be futile. *See* Ex. 4, Entropic's November 30, 2023 Letter to the Special Master. But that is directly analogous to the situation here. Entropic's SACs are deficient for the same reasons as its FACs, rendering its various amendments and supplementations futile.1043, Dkt. 256; 1049, Dkt. 180.Entropic should not be permitted to pursue burdensome irrelevant discovery based on its deficient SACs that fail to state a claim. *In re Gupta Sec. Litig.*, 1994 WL 675209, at *1 (staying discovery that was a "fishing expedition calculated to discover possible causes of action and financially burden defendants."). *Cooper*, 460 F.Supp.3d at 906 ("'[B]efore proceeding to discovery, a complaint must allege facts suggestive of illegal conduct,' not merely consistent with it.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 563, n. 8). To the contrary, as the *Gerritsen* court held, "discovery [must follow] the filing of a well-pleaded complaint" because discovery cannot be "a device to enable the plaintiff to make a case when his complaint has [otherwise] failed to state a claim." *Id.* (citing *Carter v. DeKalb County, Ga.*, 521 Fed. Appx. 725, 728 (11th Cir. June 4, 2013)).

## CONCLUSION

Entropic's RFPs Nos. 1–6, 8, 9, 21, and 29 are improper because they are overly broad and not relevant to any claim or defense. Entropic may not seek discovery to overcome its pleading burden to plausibly allege a claim for willful infringement for any asserted patent. Nor can it seek discovery to conjure up willfulness theories relating to unasserted patents. Because Entropic's requests are inconsistent with the Court's previous Order and not tied to any new allegations in Entropic's SACs, this Court should deny Entropic's requests and overrule SM-11.

Dated: February 2, 2024

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
K. Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com

**WINSTON & STRAWN LLP**
200 Park Ave., Fl. 40
New York City, NY 10166
Tel: (212) 294-6700
Fax: 212-294-4700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700

*Attorneys for Comcast Defendants*