# EXHIBIT 2



KRISHNAN PADMANABHAN
kpadmanabhan@winston.com

October 27, 2023

David M. Keyzer
david@keyzerlaw.com
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Re:   *Entropic Communications v. Comcast Corp. et al*, No. 2:23-cv-01050-JWH-KES

Dear Special Master Keyzer:

    This letter serves as Comcast's response to Entropic's letter brief regarding Entropic's RFP Nos. 3–10, 14–19, 21–22, 24–25, 27, and 31. These RFPs are directed to discovery that the Court has twice declined to allow. While Comcast has agreed to, and is, providing discovery concerning matters properly at issue in this case (notwithstanding its pending motion to dismiss),[1] Comcast objects to providing the very discovery that the Court has already said is unnecessary.

    In August 2020, MaxLinear, Inc., on behalf of itself and its affiliates, entered a Vendor Support Agreement ("VSA") with Comcast, and covenanted not to sue Comcast for alleged infringement of the asserted patents. MaxLinear, Inc. and its affiliate then assigned the asserted patents to Entropic. Under black letter law, Entropic received the patents subject to their existing encumbrances, including the covenant not to sue. As a result, Entropic has no Constitutional standing to bring its patent infringement claims against Comcast and they must be dismissed. *See* Dkt. 118. The covenant not to sue contains an exemption for willful infringement of a patent but, as the Court's Tentative Order makes clear, Entropic has not plausibly alleged willfulness with respect to any asserted patent in either of its two attempts to do so. Thus, the VSA is not simply a "defense," as Entropic asserts, but rather operates to divest Entropic of Constitutional standing to sue Comcast for infringement. *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010) ("[C]ovenants not to sue [] for infringement . . . remove any case or controversy . . . .").

    The Entropic RFPs at issue here, which were served before the Court's Tentative Order, seek wide-ranging discovery in an effort to manufacture an argument regarding standing. However, *Entropic has twice asked for, and the Court has twice denied, such discovery*. *See* 23-cv-1050, Dkt. 79, 83, 88 at 18–21; Tentative Order at 12. Now, Entropic attempts to take advantage of the procedural posture of the case—where the parties await the Court's written order on Comcast's 12(b)(1) Motion—to make a third attempt at obtaining such discovery in the hopes of using it in a second amended complaint. But Entropic has the order of operations backwards. Entropic must first plausibly plead willful infringement of an asserted patent in order to establish standing before discovery on the issue can be sought. *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022). As the Tentative Order makes clear, Entropic's current allegations are not plausible, and Entropic's RFPs therefore do not justify or entitle it to the discovery it seeks.

---

[1] For example, Comcast has not objected to producing documents in response to RFP Nos. 1–10, which are directed to operation of the accused products. These parties did not meet and confer on these RFPs, and they should not be at issue in the instant dispute.

#97425805v1

I. **Entropic's RFPs 21–22, 24–25 Regarding Already Rejected Willfulness Theories**

Entropic's RFP's 21–22 and 24 are all broad requests directed to willfulness allegations that the Court has already stated are implausible. Specifically, these RFPs seek "[a]ll Documents and Communications" "Relating to [Comcast's]" "investment in Entropic" (RFP 21), "knowledge of MaxLinear's involvement … in the [MoCA] Alliance" (RFP 22), and "Entropic Communications, Inc." (RFP 24).[2] Entropic also seeks "[a]ll Documents and Communications" "that relate to "when [Comcast] first became aware of Any of the Asserted Patents" (RFP 25).

As the Tentative Order makes clear, the allegations in Entropic's First Amended Complaint do not give rise to a plausible claim of willfulness and cannot justify the discovery it seeks. Tentative Order at 9–12. Indeed, the Tentative Order specifically held that jurisdictional discovery was unnecessary in light of its rulings. *Id.* at 12. Comcast has already confirmed to Entropic that Comcast's first notice of the patent numbers of the asserted patents came through Entropic's August 2022 correspondence, when they were listed among two hundred-fifty plus other patent numbers. Comcast has similarly confirmed that it was first given notice of alleged infringement through this lawsuit (and post-suit correspondence from Entropic). The relevant documents are in Entropic's possession, and were attached to Comcast's Rule 12 Motions. As explained in the Tentative Order, to the extent that there is some basis to believe that Comcast received some earlier notice of the asserted patents or its alleged infringement, "MaxLinear would almost certainly have been aware of such activity, as in all likelihood MaxLinear would have needed to provide notice of the patent and infringement to trigger Comcast's knowledge requirement." But Entropic has refused to confirm whether it has sought documents from MaxLinear on the issue, even though MaxLinear's documents are readily available to Entropic via a cooperation agreement and are thus within Entropic's control. *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989) (explaining when a party can "obtain documents upon demand" it is in control of those documents). As a result, Entropic's requests to Comcast are "little more than a fishing expedition," which is improper. *Bartholomew v. Unum Life Ins. Co.*, 579 F. Supp. 2d 1339, 1340–41 (W.D. Wash. 2008) (rejecting plaintiff's wide ranging discovery regarding a conflict of interest absent any allegation regarding a conflict of interest); *see also Webb v. Trader Joe's Co.*, 999 F.3d 1196 (9th Cir. 2021).[3]

During the August 9th hearing, Entropic told the Court that it is prepared to amend its complaint to set forth alternative, and supposedly plausible, theories of willfulness with respect to one or more of the asserted patents. Hr'g Tr. at 81:13–24 ("COURT … If I stick with the tentative at least in that aspect that willfulness has not been pleaded sufficiently … Entropic can fix that? ENTROPIC: Yes. Entropic can fix that."). Based on that representation, Entropic should simply amend its complaint upon receiving the Court's written opinion and then pursue discovery on any plausible willfulness allegations. But it cannot pursue discovery on theories that the Court has already confirmed are not plausible.

---

[2] The parties did not discuss RFP 24 during any of their multiple meet and confers, and this RFP is not properly before the Special Master.

[3] Entropic's cited cases in no way support the proposition that Comcast should be forced to search for documents before Entropic has bothered to search its own records and asserted plausible claims. *Bretana v. Int'l Collection Corp.*, involved a party that objected to discovery requests on the basis that the requested documents were in the public record. No. C07-05934 JF (HRL), 2008 WL 4334710, at *5–6 (N.D. Cal. Sept. 22, 2008). *O. L. v. City of El Monte*, concerned untimely and unsupported objections made by a pro se party. No. 2:20-cv-00797-RGK, 2021 WL 926105, at *14 (C.D. Cal. Jan. 11, 2021).

## II. Entropic's RFPs 14–19, 27, and 31 Regarding the VSA

Entropic's remaining RFPs seek discovery related to speculative, and unarticulated, theories regarding the VSA itself. Specifically, Entropic's RFP Nos. 14–19, 27, and 31 seek "[a]ll Documents and Communications Relating to the VSA" (RFP 16), including documents regarding "all . . . monies … paid to MaxLinear pursuant to the VSA," (RFP 14) and "all . . . communications . . . [with] MaxLinear Relating to the VSA" (RFP 15). They also seek "[a]ll Documents and Communications" "Reflecting [Comcast's] prior written consent permitting MaxLinear to assign or delegate Any of the obligations in the VSA" (RFP 17); "Relating to [Comcast's] use of Any of MaxLinear's intellectual property from August 1, 2020 to the present, including . . . MaxLinear's patents, copyright, trademarks, and trade secrets" (RFP 18), and "[Comcast's] valuation of any intellectual property owned by MaxLinear . . . including . . . patents, copyrights, trademarks, and trade secrets" (RFP 19).[4]

Presumably, Entropic seeks this vast discovery to make some argument that the VSA was ineffective and did not encumber the asserted patents. But Entropic has not actually presented any theory, let alone any plausible theory, as to why the VSA would not be in force. And a court need not grant discovery to pursue "purely speculative allegations." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011). Similar to its RFPs on willfulness, Entropic has refused to confirm that it has actually reviewed the documents in its possession, custody, and control, including MaxLinear's, in order to determine whether it has any good faith basis to make any argument based on the VSA. Entropic should not be able to pursue such broad discovery when it has not even assessed the facts within its own possession to determine whether any theory is plausible or passes Rule 11 muster. *Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 907 (N.D. Cal. May 19, 2020) (dismissing claims where "plaintiffs have not 'alleged what [they] can, based on the information [they have]'" and finding that a lack of knowledge regarding facts within their possession "raises a pretty strong inference that [plaintiff is] speculating") (quotation omitted); *see also* 2 Moore's Federal Practice - Civil § 8.04 (2020) (citations omitted); *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (plaintiffs can only plead facts upon information and belief when those facts are peculiarly in the possession of the defendant).

MaxLinear attempted to terminate the VSA on May 23, 2023, making clear that MaxLinear understood the VSA to be fully in force when this lawsuit was filed. If Entropic wishes to present some theory on why the VSA was not effective, then it should start by determining, based on a review of Entropic's and MaxLinear's documents, whether any such allegation is plausible, and it should present that allegation in its amended pleading. The nature of any such allegation will then properly scope discovery. Otherwise, Entropic's requests are nothing more than the type of "fishing expedition" that the above-cited case law prohibits.

For the reasons discussed above, Comcast respectfully requests that the Special Master deny Entropic's request to compel production on RFPs 3–10, 14–19, 21–22, 24–25, 27, and 31.

---

[4] Entropic's RFP 31, which seeks "[a]ll Documents and Communications Relating to Any agreements, whether in draft or final form, that Relate to the subject matter of the Asserted Patents" was not addressed during the parties' meet and confer, and is not properly before the Special Master. To the extent RFP 31 seeks discovery regarding the VSA, it is improper for the same reasons as RFPs 14–19 and 27. To the extent the request seeks discovery regarding "comparable license agreements," those are documents that Comcast will produce at an appropriate stage in the litigation.

Sincerely,
/s/ K. Padmanabhan
K. Padmanabhan