# EXHIBIT 3

# K&L GATES

January 4, 2024

**By Email**

David M. Keyzer
david@keyzerlaw.com
**LAW OFFICE OF DAVID KEYZER, P.C.**
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Tel.: (916) 243-5259
Fax: (916) 404-0436

Christina Goodrich
christina.goodrich@klgates.com

T +1 310 552 5000
F +1 310 552 5001

**Re:** *Entropic Communications, LLC v. Comcast Corporation, et al.*
Case Nos. 2:23-cv-01048-JWH-KES, 2:23-cv-01050-JWH-KES
Entropic's First Set of Requests for Production

Dear Mr. Keyzer:

      I write in response to Comcast's letter dated December 28, 2023. Comcast requests reconsideration of Special Master Order SM-5 in light of the Court's Orders dated November 20, 2023 dismissing Entropic's complaints with leave to amend (2:23-cv-01048 DE 132; 2:23-cv-01050 DE 121) ("Orders") and in light of Entropic's Second Amended Complaints (2:23-cv-01043 DE 205; 2:23-cv-01049 DE 140) (the "SACs"). Reconsideration is improper because: (1) Comcast has failed to meet its heavy burden on reconsideration and instead improperly tries to reargue the merits of the underlying motion to compel that led to SM-5; (2) discovery remains open and unrestricted as to the claims and defenses relevant to the operative complaints, the SACs; and (3) Comcast cannot argue the merits of its motion to dismiss the SAC by way of its reconsideration motion.

    **A. Comcast has not established grounds for reconsideration of SM-5.**

      As an initial matter, Comcast has not met its burden to establish grounds for reconsideration based on a change of law, fact, or otherwise. *See United States v. Mobile Med. Examination Servs., Inc.*, 2019 WL 11766135, at *2 (C.D. Cal. Sept. 16, 2019) (applying L.R. 7-18 to motion for reconsideration of Special Master order brought before the Special Master). Here, the Orders do not constitute a material change in law or fact affecting the Special Master's conclusions in SM-5 because dismissal with leave to amend does not alter the status quo of discovery or automatically relieve a party of its duty to comply with discovery requests, particularly where (as here) there is an amended complaint is on file.

      In the Central District of California, parties may only resist discovery by seeking a stay or a protective order, which must be entered by the district court judge. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995); *Bigverdi v. Countrywide Bank*, 2008 WL 11409121, at *1 (C.D. Cal. Dec. 1, 2008). Courts have repeatedly held that dismissal of a complaint with leave to amend is insufficient grounds for such a stay or protective order. *United States v. Univ. of S. California*, 2023 WL 2682298, at *9 (C.D. Cal. Feb. 9, 2023) (denying request to stay discovery after granting motion to dismiss with leave to amend, thereby maintaining status quo of discovery); *NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311, at *1 (C.D. Cal. July 26, 2022) (same). Comcast therefore cannot ignore its discovery obligations simply because Entropic's complaint was dismissed with leave to amend, particularly where an

amended complaint is now on file. *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 19425956, at *5 (C.D. Cal. July 25, 2022) (discovery requests are not mooted by dismissal of complaint with leave to amend where plaintiff filed amended complaint that asserted similar claims and allegations).

Instead of setting forth a change in law or fact that would warrant reconsideration of SM-5, Comcast improperly seeks to use this motion as an opportunity to litigate the sufficiency of Entropic's willfulness allegations.[1] Comcast has filed a motion to dismiss the SACs, which the Court will address in due time. In the meantime, however, Comcast remains obligated to respond to discovery requests that are relevant to the operative complaint. *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 19425956, at *5; *Barrett*, 2020 WL 13815568, at *2.

Even if Comcast's arguments regarding Entropic's willfulness allegations were properly before the Special Master, they are meritless. Contrary to Comcast's assertion, Entropic's willfulness allegations are not to be read in isolation. The Federal Circuit has "stated many times that a number of factors enter into a willfulness determination and, as such, the issue is properly resolved by evaluating ***the totality of the surrounding circumstances***." *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 792 (Fed. Cir. 1995) (emphasis added). *BSD Crown, LTD. v. Amazon.com, Inc.* 2023 WL 6519752 (N.D. Cal. July 27, 2023) is instructive. There, the court held that allegations of pre-suit knowledge of the plaintiff's patents, "[c]ombined with the well-pleaded allegations and claim charts" asserting that the defendant's technology infringes, were sufficient to plausibly allege willful infringement. *Id.* at *5. The same is true here. All of Entropic's prior allegations of willfulness, when read in combination with the new allegations in the SACs, make its plausible that Comcast willfully infringed each of the Asserted Patents.

In particular, Entropic's allegations of Comcast's post-filing conduct are sufficient to establish willful infringement of each and every Asserted Patent. 1048 SAC ¶¶ 158–81. Comcast does not dispute that the Original Complaint, the First Amended Complaint, and Entropic's infringement contentions put it on notice of its infringement of the Asserted Patents. Comcast also does not dispute that it has continued to sell the Accused Products despite this clear notice. Instead, Comcast attempts to argue that willful infringement may not be proven through post-filing conduct. Courts have repeatedly held to the contrary. *See, e.g.*, *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1026 (C.D. Cal. 2014); *see also Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591, at *20 (C.D. Cal. Jan. 13, 2020) ("[A] claim for willful infringement can be based on post-filing conduct alone."); *TeleSign Corp. v. Twilio, Inc.*, 2015 WL 12765482, at *10 (C.D. Cal. Oct. 16, 2015) (denying motion to dismiss willful infringement allegations based on post-filing notice alone).

### B. Discovery remains open as to the claims and defenses relevant to the SACs.

As the Special Master has already recognized, the District Court has instructed that discovery in this action is ongoing. Reporter's Transcript of Aug. 9, 2023 Hearing ("RT") at 111:5–10 ("The status quo is what it is in terms of discovery."); 1050 DE 44 at 2. Comcast's suggestion that Entropic must wait until the pleadings are finally settled before getting answers to its relevant discovery requests is contrary to case law and ignores the Special Master's prior decision rejecting that very argument. *See* SM-5 at 6–7 (rejecting Comcast's argument and noting the status quo is that discovery remains ongoing); *Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) ("Apple argues that without a stay, 'it is likely that Apple will need to devote significant time, money, and resources to responding to discovery in a case that will likely not survive the pleading stage.' The resources required to respond to discovery are part of the 'the traditional burdens of litigation.' Apple does not explain why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits. As this Court noted in *Optronic*, 'any interest

---

[1] Ironically, Comcast has sought sanctions against Entropic in the district court by accusing Entropic of the very violation that Comcast is committing here—improperly attempting to relitigate the merits of the original motion. 1043 DE 202 at 15:12–17.

2

Defendants may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule.'"). Comcast, like any party in any other case, may not delay this case and discovery further by unreasonably attacking Entropic's well-pled SACs. This is particularly true as to the 1049 and 1050 Cases, where Entropic has moved to add two new claims based on additional patents and Comcast filed a non-opposition. Under the circumstances, that motion is likely to be granted, resulting in a Third Amended Complaint and Supplemental Pleading on file in the new few weeks. If Comcast is allowed to continue to delay responding to discovery based on the status of the pleadings, it could be months before it eventually responds. This is both unfair and inconsistent with the Court's instruction that discovery should be proceeding. RT at 111:5–10; 1050 DE 44 at 2.

### C. Each of Entropic's Requests is narrowly tailored and relevant to the merits of these actions.

Comcast improperly attempts to reargue the same issues with regard to specific requests that were rejected in SM-5, which is an improper use of reconsideration. In any event, Comcast's arguments are meritless. Comcast repeatedly asserts that Entropic is only interested in the VSA and Comcast's pre-suit knowledge for purposes of "jurisdictional discovery." As Entropic explained during the prior hearing, this argument is a red herring—the Court did not grant Comcast's Motion on jurisdictional grounds, it granted the motion based on Rule 12(b)(6). Moreover, each of Entropic's Requests for Production at issue here is relevant to the merits of the claims and defenses.

Request Nos. 1–6, 21, and 29[2] are all related to the negotiation, drafting, and performance of the VSA—which is Comcast's primary asserted defense, to date—and are all related to Entropic's claims against Comcast for willful infringement of the Asserted Patents. Without doubt, this information is relevant to the claims and defenses in this action. Comcast argues that these Requests can be ignored because Entropic's SACs contain no new allegations related to the VSA. Even if these Requests for some reason needed to be linked directly to new allegations in the SACs, Comcast's assertion is wrong. Paragraphs 57 through 59 contain new allegations about Comcast's use of the VSA to intentionally circumvent a finding of infringement by having its vendors manufacture products that directly infringe the Asserted Patents. These allegations therefore evidence Comcast's knowledge of its products' infringing nature, and Entropic's discovery requests related to the VSA are relevant to this issue. For example, the requests seeking information related to the negotiation of and payment pursuant to the VSA will shed light on Comcast's understanding of the VSA's terms and Comcast's rights thereunder. In short, Entropic needs further discovery into the VSA in order to prove its theory that Comcast used the VSA to willfully circumvent a finding of infringement, despite its knowledge that it was having infringing products made and sold.

Request Nos. 8, 9, and 27 are not overbroad. Comcast takes issue with these requests because they are not directly tied to a specific patent. But as explained above, Entropic's SAC establishes that Comcast has willfully infringed each Asserted Patent. Moreover, these Requests relate to Comcast's investment in Entropic Inc. and knowledge of Entropic Inc.'s technology, which is directly tied to paragraph 121 of the SAC. This paragraph alleges that, as part of its due diligence prior to investment, Comcast substantively reviewed the specific patents set forth in that paragraph. Request No. 9 seeks documents related to Comcast's knowledge of MaxLinear's involvement in MoCA. This request is directly tied to paragraphs 94–111 and 125–38[3] of the SAC, which allege Comcast's knowledge of its infringement of the Asserted Patents based on its involvement with MoCA and its relationship with MaxLinear.

---

[2] The Request numbers referenced herein, as well as the SAC paragraph numbers cited herein, all correspond to the documents from the 1048 Case, which are substantively identical to the corresponding requests and paragraph numbers from the 1050 Case.
[3] Contrary to Comcast's assertion, paragraphs 94–111, 121, and 125–38 of the SAC are all new allegations that relate directly to Request Nos. 8, 9, and 27.

Regards,

/s/ Christina Goodrich
**K&L Gates LLP**