BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants
MAXLINEAR, INC. AND MAXLINEAR
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,

Defendants,

COX COMMUNICATIONS, INC.; COXCOM, LLC; AND, COX COMMUNICATIONS CALIFORNIA, LLC,

Counter-Claimants,

v.

ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,

Counter-Defendants.

Case No. 2-23-cv-01049-JWH-KES (Lead Case)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIMS BY COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC**

[*Filed concurrently with Notice of Motion and Motion*; *Memorandum of Points and Authorities*; *and [Proposed] Order*]

Judge: Hon. John W. Holcomb

**Hearing:**
Date: March 29, 2024
Time: 9:00 a.m.
Place: Courtroom 9D, Santa Ana

Counter-Defendants MaxLinear, Inc. and MaxLinear Communications LLC (collectively, "MaxLinear") request that the Court take judicial notice of the document attached as Exhibit 1, pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. This request is filed in support of MaxLinear's Motion to Dismiss Amended Counterclaims by Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox").

**Exhibit 1** is a copy of a signed Patent Purchase Agreement between MaxLinear and Entropic Communications, LLC. The agreement is the proper subject for judicial notice under the incorporation by reference doctrine.

The Court may consider on a motion to dismiss documents whose contents are alleged in the complaint, provided that (1) the complaint "necessarily relies" on the documents or contents thereof, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (taking notice of an agreement that the facts suggested was "integral" to the complaint).

Cox references the Patent Purchase Agreement in its Amended Counterclaims. (Am. Countercls. (ECF No. 189) ¶¶ 296-98, 302, 308, 310, 311, 313, 338.) But Cox chose not to attach the agreement thereto.

The Patent Purchase Agreement should properly be considered by the Court because Cox relies on it in support of its counterclaims against MaxLinear for breach of contract and unjust enrichment, as well as its request for declaratory relief. Cox describes the content of the agreement, but Cox neither quotes the terms of the agreement nor considers the agreement in its entirety. To have an accurate understanding of the Patent Purchase Agreement, one must consider the agreement as a whole.

Incorporation by reference is appropriate because Cox's allegations depend on the contents of the Patent Purchase Agreement. *See Knievel v. ESPN*, 393 F.3d

1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of three contracts "that provide the foundation for plaintiffs' claims"); *McCool v. Wilson*, 2020 WL 7223252, at *4 (C.D. Cal. Oct. 28, 2020) (taking judicial notice of two agreements because the contents were alleged in the FAC and were "central to claims asserted by Plaintiff in the FAC").

MaxLinear therefore requests that this Court take judicial notice of attached **Exhibit 1**.

Dated: February 6, 2024

MORRISON & FOERSTER LLP

By: */s/ Rose S. Lee*
Rose S. Lee

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Counter-Defendants MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC

sf-5746642