1  Christina N. Goodrich (SBN 261722)
   Christina.goodrich@klgates.com
2  Cassidy T. Young (SBN 342891)
   Cassidy.young@klgates.com
3  K&L Gates LLP
   10100 Santa Monica Boulevard
4  Eighth Floor
   Los Angeles, California 90067
5  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
6
   [*Additional counsel on signature page*]
7
8  **Attorneys for Plaintiff Entropic
   Communications, LLC**

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-1049-JWH-KES (Lead Case) |
   |---|---|
13 |          Plaintiff, | Case No. 2:23-cv-01050-JWH-KES (Related Case) |
14 |     v. | |
15 | COX COMMUNICATIONS, INC., *et al.*, | **ENTROPIC COMMUNICATIONS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CASSIDY T. YOUNG IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; [PROPOSED] ORDER** |
16 |          Defendants. | |
17 | | |
18 | | |
19 | | |
20 | ENTROPIC COMMUNICATIONS, LLC, | |
21 |          Plaintiff, | Hearing Date:   March 29, 2024 Hearing Time:   9:00 a.m. Courtroom:   9D (Santa Ana) |
22 |     v. | |
23 | COMCAST CORPORATION, *et al.*, | |
24 |          Defendants. | |
25 | | |
26

27

28

---

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
DEFENDANTS' AMENDED COUNTERCLAIMS**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 29, 2024, or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701, Entropic Communications, LLC ("Entropic") will, and hereby does, move the Court for an Order dismissing Cox Communications, Inc., CoxCom LLC, and Cox Communications California, LLC's (collectively, "Cox") Amended Counterclaims against Entropic in their entirety and with prejudice. This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Cox's Amended Counterclaims fail to state a claim upon which relief can be granted.

Specifically, Cox alleges that Entropic tortiously interfered with the contractual obligations of third party MaxLinear, but Cox fails to allege plausibly that it has been harmed by any breach of contract, or that Entropic acted with the requisite intent to interfere with the contract. Cox further seeks a declaratory judgment that the patent assignments from MaxLinear to Entropic are void, but Cox alleges no plausible reason why the patent assignments violate MaxLinear's contractual obligations, nor any other legal basis for voiding the assignments.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 that took place on January 30, 2024. The Parties thoroughly discussed the substance and potential resolution of the filed Motion.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, the attached Declaration of Cassidy Young, the complete Court files and records in this action, and all matters that may be properly considered

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

by the Court at the hearing on this Motion.

Dated: February 6, 2024

**K&L GATES LLP**

By: */s/ Cassidy T. Young*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................6

II.      FACTUAL BACKGROUND ..............................................................7

III.     LEGAL STANDARD ........................................................................8

IV.      ARGUMENT .....................................................................................9

   A.   Cox fails to state a claim that Entropic tortiously interfered with the DOCSIS License. ...........................................................................9

     1.   Cox is not a party to the DOCSIS License, nor has Cox plausibly alleged that it is an intended beneficiary of the DOCSIS License. .......9

     2.   Cox fails to plead that it has suffered a cognizable injury as a result of MaxLinear's alleged breach. ..............................................................11

     3.   MaxLinear's assignment of the Asserted Patents is not an actual breach or disruption of the DOCSIS License. .....................................14

     4.   Cox has not plausibly alleged intentional acts by Entropic designed to induce MaxLinear's breach of the DOCSIS License. ..........................16

   B.   Cox fails to allege a factual or legal basis for voiding the assignment of the Asserted Patents. ...........................................................................17

V.       CONCLUSION ...............................................................................17

3

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ......................................................... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................... 8, 9

*Datatreasury Corp. v. Wells Fargo & Co.*, 552 F.3d 1368 (Fed. Cir. 2008) ................................................................................................... 17

*Debary v. Harrah's Operating Co., Inc.*, 465 F. Supp. 2d 250 (S.D.N.Y. 2006) ......................................................................................... 10

*E. Aviation Grp., Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th 1448 (Cal. App. 2d Dist. 1992) .............................................................................. 11

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:22-cv-00125-JRG, DE 357 (report and recommendation, adopted at DE 399) ...................... 13

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822 (9th Cir. 2008) ................................................................................ 9

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) ................................................ 7

*Innovus Prime, LLC v. Panasonic Corp.*, No. 12-cv-660-RMW, 2013 WL 3354390 (N.D. Cal. Jul. 2, 2013) ........................................................ 15, 17

*Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ................... 16

*LaSalle Bank v. Ernst & Young*, 285 AD 2d 101 (N.Y. App. Div. 2001) ......................................................................................................... 10, 11

*Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44 (3d Cir. 2001) ............................................................................................. 17

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) ........................................................................................................... 8

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891 (Fed. Cir. 1998) ...................................................................................................... 12, 14

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
    795 F.3d 1124 (9th Cir. 2015) .........................................................9, 10

*Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626 (C.D. Cal.
    2021) .................................................................................................. 16

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118
    (Cal. 1990) ......................................................................................... 12

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d
    929 (S.D. Cal. 2021) ........................................................................... 16

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119 (2d Cir.
    2005) .................................................................................................. 10

*Visto Corp. v. Sproqit Technologies, Inc.*, 360 F. Supp. 2d 1064 (N.D.
    Cal. 2005) ........................................................................................... 12

*W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) ........................ 8

5

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
DEFENDANTS' AMENDED COUNTERCLAIMS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Cox's[1] Amended Counterclaims are frivolous. Cox alleges that Entropic tortiously interfered with Cox's rights under the DOCSIS License[2] by inducing MaxLinear to breach that agreement. Cox, however, fails to plead several key elements:

- Cox does not plead that it is a party to the DOCSIS License and cannot plausibly allege that it is an intended beneficiary;
- Cox does not plead that all of the Asserted Patents are essential to DOCSIS and therefore cannot plausibly allege to have suffered a cognizable harm by having to litigate this case;
- Cox fails to allege any conduct by MaxLinear that would actually breach the DOCSIS License; and
- Cox does not plead that Entropic knew its actions were certain, or substantially certain, to interfere with the DOCSIS License.

Any one of these deficiencies is fatal to Cox's tortious interference claim, but the wholesale failure to allege *all* of these facts renders Cox's pleading frivolous. These severe and basic deficiencies were raised in Entropic's motion to dismiss Cox's first iteration of these counterclaims. In response, Cox amended its counterclaims, yet still fails to address these defects. Because Cox has not and cannot state a viable claim, the counterclaims should be dismissed with prejudice.

That Cox has now added a declaratory judgment counterclaim changes nothing. This "new" claim is only a new prayer for relief, not a new claim. Cox wants

---

[1] The following terms are used herein: Plaintiff Entropic Communications, LLC ("Entropic"); Cox Communications, Inc., CoxCom LLC, and Cox Communications California, LLC's (collectively, "Cox"); MaxLinear Communications LLC and MaxLinear, Inc. (collectively, "MaxLinear"); eight patents asserted by Entropic against Cox ("Asserted Patents").

[2] "DOCSIS" refers to the Data Over Cable Service Interface Specifications. The "DOCSIS License" refers to the DOCSIS License Agreement, a copy of which was attached to Cox's original counterclaims at DE 87-1.

6

this Court to declare that the patent assignments of the Asserted Patents from MaxLinear to Entropic are void based on the same claims as before. There is no legal basis for such relief, and the only theories suggested by the Amended Counterclaims are contrary to established law.

## II.    FACTUAL BACKGROUND[3]

Entropic filed a Complaint against Cox for infringement of eight patents related to cable modem and set-top box implementations. *See* DE 1 ¶ 1. Cox filed an answer and later sought leave to amend its answer to assert counterclaims against Entropic and against MaxLinear. *See* DE 49; DE 87. Entropic and MaxLinear moved to dismiss those counterclaims, after which Cox filed an Amended Counterclaims. *See* DE 194. This Motion seeks to dismiss Counts II and III of the Amended Counterclaims, which are asserted against Entropic. Count II asks the Court for a declaratory judgment voiding the assignment of the Asserted Patents from MaxLinear to Entropic, and Count III alleges that Entropic tortiously interfered with MaxLinear's contractual obligations under the DOCSIS License. *See* DE 189-1 ¶¶ 327–33.

CableLabs is a non-profit entity that develops and publishes various specifications and standards, including the DOCSIS standard. DE 189-1 ¶¶ 282–83. To encourage industry participants to adopt the DOCSIS standard, CableLabs created the DOCSIS License, which creates a royalty-free pool for intellectual property rights essential to practicing the DOCSIS standard. *Id.* ¶¶ 284, 286. Signatories to the DOCSIS License grant CableLabs a royalty-free license to, and right to sub-license all patent claims owned by the licensor "to the extent such patents . . . are essential

---

[3] For purposes of this Motion only, and consistent with the standard described in Rule 12(b)(6) of the Federal Rules of Civil Procedure, Entropic has assumed the truth of all well-pleaded allegations in Cox's counterclaims. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ("We must take 'all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff'"). Entropic reserves the right to dispute all factual allegations and legal conclusions recited in the counterclaims.

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

for compliance with the Specifications." *Id.* ¶ 286; DE 87-1 § 2.2. In return, CableLabs grants each signatory a royalty-free sub-license to all other DOCSIS-essential patent claims that are part of the pool. *Id.* MaxLinear is one such signatory to the DOCSIS License. *See* DE 87-1 at 1. **Cox is not.** *See* DE 87-2 (Cox is not listed as a DOCSIS IPR agreement signatory). Rather, Cox alleges that it purchases equipment from third party vendors who are signatories. DE 189-1 ¶ 289.

MaxLinear assigned the Asserted Patents to Entropic before Entropic filed suit. *See* DE 189-1 ¶¶ 300–301; *see also* DE 87-3 and 87-4 (executed assignments). Cox alleges that these assignments constituted a breach of the DOCSIS License by MaxLinear and are therefore void. *See* DE 189-1 ¶ 324, 327–29. Cox further alleges that Entropic tortiously interfered with the DOCSIS License by inducing MaxLinear to assign the patents. *See id.* ¶¶ 330–33. Entropic disputes these allegations.

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint where "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* While a court generally must accept plaintiff's factual allegations as true, it need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

IV.   <u>**ARGUMENT**</u>

    A.   **Cox fails to state a claim that Entropic tortiously interfered with the DOCSIS License.**

To state a claim for tortious interference with contract, the party asserting the claim must show: "(1) a valid contract between [the party asserting the claim] and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (applying California common law on tortious interference) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008)). Four of these elements are absent from the amended counterclaim, as described below. This is fatal because while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), 550 U.S. at 555).

        1.   **Cox is not a party to the DOCSIS License, nor has Cox plausibly alleged that it is an intended beneficiary of the DOCSIS License.**

The contract on which Cox centers its claim is the DOCSIS License. *See* DE 189-1 ¶ 332 (alleging Entropic "was aware of MaxLinear's obligations under the DOCSIS license agreements" and that Entropic induced MaxLinear to breach). But Cox is not a party to that agreement and does not have standing to enforce it. *See* DE 87-1 at 1. The DOCSIS License is between MaxLinear and CableLabs. *See id*. While the agreement does contemplate CableLabs granting sub-licenses to the other DOCSIS signatories, Cox is not one of those signatories. *See* DE 87-2 (Cox is not listed as a DOCSIS IPR agreement signatory). In other words, Cox has failed to plead

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

1    the very first element—a valid contract between it and a third party.

2          Nevertheless, Cox makes the conclusory allegation that it is an intended

3    beneficiary of the DOCSIS License. *See* DE 189-1 ¶ 288. Entropic disputes that this

4    would be sufficient to support a tortious interference claim under *Name.Space*. But

5    regardless, Cox fails to allege facts sufficient to support such a conclusion. Under

6    New York law,[4] to be a third-party beneficiary of a contract, "a claimant must

7    establish that the parties to the contract intended to confer a benefit on the third

8    party." *Debary v. Harrah's Operating Co., Inc.*, 465 F. Supp. 2d 250, 263 (S.D.N.Y.

9    2006) (citing *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d

10   Cir. 2005)). That is, the claimant must show that "recognition of a right to

11   performance in the beneficiary is appropriate to effectuate the intention of the parties

12   ***and*** either (a) the performance of the promise will satisfy an obligation of the

13   promisee to pay money to the beneficiary; or (b) the circumstances indicate that the

14   promisee intends to give the beneficiary the benefit of the promised performance."

15   *Id.* (emphasis added). "[T]he parties' intent to benefit the third party must be apparent

16   from the face of the contract." *LaSalle Bank v. Ernst & Young*, 285 AD 2d 101, 108

17   (N.Y. App. Div. 2001). "Absent clear contractual language evincing such intent, New

18   York courts have demonstrated a reluctance to interpret circumstances to construe

19   such an intent." *Id.* at 108–109.

20         Cox alleges no facts to support its contention that the parties to the DOCSIS

21   License intended to confer a specific benefit on Cox. Instead, the facts support only

22   that Cox's *suppliers* may be intended beneficiaries, for they are the ones who are

23   allegedly sub-licensed. *See* DE 189-1 ¶ 289 (alleging that Cox purchases DOCSIS-

24   compliant hardware from vendors who are DOCSIS signatories). But Cox is merely

25   a customer of those sublicensees. Cox points to nothing in the agreement, nor any

26   other alleged facts, that would plausibly show the parties to the DOCSIS License

27

28   _____
     [4] The DOCSIS License is governed by New York law. *See* DE 87-1 § 9.4.

                                         10
     **ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
     DEFENDANTS' AMENDED COUNTERCLAIMS**

intended Cox—a non-party and non-sublicensee—to receive a direct benefit.

In fact, the DOCSIS License leaves no ambiguity about who are its *intended* beneficiaries, for it imposes certain obligations on the sublicensees in order to avail themselves of any benefit under the license. *LaSalle Bank*, 285 AD 2d at 108 ("the parties' intent to benefit the third party must be apparent from the face of the contract"). Section 4 of the license requires sublicensees ████████████████████ ██████████████████████████████████████████ ███████████████████ *See* DE 87-1 §§ 4.1, 4.3. These are termed "material obligations." *See id.* § 4.3. ███████████████████████████████ ████████████████████████████████. *See id.* § 4.1 ████ ████████████████████████████████████████████ ████████████████████████████████ Cox never alleges it complies with any of these obligations. Instead, Cox asks to be treated as an intended beneficiary of the DOCSIS License, without meeting any of the obligations that are supposed to come with such treatment.

In short, Cox's allegations establish that it does not have standing to enforce any alleged breach and is at best an incidental beneficiary. *See also E. Aviation Grp., Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th 1448, 1452 (Cal. App. 2d Dist. 1992) ("A third party who is only incidentally benefitted by performance of a contract is not entitled to enforce it."). An incidental beneficiary, and a non-party, cannot maintain a claim for tortious interference, and Cox's counterclaim must be dismissed with prejudice.

### 2. Cox fails to plead that it has suffered a cognizable injury as a result of MaxLinear's alleged breach.

The only harm allegedly suffered by Cox is its defense of this lawsuit. *See* DE 189-1 ¶ 332 (accusing Entropic of "inducing MaxLinear to attempt to assign various patents for Entropic to enforce and for Entropic to seek damages"); s*ee also id.* ¶¶

318 ("MaxLinear's breach has caused Cox to be forced to defend, and incur significant costs in so defending, an action concerning DOCSIS-essential patents that are not owned or ownable by Plaintiff, and as to which the DOCSIS License Agreement bars any suit"); 333 (alleging only that "Cox has been injured in their business or property, and has suffered and will continue to suffer damages"), 340 (vaguely alleging that "MaxLinear has created additional expense and uncertainty for Cox and its business"). This is not a legally cognizable harm because, among other reasons, such conduct is covered by the litigation privilege. Cox thus fails to state a claim for this reason too.

Under California law, "[t]he bringing of a colorable claim is not actionable." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1130–31 (Cal. 1990). In the patent context, "a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). As such, Entropic is aware of no case where a claimant has stated a cognizable claim based merely on another party's filing of an action.[5] The closest analogue appears to be cases where the claimant alleges that the tortious interference *resulted from* defendant's bad-faith pursuit of litigation, or where defendant allegedly induced a third party to pursue litigation. In such cases, California courts have laid down a firm rule that the claimant "must allege that the litigation was brought without probable cause and that the litigation concluded in [claimant]'s favor." *Pacific Gas*, 50 Cal. 3d at 1137; *see also Visto Corp. v. Sproqit*

---

[5] Even if the litigation privilege did not bar Cox's claim, the claim should be dismissed because it is an improper effort by Cox to recover attorneys' fees for a tort where such fees are otherwise not recoverable. Under California law, attorneys' fees are recoverable "only when the party entitled to costs has a legal basis . . . grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." *Ford Motor Credit Co. v. Hunsberger*, 163 Cal.App.4th 1526, 1530 (2008) (quoting *Santisas v. Goodin*, 17 Cal.4th 599, 606 (1998)); *see also* Cal. Civ. Proc. Code § 1021. Cox cites to no agreement or statute entitling it to recover attorneys' fees for Entropic's alleged tortious interference, and it has therefore failed to allege any cognizable harm.

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

*Technologies, Inc.*, 360 F. Supp. 2d 1064, 1072 (N.D. Cal. 2005) ("Sproqit cannot prevail on its interference claim unless it prevails in defeating the patent infringement suit"). Applying the logic of those cases, the Court should dismiss Cox's counterclaim because the underlying infringement action is still being litigated.

Even if Cox were to ultimately succeed on its license defense, Cox still could not plausibly allege that this infringement action was brought in bad faith. Entropic's good faith belief that the Asserted Patents are not subject to the DOCSIS License is unassailable for at least two reasons. First, the Patent Purchase Agreement contains a clear representation by MaxLinear that the assigned patents are ***not*** subject to licensing commitments under the DOCSIS License. *See* Young Decl. Exhibit A § 5.7.[6] Second, is that Entropic has already received a favorable ruling on this very issue. The District Court for the Eastern District of Texas recently granted summary judgment that three of the Asserted Patents (the '008, '826, and '682 Patents) did not contain DOCSIS-essential claims. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:22-cv-00125-JRG, DE 357, at 6–9 (report and recommendation, adopted at DE 399). Even Cox, in its Amended Counterclaims, does not go so far as to allege that all eight Asserted Patents contain DOCSIS-essential claims, instead alleging only that "one or more of the Asserted Patents contain claims essential to compliance with [DOCSIS] standards."[7] DE 189-1 ¶ 268.

---

[6] MaxLinear represented that ███████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

[7] Entropic's position is that none of the Asserted Patents are subject to the DOCSIS License because none of their claims are "essential for compliance with the [DOCSIS] Specifications." *See* DE 87-1 § 1.2. Cox relies on insufficient factual allegations to support its pleading that one or more of the Asserted Patents contain essential claims. Cox makes vague statements about how certain patents relate to features that are addressed in DOCSIS and generally relies on the fact that Entropic has accused DOCSIS-compliant equipment. *See* DE 189-1 ¶¶ 304–306. Cox also notes that Entropic has described itself as a holder of "patents essential to standards." *Id.* ¶ 307. None of these facts show that any claims of the Asserted Patents are *essential for DOCSIS.*

13

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
DEFENDANTS' AMENDED COUNTERCLAIMS**

Nor can Cox point to any factual or logical support for its assertion that "[b]ut for MaxLinear's contractual breaches and Plaintiff's improper actions in inducing such breaches, this case would not have been filed." DE 189-1 ¶ 315. To the contrary, there is no impediment to MaxLinear bringing this action were it still the patent owner. MaxLinear would be fully entitled to pursue this action under the good faith belief that the Asserted Patents do not contain DOCSIS-essential claims. Entropic is doing no more. Thus, the alleged breaches make no difference whatsoever—in either event Cox must face (and pay for) infringement suits from a patent owner seeking to enforce its rights based on a good faith belief of infringement. *Mikohn Gaming*, 165 F.3d at 897. The claim therefore must be dismissed because it is not viable.

### 3. MaxLinear's assignment of the Asserted Patents is not an actual breach or disruption of the DOCSIS License.

Having already failed twice over, Cox's counterclaim fails for a *third* independent reason because Cox does not plausibly allege that MaxLinear actually breached a contractual obligation under the DOCSIS License. Cox cites three alleged breaches by MaxLinear: (a) accepting an interest in the outcome of this litigation; (b) attempting to assign the Asserted Patents free of any encumbrances; and (c) transferring patents to Entropic without ensuring Entropic would honor any royalty-free licensing obligations. DE 189-1 ¶ 324.

With respect to (a) accepting an interest in the outcome of this litigation, Cox fails to allege any provision in the DOCSIS License this conduct violates. Alleged breaches (b) and (c) are essentially the same, *i.e.* allegations that MaxLinear breached by assigning the Asserted Patents to Entropic. This is not only an implausible pleading, it is frivolous as directly contrary to the DOCSIS License, which states that a patent owner "may assign all of its rights and obligations hereunder without the consent of CableLabs." DE 87-1 § 9.6. There is no requirement that MaxLinear use any magic language when it assigns the patents and no requirement to "ensur[e] that

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

Entropic would honor MaxLinear's royalty-free licensing obligations as a purported successor-in-interest." *See* DE 189-1 ¶ 324. The specific language used in the assignment is irrelevant because the result is the same:

> It is a longstanding principle that an assignee of a patent takes the patent subject to prior licenses. Patent owners cannot transfer an interest greater than what they possess, so assignees take a patent subject to the legal encumbrances thereon. Thus, assignment results in the assignee stepping into the shoes with regard to the rights that the assignor held and not in an expansion of those rights. Assignment transfers assignor's contract rights, leaving them in full force and effect.

*Innovus Prime, LLC v. Panasonic Corp.*, No. 12-cv-660-RMW, 2013 WL 3354390, at *5 (N.D. Cal. Jul. 2, 2013) (quotes and citations omitted); *see also* DE 87-1 § 9.6 (DOCSIS License providing that "[a]ny permitted assignee shall assume all obligations of its assignor under this Agreement"). In fact, this Court has already necessarily rejected Cox's argument by ruling that these very same patents are subject to another encumbrance—directly contrary to Cox's allegation that they were somehow assigned free and clear of all encumbrances because specific language was omitted from the assignments. *See Entropic Commc'ns, LLC*, 2023 WL 9189317, at *3 (holding that a covenant-not-to-sue runs with the Asserted Patents).

Therefore, Cox cannot plausibly allege that MaxLinear breached the DOCSIS License by assigning patents "free of any encumbrances"—such a thing is a legal impossibility. Either the DOCSIS License obligations continue to run with the patents *automatically*, or the patents were never subject to the DOCSIS License in the first place. Either way, Cox cannot claim to have suffered any harm.

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

**4.** **Cox has not plausibly alleged intentional acts by Entropic designed to induce MaxLinear's breach of the DOCSIS License.**

Cox's tortious interference claim is also deficient because it fails to "indicat[e], beyond conclusory allegations, facts making it plausible that [Entropic] intended to disrupt [Cox]'s relationship with third parties." *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 960 (S.D. Cal. 2021). "To adequately plead the intentional element of a tortious interference claim, a plaintiff must allege that the defendant desired to interfere with the plaintiff's contractual arrangement or that 'the defendant knew that the interference was certain or substantially certain to occur as a result of its action.'" *Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626, 633 (C.D. Cal. 2021) (quoting *Kor Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)). The Amended Counterclaims are bereft of any such allegations. Nor is there any allegation that Cox's relationship with its suppliers has been disrupted, or that Entropic intended to disrupt those relationships.

Despite amending its counterclaims, Cox still fails to allege facts plausibly showing that Entropic knew its actions were certain, or substantially certain, to interfere with the DOCSIS License. Cox alleges, for example, that Entropic "knew of MaxLinear's contractual and public commitments to DOCSIS" and "reviewed the DOCSIS standards and the relevant DOCSIS license terms." DE 189-1 ¶ 302. But it is not enough for Entropic to have been aware of the DOCSIS License and standards. Cox would need to allege facts showing Entropic *knew or was substantially certain* that the Asserted Patents are subject to the license—and that its actions would disrupt the DOCSIS License. *Nestle USA*, 562 F. Supp. 3d at 633. Cox does not make this allegation, nor could it.

*See* Young Decl. Exhibit A § 5.7.

16

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

1   Therefore, Cox does not and cannot plausibly allege that Entropic knew the
2   assignment of the Asserted Patents was certain or substantially certain to constitute
3   a breach of the DOCSIS License. For this additional reason, Cox's claim for tortious
4   interference must fail.

5   **B.     Cox fails to allege a factual or legal basis for voiding the assignment**
6   **of the Asserted Patents.**

7   Cox asks the Court for a declaratory judgment that the assignments of the
8   Asserted Patents from MaxLinear to Entropic are void. DE 189-1 ¶¶ 327–29.
9   Specifically, Cox alleges that the assignments purport to "assign patents in a manner
10  that voided all prior encumbrances, including the obligations set forth in the DOCSIS
11  License Agreement." *Id.* at ¶ 328. This claim fails for numerous reasons. First, its
12  very premise is implausible: an assignment is not void simply because it fails to recite
13  an existing encumbrance, nor does that omission somehow wipe away a prior
14  encumbrance. "[A]n assignee takes a patent subject to the legal encumbrances
15  thereon." *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir.
16  2008). "***This occurs whether or not an assignee had notice***." *Innovus Prime, LLC
17  v. Panasonic Corp.*, No. 12-cv-660-RMW, 2013 WL 3354390, at *5 (N.D. Cal. Jul.
18  2, 2013) (emphasis added). As such, the assignee "takes title to the patent subject to
19  [existing] licenses, of which he must inform himself as best he can." *Id.* (emphasis
20  added); *see also id.* ("Assignment transfers assignor's contract rights, 'leaving them
21  in full force and effect.'") (quoting *Medtronic AVE, Inc. v. Advanced Cardiovascular
22  Sys., Inc.*, 247 F.3d 44, 60 (3d Cir. 2001)).

23  The language in section 9.6 of the DOCSIS License is consistent with this
24  principle: ████████████████████████████████████████████████████████
25  ████████████████████ DE 87-1 § 9.6. Indeed, Cox's Amended Counterclaims appear to
26  rely on other language in that section, stating that ████████████████████████████
27  ████████████████████████████     *See* DE 189-1 ¶ 293. For the reasons

28

17

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
DEFENDANTS' AMENDED COUNTERCLAIMS**

above, however, it is unclear how the assignment from MaxLinear to Entropic could violate section 9.6 at all.[8]

Thus, Cox fails to allege any legal basis for voiding the patent assignments. Either the DOCSIS License obligations continue to run with the patents, or the patents were never subject to the DOCSIS License in the first place, *i.e.* because they do not contain DOCSIS-essential claims. In either event, the transfer is not voidable on that basis. Therefore, the Court should dismiss Cox's declaratory judgment counterclaim because it fails to state a plausible claim for relief.

## V.    CONCLUSION

For the foregoing reasons, Entropic respectfully requests that this Court dismiss Cox's Amended Counterclaims that Entropic tortiously interfered with the DOCSIS License (Count III) and that the patent assignments from MaxLinear to Entropic are void (Count II), with prejudice.

Dated: February 6, 2024

**K&L GATES LLP**

By: */s/ Cassidy T. Young*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin

---

[8] If anything, Section 9.6 actually restricts the ability of *CableL* ▮▮▮▮▮▮▮▮▮▮

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX
DEFENDANTS' AMENDED COUNTERCLAIMS**

4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

1

## CERTIFICATE OF COMPLIANCE

2      The undersigned, counsel of record for Plaintiff Entropic Communications,

3   LCC, certifies that this brief contains 4,278 words, which complies with the word

4   limit of L.R. 11-6.1.

5

6   Dated: February 6, 2024

**K&L GATES LLP**

7   By: */s/ Cassidy T. Young*

Christina Goodrich (SBN 261722)

8   Cassidy T. Young (SBN 342891)
K&L Gates, LLP
10100 Santa Monica Boulevard,

9   8th Floor
Los Angeles, CA 90067

10   Telephone: (310) 552-5000
Fax: (310) 552-5001

11   christina.goodrich@klgates.com
cassidy.young@klgates.com

12

13   James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300

14   Chicago, Illinois 60602
Telephone: (312) 807-4299

15   Fax: (312) 827-8000
jim.shimota@klgates.com

16   Peter E. Soskin

17   4 Embarcadero Center, Ste 1200
San Francisco, CA 94111

18   Telephone: (415) 882-8220
peter.soskin@klgates.com

19   ***Attorneys for Plaintiff, Entropic***

20   ***Communications, LLC***

21

22

23

24

25

26

27

28

20

**ENTROPIC'S NOTICE OF MOTION AND MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**