KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*pro hac vice*)
cdabbiere@kilpatricktownsend.com
Andrew N. Saul
asaul@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants Cox Communications, Inc.; CoxCom, LLC; and Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | Case No. 2:23-cv-1049-JWH-KES<br><br>**COX DEFENDANTS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ENTROPIC COMMUNICATIONS, LLC'S MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)** |

| | |
|---|---|
| 1 | COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC, |
| 2 | |
| 3 | Counter-Claimants, |
| 4 | v. |
| 5 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC. |
| 6 | |
| 7 | |
| 8 | Counter-Defendants |

## I. INTRODUCTION

Defendants and Counterclaim-Plaintiffs Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox") hereby oppose the Request for Judicial Notice in Support of Entropic Communications, LLC's Motion to Dismiss Cox Defendants' Amended Counterclaims Pursuant to Rule 12(b)(6) ("RJN") (DE 229). Cox opposes Entropic's RJN because Entropic (1) improperly seeks judicial notice of exhibits for the truth of the matters asserted; and (2) improperly asks the Court to rely on two summary judgment orders by a different district court, at a different stage in the case, and involving different parties, which are not referenced in any of the pleadings, involve disputed facts, and simply do not satisfy the standard for judicial notice.

For these reasons, the Court should deny the RJN with respect to Exhibits A and B.

## II. ARGUMENT

Judicial notice should only be taken of facts "not subject to reasonable dispute" in that they are either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "However, 'courts generally cannot take notice of findings of fact from other proceedings for the truth [of the matter] asserted therein because these findings are disputable and usually are disputed.'" *Shapiro v. Hasbro, Inc.*, No. CV1502964BROAJWX, 2015 WL 13357442, at *3 (C.D. Cal. Sept. 24, 2015), *aff'd*, 653 F. App'x 568 (9th Cir. 2016) (citation omitted).

Entropic asks the Court to take judicial notice of (1) Magistrate Judge Payne's report and recommendation regarding Entropic's motion for summary judgement of no license defense based on DOCSIS (Exhibit A); and (2) Judge Gilstrap's Order adopting Judge Payne's report and recommendation (Exhibit B). More specifically, however, Entropic "asks the Court to take notice of the fact that the District Court for

COX'S OPPOSITION TO RJN IN SUPPORT OF ENTROPIC'S MOTION TO DISMISS COX'S AMENDED COUNTERCLAIMS
CASE NO. 2:23-CV-1049-JWH-KES

3

the Eastern District of Texas recently issued an order granting summary judgement that three of the patents asserted in this case (U.S. Patent Nos. 8,792,008, 9,825,826, and 10,135,682) are not subject to the DOCSIS License." (DE 229 at 2.).

Entropic's RJN is improper on its face as it asks the Court to take judicial notice of the "truth of the facts recited" in Exhibits A and B. Specifically, Entropic seeks to rely on Exhibits A and B to argue the Asserted Patents are not DOCSIS essential. (DE 228-1 at 14.). This attempt to seek judicial notice for the truth of the matter asserted on a Rule 12(b)(6) motion to dismiss is clearly improper. *E.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Tripharma, LLC v. First Fruits Bus. Ministry LLC*, No. 821CV01806JVSJDEX, 2023 WL 2695476, at *1 (C.D. Cal. Feb. 15, 2023); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) ("Of course, the Court takes judicial notice only of the fact that Exhibits B–J were filed and of their contents; '[t]he truth of the content, and the inferences properly drawn from them ... is not a proper subject of judicial notice under Rule 201.'") (citation omitted). For this reason alone, Entropic's RJN should be denied.

In addition, Entropic's RJN improperly asks the Court to consider material beyond the pleadings for its Rule 12(b)(6) motion without demonstrating that material meets the standard for judicial notice. Entropic cannot make this showing.

In general, a district court may not consider material beyond the pleadings when evaluating a Rule 12(b)(6) motion without treating it as a motion for summary judgment, with two exceptions. *See* Fed. R. Civ. P. 12(b)(6); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting it into a motion for summary judgment. *Lee v. City of Los Angeles*, 250

1  F.3d 668, 688–89 (9th Cir. 2001). Second, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." *Id.* at 688–89; *see* Fed. R. Evid. 201(b).

Neither exception applies here. First, Exhibits A and B, and the purported facts therein, were not submitted with Cox's pleading or even referenced in Cox's pleading. Second, the factual findings in the Eastern District of Texas court's rulings regarding the essentiality of the Asserted Patents are disputed. Indeed, the rulings are based upon a different record, disputed facts, and arguments that are inappropriate here when deciding the sufficiency of the pleadings. Thus, Entropic's request for judicial notice of Exhibits A and B is improper and should be rejected. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records").

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Entropic's RJN with respect to Exhibits A and B submitted with tis Motion.

COX'S OPPOSITION TO RJN IN SUPPORT OF ENTROPIC'S MOTION TO DISMISS COX'S AMENDED COUNTERCLAIMS
CASE NO. 2:23-CV-1049-JWH-KES

5

Dated: March 1, 2024

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Courtney S. Dabbiere
cdabbiere@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants
Cox Communications, Inc.;
CoxCom, LLC; and Cox Communications
California, LLC*

COX'S OPPOSITION TO RJN IN SUPPORT OF ENTROPIC'S MOTION TO DISMISS COX'S AMENDED COUNTERCLAIMS
CASE NO. 2:23-CV-1049-JWH-KES

6