DAVID M. KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK CORPORATION, et al.,<br>    Defendants.<br>_____<br><br>ENTROPIC COMMUNICATIONS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC., et al.,<br>    Defendants. | Case No. 2:23-cv-01043-JWH-KES<br>   LEAD CASE<br>Case No. 2:23-cv-01049-JWH-KES<br>   LEAD CASE<br><br>Hon. John W. Holcomb<br>Special Master David M. Keyzer<br><br>**SPECIAL MASTER REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY THE COURT ON JANUARY 10, 2024** |

SPECIAL MASTER R&R ON MOTIONS REFERRED BY THE COURT ON JANUARY 10, 2024 - 1

1       Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as
2  Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043 ("-1043"),
3  Dkt. 74; Civil Action No. 2:23-cv-1049 ("-1049"), Dkt. 62), and the Court's January 10,
4  2024 Order Referring Motions to Special Master (Civil Action No. 2:23-cv-1043, Dkts.
5  273, 347; Civil Action No. 2:23-cv-1049, Dkts. 191, 244), the Special Master herein
6  addresses the below-identified motions involving Plaintiff Entropic Communications,
7  LLC ("Plaintiff" or "Entropic"), Defendants Comcast Corporation, Comcast Cable
8  Communications, LLC, and Comcast Cable Communications Management, LLC
9  (collectively, "Comcast" or the "Comcast Defendants"), and Defendants Cox
10 Communications, Inc., CoxCom LLC, and Cox Communications California, LLC
11 (collectively, "Cox" or the "Cox Defendants").
12      As background, the Special Master notes the Court entered an Order on November
13 20, 2023 (-1043, Dkt. 175), ruling on a motion to dismiss filed by Comcast, and Entropic
14 filed Second Amended Complaints ("SACs") in December 2023.  Entropic filed a motion
15 for reconsideration of the November 20, 2023 Order, which the Court denied (-1043, Dkt.
16 275, Jan. 12, 2024 Order), and the Comcast Defendants filed a motion to dismiss the
17 SACs, which the Court denied without prejudice.  (-1043, Dkt. 347.)
18      Now before the Special Master upon explicit referral by the Court are the
19 following:
20

    Entropic's Motion to Amend and Supplement Complaint, and Amend Infringement Contentions[, as to the Cox Defendants] (-1049, Dkt. 114), and the Cox Defendant's opposition (-1049, Dkt. 167);

    Entropic's Motion to Amend the First Amended Complaint Against Comcast Corp. (-1049, Dkt. 115) (and amendment thereto (-1049, Dkt. 143)) [as to the Comcast Defendants];

    Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1049, Dkt. 131); and

    Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1043, Dkt. 193).

Comcast filed notices of non-opposition (-1043, Dkt. 353; -1049, Dkt. 165, 248) as to all of the motions now before the Special Master that pertain to Comcast, as noted below.

As to the remaining disputed motion, which involves only the Cox Defendants, the Special Master held a hearing on February 28, 2024. (-1043, Dkt. 377-1, Special Master Minutes; -1049, Dkt. 258-1, Special Master Minutes).

### I. Entropic's Motion for Leave to Amend and Supplement Complaint, and Amend Infringement Contentions[, as to the Cox Defendants] (-1049, Dkt. 114)

Plaintiff seeks leave to amend its pleading against Comcast in the -1049 case so as to allege infringement of U.S. Patent No. 9,866,438 (the "'438 Patent") and U.S. Patent No. 11,785,275 (the "'275 Patent"). Plaintiff also seeks leave to amend its infringement contentions so as to assert the '438 Patent and the '275 Patent.

**A. Entropic's Request for Leave to Supplement to Add U.S. Patent No. 11,785,275**

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "[Rule 15(d)] circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015) (citation and internal quotation marks omitted).

Entropic submits that the '275 Patent is related to one or more patents that are already asserted in the present case, and Cox does not contend otherwise. Entropic argues:

> Good cause exists to grant Entropic leave to amend the '275 Patent because (1) the '275 Patent could not have been included in Entropic's original complaint since it only just issued on October 10, 2023; (2) there is no evidence of bad faith or dilatory motive on the part of Entropic; (3) there have not been any prior amendments to the complaint; (4) Cox will not be unduly prejudiced by allowing the amendment since there is room in the schedule for contentions to be exchanged prior to the start of the claim construction process and the '275 Patent has similar functionality to the patents already asserted in this action and will therefore raise the same issues (and, in fact, Entropic has already served its infringement contentions as to this patent on Cox so as to give it ample time to respond); and (5) amendment would not be futile since the claims in these patents are meritorious.

(-1049, Dkt. 114 at 1–2.)

1   Entropic submits that "once Entropic discovered a basis for asserting the '438
2   Patent against Cox, it decided to wait until the '275 Patent issued [on October 10, 2023,]
3   so that it could request leave to assert both patents in a single motion."  (-1049, Dkt. 114
4   at 4.)
5   Cox responds that although the '275 Patent did not issue until October 10, 2023,
6   the allowed claims must have been known to Entropic at the time the United States Patent
7   and Trademark Office allowed those claims by issuing a Notice of Allowance on
8   August 28, 2023.  (*Id.* at 13.)
9   Entropic replies that this case is at an early stage and that bringing a separate action
10  for the related patents would be inefficient.  (-1049, Dkt. 177 at 5 & 14–15.)  Entropic
11  also argues that "Cox identifies no legal authority requiring notice of potential new patent
12  claims before the patent has issued."  (*Id.* at 11.)
13  At the February 28, 2024 hearing, Cox argued that the present litigation is already
14  complex and that allowing Entropic's proposed amendment would be an increase from
15  eight asserted patents and 52 claims to ten asserted patents and 70 claims.  Cox urged that
16  a trial on all ten patents would be impractical and that Entropic should therefore assert the
17  additional patents in a separate action.
18  Any issue of whether the total number of asserted patents and patent claims would
19  be impractical to present in a single trial is an issue for consideration by the District
20

1  Judge, not the Special Master, when the District Judge determines how to conduct one or
2  more trials in the above-captioned cases.
3         Also, Cox argues that Entropic is seeking to gain a tactical advantage by seeking to
4  assert a large number of patents and then, Cox suggests, Entropic will likely drop several
5  patents shortly before trial, after Cox has already expended substantial resources
6  litigating them.  Cox submits that Entropic did this in the recent Charter Litigation.  *See*
7  *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, Dkt. No.
8  373 (E.D. Tex. Dec. 6, 2023).  Entropic disputes Cox's characterization of the Charter
9  Litigation, but in any event Cox's concern is speculative, and while any concerns
10 regarding litigation tactics might ultimately relate to issues such as whether the case is
11 exceptional under 35 U.S.C. § 285, any such issue would presumably be for the District
12 Judge, not the Special Master.  At least at the present stage, the permissive standards of
13 Rule 15 compel rejecting Cox's argument concerning purported litigation tactics.
14         Further, Cox's argument that adding patents will increase Cox's litigation costs is
15 not cognizable as prejudice, particularly when considering that Cox would likely
16 ultimately face the same or greater costs if Entropic asserted additional patents in a new
17 separate action.  *See SanDisk Corp. v. STMicroelectronics Inc.*, No. C 04-4379 JF (RS),
18 2009 WL 1404689, at *3 (N.D. Cal. May 19, 2009) ("even if the Court were to deny
19 [Plaintiff's] motion for leave to amend, [Plaintiff] still could bring a separate action
20 against [Defendant] based on the [additional] patents, requiring [Defendant] to expend

1  additional time and effort to defend itself"); *see also IXYS Corp v. Advanced Power*

2  *Tech., Inc.*, No. C 02–03942 MHP, 2004 WL 135861, at *2–*3 (N.D. Cal. Jan. 22, 2004).

3  　　　Finally, Cox argued at the February 28, 2024 hearing that the work necessary for

4  discovery and claim construction would need to be expedited if Entropic is allowed to

5  assert additional patents, but claim construction proceedings have only recently begun

6  (for example, proposed constructions are due on March 15, 2024), no trial or discovery

7  deadline has yet been set, and the first claim construction hearing is still four months

8  away on July 16, 2024.  (-1049, Dkt. 75, Aug. 21, 2023 Order Granting Stipulation

9  Setting Claim Construction Schedule.)  Any prejudice to Cox in this regard does not

10 outweigh Rule 15(d)'s interest in efficiency.

11 　　　On balance, Cox does not show any unfair prejudice, and particularly when

12 considering that Entropic intends to assert the '275 Patent against the same accused

13 products that are already at issue in the present case, Entropic persuasively argues that

14 denying Entropic's motion would lead to "needless formality and expense of instituting a

15 new action."  *Northstar*, 779 F.3d at 1044; *see SanDisk*, 2009 WL 1404689, at *3 (noting

16 that the proposed amended complaint would assert all of the patents against "essentially

17 the same . . . products").

18 　　　Entropic's request for leave to supplement to add United States Patent No.

19 11,785,275 should therefore be GRANTED.

20

**B. Entropic's Request for Leave to Amend to Add U.S. Patent No. 9,866,438**

Plaintiff argues:

> Good cause exists to grant Entropic leave to amend to assert the '438 Patent because (1) Entropic learned only recently that it had a good faith basis to assert this patent against Cox and did not unreasonably delay in seeking to amend; (2) there is no evidence of bad faith or dilatory motive on the part of Entropic; (3) there have not been any prior amendments to the complaint; (4) Cox will not be unduly prejudiced by allowing the amendment since there is room in the schedule for contentions to be exchanged prior to the start of the claim construction process (and, in fact, Entropic has already served its infringement contentions as to this patent on Cox so as to give it ample time to respond); and (5) amendment would not be futile since the claims in these patents are meritorious.

(-1049, Dkt. 114 at 1–2.)

Entropic submits that "Entropic first learned that it had a basis to assert the '438 Patent on September 11, 2023, when it discovered that public documents believed to describe the operation of Cox's cable modem termination system specifically described how Cox's cable modem termination system determines a plurality of SNR-related metrics for each of its cable modems." (*Id.* at 3.)

Cox responds that Entropic's motion is the result of undue delay, was brought in bad faith, is unduly prejudicial, and is futile. (-1049, Dkt. 167 at 1.) Cox argues that Entropic has not been diligent because the '438 Patent issued on January 9, 2018, and could have been asserted in Entropic's original complaint filed on February 10, 2023. (*Id.* at 10.) Cox also argues that "Entropic's decision to wait to assert the '438 Patent so it could request leave to add two patents, instead of one, is not the kind of excuse that

1  justifies granting leave to amend after delay, particularly in this case." (*Id.* at 11.)
2  Further, Cox argues that "[t]he absence of a satisfactory explanation for delay as well as
3  the fact that Entropic is requesting to amend to add duplicative claims suggests
4  Entropic's amendment is being sought in bad faith." (*Id.* at 11.)  Finally, Cox argues that
5  "[b]ecause Entropic's infringement contentions for the '438 Patent and '275 Patent suffer
6  from at least the same defects found by the Special Master [in SM-8], Entropic's
7  allegations do not plausibly state claims for infringement, making its proposed
8  amendment futile." (*Id.* at 22.)

9      Entropic replies that this case is at an early stage, that bringing a separate action for
10 these two related patents would be inefficient, that Entropic acted promptly upon
11 discovering its good faith basis to assert the new patents, and that the Special Master
12 requiring amendments to Entropic's infringement contentions presents no basis for
13 finding futility.  (-1049, Dkt. 177 at 5 & 14–15.)

14     Rule 15(a)(2) places leave to amend "within the sound discretion of the trial court.
15 In exercising this discretion, a court must be guided by the underlying purpose of Rule 15
16 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United*
17 *States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981) (citation omitted).  "Accordingly,
18 Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme
19 liberality.'" *Id.* (citation omitted).
20

"In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Id.*  However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.  'Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.' . . . 'The mere fact that an amendment is offered late in the case is . . . not enough to bar it.'" *Id.* (citations omitted).

Entropic submits that the '438 Patent is related to one or more patents that are already asserted in the present case, and Cox does not contend otherwise.

For essentially the same reasons discussed above regarding the '275 Patent, any additional burden on Cox does not outweigh the efficiency interest in applying Rule 15 with "extreme liberality."  *Webb*, 655 F.2d at 979–80.  Also, Cox's suggestion that Entropic is merely seeking to increase Cox's costs before later dropping patents shortly before trial is speculative, and Cox makes no persuasive showing of bad faith.  As to futility, Cox argues that "Entropic's infringement contentions for the '438 Patent and '275 Patent suffer from at least the same defects found by the Special Master" in SM-8 (Dkt. 167 at 22), but at the February 28, 2024 hearing Entropic expressed its intent to

1  amend its infringement contentions as to the '438 Patent and the '275 Patent so as to

2  address any applicable deficiencies found by SM-8 as to other infringement contentions.

3        The remaining issue is whether Entropic unreasonably delayed in seeking leave to

4  amend.

5        Entropic submits that it did not determine until September 11, 2024, that it had a

6  good faith basis to assert the '438 Patent.  (Dkt. 114 at 3.)  Although Entropic submits

7  that the development of this good faith basis was based on "public documents" (*id.*), the

8  Special Master accepts Entropic's representation at the February 28, 2024 hearing that

9  Entropic's understanding of the accused instrumentalities has evolved over time.

10 Entropic also submits that it waited until after the '275 Patent issued so that Entropic

11 could file one motion for leave instead of two.  (*Id.* at 4.)

12       Entropic's decision to wait from September 11, 2023, until after the '275 Patent

13 issued on October 10, 2023, was not unreasonable and in the context of this litigation was

14 not a lengthy delay.  Entropic's delay of a matter of weeks between the issuance of the

15 '275 Patent on October 10, 2023, and filing its motions for leave on November 13, 2024,

16 was likewise not unreasonable.  *See, e.g., Ziptronix, Inc. v. Omnivision Techs., Inc.*, No.

17 No. C 10–05525 SBA, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012) (concluding no

18 undue delay where plaintiff sought leave to add new patents two weeks after last of three

19 patents issued).  Finally, Cox has not made any persuasive showing of prejudice or bad

20

faith, and "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Entropic's request for leave to amend to add United States Patent No. 9,866,438 should therefore be GRANTED.

## C. Entropic's Infringement Contentions

Entropic served infringement contentions on Cox regarding the '438 Patent and the '275 Patent on November 3, 2023, to give Cox notice of Entropic's infringement theories and thereby mitigate any potential prejudice that might arise from adding those patents to the present litigation. Entropic's requests to assert and amend those contentions present essentially the same dispute as discussed above regarding Entropic's request to amend its pleading to add those patents. For the same reasons, Entropic's request to assert and amend its infringement contentions should be granted, and Entropic also should, as discussed during the February 28, 2024 hearing, meet and confer with Cox to address any issues that are analogous to the deficiencies identified in SM-8 (the Special Master entered SM-8 on December 21, 2023 (Dkt. 152-1), after Entropic served its infringement contentions as to the '438 Patent and '275 Patent on November 3, 2023).

Entropic's motion as to its infringement contentions as to the '438 Patent and '275 Patent should be GRANTED and, further, Entropic and Cox should be ORDERED to meet and confer to address any issues that are analogous to the deficiencies identified in SM-8.

**II.  Entropic's Motion to Amend the First Amended Complaint Against Comcast Corp. (-1049, Dkt. 115) (and Amendment Thereto (-1049, Dkt. 143)) [as to the Comcast Defendants] (-1049, Dkt. 115)**

Entropic presents the same arguments as to Comcast as discussed above as to Cox for why Entropic believes leave should be granted for Entropic to add the '438 Patent and the '275 Patent to its pleading as to Comcast.

Comcast filed a Notice of Non-Opposition.  (-1049, Dkt. 165.)

Entropic's motion (-1049, Dkt. 115) should therefore be **GRANTED**.

**III.  Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1049, Dkt. 131)**

Entropic moves for leave to supplement its SACs to include post-filing allegations of willfulness.

Comcast filed a substantive opposition to Entropic's motion (-1049, Dkt. 136), but more recently Comcast filed a Notice of Non-Opposition (-1049, Dkt. 248).

Entropic's motion (-1049, Dkt. 131) should therefore be **GRANTED**.

**IV.  Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1043, Dkt. 193)**

Entropic moves for leave to supplement its SACs to include post-filing allegations of willfulness.

Comcast filed a substantive opposition to Entropic's motion (-1043, Dkt. 201), but more recently Comcast filed a Notice of Non-Opposition (-1043, Dkt. 353).

Entropic's motion (-1043, Dkt. 193) should therefore be **GRANTED**.

## V. RECOMMENDED DISPOSITIONS

The Special Master hereby RECOMMENDS:

Entropic's Motion to Amend Complaint [as to the Cox Defendants] (-1049, Dkt. 114) should be **GRANTED**, and Entropic and Cox should be **ORDERED** to meet and confer—within 21 days of resolution of any objections to this portion of this Report and Recommendation or, if no such objections are filed, within 21 days of this Report and Recommendation—to address any issues that are analogous to the deficiencies identified in SM-8, and Entropic should amend its infringement contentions as to the '438 Patent and '275 Patent within 14 days after that meet-and-confer;

Entropic's Motion to Amend the First Amended Complaint Against Comcast Corp. (-1049, Dkt. 115) and amendment thereto (-1049, Dkt. 143) should be **GRANTED**;

Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1049, Dkt. 131) should be **GRANTED**; and

Entropic's Motion to Supplement the Second Amended Complaint [as to the Comcast Defendants] (-1043, Dkt. 193) should be **GRANTED**.

Any objections to the findings, conclusions, and recommendations contained in this report should be filed within the time period set forth by the Court. (*See* -1043, Dkt. 74 at 4 ¶ 8.) Failure to do so could preclude consideration of objections or may affect the standard of review applied by the District Judge or other appellate tribunal.

Dated: March 6, 2024            By: _____
                                    David M. Keyzer
                                    Special Master