Christina N. Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Cassidy T. Young (SBN 342891)
Cassidy.young@klgates.com
K&L Gates LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

[*Additional counsel on signature page*]

**Attorneys for Plaintiff Entropic Communications, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01049-JWH-KES (Lead Case)<br><br>Case No. 2:23-cv-01050-JWH-KES (Related Case)<br><br>[Assigned to the Honorable John W. Holcomb]<br><br>**ENTROPIC COMMUNICATIONS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)**<br><br><u>**REFERRED TO SPECIAL MASTER**</u><br><br><u>**Previously-set hearing, now vacated**</u><br>Hearing Date:　　March 29, 2024<br>Hearing Time:　　9:00 a.m.<br>Courtroom:　　　9D |
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMCAST CORPORATION, *et al.*,<br><br>　　　　　Defendants. | |

**ENTROPIC'S REPLY IN SUPPORT OF MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

## I. INTRODUCTION

Cox's opposition does nothing to address two independently fatal defects in its Counterclaims. Because Cox's failure to defend these points makes Entropic's and the Court's jobs easier, Entropic will focus there.

*First*, there is no such thing as an ***attempted*** breach of contract, nor any tort based upon such a concept. Cox alleges that Entropic and MaxLinear ***tried*** to "strip out" the DOCSIS License encumbrances from the Asserted Patents. But Cox does not plead or argue that those encumbrances actually ***were*** eliminated. Those encumbrances would run with the patents automatically—if the patents meet the conditions of the DOCSIS License (including that they are essential to the DOCSIS standard), they are subject to the license in Entropic's hands just as much as MaxLinear's. Both parties agree. Without an actual breach, Cox's tortious interference claim fails as a matter of law because the required element of an underlying contractual breach is absent. *See Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015).

*Second*, in order for Cox to plead a viable claim for tortious interference, it must ***plausibly*** allege that Entropic knew that the Asserted Patents were essential to DOCSIS. A required element of tortious interference is knowledge that the interference was certain or substantially certain to occur. *Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626, 633 (C.D. Cal. 2021). But if Entropic did not know there was an applicable contract, it could not have known it was interfering with any contractual rights. In turn, the DOCSIS License is applicable only if the Asserted Patents are covered by the License. The only patents implicated by the DOCSIS License are those essential to the DOCSIS standard. No essentiality = no license = no conceivable belief in interference with the non-existent license. On this crucial point, Cox offers only generic allegations that "one or more" of the Asserted Patents "*may be*" DOCSIS-essential, and not even that Entropic knew this to be the

case. This is woefully insufficient, particularly where the only Court to have addressed this issue, the Eastern District of Texas, determined that essentiality under the DOCSIS License requires a limitation-by-limitation showing for at least one claim of each patent—which Cox does not even attempt. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:22-cv-00125-JRG, DE 357, at 4 (report and recommendation, adopted at DE 399). At worst, even if Cox ultimately prevails in proving that any of the Asserted Patents are DOCSIS-essential, this would simply be a case of the patent owner misconceiving the scope of its rights, which cannot give rise to a claim. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are").

Each deficiency merits dismissal Cox's tortious interference Counterclaim.

## II.     ARGUMENT

### A.     Cox seeks to hold Entropic liable based upon an *attempted* breach of contract, which is not a legally cognizable claim.

Cox's tortious interference claim hinges on an actual breach of contract. Cox's only theory of breach is that Entropic and MaxLinear *tried* to "strip out" any DOCSIS License encumbrances from the Asserted Patents. *See* DE 270 ("Opp. Br.") at 26–28. In Cox's version of events, Entropic and MaxLinear knew that the Asserted Patents were subject to the DOCSIS License, so they arranged for MaxLinear to transfer the patents to Entropic purportedly "free of any encumbrances." *See id.* at 12–14. As explained in Entropic's Motion (DE 228-1), Cox's story is a fabrication. Regardless, it does not state a claim because attempted breach is not grounds for a claim of tortious interference with contract.

The Asserted Patents are not cleansed of any DOCSIS License encumbrance—*if* it existed. Such laundering is not possible by operation of law.

3
**ENTROPIC'S REPLY IN SUPPORT OF MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

*See Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008) (explaining that agreements involving the actual use of the patent "run with the patent" and are binding on subsequent owners); *Innovus Prime, LLC v. Panasonic Corp.*, No. 12-cv-660-RMW, 2013 WL 3354390, at *5 (N.D. Cal. Jul. 2, 2013) (explaining that *Datatreasury* applies "whether or not an assignee had notice" and that "[a]ssignment transfers assignor's contract rights, leaving them in full force and effect") (internal quotes omitted). Cox does not seem to disagree.

The fatal flaw is that as a result, Cox does not allege an actual breach. There is no such thing as "attempted breach of a contract." *See generally First Nat. Bank v. Continental Illinois Nat. Bank*, 933 F.2d 466, 469 (7th Cir. 1991) (finding no injury where defendant attempted unsuccessfully to breach the contract). Certainly, there is no claim for tortious interference with contract without an actual breach. *See Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015). Having failed to plead an actual breach of contract, Cox's tortious interference claim fails as a matter of law.

**B.  The Pleadings do not allege that the Asserted Patents are all DOCSIS-essential, let alone that Entropic *knew* this to be the case.**

The second fatal flaw in Cox's Counterclaims is a lack of plausible allegations that Entropic ***knew*** it was interfering with an actual contractual obligation. Cox must plead Entropic "knew that the interference [with the DOCSIS License] was certain or substantially certain to occur as a result of its action." *Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626, 633 (C.D. Cal. 2021). But Entropic could not know it would interfere with the DOCSIS License unless Entropic knew the DOCSIS License ***applied***. The DOCSIS License applies only to patent claims "which are essential for compliance with the [DOCSIS] Specifications." *See* DE 87-1 § 2.3. Thus, any plausible claim of tortious

interference must allege that the Asserted Patents are essential to the DOCSIS Standard and Entropic was aware of the same. Cox pled neither fact.

In Opposition briefing, Cox tries to sidestep the defect in its pleadings with the false assertion that "Plaintiff's Complaint alleges the asserted patents are DOCSIS essential." *See* Opp. Br. at 23; *see also* pp. 24–25 ("Plaintiff filed this lawsuit to assert patents it pleads are DOCSIS essential"); 28 ("Plaintiff's complaint, and Plaintiff's infringement contentions allege the asserted patents include DOCSIS-essential claims"). First, this is completely irrelevant to the operative question—did Entropic know *at the time* of the negotiations to acquire the Asserted Patents that those patents were essential and thus subject to the DOCSIS License? There is no pleading regarding this crucial fact.

Second, Cox's attorney argument is flatly false. Cox's only support for these statements is that Entropic cited portions of various DOCSIS standards—among copious other evidence—in its claim charts. But Entropic merely cited DOCSIS as evidence for *some*—but not all—elements in its claim charts for certain patents. This is not enough. To be essential to a standard, the standard must meet *each and every* element of a claim. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) (explaining essentiality "is more akin to an infringement analysis (comparing claim elements to an accused product) than to a claim construction analysis (focusing, to a large degree, on intrinsic evidence and saying what the claims mean)"). Cox points to no claim chart where each and every element is met by the DOCSIS standard, because there are none.

Entropic has never alleged anywhere that any of the Asserted Patents are DOCSIS-essential. To the contrary, Entropic has unambiguously taken the position in its Pleadings, in its infringement contentions, and in the briefing for this Motion that *none* of the Asserted Patents contain DOCSIS-essential claims. Entropic even

5
**ENTROPIC'S REPLY IN SUPPORT OF MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS**

took that same position in prior litigation (against Charter Communications) before the Eastern District of Texas, where every patent asserted in that case is also asserted here. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:22-cv-00125-JRG, DE 357.

Cox cannot plead that Entropic knew the Asserted Patents were DOCSIS-essential because Cox does not plausibly allege the predicate fact—that the Asserted Patents are DOCSIS-essential. At best Cox generically alleges that "one or more of the Asserted Patents are essential to compliance with the DOCSIS specifications" (Countercl. ¶ 304)—failing to identify any such patent. Cox likewise never pleads all elements of any patent claim are required, only that certain claim elements are described in the standard. *See* Countercl. ¶ 305. From this Cox concludes that certain patents "plausibly *may* contain one or more claims that are essential to DOCSIS." Countercl. ¶ 306 (emphasis added). Even in its opposition papers, Cox continues to dodge the issue by repeating this carefully-crafted phraseology: "one or more of [the] asserted patents reasonably may contain patent claims essential to DOCSIS." *See* Opp. Br. at 13. Where Cox itself refuses to plead essentiality, there cannot be a plausible allegation that Entropic knew any patent was essential.

Stripped of Cox's rhetoric, Cox has pled no plausible allegation of tortious interference because it refuses to plead that the DOCSIS agreement applied to any of the Asserted Patents on account of the patents being DOCSIS-essential. Nor does Cox plead the next—and necessary—link: that Entropic *knew* at the time that the Asserted Patents were essential and thus its acquisition of the patents was certain or substantially certain to cause breach of the DOCSIS License. *See Nestle USA, Inc. v. Best Foods LLC*, 562 F. Supp. 3d 626, 633 (C.D. Cal. 2021). Cox's tortious interference claim therefore fails.

## III. CONCLUSION

For the foregoing reasons, Entropic respectfully requests that this Court dismiss Cox's Amended Counterclaims that Entropic tortiously interfered with the DOCSIS License (Count III) and that the patent assignments from MaxLinear to Entropic are void (Count II), with prejudice.

Dated: March 15, 2024

**K&L GATES LLP**

By: */s/ Rachel Berman*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
Rachel Berman (SBN 352237)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com
rachel.berman@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***

7
ENTROPIC'S REPLY IN SUPPORT OF MOTION TO DISMISS COX DEFENDANTS' AMENDED COUNTERCLAIMS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Entropic Communications, LCC, certifies that this brief contains 1,644 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 15, 2024

**K&L GATES LLP**

By: */s/ Rachel Berman*
Christina Goodrich (SBN 261722)
Cassidy T. Young (SBN 342891)
Rachel Berman (SBN 352237)
K&L Gates, LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001
christina.goodrich@klgates.com
cassidy.young@klgates.com
rachel.berman@klgates.com

James A. Shimota (*pro hac vice*)
70 W. Madison Street, Ste 3300
Chicago, Illinois 60602
Telephone: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com

Peter E. Soskin
4 Embarcadero Center, Ste 1200
San Francisco, CA 94111
Telephone: (415) 882-8220
peter.soskin@klgates.com

***Attorneys for Plaintiff, Entropic Communications, LLC***