DAVID M. KEYZER (SB# 248585)
david@keyzerlaw.com
LAW OFFICE OF DAVID KEYZER, P.C.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762
Telephone: (916) 243-5259
Facsimile: (916) 404-0436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK CORPORATION, et al.,<br>    Defendants.<br>_____<br><br>ENTROPIC COMMUNICATIONS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC., et al.,<br>    Defendants. | Case No. 2:23-cv-01043-JWH-KES<br>   LEAD CASE<br>Case No. 2:23-cv-01049-JWH-KES<br>   LEAD CASE<br><br>Hon. John W. Holcomb<br>Special Master David M. Keyzer<br><br>**SPECIAL MASTER ORDER**<br>**No. SM-17 AND**<br>**SPECIAL MASTER MINUTES** |

## I. BACKGROUND

Pursuant to the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043, Dkt. 74; Civil Action No. 2:23-cv-1049, Dkt. 62) ("Appointment Order"), and further pursuant to the Court's grant of consolidations (Civil Action No. 2:23-cv-1043, Dkt. 129, Oct. 13, 2023 Order; Civil Action No. 2:23-cv-1049, Dkt. 95, Oct. 16, 2023 Order) and the discovery dispute resolution procedure agreed upon by the parties and adopted by the Special Master (Civil Action No. 2:23-cv-1043, Dkt. 85-1, Aug. 4, 2023 Special Master Order No. SM-2), the Special Master held a discovery hearing on November 3, 2023, and ruled on discovery motions, including granting Plaintiff Entropic Communications, LLC's ("Entropic's") motion to compel production of documents by Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, the "Comcast Defendants" or simply "Comcast"). (Civil Action No. 2:23-cv-1043, Dkt. 174-1, Nov. 14, 2023 Special Master Order No. SM-5) ("SM-5").

The Court subsequently entered an Order on November 20, 2023 (Civil Action No. 2:23-cv-1043, Dkt. 175), ruling on a motion to dismiss filed by Comcast.

Comcast then presented the Special Master with a motion for reconsideration, requesting the Special Master vacate SM-5 in light of the Court's November 20, 2023 Order, and the Special Master heard arguments on December 1, 2023. (*See* Civil Action

#:9230

No. 2:23-cv-1043, Dkt. 185-1, Dec. 1, 2023 Special Master Order No. SM-6 and Special Master Minutes) ("SM-6").)  The Special Master stayed SM-5 to allow for a rehearing on Comcast's motion for reconsideration after Entropic filed its amended pleadings.  (*Id.*)

Entropic filed its Second Amended Complaints ("SACs") on December 8, 2023.  Pursuant to Special Master Order No. SM-6, the parties met and conferred regarding the sufficiency of the amended complaint and submitted proposed schedules for additional briefing.  The Special Master ordered additional briefs, which the parties submitted on December 28, 2023, and January 4, 2024, and the Special Master held a hearing on January 12, 2024.  (*See* Civil Action No. 2:23-cv-1043, Dkt. 153-1, Dec. 22, 2023 Special Master Order No. SM-9) ("SM-9"); *id.*, Dkt. 199-1, Special Master Minutes.)

The Special Master entered Special Master Order No. SM-11 (*id.*, Dkt. 199-3) on January 24, 2024, lifting the stay of SM-5 and denying the Comcast Defendants' motion for reconsideration of SM-5.  The Special Master further ordered that "the Comcast Defendants shall produce the discovery responses ordered by SM-5 no later than February 22, 2024."  (SM-11 at 10).

On February 6, 2024, the Comcast Defendants filed with the Court a written objection to SM-11 (Civil Action No. 2:23-cv-1043, Dkts. 313, 324) pursuant to paragraph 8 of the Court's Appointment Order and Federal Rule of Civil Procedure 53(f).

On February 29, 2024, Entropic notified the Special Master by e-mail that the Comcast Defendants have produced no documents pursuant to SM-11, and Entropic

requested a hearing with the Special Master regarding non-compliance with SM-11. The Comcast Defendants responded by e-mail that the parties have a dispute regarding procedure and that Entropic is attempting to circumvent the Court's review of SM-11.

The Special Master entered Special Master Order No. SM-16 (Dkt. 278-1) on March 6, 2024, which set a briefing schedule and set a hearing for March 27, 2024, for the Comcast Defendants to "SHOW CAUSE why the Special Master should not find that the Comcast Defendants are in non-compliance with Special Master Order No. SM-11."

## II. SPECIAL MASTER MINUTES

At the March 27, 2024 hearing, the parties appeared as follows:

| Present for Plaintiff Entropic | Present for Comcast Defendants | Reporter |
|---|---|---|
| Christina Goodrich<br>Nicholas Lenning<br>Cassidy Young | Krishnan Padmanabhan<br>Diana Leiden<br>Saranya Raghavan | Desiree Cooks |

One hour before the start of the March 27, 2024 hearing, the Special Master provided counsel with a tentative draft of this Special Master Order No. SM-17. Forty minutes before the hearing, Judge Holcomb entered an Order Affirming SM-11 (Dkt. 432). Upon inquiry, both sides expressed willingness to proceed with the hearing as scheduled, and the Special Master is comfortable that both sides had sufficient time to review the tentative draft, as well as Judge Holcomb's Order, before the hearing.

1  The Special Master convened the hearing at 10:02 A.M. Pacific Time by
2  videoconference, heard arguments by Krishnan Padmanabhan on behalf of Comcast and
3  by Christina Goodrich on behalf of Entropic, indicated further tentative rulings (including
4  setting a production deadline and a status conference), took the matter under submission,
5  and adjourned at 10:47 A.M.

### III.  SPECIAL MASTER ORDER

The Special Master herein summarizes the parties' letter briefing for purposes of framing the discussion that follows.  The Special Master has fully considered the letter briefs in their entireties, as well as the authorities cited therein.  The Special Master also provided the Comcast Defendants with an oral hearing as noted above.

**A.  THE PARTIES' POSITIONS**

Comcast argues that "Comcast has followed the Court's procedure for review of SM-11[,] and production pursuant to that order cannot be required until the objection process is complete." (Mar. 13, 2024 Comcast Ltr. at 1.)  Comcast urges that "[t]o . . . hold the Special Master's orders enforceable notwithstanding a pending objection would render the objection process laid out in the Appointment Order meaningless," and "Comcast should not be expected to produce the very discovery it has objected to before the District Court has had an opportunity to rule." (*Id.*)  Comcast also argues that it could not have obtained a stay prior to the February 22, 2024 production deadline because

1   "[g]iven the timing requirements of L.R. 7-3, any stay motion would not have been heard
2   before March 1, 2024." (*Id.* at 1 n.1.)
3       Further, Comcast argues that "neither the Local Rules nor the Federal rules grants
4   special masters the authority to enter orders that are enforceable pending objections to the
5   district court." (*Id.* at 4 (citing L.R. 53 & Fed. R. Civ. P. 53).)  Comcast argues that the
6   *In re Valeant* case cited in SM-16 supports Comcast's position because the court there,
7   because of the particular circumstances of that case, chose to *amend* the appointment
8   order to make the special master's orders enforceable when issued. (*Id.* at 3.) Finally,
9   Comcast submits that "to the extent the Special Master disagrees and believes SM-11
10  should be enforceable notwithstanding the pending objection, Comcast would ask that the
11  parties and Special Master jointly seek the Court's guidance such that Comcast may be
12  heard by the Court on that issue, as is required by Fed. R. Civ. P. 53." (*Id.* at 4 (citing
13  Appointment Order at ¶ 2(b) ("The Special Master may apply to the Court at any time for
14  guidance or clarification regarding the scope of the Special Master's authority.")).)
15      Entropic responds that "Comcast made an affirmative decision to ignore the
16  authority of the Special Master to administer and resolve discovery disputes in this case."
17  (Mar. 20, 2024 Entropic Ltr. at 1.) Entropic argues that Comcast did not seek a stay,
18  would not have been able to show any irreparable harm from the production ordered by
19  SM-11, and has no authority for completely disregarding the ordered production. (*Id.* at
20  1–2.) Entropic argues that the authorities cited by Comcast are all distinguishable, such

SPECIAL MASTER ORDER No. SM-17 AND SPECIAL MASTER MINUTES - 6

1  as having involved attorney-client privilege, and as not demonstrating any established

2  practice of declining to comply with a special master order while objections are pending.

3  (*Id.* at 2–3.)  Entropic argues that "Comcast's position would also frustrate the purpose of

4  the appointment order 'to address pretrial matters that cannot be *effectively and timely*

5  addressed by an available district judge or magistrate judge.'"  (*Id.* at 3 (quoting

6  Appointment Order at ¶ 1) (emphasis Entropic's).)  Entropic concludes: "Given

7  Comcast's unjustified and prejudicial conduct, Entropic respectfully requests that

8  Comcast pay its attorneys' fees and costs before the Special Master (and any following

9  objections), including the Special Master's fees and costs, in conjunction with the Order

10  to Show Cause.  Entropic leaves to the Special Master's discretion an appropriate

11  sanction to prompt Comcast's compliance in light of its intentional failure to comply with

12  the Special Master's order."  (*Id.* at 4 (citing Appointment Order at ¶ 9).)

13      Comcast replies that "Entropic only cites cases that are governed by *Rule 72*,

14  which applies to magistrate judges, or cases in which there was an express order that a

15  party must move to stay while an objection to a Special Master's Order is pending."

16  (Mar. 26, 2024 Comcast Ltr. at 1.)  Comcast also argues that "Entropic's suggestion that

17  Comcast seek a stay from the Special Master does not solve the problem because

18  Comcast would then need to seek Court review of any denial in order to ensure Court

19  review of the underlying order.  The Appointment Order does not envision such

20

procedural complexity; it lays out the straightforward objection procedure which Comcast followed." (*Id.* at 2 n.2.)

At the March 27, 2024 hearing, Comcast argued that it did not ignore SM-11 but rather has been reviewing documents in preparation for potential production. (*See* Dkt. 324, Feb. 6, 2024 Comcast Objs. at 11 (". . . Comcast has already represented, after a reasonable search, that it has no documents responsive to these requests that concern the asserted patents.").)

Entropic responded that the Appointment Order is clear and that no amendment is necessary.

Comcast replied by reiterating its arguments and by urging that neither it nor any other Defendant has been provided with notice and an adequate opportunity to be heard on this issue of when special master orders become enforceable.

**B.  DISCUSSION**

Section 8 of the Court's July 5, 2023 Order Appointing David Keyzer, Esq. as Special Master for Discovery Purposes (Civil Action No. 2:23-cv-1043, Dkt. 74; Civil Action No. 2:23-cv-1049, Dkt. 62) ("Appointment Order") provides for review of Special Master Orders:

> 8.  **Review of Special Master's Orders:**  Any objections to the Special Master's orders shall be reviewed by District Judge John W. Holcomb under the standards of review set forth in Rule 53(f)(3)-(5). Any such objection shall be filed within ten (10) days of entry of the Special Master's written decision. Any response to the objection shall be filed within seven (7) days of the objection. Upon receipt of a Party's response to an objection, the

Court may rule regarding the propriety of a reply. In the event that the Court does not so rule, a reply is optional and shall be filed within two (2) days of the response. The Parties need not reserve a hearing date for objections, and the Court will schedule a hearing in its discretion. Memoranda of points and authorities in support of objections and responses shall be limited to ten (10) pages of substantive text, and memoranda of points and authorities in support of replies shall be limited to five (5) pages of substantive text. The formatting and typeface rules described in L.R. 11-3 shall apply to briefing requesting review of the Special Master's Order under Rule 53(f)(2).

Also, the Special Master Order No. SM-2 Regarding Discovery Dispute Resolution Procedures addresses how to handle confidential information "[i]f a party decides to seek the Court's review of the Special Master's discovery order(s) on the discovery issues presented." (-1043, Dkt. 85 at 2.)

On one hand, at least two district court decisions have found clarification appropriate as to when a special master order becomes effective. *In re Valeant Pharm. Int'l Inc. Sec. Litig.*, No. 15-7658 (MAS) (LHG), 2021 WL 4810850 (D.N.J. Oct. 15, 2021); *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-cv-03785-ALM-KAJ, 2023 WL 9271175 (D. Ohio Nov. 28, 2023).

On the other hand, the Appointment Order provides authority to enter "orders" and authority for "resolution of disputes." References to "orders" and "recommendations" imply that "orders" are distinct from "recommendations." (Civil Action No. 2:23-cv-1043, Dkt. 74 at ¶ 4.) Perhaps, as Comcast argued at the March 27, 2024 hearing, a "recommendation" might be distinguished as requiring adoption by the Court to become effective, even in the absence of objections. Regardless, however, the Court's

Appointment Order in the above-captioned cases states "[t]he Special Master shall have discretion to set forth the procedure for submission and *resolution* of disputes." (*Id.* at ¶ 3 (emphasis added).)  That is, the Appointment Order contemplates that a ruling by the Special Master is not merely a recommendation but rather is a "resolution of disputes." (*Id.*)  Similar considerations are evident in L.R. 72-2.2 (Effectiveness of Magistrate Judge's Ruling Pending Review), which states that "[r]egardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge."  Although L.R. 72-2.2 does not purport to apply to special masters, *In re Valeant* noted that it "doubts the drafters of the Federal Rules intended the Special Master's discovery orders to serve as mere dress rehearsal for the Court to consider months later." 2021 WL 4810850, at *2.

Further, Comcast's interpretation of SM-11 as being of no effect during the pendency of objections would undermine the Appointment Order's stated purpose of "address[ing] pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district." (Appointment Order at ¶ 1 (citing Fed. R. Civ. P. 53(a)(1)(C)).)

Comcast's argument that it did not have time to request a stay is unpersuasive. Comcast's argument assumes that a stay could have been sought only from Judge Holcomb, but as to the discovery relief here at issue, for example, the Special Master previously stayed the relief because of developments in the case. (*See* SM-6 at 5–6.)

Comcast suggests that it did not seek relief from the Special Master because it would not have had time to seek review of any denial of such relief and because such "procedural complexity" is not envisioned by the Appointment Order.  Ironically, Comcast's decision has given rise to the additional complexity of more briefing and a show cause hearing.  Perhaps Comcast calculated that it could obtain a delay in producing documents at minimal cost by seeking forgiveness rather than permission.  Comcast has invited this speculation by quietly defying SM-11 rather than seeking a stay or interim modification by the Special Master.  "A party is free to await further review of an order, but it does so at its own peril."  *Cf. Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-296-JRG-RSP (E.D. Tex. Mar. 6, 2024) (finding lack of diligence where party purportedly awaited resolution of objections regarding claim construction, noting that the "[claim construction] order was effective when entered and it provided SPC with every piece of claim construction information it might have needed to prepare its infringement expert report").

　　The authorities cited by Comcast do not justify finding any automatic stay of the effectiveness of a special master order while objections are pending.  In *Masimo*, the special master entered an order in furtherance of the magistrate judge finding that the defendant's CEO should be added as an ESI custodian.  2022 WL 2182708, at *1.  The special master ordered the defendant to produce all non-privileged ESI from its CEO that hit on agreed search terms, and the plaintiff interpreted the order as requiring production

of all hits regardless of relevance (because, plaintiff argued, the magistrate judge "entered a broad order because he perceived that [the defendant] was hiding something"). *Id.* Comcast argues that the defendant in *Masimo* "at no point . . . produce[d] documents that were *the subject of its objection*" (Mar. 26, 2024 Comcast Ltr. at 2), but *Masimo* noted that the defendant "produced several hundred additional documents" during the pendency of the objections, "including 'those that hit on search terms, do not implicate [the CEO's] personal matters, and have even a remote connection to this litigation at a very high level of generality.'" 2022 WL 2182708, at *1. At the March 27, 2024, Comcast emphasized that the defendant in *Masimo* did not produce any documents as to which the defendant ultimately objected, but the defendant in *Masimo* apparently made substantially efforts to work toward essential compliance with the special master's order during the pendency of the objections. *Comcast* has made no such effort in the present case. Moreover, *Masimo* did not address any dispute regarding when special master orders become effective, and Comcast does not show that this single case demonstrates any "practice in this District." (Mar. 13, 2024 Comcast Ltr. at 2.)

*Toomey*, *Sherwin-Williams*, and *Herrera* are likewise unpersuasive. In *Toomey*, a party sought a stay of disclosure during the pendency of a writ of mandamus to a circuit court regarding assertion of attorney-client privilege, and the court found that "absent a stay, they will effectively lose their ability to meaningfully appeal the privilege issue." *Toomey v. Arizona*, No. CV-19-00035-TUC-RM (LAB), 2021 WL 4915370, at *3 (D.

Ariz. Oct. 21, 2021) ("[T]he importance of the attorney-client privilege to the functioning of the legal system, the potentially critical nature of the contested documents, and Defendants' right to appellate review of the Order outweigh any harm to Plaintiff that will accrue from a delay of this case.")  In the present case, Comcast has not raised any issue of attorney-client privilege.

*Sherwin-Williams* expressed concern regarding boilerplate discovery objections and noted that "conditional responses and/or the purported reservation of rights by [the producing party] is improper and ultimately has the effect of waiving [the producing party's] objections to the discovery requests." *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, Nos. 13–CV–1946–LAB (WVG), 13–CV–1947–LAB (WVG), 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014).  The court explained that producing documents "subject to" objections would leave the requesting party "guessing as to whether the responding party has fully or only partially responded to the interrogatory." *Id.* (citation and quotation marks omitted).  *Herrera* is similar.  *Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("Defendant has included a conditional response in its objection, which leaves Plaintiffs and the Court guessing as to whether all responsive documents will be produced.").  Comcast does not persuasively show how any such concern would arise from producing documents pursuant to a special master order during the pendency of objections thereto.  Rather, the "guessing" (*id.*), if any, could have been addressed in the

1 proceedings on the objections or subsequent enforcement proceedings by the special

2 master.[1]

3     Finally, Comcast submits that the advisory committee notes accompanying Rule 53

4 state that "[t]he order appointing a pretrial master is vitally important in informing the

5 master and the parties about the nature and extent of the master's duties and authority,"

6 that "[c]are must be taken to make the order as precise as possible."  The Special Master

7 has, from the outset, read the Appointment Order as granting authority to enter "orders"

8 that become effective when signed.  The above-cited cases of *In re Valeant* and *In re*

9 *FirstEnergy* demonstrate that some courts have found it necessary to make this

10 interpretation explicit.  Those courts, however, appeared to express "frustrat[ion]" with

11 the necessity of making even more explicit what should have already been sufficiently

12 clear from the purposes of Rule 53 and from granting authority for the special master to

13 enter "orders."  2021 WL 4810850, at *2; 2023 WL 9271175, at *2.

14     The Special Master accepted the Court's appointment to serve the interests of the

15 litigants and the public in the prompt and efficient operation of this case.  Comcast's

---

[1] The *M2* and *KCC* cases cited in Comcast's March 26, 2024 reply are similarly unpersuasive.  *M2 Software Inc. v. M2 Commc'ns, LLC*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (Comcast does not identify what it is citing on this page, but the Court stated a party had "already waived relevancy objections by responding to each request that it will produce the requested documents"); *KCC Class Action Services, LLC v. Aetna, Inc.*, No. CV 18-01018-JFW (JEMx), 2019 WL 8060670, at *3 (C.D. Cal. Oct. 15, 2019) (Comcast does not identify what it is citing on this page, but the cited page refers to mootness based on an agreement to produce).

reading of the Appointment Order is at odds with those interests. Comcast's own cited case aptly sums up the thorny bramble into which Comcast has thrust the Special Master, where *Masimo* quotes Judge Early's statement during a discovery hearing (regarding what "you t[old] me as an officer of the Court" as contrasted with what later came to light): "I'm not sure what to do with that." 2022 WL 2182708, at *4.

The Special Master therefore finds that Comcast is in non-compliance with SM-11, and the Special Master reserves ruling on the appropriateness of imposing any consequences for this non-compliance. The Special Master reserves ruling not with any intent to delay or prevent review but rather because the severity of Comcast's non-compliance still remains to be seen. The Special Master will consider whether status conferences may be appropriate to monitor the progress of this litigation and to consider how best to proceed.

As discussed at the March 27, 2024 hearing, Comcast shall produce the discovery responses ordered by SM-5 no later than April 17, 2024, the parties shall provide an informal status update no later than April 29, 2024, at 1:00 P.M. Pacific Time, and the Special Master SETS an informal status conference for May 1, 2024, at 10:00 A.M. Pacific Time, regarding discovery as between Entropic and Comcast.

Because the Special Master anticipates that informal discovery status conferences such as this are of low public interest and also will involve discussion of confidential business information, and in light of the Court of Appeals for the Ninth Circuit having

observed that the public has a lesser interest in non-dispositive matters such as these, the Special Master *sua sponte* finds good cause for such status conferences to be closed to the public.  *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (discussing *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003)).  The Special Master will separately provide videoconference information to the parties.

**Given that Comcast currently stands in non-compliance, the Special Master suggests it would behoove Comcast to complete this production sooner than the presently ordered date (perhaps on an ongoing rolling basis in collaboration with Entropic until completed, if the parties feel it would be expedient to do so), as a potentially mitigating factor when the Special Master and/or the Court consider any consequences for the non-compliance (*see, e.g.,* Fed. R. Civ. P. 37; 35 U.S.C. § 285)).**

C.  DISPOSITION

The Special Master hereby ORDERS as follows:

(1) Entropic's request for a finding of non-compliance is **GRANTED**, and the Special Master thus finds that Comcast is in non-compliance with SM-11;

(2) Entropic's request for cost-shifting and for sanctions is **RESERVED** subject to further proceedings by the Special Master and/or the Court;

(3) Comcast shall produce the discovery responses ordered by SM-5 no later than **April 17, 2024 (but see final paragraph of Section III.B, above);**

1  (4) the parties shall provide the Special Master with an informal status update, by

2  joint e-mail to the Special Master no later than **April 29, 2024, at 1:00 P.M. Pacific**

3  **Time**, regarding the status of discovery as between Entropic and Comcast; and

4  (5) the Special Master **SETS** an informal status conference for **May 1, 2024, at**

5  **10:00 A.M. Pacific Time**, by videoconference as noted in Section III.B, above, regarding

6  the status of discovery as between Entropic and Comcast.

7  IT IS SO ORDERED.

10  Dated: March 27, 2024        By: _____
                                     David M. Keyzer
11                                   Special Master