KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Courtney S. Dabbiere (*pro hac vice*)
cdabbiere@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants. | LEAD CASE:<br>Case No. 2:23-cv-1049-JWH-KES<br><br>RELATED CASE:<br>Case No. 2:23-cv-1050-JWH-KES<br><br>**COX DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY THE COURT ON FEBRUARY 9, 2024** |

| | |
|---|---|
| 1 | COX COMMUNICATIONS, INC., COXCOM, LLC, AND COX COMMUNICATIONS CALIFORNIA, LLC, |
| 2 | |
| 3 | Counter-Claimants, |
| 4 | v. |
| 5 | ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR COMMUNICATIONS LLC; AND MAXLINEAR, INC. |
| 6 | |
| 7 | Counter-Defendants |
| 8 | |

## I. INTRODUCTION

Cox respectfully objects to certain portions of the Special Master's report and recommendation on motions referred by the Court on February 9, 2024, Dkt. 302 ("R&R"). The R&R addressed counterclaims Cox asserted in the -1049 case that arise out of the fact that the original owners of the asserted patents—MaxLinear Communications LLC and MaxLinear, Inc. ("MaxLinear")—participated in the development of DOCSIS standards through CableLabs. Cox was a founder of CableLabs, which aimed to develop DOCSIS standards for equipment to be used by Cox and interoperable among the various vendors Cox used. To participate in CableLabs' initiative, MaxLinear executed the DOCSIS License, through which MaxLinear granted irrevocable and perpetual licenses to any DOCSIS essential patents on a royalty-free basis to participants in the DOCSIS patent pool, such as Cox's vendors. The patent pool was created to ensure that Cox, as a founder of CableLabs and purchaser and user of DOCSIS-compliant products, would receive implied licenses or rights via patent exhaustion to use and sell all such equipment free of any claim of infringement of MaxLinear's DOCSIS essential patents.

MaxLinear assigned patents subject to the DOCSIS license in exchange for payment and an interest in any profits Plaintiff may receive from their assertion. Plaintiff now asserts patents it acquired from MaxLinear based on allegations that Cox practices various DOCSIS standards. This led to Cox's claims—a tortious interference claim against Entropic, breach of contract and quasi contract/unjust enrichment claims against MaxLinear, and a declaratory judgment claim against both parties. The R&R recommended dismissing each of Cox's claims.

Cox objects in one limited respect to the R&R. As a matter of law, Cox correctly pled unjust enrichment as a viable alternative pleading under the controlling Federal procedure. Accordingly, the Court should appropriately modify the R&R and deny the motion to dismiss.

## II. BACKGROUND

Count IV of Cox's counterclaims is entitled "Alternative Claim of Quasi-Contract for Restitution / Unjust Enrichment Against MaxLinear." Via this count, Cox pled an alternative, but nonetheless acceptable "quasi-contract" claim under Rule 8. (*See* DE 194, ¶¶ 294-95, 335-41.)

The counterclaims explained the DOCSIS standards underlying Cox's unjust enrichment claim were developed by CableLabs, a Colorado headquartered non-profit. CableLabs is a "leading innovation and R&D lab for the cable industry." (DE 228-1 at 8; DE 194, ¶ 282.) CableLabs was formed by, among others, cable companies like Cox that operate multiple cable systems, and evaluates new technologies and develops common specifications for interoperability, such as the DOCSIS standard, to help drive the sale of cable equipment and reduce costs for cable operators like Cox and its customers. (DE 194, ¶¶ 282-83.) Cox helped found CableLabs to "develop[] common specifications for interoperability to help drive the scale of cable equipment and reduce costs for cable operators like Cox and their customers," and DOCSIS was developed by CableLabs, Cox and its vendors for Cox and other operator's benefit. (*Id.*, ¶¶ 282-84.)

To protect entities implementing or using essential DOCSIS technology, CableLabs created a patent pool via the DOCSIS License that creates a royalty-free pool for intellectual property rights essential to practicing the DOCSIS standard. (DE 228-1 at 8; DE 194, ¶¶ 284, 286; DE 89-1.) Companies that have signed a DOCSIS license agreement include not only MaxLinear, but multiple of Cox's vendors of cable equipment. (DE 194, ¶¶ 287, 289.) By purchasing such equipment, Cox received implied licenses or the right to practice such equipment royalty free by virtue of patent exhaustion. (*Id.*, ¶¶ 289-92.) As a DOCSIS Licensor, MaxLinear provided royalty-free licenses to any patents essential to compliance with DOCSIS.(*Id.*, ¶ 286; see also DE 89-2.)

MaxLinear received enormous benefits by being a signatory to the DOCSIS

License. It was able to develop, deploy and market DOCSIS-compliant equipment and learn about draft specifications and participated in meetings to discuss and understand future development of cable industry technology. (DE 194, ¶¶ 284-85.) Only by interacting with CableLabs and "cable operators like Cox" was MaxLinear "able, among other benefits, to develop, deploy, market, make, and sell various DOCSIS compliant equipment to the cable industry free of any claim of infringement by other vendors via the DOCSIS License" and "learn of draft and actual DOCSIS specifications, the future progress of cable industry technology and the potential innovations important to the cable industry" which "assisted MaxLinear in developing…patents, including the Asserted Patents." (*Id*., ¶¶ 335-336.)

However, to acquire these benefits, MaxLinear made false and misleading representations concerning its commitment to grant royalty-free licenses, and otherwise ensuring such obligations would always be strictly recognized by and imposed upon future assignees. (*Id.*, ¶¶ 294-95.) Cox thus pled that MaxLinear has been unjustly conferred a benefit through "mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). For example, the counterclaims state "MaxLinear made false representations, including misrepresenting to the public via its securities filings that its conduct was governed by standards bodies rules and regulations, and that continued compliance with such standards bodies rules and regulations were critical to its business" and detailed the exact date and language used in MaxLinear's security filings with such representations. (DE 194, ¶¶ 294, 337.) Likewise, Cox pointed out the DOCSIS patent pool to which all DOCSIS contributors were subject and the DOCSIS License MaxLinear signed by which it, ultimately falsely, represented its desire to grant royalty-free rights. (*Id*., ¶¶ 284-87, 291-96.)

The false and misleading nature of those statements is demonstrated by averments that MaxLinear executed various agreements to transfer its essential patents to be used against Cox in violation of the DOCSIS agreement and

MaxLinear's representations in exchange for cash payments and shares in "monetization" proceeds. (*Id.*, ¶¶ 296-301, 308-318.) MaxLinear's sale of its patents to Plaintiff, as well as its entry into agreements to assist Plaintiff's enforcement effort, demonstrate how MaxLinear obtained, and is unjustly retaining, benefits of DOCSIS participation.

The R&R nonetheless recommended dismissal of Cox's alternative claim "because Cox has not challenged the existence or validity of the DOCSIS License," citing *Huynh v. Quora, Inc.*, 2019 WL 11502875, at *12 (N.D. Cal. Dec. 19, 2019). (DE 302, at 73.) As explained below, this was error, especially in view of MaxLinear's successful dismissal of the breach of contract claim concerning the DOCSIS License.

## III.  LEGAL STANDARD

Federal Rule 8(a)(2) "requires only 'a short and plain statement of the [plaintiff's] claim showing that the pleader is entitled to relief,'" which requires that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint need merely plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Id.* at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In deciding a motion to dismiss, this Court must credit all factual (but not legal) assertions made in the complaint, draw all reasonable factual inferences in favor of Cox, and use those factual assertions and inferences to determine whether Cox is plausibly entitled to relief. Fed. R. Civ. P. 8(a), 12(b)(6); *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150-51 (9th Cir. 2016). Dismissal is proper only where there is a "lack of a cognizable legal theory or … [an] absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1151.

Before accepting or adopting a Special Master's report and recommendation, "[t]he court must decide de novo all objections to findings of fact made or

1 recommended by a master, unless" there is a contrary approved stipulation. Fed. R.
2 Civ. P. 53(f)(3). Similarly, "[t]he Court must decide de novo all objections to
3 conclusions of law made or recommended by a master." Fed. R. Civ. P. 53(f)(4); *see*
4 *also* Dkt. 62, Page ID #:474.

## IV. OBJECTIONS CONCERNING COX'S COUNTERCLAIMS IN -1049

### A. Cox Sufficiently Pled Unjust Enrichment/Quasi-Contract (Count IV) as an Alternative Pleading Under Fed. R. Civ. P. 8 and the R&R's Contrary Conclusion Should Be Overruled.

Cox appropriately pled its breach of contract and unjust enrichment claims in the alternative as permitted by the Federal Rules of Civil Procedure. While the R&R recognized this Court applies federal procedural law as to pleading in the alternative (DE 302, at 73), it nonetheless dismissed Cox's alternative claim for unjust enrichment (or quasi-contract claim for restitution) against MaxLinear. As explained below, the R&R erred by, among other things, misapplying applicable case law, which permits pleading an unjust enrichment claim "even if the party inconsistently pleads a breach of contract claim that alleges the existence of an enforceable agreement." *Safari v. Whole Foods Mkt. Servs., Inc.*, 2023 WL 5506014, at *13 (C.D. Cal. July 24, 2023) (Holcomb, J.) (citation omitted). Additionally, however, to the extent there were any issue under relevant Federal practice, Cox pointed out that the law applicable to Count IV is Colorado or New York law under the applicable choice of law rules. Cox's claim is viable under either of those jurisdiction's substantive law.

For these reasons, Cox respectfully requests that the R&R not be adopted with respect to Cox's unjust enrichment claim (Count IV), and MaxLinear's motion to dismiss Count IV be denied. Under the Federal Rules, which this Court applies to this pleading issue, Count IV is proper and appropriately pled.

### 1. Rule 8 and Controlling Precedent Authorize Cox's Alternative Pleading Even Under California Law.

"A federal court sitting in diversity applies the federal rules of

1  pleading." *Intelligent Mgmt. Sols., Inc. v. Crown Glendale Assocs., LLC*, 2013 WL
2  12130317, at *2 n.2 (C.D. Cal. Feb. 20, 2013) (quoting *Thompson v. Nat'l Steel &
3  Shipbuilding Co.*, 391 F. App'x 608, 611 n.2 (9th Cir. 2010)). Here, "Rule 8(d) of the
4  Federal Rules of Civil Procedure expressly permits a plaintiff to plead claims in the
5  alternative and courts…have permitted unjust enrichment and breach of contract
6  claims to proceed simultaneously." *Longest v. Green Tree Servicing LLC*, 74 F. Supp.
7  3d 1289, 1302 (C.D. Cal. 2015); *see also Safari*, 2023 WL 5506014, at *5 (noting
8  pleading an unjust enrichment claim "is permitted even if the party inconsistently
9  pleads a breach of contract claim that alleges the existence of an enforceable
10 agreement" (citations omitted)).

11      In *Longest*, the plaintiff asserted a breach of contract claim concerning certain
12 mortgage agreements requiring lender-placed insurance. The essential theory was that
13 the defendants charged for insurance required under mortgage agreements, but "a
14 portion of such 'cost' is returned, transferred, kicked-back or otherwise paid to
15 [defendants]." 74 F. Supp. 3d at 1294. A quasi-contract claim was also alleged, based
16 essentially on the notion that "receipt of a commission or kickback would be unjust."
17 *Id*. at 1302. The defendants urged "the plaintiffs 'cannot sue in quasi-contract since
18 an express contract covers the subject matter of their claims,'" and the Court agreed
19 as a general proposition that "under both California and Florida law, a party may not
20 pursue a quasi-contract claim for unjust enrichment or restitution when an express
21 contract governs the same subject matter." *Id*. Nonetheless, the Court declined "to
22 dismiss the unjust enrichment claims on these grounds" because the "plaintiffs'
23 opposition expressly invokes the alternative pleading permitted by Rule 8(d) and the
24 pleading must be construed in plaintiff's favor. *Id*.

25      This holding has been consistently followed within this district. *See, e.g.*, *Lair
26 v. Bank of Am., N.A.*, 2024 WL 943945, at *4 (C.D. Cal. Jan. 26, 2024) (denying
27 motion to dismiss unjust enrichment claim because while "[u]njust enrichment . . .
28 does not lie when an enforceable, binding agreement exists defining the rights of the

parties" may be true, Rule 8(d) permits alternative pleadings (citations omitted)); *European Travel Agency Corp. v. Allstate Ins. Co.*, 600 F. Supp. 3d 1099, 1105 (C.D. Cal. 2022) (rejecting argument that unjust enrichment claim is precluded by breach of contract claim because Rule 8(d) expressly permits alternative claims); *Ashton v. J.M. Smucker Co.*, 2020 WL 8575140, at *13 (C.D. Cal. Dec. 16. 2020) ("T]he Court concludes that Plaintiffs have pleaded their contract and unjust enrichment claims in the alternative, and declines to dismiss the unjust enrichment claims on these grounds."); *Texmont Design Ltd. v. Halston Operating Co., LLC*, 2019 WL 13080590 (C.D. Cal. Nov. 13, 2019).

The R&R ultimately concluded that "because Cox has not challenged the existence or validity of the DOCSIS License, Cox cannot pursue a claim for unjust enrichment or quasi-contract." (DE 302, at 73.) But that holding is contrary to precedent and practice. *See, e.g.*, *Intelligent Mgmt.*, 2013 WL 12130317, at *2 ("[B]ecause a party may state as many separate claims or defenses as it has, regardless of consistency,' 'a plaintiff may properly assert claims based on both the existence and the absence of a binding agreement between the parties.'" (citation omitted)); *1 Energy Sols., Inc. v. Nicholas Holiday, Inc.*, 2013 WL 12133654, at *3 (C.D. Cal. Nov. 5, 2013) ("Substantial authority supports pleading legal and equitable contract claims in the alternative to one another, **even when the factual predicate to the legal claims would defeat the equitable claims**." (citing cases)) (emphasis added). Thus, although Cox alleges the existence of a contract for its breach claim, Cox is also permitted to plead an unjust enrichment claim, and the R&R's conclusion otherwise was incorrect.

Against the weight of precedent within this District, the R&R cited solely to *Huynh*, 2019 WL 11502875. This case, from another district, is contrary to relevant cases from this District. *See, e.g.*, *Safari*, 2023 WL 5506014; *Longest*, 74 F. Supp. 3d 1289; *Intelligent Mgmt.*, 2013 WL 12130317). (*See also* DE 267-1, at 30-31.)

The R&R did not address the caselaw within this District, but simply cited to

*Huynh*. As an initial matter, this case is not binding precedent on the Court. *See, e.g.*, *Evans v. Skolnik*, 997 F.3d 1060, 1067 (9th Cir. 2021) ("[A] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)); *Roberto Moncada v. Mike Pompeo*, 2020 WL 7414738, at *2 (C.D. Cal. Nov. 12, 2020) (same). *Huynh* is also readily distinguishable. There, **both** parties admitted and accepted the relevant contract applied and defined the rights of the parties and thus the court held Plaintiffs could not plead the alternative theory of unjust enrichment. 2019 WL 11502875, at *12. Here, in contrast, MaxLinear very much disputes the reach and applicability of the DOCSIS license. Thus, Cox "is entitled to plead in the alternative pursuant to Federal Rule of Procedure 8(d)(3)." *Intelligent Mgmt. Sols.*, 2013 WL 12130317, at *2 (denying motion to dismiss where defendant had not admitted written contract exists).

Finally, Cox submits the R&R erred because the pleading issue here is plainly procedural. (DE 267-1, at 30-31.) It is settled that "when a Federal Rule of Civil Procedure is on point, it, not the state law, governs, so long as it does not run afoul of the Rules Enabling Act" or the Constitution. *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1135 (9th Cir. 2004). When the rule at issue is a Federal Rule of Civil Procedure, "the federal rule must be applied if it does not 'abridge, enlarge, or modify any substantive right' in violation of the Rules Enabling Act." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). The California procedural rule concerning pleading quasi-contract and breach of contract claims was ultimately based on *Bechtel v. Chase*, where the court found that a plaintiff could not **recover** for both breach of contract and an implied contract under California state law. 156 Cal. 707, 711 (1909). Applying the controlling Federal procedure does not, in fact, implicate any substantive right given the plainly alternative nature of the claim precludes any double recovery. Given MaxLinear successfully challenged Cox's breach of contract claim concerning the DOCSIS License, that conclusion applies

with even more force and demonstrates the appropriateness of Count IV.

Accordingly, under these facts, and because Cox has sufficiently pled unjust enrichment as an alternative claim under Rule 8, the Court should not adopt the R&R's recommendation that Cox's claim for unjust enrichment be dismissed.

### 2. Colorado or New York Law Applies and Controlling Precedent Authorizes Cox's Alternative Pleading.

To the extent there is any issue applying Federal rules to Cox's unjust enrichment claim, the R&R's application of California substantive law to Count IV was error. Cox's opposition to MaxLinear's motion to dismiss explained that the law applicable to Count IV is Colorado or New York law under the applicable choice of law rules, and Cox's claim is viable under either of those jurisdiction's substantive law as well. (DE 267-1, at 29-30.)

As noted above, the DOCSIS standards underlying Cox's unjust enrichment claim were developed by CableLabs, a Colorado headquartered non-profit. The DOCSIS license agreement is governed by New York law. Cox contends that all California, Colorado, and New York recognize an unjust enrichment claim. *See, e.g.*, *Safari*, 2023 WL 5506014, at *5; *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008); *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012). Thus, as Cox explained in its opposition, there is no conflict of law, and Cox's claim is viable as set forth above in Section II.A.1. (*See* DE 267-1, at 30).

However, to the extent there is a conflict between Colorado and New York law on one hand and California law on an unjust enrichment or "quasi-contract" claim on the other, Colorado or New York law should apply. California resolves choice-of-law questions via the governmental interest test. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554, 560-61 (9th Cir. 2023). If the relevant jurisdictions' laws are different and in conflict, the court evaluates and compares each jurisdiction's interest in applying its own law to identify which state's interest would be more impaired and then applies that law. *Id*. Because DOCSIS was developed and overseen

by CableLabs from its Colorado offices and the DOCSIS agreement has a clause stating New York law applies, Colorado or New York have stronger interests than California in uniform treatment of the DOCSIS standards given CableLabs' location and choice of law. Further, given California's recognition of unjust enrichment, there is no impairment to California in applying Colorado or New York law.

The R&R did not perform any choice of law assessment. Nor does the R&R address the cases Cox cited from Colorado and New York. Instead, the R&R's section on Cox's unjust enrichment claim cites one case from this District and two cases from the Northern District of California. (DE 302, at 73.) Given the stronger interests of Colorado and New York, the R&R's application of California law was error.

Moreover, the R&R's conclusion is against the weight of precedent within Colorado and New York, which recognize unjust enrichment as properly pled as an alternative to a breach of contract claim. *See, e.g.*, *Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430 (S.D.N.Y. 2020) ("The Court recognizes that, under Federal Rule of Civil Procedure 8(d), a plaintiff can plead in the alternative such that the claimant can bring both breach of contract claims and challenge the validity of the contract by alleging unjust enrichment."); *Ball Dynamics Int'l, LLC v. Saunders*, 2016 WL 10859782, at *9 (D. Colo. Nov. 14, 2016); *Clyne v. Walters*, 2009 WL 2982842, at *3 (D. Colo. Sept. 16, 2009) (permitting alternative pleading and noting "if Ms. Clyne can successfully demonstrate the existence of a contract between the parties, the unjust enrichment claim would drop away; if the breach of contract claim fails, the unjust enrichment claim would nevertheless entitle her to recovery").

Accordingly, the Court should not adopt the R&R's recommendation that Cox's claim for unjust enrichment be dismissed.

V. **CONCLUSION**

For these reasons, Cox requests that the Court modify the R&R and deny the MaxLinear's motion to dismiss Count IV.

| | | |
|---|---|---|
| 1 | Dated: May 13, 2024 | KILPATRICK TOWNSEND & STOCKTON LLP |
| 2 | | |
| 3 | | By:   */s/ April E. Isaacson* |
| 4 | | April E. Isaacson<br>aisaacson@kilpatricktownsend.com |
| 5 | | Two Embarcadero Center, Suite 1900<br>San Francisco CA 94111 |
| 6 | | (415) 273 8306 |
| 7 | | Sarah Y. Kamran<br>skamran@kilpatricktownsend.com |
| 8 | | 1801 Century Park East, Suite 2300<br>Los Angeles CA 90067 |
| 9 | | (310) 777 3733 |
| 10 | | Mitchell G. Stockwell<br>mstockwell@kilpatricktownsend.com |
| 11 | | Vaibhav P. Kadaba<br>wkadaba@kilpatricktownsend.com |
| 12 | | Michael J. Turton<br>mturton@kilpatricktownsend.com |
| 13 | | Courtney S. Dabbiere<br>cdabbiere@kilpatricktownsend.com |
| 14 | | Christopher S. Leah<br>cleah@kilpatricktownsend.com |
| 15 | | 1100 Peachtree Street, NE, Suite 2800<br>Atlanta GA 30309 |
| 16 | | (404) 815 6500 |
| 17 | | *Attorneys for Defendants*<br>*Cox Communications, Inc.;* |
| 18 | | *CoxCom, LLC; and Cox Communications*<br>*California, LLC* |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |