BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ROSE S. LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

Attorneys for Counter-Defendants
MAXLINEAR, INC. AND MAXLINEAR
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendants,<br><br>COX COMMUNICATIONS, INC.; COXCOM, LLC; AND COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>ENTROPIC COMMUNICATIONS, LLC; MAXLINEAR, INC.; AND MAXLINEAR COMMUNICATIONS LLC,<br><br>Counter-Defendants. | Case No. 2-23-cv-01049-JWH-KES (Lead Case)<br><br>**COUNTER-DEFENDANTS MAXLINEAR, INC. AND MAXLINEAR COMMUNICATIONS LLC'S RESPONSE TO COX DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MOTIONS REFERRED BY THE COURT ON FEBRUARY 9, 2024**<br><br>Judge:  Hon. John W. Holcomb |

## I. INTRODUCTION

Cox does not challenge the dismissal of its breach of contract and declaratory judgment counterclaims against MaxLinear in the 1049 case. But Cox argues that its quasi-contract/unjust enrichment counterclaim should proceed anyway.

The Special Master reached the right conclusion on quasi-contract/unjust enrichment: because Cox does not dispute the validity of the governing DOCSIS License Agreement ("DOCSIS License"), it cannot pursue that counterclaim. (ECF No. 302 (Report & Recommendations ("R&R")) at 73.) Cox's failure to dispute that any license ran with MaxLinear's patent assignment to Entropic further dooms this counterclaim. The Court should adopt the R&R as to Cox's counterclaims against MaxLinear and dismiss all of them with prejudice.

## II. BACKGROUND

MaxLinear is a leading innovator of radiofrequency, analog, digital, and mixed-signal semiconductor solutions. (ECF No. 1 (Compl.) ¶ 26.) In 2015, MaxLinear acquired Entropic Inc. and thereby obtained the asserted patents. (*Id.*) In 2021, MaxLinear transferred these and other patents to Entropic Communications, LLC ("Entropic"), the plaintiff in this action. (*Id.* ¶ 27.)

MaxLinear also contributed to CableLabs, the consortium overseeing the Data Over Cable Service Interface Specification ("DOCSIS") standard. (ECF No. 189 (Am. Countercls.) ¶¶ 282-283, 285.) Before transferring its patents, MaxLinear executed a license with CableLabs. Under the DOCSIS License, MaxLinear granted CableLabs a license to patents essential to the standard and certain rights to sublicense them. (*Id.* ¶ 291.)

In its Amended Counterclaims, Cox alleged that MaxLinear breached the DOCSIS License by accepting an interest in the outcome of this litigation "despite knowing of the prior grant of licenses to patents essential or included in DOCSIS," by attempting to assign the patents free of encumbrances, and by transferring patents despite knowing that Entropic aimed to "bring suits and/or pursue

additional and unlawful payments." (*Id.* ¶ 324.)  Cox also requested a declaratory judgment voiding MaxLinear's patent transfers. (*Id.* ¶¶ 327-329.)  The Special Master recommended the dismissal of Cox's breach and declaratory judgment counterclaims (R&R at 70), and Cox does not challenge this recommendation.

Cox also asserted a claim for quasi-contract/unjust enrichment, alleging that MaxLinear has somehow been unjustly enriched by its participation in CableLabs and the DOCSIS standard. (Am. Countercls. ¶¶ 335-340.)  Per Cox, MaxLinear "misled and misrepresented to cable industry participants including Cox" that MaxLinear's patents would be governed by DOCSIS licensing provisions. (*Id.* ¶ 337.)  The Special Master also recommended the dismissal of this counterclaim because Cox "has not challenged the existence or validity of the DOCSIS License." (R&R at 73.)  Cox challenges only this recommendation in the 1049 case.

### III.    ARGUMENT

#### A.    The R&R Cites the Appropriate Legal Standard

Cox criticizes the R&R's reliance on *Huynh v. Quora, Inc.*, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019), for its conclusion that a quasi-contract/unjust enrichment counterclaim is untenable in the face of an admittedly valid governing agreement.  Per Cox, *Huynh* is an outlier. (ECF No. 321 ("Obj.") at 9-10.)

Not so.  *Huynh* is far from the only case holding, "as a matter of law, [that] a quasi-contract action for unjust enrichment does not lie where express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001).  Both California appellate courts and courts in this District have held the same. *See, e.g.*, *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389-90 (2012) (plaintiff may not plead quasi-contract claim without denying existence of enforceable contract); *Mohandas v. Wells Fargo Bank, N.A.*, 2023 WL 5506004, at *18 (C.D. Cal. July 13, 2023) (plaintiff may not simultaneously "plead the existence of an enforceable contract and maintain a quasi-contract claim" unless it pleads "facts

suggesting that the contract may be unenforceable or invalid") (citations omitted).

The Special Master implicitly recognized this breadth of supportive authority. For the reader's convenience, he omitted the "citations and internal quotation marks" when quoting *Huynh* in his R&R. (R&R at 57.) But *Huynh's* full language reveals its strong grounding in Ninth Circuit precedent:

> Under California law, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). While Federal Rule of Civil Procedure 8 allows pleading in the alternative, "the liberal pleading policy has its limits." *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007). For example, "[a] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Id.* (quoting *American Intern. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996)). Where, as here, "there is no dispute about the existence or validity of the express contract" and Plaintiffs "do[ ] not allege that the contract is void, rescinded, or otherwise enforceable," Plaintiffs "cannot plead alternative theories that necessarily fail where an express contract defines the rights of the parties." Indeed, Plaintiffs acknowledge that the Terms of Service and Privacy Policy govern the relationship of the parties. *See* Opp. 13; SAC ¶ 108.

*Huynh*, 2019 WL 11502875, at *12. In this single paragraph, *Huynh* succinctly (1) recites binding Ninth Circuit authority, (2) addresses the relationship between California state law and the Federal Rules, and (3) speaks to scenarios where, as here, "there is no dispute about the existence or validity of the express contract." Additional authority supporting the R&R's recommendation to dismiss Cox's quasi-contract/unjust enrichment counterclaim would have been superfluous.

Although Cox argues that *Huynh* "is not binding precedent on the Court" (Obj. at 10), its own authority (discussed below) is no more binding. *See Evans v. Skolnik*, 997 F.3d 1060, 1067 (9th Cir. 2021) (district court decisions not binding even in same district or involving same judge). Regardless, Cox does not dispute that *Huynh* relies on the Ninth Circuit's binding *Paracor* decision. *Paracor* was unequivocal that "unjust enrichment . . . does not lie when an enforceable, binding

agreement exists defining the rights of the parties." 96 F.3d at 1167.

Straining to distinguish *Huynh*, Cox argues that "MaxLinear very much disputes the reach and applicability of the DOCSIS license." (Obj. at 10.) MaxLinear and Cox both agree that the DOCSIS License is valid and enforceable. To maintain its quasi-contract/unjust enrichment counterclaim, Cox must dispute the "existence or validity of [an] express contract." *Huynh*, 2019 WL 11502875, at *12; *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) (concurrent unjust enrichment claim requires that plaintiff "allege that the supposed contract . . . was unenforceable or void"); *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020) (concurrent unjust enrichment claim requires that plaintiff "plead[] facts suggesting that the contract may be unenforceable or invalid"); *Schulz v. Cisco Webex, LLC*, 2014 WL 2115168, at *5 (N.D. Cal. May 20, 2014) ("express allegations of an enforceable contract on the face of the complaint" precluded unjust enrichment claim). Even now, it does not.

### B. The R&R Is Consistent with the Federal Rules

Nor does the R&R contradict the Federal Rules' endorsement of "alternative statements" and "inconsistent claims." Fed. R. Civ. P. 8(d). Rule 8(d) envisions the scenario in which a plaintiff asserts a first theory for liability, believing fact "A" to be true. Should fact "A" prove untrue, however, the plaintiff believes that it may still prevail under a second theory and asserts that theory. "While Federal Rule of Civil Procedure 8 allows pleading in the alternative, 'the liberal pleading policy has its limits.'" *Hyunh*, 2019 WL 11502875, at *12 (quoting *Total Coverage*, 252 F. App'x at 126). *E.g.,* it does not apply when the second theory requires that fact "A" be untrue, but the plaintiff has no legitimate basis for believing that it is untrue.

As applied to dueling breach and quasi-contract claims, if the plaintiff knows of an "express contract [that] defines the rights of the parties" but cannot allege it is "void" or "rescinded," it "cannot plead alternative theories." *Id.* This is because the quasi-contract/unjust enrichment theory, which assumes the absence of a

governing contract, "necessarily fail[s]." *Id*. Here, Cox cannot allege that the DOCSIS License is invalid. Indeed, its failed breach of contract and declaratory judgment counterclaims depended on it. (Am. Countercls. ¶¶ 323-24, 328-29.)

Cox's failed breach counterclaim does not imbue its quasi-contract counterclaim with "more force" or make it "appropriate[]." (Obj. at 10-11.) To the contrary, Cox's non-objection to the dismissal of its breach counterclaim *defeats* the latter. By not objecting to its breach counterclaim's dismissal, Cox effectively concedes that the DOCSIS License exists, is valid, and has not been breached. Those facts bar its quasi-contract counterclaim. *See Paracor*, 96 F.3d at 1167. Cox's non-objection also leaves it with no "alternative" counterclaim under Rule 8.

### C.  Cox's Authority Does Not Address Its Specific Situation

None of Cox's authority authorizes its specific scenario here, *i.e.*, its attempt to simultaneously assert a breach counterclaim based on an undisputedly valid contract and a quasi-contract/unjust enrichment counterclaim relating to that same valid contract. Its authority generally condones pleading in the alternative—a procedure under the Federal Rules that MaxLinear does not challenge.

*Safari v. Whole Foods Market Services, Inc.*, for example, hurts rather than helps Cox. That case addressed whether unjust enrichment was a proper "stand-alone claim" under California law. 2023 WL 5506014, at *13 (C.D. Cal. July 24, 2023). Recognizing "unjust enrichment as a 'quasi-contract claim seeking restitution,'" the *Safari* court noted in dicta that such a claim is "permitted even if the party inconsistently pleads a breach of contract claim that alleges the existence of an enforceable agreement." *Id*. (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) and *Klein*, 202 Cal. App. 4th at 1389).

But neither the court nor the parties in *Safari* had occasion to consider whether a quasi-contract claim can proceed if the plaintiff does not dispute an underlying agreement's validity. (*See Safari*, No. 22-cv-1562, ECF Nos. 46, 48, & 50 (not discussing Rule 8).) Had they done so, the answer would have been "no."

As noted, *Safari* cited and relied on *Rutherford* and *Klein*. *Rutherford* allowed the quasi-contract claim to proceed only because plaintiff alleged that the parties' agreement was "contrary to public policy" and "unlawful." 223 Cal. App. 4th at 231-32. And *Klein* affirmed the *dismissal* of the unjust enrichment claim because the plaintiff "did not deny the existence or enforceability of the agreement" underlying its breach of contract claim. 202 Cal. App. 4th at 1389-90 ("Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement, that is not what occurred here."). Here, Cox likewise does not dispute the existence of an enforceable agreement (*i.e.*, the DOCSIS License), requiring the dismissal of its quasi-contract counterclaim.

Cox offers seven other cases to try to justify its specific alternative pleading here—five of which Cox raises for the first time in its objections. None helps it:

- *Longest v. Green Tree Servicing* involved breach and unjust enrichment claims—but against different defendants. The defendant in the unjust enrichment claim (GT Servicing) was not a party to the contract underlying the breach claim (GT Insurance). *See* 74 F. Supp. 3d 1289, 1302 (C.D. Cal. 2015). The first claim thus did not bar the second.

- *Lair v. Bank of America, N.A.* did not address the issue here, *i.e.*, whether an "enforceable, binding agreement exists defining the rights of the parties." 2024 WL 943945, at *4 (C.D. Cal. Jan. 26, 2024). It relied upon two cases—*Longest* and *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*—as allowing alternative breach and unjust enrichment claims. As noted, *Longest* involved claims against different defendants. And in *Clear Channel*, the court *dismissed* the unjust enrichment claim due to plaintiff's failure to allege "facts as to how the contract would be unenforceable." 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011).

- In *European Travel Agency Corp. v. Allstate Insurance Co.*, plaintiffs challenged the contract's validity when pressing their unjust enrichment claim. *See* 600 F. Supp. 3d 1099, 1104 (C.D. Cal. 2022) (characterizing policies as containing "absurd requirements that [were] impossible to satisfy" and would "never cover a loss"). Cox has not done this here.

- *Ashton v. J.M. Smucker Co.* involved plaintiffs that had properly "pleaded their contract and unjust enrichment claims in the alternative." 2020 WL 8575140, at *13 (C.D. Cal. Dec. 16, 2020). The court did not address the

situation here, in which Cox does not plead its breach and quasi-contract/unjust enrichment counterclaims in the alternative but concedes that a valid and enforceable agreement governs MaxLinear's obligations.

- In *Texmont Design Ltd. v. Halston Operating Co.*, the contracts' validity was unclear, and the defendant "strongly denie[d] that it was a party" to underlying purchase orders. 2019 WL 13080590, at *4 (C.D. Cal. Nov. 13, 2019) ("At this stage, the Court cannot determine whether an express contract between [the parties] precludes the implied contract claims."). On this basis, the court allowed plaintiff's alternative quasi-contract claim to proceed—even though it recognized that this claim might prove "implausible based on [the] related breach of express contract claim." *Id.* Here, no party disputes the DOCSIS License's validity.

- In *Intelligent Management Solutions, Inc. v. Crown Glendale Associates, LLC*, the court deemed defendant's motion to dismiss plaintiff's unjust enrichment claim to be "premature," as the defendant had not yet "admit[ted] that a written contract exist[ed] between the parties." 2013 WL 12130317, at *2 (C.D. Cal. Feb. 20, 2013). Here, by contrast, MaxLinear and Cox both agree that the DOCSIS License is valid and enforceable. *Intelligent Management* notably relies on two unhelpful cases for Cox. In *Parino v. Bidrack, Inc.*, the plaintiff expressly *challenged* the contract's validity. 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011). In *Clear Channel*, the court *dismissed* the unjust enrichment claim.

- Finally, in *1 Energy Solutions, Inc. v. Holiday, Inc.*, the plaintiffs properly pled unjust enrichment in the alternative. 2013 WL 12133654, at *3 (C.D. Cal. Nov. 5, 2013) ("Plaintiffs allege in their . . . Fifth Claim[] that[,] even if a contract was never formed, justice requires . . . disgorgement of Defendant's profits to the extent that it was unjustly enriched."). Here, Cox does not dispute that the DOCSIS License was formed and is valid.

In sum, none of Cox's authority permits a party to pursue a quasi-contract/unjust enrichment claim in the face of an undisputedly valid, enforceable agreement governing the parties' rights. Nor does Cox's authority permit a party to *pursue* a claim in the alternative when it has not actually *pled* the claim in the alternative (*e.g.*, by denying that the DOCSIS License is valid and enforceable).

### D. The Choice of Law Does Not Help Cox

Contending that the Special Master applied the wrong law, Cox alleges that he should have applied New York or Colorado law. (Obj. at 12.) Per Cox, both states' laws permit Cox's alternative pleading. But Cox's authority—which it again

offers for the first time in its Objections—again reveals the error of its position.

First, New York. As the Ninth Circuit observed in *Paracor*, "[u]nder both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." 96 F.3d at 1167. Cox's New York authority confirms this.

Although Cox discusses *Stanley v. Direct Energy Services, LLC*, Cox omits its outcome: The New York court *dismissed* the unjust enrichment claim because the parties did not dispute the contract's existence. *See* 466 F. Supp. 3d 415, 431 (S.D.N.Y. 2020) (dismissing claim because there was "no 'bona fide dispute concerning [the] existence of a contract'"). *Stanley* quoted *2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Financial Life Assurance Co.*, which did the same. 96 F. Supp. 3d 182, 235 (S.D.N.Y. 2015).

Second, Colorado. Like its California ones, Cox's Colorado cases focus on true alternative or non-overlapping claims. In *Ball Dynamics International, LLC v. Saunders*, the court permitted plaintiff's unjust enrichment theory only because it might "provide a theory for recovery" for times when the parties were "not subject to [an] [a]greement" or against defendants who were not "parties to the contracts at issue." 2016 WL 10859782, at *9 (D. Colo. Nov. 14, 2016). And in *Clyne v. Walters*, the court permitted the plaintiff's breach and unjust enrichment theories as true "logically inconsistent" alternatives. 2009 WL 2982842, at *3 (D. Colo. Sept. 16, 2009). It explained that, if the plaintiff "successfully demonstrate[d] the existence of a contract between the parties, the unjust enrichment claim would drop away." *Id.* Here, Cox's quasi-contract/unjust enrichment counterclaim must "drop away," as the existence and validity of the DOCSIS License are undisputed.

E.   **Cox's Non-Objection to the Dismissal of Its Breach Counterclaim Renders Its Quasi-Contract Counterclaim Facially Implausible**

Should the Court agree with Cox that its quasi-contract/unjust enrichment claim is proper under Rule 8, it should still dismiss that claim. Cox's non-objection

to the dismissal of its breach claim requires this.

In its Counterclaims, Cox alleged that MaxLinear had breached the DOCSIS License by shirking its related licensing obligations under that agreement.  (Am. Countercls. ¶¶ 323-324.)  Disagreeing, the Special Master in his R&R explained that any encumbrances "run with the patent" as a matter of law.  (R&R at 20, 33, 36, 37; *accord Entropic Commc'ns, LLC v. Comcast Corp.*, 2023 WL 9189317, at *3 (C.D. Cal. Nov. 20, 2023) (Holcomb, J.) (quoting *Datatreasury Corp. v. Wells Fargo & Co.*, 552 F.3d 1368, 1372 (Fed. Cir. 2008).)  For this reason, Cox can show neither breach of the DOCSIS License or injury from any alleged breach.

Cox's unjust enrichment counterclaim, however, assumes that MaxLinear's obligations under the DOCSIS License did *not* run with the patents.  (Am. Countercls. ¶ 337 (alleging MaxLinear misled cable industry participants that MaxLinear's patents would be governed by DOCSIS licensing provisions).)  As Entropic has acknowledged and the Special Master found, MaxLinear's obligations under the DOCSIS License *do* run with them.  (R&R at 20, 33, 36, 37.)

It follows that MaxLinear could not have misled anyone that its DOCSIS standard essential patents were not subject to the DOCSIS License.  Cox's unjust enrichment counterclaim thus is implausible, and the Court should dismiss it.[1]

## IV. CONCLUSION

Cox does not dispute that a valid and enforceable agreement—the DOCSIS License—defines MaxLinear's relevant obligations.  Dismissal of Cox's quasi-contract/unjust enrichment counterclaim therefore is appropriate, whether under the law of California, this District, the Ninth Circuit, New York, or Colorado.

---

[1] Should the Court overrule the R&R as to Cox's quasi-contract counterclaim, the appropriate remedy would be a remand to consider MaxLinear's other arguments. The Special Master recommended dismissal due to Cox's failure to "challenge the existence or validity of the DOCSIS License." (R&R at 72.) He did not address MaxLinear's other bases for dismissal, including: standing; ripeness; the lack of unjust benefit to MaxLinear; the lack of direct benefit from Cox; and Cox's failure to satisfy Rule 9(b)'s heightened standard. (*See* ECF No. 218-1 at 13-18, 29-30.)

| | |
|---|---|
| Dated: May 24, 2024 | MORRISON & FOERSTER LLP |
| | By: /s/ Bita Rahebi |
| | BITA RAHEBI (CA SBN 209351)<br>brahebi@mofo.com<br>ALEX S. YAP (CA SBN 241400)<br>ayap@mofo.com<br>ROSE S. LEE (CA SBN 294658)<br>roselee@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454 |
| | RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| | JOHN R. LANHAM (CA SBN 289382)<br>jlanham@mofo.com<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, California 92130-2040<br>Telephone: (858) 720-5100<br>Facsimile: (858) 720-5125 |
| | *Attorneys for Counter-Defendants*<br>MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Counter-Defendants MAXLINEAR, INC. and MAXLINEAR COMMUNICATIONS LLC, certifies that this brief contains 3,166 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 24, 2024                     By:  /s/ *Bita Rahebi*
                                             Bita Rahebi