

1  Ashok Ramani (SBN 200020)
2  ashok.ramani@davispolk.com
   David J. Lisson (SBN 250994)
3  david.lisson@davispolk.com
4  DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
5  Menlo Park, California 94025
6  Tel:   (650) 752-2000
   Fax:   (650) 752-2111
7
8  *Attorneys for Comcast Defendants*
   *[Additional counsel on signature page]*
9
               **UNITED STATES DISTRICT COURT**
10
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

12  ENTROPIC COMMUNICATIONS,        ) Lead Case No.
    LLC,                            ) 2:23-cv-01049-JWH-KES
13                                  )
               Plaintiff,           ) Related Case No. 2:23-cv-01050-
14                                  ) JWH-KES
         v.                         )
15                                  ) Lead Case No.
    COX COMMUNICATIONS, INC.;       ) 2:23-cv-01043-JWH-KES
16  COXCOM, LLC; and COX            )
    COMMUNICATIONS CALIFORNIA,      ) Related Case Nos.
17  LLC,                            ) 2:23-cv-01047-JWH-KES
                                    ) 2:23-cv-01048-JWH-KES
18             Defendants.          ) 2:23-cv-05253-JWH-KES
19  ——————————————————————          )
    ENTROPIC COMMUNICATIONS,        )
20  LLC,                            )
                                    ) **COMCAST'S NOTICE OF**
21             Plaintiff,           ) **MOTION AND MOTION TO**
                                    ) **STAY; MEMORANDUM OF**
22        v.                        ) **POINTS AND AUTHORITIES IN**
                                    ) **SUPPORT THEREOF**
23  COMCAST CORPORATION;            )
    COMCAST CABLE                   )
24  COMMUNICATIONS, LLC; and        )
    COMCAST CABLE                   ) Date:    October 18, 2024
25  COMMUNICATIONS                  ) Time:    9:00 am
    MANAGEMENT, LLC,                ) Dept:    9D
26                                  ) Judge:   Hon. John W. Holcomb
27             Defendants.          )
                                    )
28

## NOTICE OF MOTION AND MOTION TO STAY

PLEASE TAKE NOTICE that on October 18, 2024, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 9D, before the Honorable John W. Holcomb, of the United States District Court for the Central District of California, 411 W 4th St, Santa Ana, CA 92701, Defendants Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, and Comcast Corporation ("Comcast") will and hereby do move the Court for an order staying all proceedings in Case Nos. 23-cv-01048 and 23-cv-01050 pending the resolution of *inter partes* reviews ("IPRs") by the United States Patent and Trademark Office ("USPTO").

As explained in the attached Memorandum, Comcast makes this Motion because proceeding with these cases at this time will waste significant Court and party resources. Of the 20 patents asserted across both cases, this Court has finally or tentatively invalidated seven of them under 35 U.S.C. § 101. Of the remaining 13 patents, six are subject to already-instituted IPRs and institution decisions are expected on three others by October 11, 2024. Moreover, Comcast cannot be subject to suit on *any* of the patents-in-suit until the termination of a covenant not to sue in August 2025. As a result, a stay pending IPR will promote judicial efficiency and economy and preserve the resources of the Court and parties while ensuring that these cases do not continue on claims for which subject-matter jurisdiction does not exist.

This motion is based on this Notice of Motion and the supporting Memorandum of Points and Authorities, the concurrently filed declaration and exhibits, other materials in the record, argument of counsel, and such other matters as the Court may consider. This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on September 10, 2024.

Dated: September 17, 2024

Respectfully submitted,

*/s/ Kathryn Bi*

DAVIS POLK & WARDWELL LLP
Ashok Ramani (SBN 200020)
ashok.ramani@davispolk.com
David J. Lisson (SBN 250994)
david.lisson@davispolk.com
Micah G. Block (SBN 270712)
micah.block@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Tel:   (650) 752-2000

Kathryn Bi (SBN 308652)
kathryn.bi@davispolk.com
450 Lexington Avenue
New York, NY 10017

WINSTON & STRAWN LLP
Krishnan Padmanabhan (SBN 254220)
kpadmanabhan@winston.com
200 Park Avenue
New York, NY 10166
Tel:   (212) 294-6700

Saranya Raghavan
sraghavan@winston.com
Natalie R. Holden
nholden@winston.com
35 West Wacker Drive
Chicago, IL 60601

Brian E. Ferguson
bferguson@winston.com
1901 L Street, NW
Washington, DC 20036

Claire Dial
cdial@winston.com
800 Capitol Street, Suite 2400
Houston, TX 77002

Diana Hughes Leiden
dhleiden@winston.com
333 South Grand Avenue
Los Angeles, CA 90071
Tel:   (213) 615-1924

*Attorneys for Comcast Defendants*

2

COMCAST'S NOTICE OF MOTION AND MOTION TO STAY; MPA IN SUPPORT
LEAD CASE NOS. 2:23-CV-01043- JWH-KES, 2:23-CV-01049- JWH-KES

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ........................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................... 2

III.  LEGAL STANDARDS ..................................................................... 6

IV.   ARGUMENT ............................................................................... 7

      A.    Discovery Is Not Complete and No Trial Dates Are Set ...................... 7

      B.    A Stay of the Cases Would Simplify the Issues ................................. 8

      C.    Entropic Cannot Show Undue Prejudice ........................................ 11

V.    CONCLUSION ........................................................................... 13

# TABLE OF AUTHORITIES

PAGE

**Cases**

*American GNC Corp. v. LG Elecs. Inc.*,
2018 WL 1250876 (S.D. Cal. Mar. 12, 2018) ........................................................8

*Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*,
2014 WL 46381706 (C.D. Cal. May 8, 2014) ........................................................8

*C.R. Laurence Co. v. Frameless Hardware Co.*,
No. 21-cv-01334, Dkt. No. 122 (C.D. Cal. Dec. 9, 2022) ...................................11

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00430, Paper 8 (P.T.A.B. Sept. 6, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00431, Paper 8 (P.T.A.B. Sept. 6, 2024) ................................................4

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00432, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00433, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00434, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00435, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00436, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00437, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00438, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................6

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*,
IPR2024-00439, Paper 2 (P.T.A.B. Feb. 16, 2024) ................................................6

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00440, Paper 2 (P.T.A.B. Feb. 16, 2024) ...............................6

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00441, Paper 8 (P.T.A.B. Sept. 5, 2024) ................................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00442, Paper 8 (P.T.A.B. Aug. 20, 2024) ...............................5

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00444, Paper 9 (P.T.A.B. Sept. 6, 2024) ................................6

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00445, Paper 9 (P.T.A.B. Sept. 9, 2024) ................................6

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00446, Paper 11 (P.T.A.B. Sept. 3, 2024) ..............................4

*Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC,*
  IPR2024-00452, Paper 11 (P.T.A.B. Aug. 19, 2024) .............................6

*Danco Inc. v. Fluidmaster Inc,*
  2024 WL 3914664 (C.D. Cal. Apr. 3, 2024) .............................7, 8, 11

*DISH Network Corp. v. Entropic Commc'ns, LLC,*
  IPR2024-00373, Paper 9 (P.T.A.B. July 26, 2024) ...............................4

*DISH Network Corp. v. Entropic Commc'ns, LLC,*
  IPR2024-00393, Paper 7 (P.T.A.B. July 26, 2024) ...............................4

*DISH Network Corp. v. Entropic Commc'ns, LLC,*
  IPR2024-00462, Paper 14 (P.T.A.B. Aug. 16, 2024) ............................6

*DISH Network Corp. v. Entropic Commc'ns, LLC,*
  IPR2024-00555, Paper 9 (P.T.A.B. Aug. 21, 2024) ..............................6

*DISH Network Corp. v. Entropic Commc'ns, LLC,*
  IPR2024-00560, Paper 11 (P.T.A.B. Aug. 15, 2024) ............................6

*Doc. Sec. Sys., Inc. v. Seoul Semiconductor Co.,*
  2020 WL 11421528 (C.D. Cal. July 2, 2020) .....................................12

*Entropic Commc'ns, LLC v. Comcast Corp.,*
  702 F. Supp. 3d 954 (C.D. Cal. 2023) ......................................2, 3, 12

iii

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................. 7

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ........................................... 10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................... 6

*Laser Spallation Techs., LLC v. The Boeing Co.*,
   2024 WL 3915091 (C.D. Cal. May 22, 2024) ......................................... 13

*Longitude Licensing Ltd. v. Amazon.com, Inc.*,
   No. 23-cv-00039, Dkt. No. 80 (C.D. Cal. Feb. 26, 2024) ................... 8, 9

*Methode Elec., Inc. v. Infineon Tech. Corp.*,
   2000 WL 35357130 (N.D. Cal. Aug. 7, 2000) ......................................... 10

*Murata Mach. USA v. Daifuku Co.*,
   830 F.3d 1357 (Fed. Cir. 2016) ................................................................. 7

*Overland Storage, Inc. v. BTD AG (Germany)*,
   2014 WL 12160764 (S.D. Cal. Feb. 11, 2014) .................................. 10, 11

*Pi-Net Intern., Inc. v. Hertz Corp.*,
   2013 WL 7158011 (C.D. Cal. June 5, 2013) .......................................... 7, 8

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
   2017 WL 8220599 (C.D. Cal. June 27, 2017) ......................................... 12

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
   2014 WL 3107447 (N.D. Cal. July 3, 2014) ............................................. 9

*SAGE Electrochromics, Inc. v. View, Inc.*,
   2015 WL 66415 (N.D. Cal. Jan. 5, 2015) ............................................... 12

*Software Rights Archive, LLC v. Facebook, Inc.*,
   2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ....................................... 12

*Sonics, Inc. v. Arteris, Inc.*,
   2013 WL 503091 (N.D. Cal. Feb. 8, 2013) ............................................. 10

*Synopsys, Inc. v. Siemens Indus. Software Inc.*,
   2022 WL 20508655 (N.D. Cal. June 7, 2022) ....................................... 8, 9

iv

*Twilio, Inc. v. TeleSign Corp.*,
  2018 WL 1609630 (N.D. Cal. Apr. 3, 2018) ............................................................. 8

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................................. 7

*WSOU Invest. LLC v. Juniper Networks Inc.*,
  2022 WL 19709 (N.D. Cal. Jan. 3, 2022) ........................................................... 11

## I.    INTRODUCTION

Comcast moves to stay the Entropic-Comcast Cases pending resolution of IPRs by the USPTO.[1] Entropic asserted 20 patents against Comcast across these two cases. Sixteen of those patents have already been, or are likely to be, invalidated by this Court or the USPTO: the Court invalidated or tentatively invalidated seven patents under 35 U.S.C. § 101, the USPTO instituted IPR of six additional patents, and institution decisions are expected on three others by October 11, 2024.[2] That leaves only four asserted patents that are not subject to either IPR challenges or invalidation by this Court. Proceeding to litigate at this juncture would waste judicial resources and the parties' time; the wiser course would be to stay this case pending resolution of the IPRs. That is particularly so because, as the Court has already found, the Court has no subject-matter jurisdiction over non-willful patent-infringement claims against Comcast until the expiration of a covenant not to sue in August 2025. Since Entropic has been unable to adequately plead willful infringement of *any* of the asserted patents, these cases cannot move forward until that date in any event.

Because the cases are in their early stages and cannot move forward now, a stay would greatly simplify the issues and not prejudice Entropic. Accordingly, the Court should stay all proceedings in the Entropic-Comcast Cases pending the USPTO's disposition of the IPRs.

---

[1] In addition to those defined in the Notice of Motion, this memorandum uses the following abbreviations: (1) "Entropic" means Entropic Communications, LLC; (2) "Entropic-Comcast Cases" means Case Nos. 23-cv-01048 and 23-cv-01050; (3) "MaxLinear" means MaxLinear, Inc.; and (4) "VSA" means the Vendor Support Agreement between Comcast and MaxLinear effective as of August 1, 2020.

[2] Comcast files the instant motion in advance of those institution decisions per the Court's order that Comcast make any request to extend the current stay in Case No. 23-cv-01043 by September 17, 2024. *See* Case No. 23-cv-01043, Dkt. No. 531.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Before Entropic filed these cases, its predecessor in interest, MaxLinear, executed a VSA with Comcast. *Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 960 (C.D. Cal. 2023), *reconsideration denied sub nom. Entropic Commc'ns, LLC v. DISH Network Corp.*, 2024 WL 210975 (C.D. Cal. Jan. 12, 2024). The VSA included a covenant not to sue Comcast for non-willful patent infringement during its term:

> During the Term, ***Vendor***, on behalf of itself and all Affiliates, (each, a "Vendor Covenanting Party"), to the extent Comcast, Comcast's Affiliates, (each, a "Comcast Protected Party") have not willfully infringed a Vendor Covenanting Party's patent, copyright, or trademark, or knowingly misappropriated a Vendor Covenanting Party's trade secret, ***covenants not to sue Comcast Protected Party for patent***, copyright, or trademark ***infringement***, or for misappropriation of trade secrets, as the case may be, with respect to Comcast Protected Party's purchase, use, or deployment of any product or service.

*Id.* (quoting VSA § 7.3) (emphasis added); *see also* Case No. 23-cv-01050, Dkt. No. 75-2 at § 7.3 (filed under seal). In March 2021, MaxLinear assigned the patents-in-suit to Entropic, which filed the Entropic-Comcast Cases in February 2023 notwithstanding the covenant not to sue. 702 F. Supp. 3d at 961.

After Comcast raised the covenant not to sue with Entropic on several occasions between March and May 2023, MaxLinear sent Comcast a notice of termination of the VSA, pursuant to which the VSA and covenant will terminate on August 21, 2025. *See* Case No. 23-cv-01050, Dkt. No. 76-23 (MaxLinear's May 2023 notice letter); *see Comcast Cable Commc'ns Mgmt. v. MaxLinear, Inc.*, 23-cv-04436, Dkt. No. 66 at 2 (S.D.N.Y. Sept. 12, 2023) ("MaxLinear agrees to perform all of its services, and the obligations with respect to services, in a timely manner and without qualification, pursuant to the VSA and SOW, until May 23, 2024."); *see also id.*, at Dkt. No. 75-2 at § 11.1 (VSA filed under seal). Entropic

then filed First Amended Complaints in both cases on June 5, 2023. Case No. 23-cv-01048, Dkt. No. 67; Case No. 23-cv-01050, Dkt. No. 63.

Comcast moved to dismiss Entropic's First Amended Complaints for lack of subject-matter jurisdiction and a failure to state a claim for willful infringement. Case No. 23-cv-01048, Dkt. No. 83; Case No. 23-cv-01050, Dkt. No. 76. The Court granted Comcast's motion, holding that MaxLinear assigned the asserted patents to Entropic subject to the covenant not to sue and that its First Amended Complaints failed to plausibly allege willful infringement. *Entropic*, 702 F. Supp. 3d at 962, 965-67. The Court gave Entropic leave try to cure its deficient willful-infringement allegations in an amendment, *id.* at 967, but operative amended complaints have yet to be entered.[3]

Since Entropic filed its cases, Comcast and defendants in related cases have challenged the patentability of the patents-in-suit before this Court and the USPTO. As to several of the patents, other defendants filed motions to dismiss or for judgment on the pleadings under 35 U.S.C. § 101. *See* Case No. 23-cv-01043, Dkt. Nos. 50, 160; Case No. 23-cv-01047, Dkt. No. 64. Comcast and one other defendant also filed IPR petitions on the remaining patents asserted in the First

---

[3] Following the Court's November 2023 order, Entropic filed Second Amended Complaints and then moved for leave to file further supplemental and amended complaints. Case No. 23-cv-01043, Dkts. No. 192-1, 193, 205; Case No. 23-cv-01049, Dkts. No.130-1, 131, 143. Comcast moved to dismiss the Second Amended Complaints because they again failed to plausibly allege willful infringement. Case No. 23-cv-01043, Dkt. No. 249; Case No. 23-cv-01049, Dkt. No. 175. The Court referred Entropic's motions to the Special Master (Case No. 23-cv-1043, Dkt. No. 273; Case No. 23-cv-1049, Dkt. 191) and denied without prejudice Comcast's motions to dismiss as premature because the Court had not determined whether Entropic could amend or supplement. Case No. 23-cv-01043, Dkt. No. 347; Case No. 23-cv-1049, Dkt. No. 244. On March 6, 2024, the Special Master recommended that Entropic's unopposed motions for leave to supplement and amend be granted but that recommendation remains pending. Case No. 23-cv-01043, Dkt. No. 397-1; Case No. 23-cv-01049, Dkt. No. 277-1. Accordingly, per the Court's February 15 order, Comcast has been unable to renew its motions to dismiss the supplemental and amended complaints.

Amended Complaints before the USPTO. The following table summarizes the status of each patent-in-suit:

| Patent No. | C.D. Cal. Case No. | Citation |
|---|---|---|
| **Patents Invalidated by the Court** | | |
| 8,228,910 | 23-cv-01043 | Dkt. No. 103 |
| 10,257,566 | 23-cv-01043 | Dkt. No. 103 |
| **Patents Subject to a Tentative Invalidity Ruling by the Court** | | |
| 8,085,802 | 23-cv-01043 | Ex. A (Tentative MTD Order) |
| 8,363,681 | 23-cv-01043 | Ex. A (Tentative MTD Order) |
| 8,621,539 | 23-cv-01043 | Ex. A (Tentative MTD Order) |
| 9,838,213 | 23-cv-01047 | Ex. B (Tentative 12(c) Order) |
| 10,432,422 | 23-cv-01047 | Ex. B (Tentative 12(c) Order) |
| **Patents on Which the USPTO Already Instituted IPR** | | |
| 7,295,518 | 23-cv-01048 | *DISH Network Corp. v. Entropic Commc'ns, LLC*, IPR2024-00393, Paper 7 (P.T.A.B. July 26, 2024) (instituting IPR on claims 1 and 3) *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00431, Paper 8 (P.T.A.B. Sept. 6, 2024) (instituting IPR on claims 1-4)[4] |
| 7,594,249 | 23-cv-01048 | *DISH Network Corp. v. Entropic Commc'ns, LLC*, IPR2024-00373, Paper 9 (P.T.A.B. July 26, 2024) (instituting IPR on claims 1-17) |
| 8,223,775 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00446, Paper 11 (P.T.A.B. Sept. 3, 2024) (instituting IPR on claims 1-20) |
| 8,284,690 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00430, Paper 8 |

---

[4] Citations to IPR papers refer to entries on the USPTO's Patent Trial and Appeal Case Tracking System, available at https://ptacts.uspto.gov/ptacts/ui/home.

| Patent No. | C.D. Cal. Case No. | Citation |
|---|---|---|
| | | (P.T.A.B. Sept. 6, 2024) (instituting IPR on claims 1-24) |
| 8,792,008 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00441, Paper 8 (P.T.A.B. Sept. 5, 2024) (instituting IPR on claims 1-18) |
| 9,825,826 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00442, Paper 8 (P.T.A.B. Aug. 20, 2024) (instituting IPR on claims 1-18) |
| *Patents on Which the USPTO May Still Institute IPR* | | |
| 9,210,362 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00434, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00433, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00432, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| 11,381,866 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00435, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00436, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00437, Paper 2 (P.T.A.B. Feb. 16, 2024) |

| Patent No. | C.D. Cal. Case No. | Citation |
|---|---|---|
| 11,399,206 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00438, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00439, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00440, Paper 2 (P.T.A.B. Feb. 16, 2024) |
| *Patents Not Subject to IPR or a Court Ruling of Invalidity* | | |
| 7,889,759 | 23-cv-01048 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00452, Paper 11 (P.T.A.B. Aug. 19, 2024) (denying institution) |
| | | *DISH Network Corp. v. Entropic Commc'ns, LLC*, IPR2024-00462, Paper 14 (P.T.A.B. Aug. 16, 2024) (denying institution) |
| 8,320,566 | 23-cv-01048 | *Dish Network Corp. v. Entropic Commc'ns, LLC*, IPR2024-00555, Paper 9 (P.T.A.B. Aug. 21, 2024) (denying institution) |
| 8,631,450 | 23-cv-01048 | *DISH Network Corp. v. Entropic Commc'ns, LLC*, IPR2024-00560, Paper 11 (P.T.A.B. Aug. 15, 2024) (denying institution) |
| 10,135,682 | 23-cv-01050 | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00445, Paper 9 (P.T.A.B. Sept. 9, 2024) (denying institution) |
| | | *Comcast Cable Commc'ns, LLC v. Entropic Commc'ns, LLC*, IPR2024-00444, Paper 9 (P.T.A.B. Sept. 6, 2024) (denying institution) |

## III.   LEGAL STANDARDS

A district court has broad discretion to stay proceedings under its inherent power to manage its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This

power includes the discretion to stay a case pending proceedings before the USPTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When determining whether to stay a case pending IPR, district courts generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Danco Inc. v. Fluidmaster Inc*, 2024 WL 3914664, at *1 (C.D. Cal. Apr. 3, 2024) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). "While these factors are important, ultimately the totality of the circumstances governs." *Id.* (cleaned up); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("Attendant to the district court's inherent power to stay proceedings [under *Landis*] is the court's discretionary prerogative to balance considerations beyond those captured by the [IPR-based] three-factor stay test.").

## IV.   ARGUMENT

The circumstances here uniformly support a stay pending IPR. The Court should thus stay the Entropic-Comcast Cases until the IPRs conclude, at which point the covenant not to sue will have terminated and the Court will possess subject-matter jurisdiction over Entropic's claims of non-willful patent infringement.

### A.   Discovery Is Not Complete and No Trial Dates Are Set

In considering a request for stay, courts first consider "the stage of the proceedings, including whether discovery is complete and whether a trial date has been set." *Pi-Net Intern., Inc. v. Hertz Corp.*, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (cleaned up). This factor weighs strongly in favor of a stay here.

Fact discovery in both cases is still in its early stages. Entropic has produced only a few hundred documents in each case, the parties have yet to exchange

proposals for email discovery, and third-party discovery—which will be extensive—is still in the negotiation phase. No fact depositions have taken place, nor have any been noticed. The Court has not issued any final claim constructions and claim-construction briefing has not even begun in Case No. 23-cv-01048. The close of fact discovery, expert discovery, and trial have not been scheduled in either case. "Courts routinely grant stays at similar or later stages in the proceedings." *Synopsys, Inc. v. Siemens Indus. Software Inc.*, 2022 WL 20508655, at *2 (N.D. Cal. June 7, 2022) (collecting cases granting a stay where "claim construction is complete and the parties have already engaged in fact discovery"); *Pi-Net*, 2013 WL 7158011, at *2 (collecting cases finding "a stay appropriate under similar circumstances").

### B.    A Stay of the Cases Would Simplify the Issues

The second factor "considers whether a stay will simplify the issues in question and trial of the case." *Danco*, 2024 WL 3914664, at *2 (cleaned up). IPR "significantly narrow[s]" a case even when only some petitions are instituted. *Id.*, at *3. Indeed, courts have stayed cases when "***only two of the seven patents-in-suit*** are the subjects of the ***pending*** IPR petitions." *American GNC Corp. v. LG Elecs. Inc.*, 2018 WL 1250876, at *4 (S.D. Cal. Mar. 12, 2018) (emphasis added). And courts in the Ninth Circuit routinely find this factor favors a stay when the USPTO has instituted IPR of most of the patents-in-suit. *See, e.g.*, *Longitude Licensing Ltd. v. Amazon.com, Inc.*, No. 23-cv-00039, Dkt. No. 80 at 5-6 (C.D. Cal. Feb. 26, 2024) (Holcomb, J.) (granting a stay when IPRs were instituted on three of four patents); *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, 2014 WL 4638170, at *6 (C.D. Cal. May 8, 2014) (staying the case when IPRs were instituted on four of seven patents and a fifth IPR institution decision was pending); *Twilio, Inc. v. TeleSign Corp.*, 2018 WL 1609630, at *2 (N.D. Cal. Apr. 3, 2018) (granting total stay when two of the three patents-in-suit were subject to IPR proceedings); *Robert*

*Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, 2014 WL 3107447, at *1-2 (N.D. Cal. July 3, 2014) (granting total stay when four of the six patents-in-suit were subject to IPR proceedings); *Synopsys, Inc.*, 2022 WL 20508655, at *3 (finding this factor favors a stay when IPRs were instituted on three of four patents).

Most of the patents-in-suit here (16 of 20) have been finally or tentatively invalidated by this Court or have—or may have—IPR proceedings instituted. Considering only the patents not subject to a final or tentative invalidity ruling, nine of the 13 are subject to IPR proceedings: six already instituted and three more with institution decisions due by October 11, 2024. Those IPRs will streamline the litigation considerably. If the challenged claims are invalidated, which is the most likely outcome,[5] the Court will be left to adjudicate only four of 20 patents and 21 of 118 asserted claims. However, "[e]ven if the [USPTO] does not invalidate ***any*** claims, simplification is still possible" because there will be "a richer prosecution history" and "intrinsic record" to assist the Court. *Longitude Licensing Ltd.*, No. 23-cv-00039, Dkt. No. 80 at 5-6 (emphasis added). Moreover, should any asserted claims remain after final written decisions, "the estoppel provisions of 35 U.S.C. § 315(e)(2) will apply and will eliminate waived invalidity arguments" as to nearly all the patents-in-suit on which IPRs were instituted. *Id.* at 6.

A full stay of both cases will also avoid piecemeal litigation. When considering whether to stay litigation in full, courts consider overlapping discovery, witnesses, technology, and damages issues between patents that are subject to IPR and those that are not. *See, e.g.*, *Robert Bosch Healthcare Sys., Inc.*, 2014 WL 3107447, at *5 ("[T]he allocation analysis for damages would be more complete were the case adjudicated in whole rather than tried piecemeal."). Here,

---

[5] *See* Stephen Schreiner, *Recent Statistics Show PTAB Invalidation Rates Continue to Climb*, IPWatchdog (June 25, 2024), https://ipwatchdog.com/2024/06/25/recent-statistics-show-ptab-invalidation-rates-continue-climb/id=178226 (noting that invalidation rates are "currently at 71% for the first two quarters of 2024. In 2023, all challenged claims were found invalid 68% of the time.").

all the asserted patents originate from the same entity (MaxLinear), were transferred to Entropic as part of the same transaction, and concern overlapping accused products. For example, in Case No. 23-cv-01050, the sole patent without a pending IPR petition or instituted proceeding is asserted against the same accused products as patents subject to instituted IPRs. *See, e.g.*, First Am. Compl. ¶¶ 138, 164, 264, Case No. 23-cv-01050, Dkt. No. 63. Similarly, in Case No. 23-cv-01048, the patents that are not subject to instituted IPR petitions (and not invalidated by the Court) are asserted against the same products as patents that are subject to instituted IPR proceedings. *See, e.g.*, First Am. Compl. ¶¶ 173, 208, 243, 313, 520, Case No. 23-cv-01048, Dkt. No. 67. In such circumstances, courts find a stay warranted to avoid duplicative discovery of or from "common documents and witnesses" across instituted and non-instituted patents. *See Methode Elec., Inc. v. Infineon Tech. Corp.*, 2000 WL 35357130, at *3 (N.D. Cal. Aug. 7, 2000) (granting motion to stay pending reexamination); *Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) (explaining in the context of reexamination "that staying the entire case is warranted" when there are overlapping issues); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006) (finding a stay pending reexamination would simplify issues involving the same products because the engineering and sales personnel deposed would be the same).

Further, there is significant overlap ***across*** the two cases in this litigation. *Cf. Overland Storage, Inc. v. BTD AG (Germany)*, 2014 WL 12160764, at *8 (S.D. Cal. Feb. 11, 2014) ("[T]he simplification issue is best considered holistically . . . ."). Both cases involve cable networking, modems, and set-top boxes. Staying only one case risks the Court having "to spend nearly twice the amount of judicial resources to resolve a dispute ***between the same parties, who are represented by the same attorneys***." *C.R. Laurence Co. v. Frameless*

*Hardware Co.*, No. 21-cv-01334, Dkt. No. 122 at 7-9 (C.D. Cal. Dec. 9, 2022) (Holcomb, J.) (staying the case in full while denying motion to sever claims) (emphasis added). Just as ***within*** each case, there will be significant discovery overlap ***across*** the cases, including, for example, the same Comcast engineering and sales personnel testifying about the same accused products and the same Entropic and MaxLinear personnel testifying about the patents and related commercial matters. *Overland Storage*, 2014 WL 12160764, at *7-8 (finding that "the patents have some overlap, certainly with regards to witnesses and other matters bearing on general efficiency" despite there being no overlapping claim-construction issues, different prior art, and different expert witnesses as to invalidity and infringement). The cases should move forward on similar timelines to avoid "multiple rounds of expert discovery, multiple trials, and other potentially duplicative efforts by the parties and the Court." *WSOU Invest. LLC v. Juniper Networks Inc.*, 2022 WL 19709, at *5 (N.D. Cal. Jan. 3, 2022) (declining to move one patent infringement case, among several between the same parties, forward on a different schedule than the others). Because judicial economy would not be served by staying one case, the second factor also favors a stay of both cases at the same time.

### C.    Entropic Cannot Show Undue Prejudice

To determine whether a stay pending IPR would unduly prejudice the plaintiff, courts consider "factors such as the timing of the requests for [IPR] and a stay, the status of the [IPR] proceedings, and the relationship of the parties." *Danco*, 2024 WL 3914664, at *3 (cleaned up). The plaintiff must "make[] a ***specific*** showing of prejudice beyond the delay necessarily inherent in any stay." *Id.* Entropic cannot do so.

As a threshold matter, Entropic cannot be prejudiced because it cannot sue Comcast for non-willful infringement of ***any*** of the patents-in-suit under the terms

of the VSA. The patents-in-suit are encumbered by the covenant not to sue, which runs at least until August 2025, and Entropic has failed to plausibly allege willful infringement. *Entropic*, 702 F. Supp. 3d at 963, 965-66. Entropic should not have brought these lawsuits against Comcast when it did and the covenant bars its claims now. Given this background, it is **Comcast** that would be unduly prejudiced in the absence of a stay.

Even without the covenant not to sue, Entropic could not show prejudice. Entropic is a non-practicing entity and the parties are not competitors. "This factor **strongly** favors a stay" because there is no risk of irreparable harm and Entropic "can be fully restored to the *status quo ante* with monetary relief" if it ultimately prevails on any claim. *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (explaining there is no risk that a stay will prejudice a non-practicing entity that does not market any products or services covered by the claims of the asserted patents) (emphasis added); *Doc. Sec. Sys., Inc. v. Seoul Semiconductor Co.*, 2020 WL 11421528, at *3 (C.D. Cal. July 2, 2020) (finding no prejudice because non-practicing-entity plaintiff "does not risk losing additional sales should this action be stayed"); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2017 WL 8220599, at *2 (C.D. Cal. June 27, 2017) (same).

Nor can Entropic show that any party was dilatory in filing its IPRs or in seeking a stay. Entropic asserted 118 claims across 20 patents and preparing IPR petitions required extensive effort. Time spent preparing petitions prior to the statutory deadline does not constitute undue prejudice. *See SAGE Electrochromics, Inc. v. View, Inc.*, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015). Moreover, all instituted and currently pending IPRs were filed shortly after the Court dismissed Entropic's First Amended Complaints but granted Entropic leave to amend. Comcast cannot be faulted for seeking dismissal pursuant to its covenant not to sue

before responding on the merits. *Laser Spallation Techs., LLC v. The Boeing Co.*, 2024 WL 3915091, at *4 (C.D. Cal. May 22, 2024) ("Given the costs and burdens of litigation, the Court finds it difficult to fault Defendant for seeking a dismissal on jurisdictional grounds before responding to the claims on the merits, either in court or in front of the [USPTO].").

Comcast now moves to stay both the Entropic-Comcast Cases as IPR institution decisions are reached and immediately upon the expiration of the existing stay in Case No. 23-cv-1043 so that no additional unnecessary Court or party resources are wasted. *See id.*, Dkt. No. 531.

## V.    CONCLUSION

The Court lacks subject-matter jurisdiction over non-willful infringement claims, so staying the Entropic-Comcast Cases at least until the resolution of all pending IPRs conclude will simplify matters for all involved. Comcast thus respectfully requests this Court stay Case Nos. 23-cv-01048 and 23-cv-01050.

Dated: September 17, 2024

Respectfully submitted,

*/s/ Kathryn Bi*

DAVIS POLK & WARDWELL LLP
Ashok Ramani (SBN 200020)
ashok.ramani@davispolk.com
David J. Lisson (SBN 250994)
david.lisson@davispolk.com
Micah G. Block (SBN 270712)
micah.block@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Tel:   (650) 752-2000

Kathryn Bi (SBN 308652)
kathryn.bi@davispolk.com
450 Lexington Avenue
New York, NY 10017
Tel:   (212) 450-4000

13

WINSTON & STRAWN LLP
Krishnan Padmanabhan (SBN 254220)
kpadmanabhan@winston.com
200 Park Avenue
New York, NY 10166
Tel:   (212) 294-6700

Saranya Raghavan
sraghavan@winston.com
Natalie R. Holden
nholden@winston.com
35 West Wacker Drive
Chicago, IL 60601
Tel:   (312) 558-5600

Brian E. Ferguson
bferguson@winston.com
1901 L Street, NW
Washington, DC 20036
Tel:   (202) 282-5000

Claire Dial
cdial@winston.com
800 Capitol Street, Suite 2400
Houston, TX 77002
Tel:   (713) 651-2600

Diana Hughes Leiden (SBN 267606)
dhleiden@winston.com
333 South Grand Avenue
Los Angeles, CA 90071
Tel:   (213) 615-1924

Louis Campbell (SBN 221282)
llcampbell@winston.com
255 Shoreline Dr, Suite 520
Redwood City, CA 94065
Tel:  (650) 858-6500

*Attorneys for Comcast Defendants*

14