KILPATRICK TOWNSEND & STOCKTON LLP
April E. Isaacson (SBN 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran (SBN 347617)
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Michael J. Turton (*pro hac vice*)
mturton@kilpatricktownsend.com
Christopher S. Leah (*pro hac vice*)
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.; CoxCom, LLC; and*
*Cox Communications California, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. 2:23-cv-01049-JWH-KES |
| Plaintiff, | **COX COMMUNICATIONS, INC., COXCOM, LLC AND COX COMMUNICATIONS CALIFORNIA, LLC'S MOTION TO STAY** |
| v. | |
| COX COMMUNICATIONS, INC.; COXCOM, LLC; and COX COMMUNICATIONS CALIFORNIA, LLC, | |
| Defendants. | |

1  COX COMMUNICATIONS, INC.;
2  COXCOM, LLC; AND COX
   COMMUNICATIONS CALIFORNIA,
3  LLC,

4                    Counter-Claimants,

5        v.

6  ENTROPIC COMMUNICATIONS,
7  LLC; MAXLINEAR, INC.; AND
   MAXLINEAR COMMUNICATIONS
8  LLC,

9                    Counter-Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................6

II. BACKGROUND ........................................................................................6

III. LEGAL STANDARD .................................................................................8

IV. ARGUMENT ..............................................................................................9

    A. The Current Stage of the Litigation Favors a Stay ................................9

    B. A Stay Would Simplify the Issues ......................................................10

    C. Entropic Is Not Prejudiced by a Stay .................................................13

V. CONCLUSION ........................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2
                                                                                  **Page(s)**

3    **Cases**

4    *Chia-Ling Huang v. Lowe's Home Centers*,
5       No. 2:18-CV-10545 SJO (JEM), 2019 WL 9997346
6       (C.D. Cal. Aug. 8, 2019)...................................................................8, 10, 13

7    *Codex Corp. v. Milgo Elec. Corp.*,
        553 F.2d 735 (1st Cir. 1977)...................................................................8
8
     *Document Sec. Sys., Inc. v. Seoul Semiconductor Co.*,
9       No. SACV 19-01792 JVS, 2020 WL 11421528
10      (C.D. Cal. July 2, 2020)...................................................................14

11   *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc. et al*,
12      No. 2-22-cv-00125, Dkt. 392 (E.D. Tex. Dec. 8, 2023)....................................12

13   *Entropic Commc'ns, LLC v. Vantiva SA*,
14      No. 2-24-cv-00912, Dkt. 29 (E.D. Tex.) ...........................................*passim*

15   *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
16      No. C-13-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) .................9

17   *Google LLC v. Hammond Dev. Int'l, Inc.*,
        54 F.4th 1377 (Fed. Cir. 2022) .............................................................12
18
     *Katz v. Lear Siegler, Inc.*,
19      909 F.2d 1459 (Fed. Cir. 1990) .............................................................8

20   *Polaris Innovations Ltd. v. Kingston Tech. Co.*,
21      No. SACV 16-00300-CJC, 2017 WL 8220599
22      (C.D. Cal. June 27, 2017) ...................................................................14

23   *Software Rights Archive, LLC v. Facebook, Inc.*,
        No. C-12-3970 RMW, 2013 WL 5225522
24      (N.D. Cal. Sept. 17, 2013) .............................................................9, 14

25   *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
26      778 F.3d 1311 (Fed. Cir. 2015) .............................................................12

27   *Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
28      657 F.3d 1349 (Fed. Cir. 2011) .............................................................8, 11

*Synopsys, Inc. v. Siemens Indus. Software Inc.*,
    No. 20-CV-04151-WHO, 2022 WL 20508655
    (N.D. Cal. June 7, 2022) ........................................................................9

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...............................................8

*Upaid Sys., Ltd. v. CleanDan*,
    No. SA CV 18-00619-AB, 2018 WL 5279567
    (C.D. Cal. July 25, 2018) .....................................................................11

*Wok & Pan, Ind., Inc. v. Staples, Inc.*,
    No. CV 15-00809-AB, 2015 WL 13949651
    (C.D. Cal. Aug. 25, 2015) ......................................................................8

*WP Banquet, LLC v. Lowe's Companies, Inc.*,
    No. 2:16-CV-02137-CAS(GJSx), 2016 WL 4472933
    (C.D. Cal. Aug. 24, 2016) ....................................................................11

**Other Authorities**

IPR2024-00430, paper No. 27 ...........................................................7, 12

# I.    INTRODUCTION

After filing the instant suit for patent infringement against Cox Communications, Inc., CoxCom, LLC, and Cox Communications California, LLC (collectively, "Cox"), Entropic Communications LLC ("Entropic") filed suit against the manufacturer of Cox's accused products, Vantiva, in the Eastern District of Texas on the same patents it has asserted against Cox. *See Entropic Commc'ns, LLC v. Vantiva SA*, No. 2:24-cv-00912 (E.D. Tex.). Because the *Vantiva* case concerns the same patents and products in the Cox case, and Vantiva is the manufacturer of those products, the instant litigation should be stayed pursuant to the customer suit exception.

# II.    BACKGROUND

In the instant litigation against Cox, Entropic alleges that certain cable modems and set top boxes infringe U.S. Patent Nos. 8,223,775 (the "'775 patent"); 8,792,008 (the "'008 Patent"); 9,825,826 (the "'826 Patent"); 11,381,866 (the "'866 Patent"); 11,399,206 (the "'206 Patent"); 8,284,690 (the "'690 Patent"), 9,210,362 (the "'362 Patent"), 10,135,682 (the "'682 Patent"), and, most recently, 11,786,275 (the "'275 Patent"), and 9,866,438 (the "'438 Patent") (collectively, the "Asserted Patents").[1]  The cable modems and set top boxes that Entropic accuses of infringement in this litigation are manufactured by Vantiva SA ("Vantiva"), which sells them to Cox.

Following Comcast's September 2024 motion to stay (ECF No. 345) and Cox's statement of non-opposition (ECF No. 346), this Court conditionally stayed this matter in view of various *inter partes* reviews pending against the Asserted Patents.  ECF No. 366. The Court directed Cox to state whether it would agree to be bound by estoppel, and Cox subsequently filed its notice of no agreement to be bound by estoppel.  ECF No. 367. On August 6, 2025, this Court continued the stay

---

[1] On September 24, 2025, Entropic filed its First Amended Complaint against Cox adding the '275 and '438 Patents. Dkt. 392.

as to Comcast, severed the Comcast and Cox cases, but found that "because Cox does not agree to be bound, the Court finds that a stay is less likely to simplify the issues with respect to Cox." ECF No. 385, at 3. The Court also noted Cox's position in the parties' March Joint Report concerning the co-pending Vantiva litigation, a matter that "was not addressed in the briefing on the stay motion" and directed Cox to file a motion addressing the basis for any relief it sought in view of that co-pending litigation. *Id*.

During pendency of Comcast's motion to stay, Entropic filed the Vantiva litigation in the Eastern District of Texas, alleging that Vantiva cable modems and set top boxes infringe the '775, '008, '826, '866, '206, and '275 Patents asserted by Entropic against Cox in this litigation. The Vantiva case is set for trial in October 2026. *See Entropic Commc'ns, LLC v. Ubee Interactive Holding Corp.*, No. 2:24-cv-00911, Dkt. 57 (E.D. Tex. July 11, 2025) ("Ubee litigation").[2] The accused cable modems and set top boxes in the Vantiva litigation are the same as those accused in Entropic's infringement contentions for this case. *Compare Entropic Commc'ns, LLC v. Vantiva SA*, No. 2:24-cv-00912, Dkt. 1, at 9 (E.D. Tex. Nov. 11, 2024), *with* ECF Nos. 114 (entries 7, 9, 11, 13, 15, 17, 19, 21 comprising Entropic's Infringement Contentions, Exhibits A–H).

The '690, '362, '682 and '438 Patents were not asserted in the Vantiva litigation. Notably, the '690 and '362 Patents, are subject to currently-pending IPRs. ECF No. 377. On September 4, 2025, the PTAB issued a final written decision finding the asserted claims of the '690 patent invalid. *See* IPR2024-00430, paper No. 27. A final written decision concerning the '362 patent will issue by October 8, 2025. ECF No. 377, at 3. The '438 Patent is in the same family as the '682 Patent (ECF No. 114, at 3), which is the same patent Cox previously suggested severing from the litigation, an outcome which Entropic opposed. *See* ECF No. 371.

---

[2] The Eastern District of Texas designated the Ubee litigation as the lead case for filings in the Vantiva case, other than as related to venue.

1    **III.    LEGAL STANDARD**

2         "[C]ourts apply the customer suit exception to stay earlier-filed litigation

3    against a customer while a later-filed case involving the manufacturer proceeds in

4    another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.,* 657 F.3d

5    1349, 1357 (Fed. Cir. 2011). The customer suit exception is based on "the recognition

6    that, in reality, the manufacturer is the true defendant in the customer suit.... it is a

7    simple fact of life that a manufacturer must protect its customers, either as a matter of

8    contract, or good business, or in order to avoid the damaging impact of an adverse

9    ruling against its products." *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir.

10   1990) (quoting *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737-38 (1st Cir.

11   1977)). Courts in this district have applied the customer suit exception to stay

12   litigation against a customer in favor of a later-filed suit against a manufacturer. *See,*

13   *e.g., Wok & Pan, Ind., Inc. v. Staples, Inc.*, No. CV 15-00809-AB (ASx), 2015 WL

14   13949651, at *1 (C.D. Cal. Aug. 25, 2015) (staying "action pending resolution of the

15   Manufacturer Action… Because this customer-suit rule operates as an *exception* to

16   the first-to-file rule, the manufacturer's suit will take priority over the customer suit

17   *even though the customer suit was filed first.*") (emphasis in original).

18         In determining whether to grant a stay based upon the customer suit exception,

19   courts typically consider "(1) the stage of litigation; (2) whether a stay will simplify

20   the issues; and (3) whether a stay would unduly prejudice the non-moving party."

21   *Chia-Ling Huang v. Lowe's Home Centers*, No. 2:18-CV-10545 SJO (JEM), 2019

22   WL 9997346, at *2 (C.D. Cal. Aug. 8, 2019) (quoting *Universal Elecs., Inc. v.*

23   *Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013). "The

24   inquiry is not limited to these three factors, however. Rather, 'the totality of the

25   circumstances governs.'" *Id.* (quoting *Universal Elecs.*, 943 F. Supp. at 1031). In

26   determining whether the customer suit exception applies, courts typically classify that

27   analysis under the second factor, whether a stay will simplify the issues. *Id.* at *3.

28

## IV.    ARGUMENT

### A.    The Current Stage of the Litigation Favors a Stay

"The first issue to be considered in determining whether to grant a stay …. is whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014) (finding the stage of litigation weighed in favor of granting a stay where discovery was still ongoing and no trial date was set). Furthermore, even in cases where "the parties have spent significant time and resources on discovery," where discovery is not yet closed, courts have found that this factor is merely neutral. *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *3 (N.D. Cal. Sept. 17, 2013); *see also, e.g., Synopsys, Inc. v. Siemens Indus. Software Inc.*, No. 20-CV-04151-WHO, 2022 WL 20508655, at *2 (N.D. Cal. June 7, 2022) (collecting cases granting a stay where "claim construction is complete and the parties have already engaged in fact discovery").

Similar to the situation in *Evolutionary Intelligence,* discovery in this case is ongoing, with no deadline for the close of fact discovery yet set and no fact depositions have taken place or even been noticed. Entropic has, just this week, added two additional patents, meaning the pleadings have yet to even close. Likewise, no date has been set for expert discovery or trial in this case. Even though, as *Synopis* shows, stays routinely issue in cases in which claim construction occurred, no ruling on claim construction has been issued. Moreover, any claim construction in this case would necessarily address all the Asserted Patents. Conversely, if this Court elects to conserve judicial resources and delays claim construction until after lifting the Comcast stay, a decision could address any claim construction issued in the Vantiva case, as well as any issues arising from the various Patent Office proceedings. *See Entropic Commc'ns, LLC v. Ubee Interactive Holding Corp.*, No. 2:24-cv-00911, Dkt. 57, at 3 (E.D. Tex. July 11, 2025) (setting April, 2026 *Markman* hearing).

The Court has already recognized that the current stage of litigation favors a stay. *See* ECF No. 366, at 5-6. The Court reviewed the then-current status of the matter, and concluded that "the Court and parties have significant substantive work ahead, including completing discovery, potentially adjudicating summary judgment motions, and conducting trial." *Id*. at 6. Because the matter was stayed until the Court's August 6, 2025 order lifting the stay only as to Cox, the same analysis applies. In short, the current stage of litigation favors a stay.

## B.    A Stay Would Simplify the Issues

When cases "involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *Chia-Ling Huang,* 2019 WL 9997346, at *2. This is the exact situation here: in the Vantiva litigation, Entropic accuses certain cable modems and set top boxes of infringement. *See Entropic Commc'ns, LLC v. Vantiva SA*, No. 2-24-cv-00912, Dkt. 1, at 9 (E.D. Tex.). These cable modems and set top boxes include the very same products Entropic accuses Cox of infringing in this litigation. Not only that, but as alleged in Entropic's complaint against Vantiva, Vantiva in fact sells these products to Cox. *Id.* at 12. All the patents Entropic has asserted against Vantiva are currently asserted by Entropic against Cox. *Id.* at 1. While no trial date has been set in this litigation, trial has already been set in the Vantiva litigation.[3] Thus, granting a stay based upon the customer suit exception would simplify the issues, as it would avoid two pending litigations on the same patents and same products proceeding in different venues at the same time.

There are four patents (the '362, '690, '682 and '438) asserted against Cox that are not at issue in the Vantiva litigation. This difference does not overcome the

---

[3] Vantiva filed a Motion to Transfer Venue to the Central District of California, or in the alternative to stay pending IPR, on June 2, 2025. *See Entropic Commc'ns, LLC v. Vantiva SA*, No. 2-24-cv-00912, Dkt. 29 (E.D. Tex.). Entropic filed its Opposition to that Motion on August 18, 2025. *Id*., Dkt. 41. Vantiva filed its Reply on August 28, 2025 (Dkt. 47), and Entropic filed its Sur-Reply on September 4, 2025 (Dkt. 52).

convenience and efficiency that would come from granting a stay.

First, courts in this district regularly grant customer-suit exception stays in cases in which similar overlap exists. For example, *WP Banquet, LLC v. Lowe's Companies, Inc.,* involved a suit where some but not all of the patents in the customer suit overlapped with those in the manufacturer suit. No. 2:16-CV-02137-CAS(GJSx), 2016 WL 4472933, at *3 (C.D. Cal. Aug. 24, 2016). In *WP Banquet, LLC,* the court held that the suit was "'a clear-cut example' of the type of lawsuit to which the customer-suit exception applies" because the accused customer merely sold the products made by the accused manufacturer, and the non-infringement and invalidity issues in the manufacturer suit would be dispositive of those issues in the customer suit. *Id.* at *4.

Second, "even if Plaintiff has additional recoverable damages against Defendant, this does not detract from the fact that the essential issues of this case will be decided in the Related Action. To justify a stay under the customer-suit exception, the manufacturer suit 'need only have the potential to resolve the major issues concerning the claims against the customer—not every issue.'" *Upaid Sys., Ltd. v. CleanDan*, No. SA CV 18-00619-AB (SSx), 2018 WL 5279567, at *3 (C.D. Cal. July 25, 2018) (quoting *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011)). That is the case here. The Vantiva litigation will resolve major issues in the case if the patents asserted there are found to be invalid or not infringed by the accused products, which Cox merely uses or sells after their manufacture by Vantiva (a fact which, based upon its complaint in the *Vantiva* case, Entropic does not dispute).

Indeed, the claims of the '362 Patent have significant overlap with the claims of the '866 and '206 Patents, which are asserted in the Vantiva litigation. Thus, any determination with respect to the '866 and '206 Patents in the Vantiva litigation would help to simply issues with respect to the '362 Patent here. For example, if claims in the '866 and '206 patents are invalidated in the Vantiva litigation, collateral estoppel

would apply to any similar claims asserted from the '362 patent against Cox. *See
Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311,
1315 (Fed. Cir. 2015) (holding that "[i]f the differences between the unadjudicated
patent claims and adjudicated patent claims do not materially alter the question of
invalidity, collateral estoppel applies" to bar assertion of the unadjudicated claims);
*Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1381-82 (Fed. Cir. 2022)
(applying the rule of *Soverain Software* to "conclude claim 18 of the '816 patent and
claim 18 of the '483 patent are materially identical for purposes of collateral estoppel"
and "hold[ing] claim 18 of the '816 patent unpatentable").

Third, there are additional unique circumstances in this case which confirm that
a stay would promote issue simplification. As to the '362 and '690 Patents, their
redundant nature was confirmed because, in previous litigation involving the same
patents at issue in the Cox case, Entropic voluntary dismissed both the '362 and '690
Patents before trial. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc. et al*,
No. 2-22-cv-00125, Dkt. 392 (E.D. Tex. Dec. 8, 2023). Additionally, there are
currently-pending IPRs on those patents. *See* ECF No. 377 (Joint Report regarding
IPR Status). The asserted claims of the '690 Patent were found invalid in a final
written decision issued September 4, 2025.  IPR2024-00430, Paper No. 27.  Oral
argument took place with respect to the '362 Patent IPR on July 18, 2025, with a
written decision expected by October 8. *See* ECF No. 377, at 3. Thus, a final
determination as to the validity of these patents is forthcoming.

As to the '682 Patent, Cox previously suggested severing this patent from the
litigation, which course would also have been applicable to the related '438 patent
had it been formally added. The Court determined that severance was not the most
efficient course of action, and that it was instead better for litigation regarding the
'682 Patent to stay tied to litigation of the other Asserted Patents. *See* ECF No. 366,
at 7. Thus, for this reason, even though the '682 and '438 Patents are not at issue in
the Vantiva litigation, the same logic applies such that the litigation regarding all the

Asserted Patents should be stayed, consistent with the Court's order with respect to the Comcast litigation.

Finally, the Court's order severing the Cox and Comcast cases and restarting the Cox case nonetheless instructed "that these cases involve some overlap of fact issues. Thus, the parties shall remain mindful of this factual overlap during the discovery process and shall use good faith efforts to avoid subjecting the same individuals to multiple depositions where feasible." ECF No. 385, at 3. Indeed, the Court has already found, in granting the initial stay, stated that "all patent claims in this case arise from MaxLinear's sale of patents to Entropic, the patents relate to the same technology, at least at a high level, and trial of the patent claims will involve overlapping witnesses and documentary proof." ECF No. 366, at 7. Given the overlapping issues between this litigation and the currently-stayed Comcast case, including crossover of relevant individuals for deposition and the like, a stay of this litigation would allow the Cox and Comcast cases to be better coordinated so multiple depositions of relevant individuals would not be needed, and overlapping factual issues can be determined at the same time.

In short, this factor weighs in favor of granting a stay.

### C. Entropic Is Not Prejudiced by a Stay

This factor weighs in favor of granting a stay, as there is no real prejudice to Entropic in granting Cox's requested stay. This is because the issues in this case are primarily the same as those to be decided in the *Vantiva* case. Similarly, in *Chia-Ling*, when analyzing whether to grant a stay based upon the customer suit exception, the court held that "Plaintiff will not be prejudiced or disadvantaged by a stay because the crux of this case rests on the resolution of the case against Simple Products, the manufacturer of the product that purportedly infringed the patent at issue." *Chia-Ling Huang*, 2019 WL 9997346, at *3.

Furthermore, Entropic is a non-practicing entity, and thus "can be fully restored to the *status quo ante* with monetary relief" if it ultimately prevails on any claim.

*Software Rights Archive, LLC,* 2013 WL 5225522, at *6 (explaining there is no risk that a stay will prejudice a non-practicing entity that does not market any products or services covered by the claims of the asserted patents); *see also, e.g, Document Sec. Sys., Inc. v. Seoul Semiconductor Co.*, No. SACV 19-01792 JVS (DFM), 2020 WL 11421528, at *3 (C.D. Cal. July 2, 2020) (finding no prejudice because non-practicing-entity plaintiff "does not risk losing additional sales should this action be stayed"); *Polaris Innovations Ltd. v. Kingston Tech. Co.,* No. SACV 16-00300-CJC (RAOx), 2017 WL 8220599, at *2 (C.D. Cal. June 27, 2017) (same). Indeed, Entropic's Complaint seeks only monetary damages, and does not seek injunctive relief. *See* ECF No. 143. Thus, Entropic will not be prejudiced or disadvantaged by a stay.

## V. CONCLUSION

Cox respectfully requests that the Court grant its Motion.

Dated: September 26, 2025

KILPATRICK TOWNSEND & STOCKTON LLP

By:    */s/ April E. Isaacson*
_____

April E. Isaacson
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco CA 94111
(415) 273 8306

Sarah Y. Kamran
skamran@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles CA 90067
(310) 777 3733

Mitchell G. Stockwell
mstockwell@kilpatricktownsend.com
Vaibhav P. Kadaba
wkadaba@kilpatricktownsend.com
Michael J. Turton
mturton@kilpatricktownsend.com
Christopher S. Leah
cleah@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta GA 30309
(404) 815 6500

*Attorneys for Defendants*
*Cox Communications, Inc.;*
*CoxCom, LLC; and Cox Communications*
*California, LLC*